IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| ISAC SCHWARZBAUM, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT**

The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Isac Schwarzbaum for his willful failure to timely report his financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations, accrued interest on such penalties, late payment penalties, and associated fees. The United States of America, through its undersigned counsel, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

3. Venue is proper in this district under 28 U.S.C. § 1391(c)(1) because, upon information and belief, Schwarzbaum—a United States Citizen—is domiciled in this district and

resides in Jupiter, Florida.  To the extent Schwarzbaum resides outside of the United States, venue lies in this district under 28 U.S.C. § 1391(c)(3).

## REGULATORY BACKGROUND REGARDING
## THE DUTY TO REPORT FOREIGN FINANCIAL ACCOUNTS

4.      Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists." 31 C.F.R. § 1010.350(a).

5.      To fulfill this requirement, a person must file a Form TD-F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.*  During the periods at issue in this case, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).  An FBAR requires the taxpayer to disclose, among other things, the maximum value of each foreign account during the calendar year reported, the type of account, the name of the financial institution in which the account is held, the account number, and the mailing address of the financial institution in which the account is held.  *See* Form TD-F 90-22.1.

6.      Schedule B is an attachment to the individual federal income tax return (Form 1040) that is used for reporting, among other things, interest and dividend income, as well as any financial interest in or signature or other authority over financial accounts located in foreign countries.  Schedule B refers to the FBAR filing requirement and alerts the taxpayer that if he or she had an interest in or signature or other authority over a financial account located in a foreign

country the taxpayer should see the instructions for the exceptions and filing requirements for Form TD-F 90-22.1.

7. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314.  Specifically, § 5321(a)(5)(C) provides for a willful penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

8. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

9. Schwarzbaum was born in Stuttgart, Germany.  He moved to the United States in 1993, became a permanent resident of the United States in 1995, and became a United States citizen in 2000.  He obtained his real estate license in Florida in 1994 and currently owns property in Jupiter, Florida.

10. Beginning in 1993, Schwarzbaum spent approximately six months out of the year in the United States, four months in Costa Rica, and two months visiting his family in Switzerland.

11. Beginning in 2001 and continuing through 2009, Schwarzbaum received substantial monetary gifts from his father (who lived in Switzerland).  Schwarzbaum opened an account in May of 2001 in Switzerland to hold the funds received from his father.  In the years that followed, Schwarzbaum opened and closed numerous bank and investment accounts in Switzerland, which accounts were funded with gifts from his father.

12. In 2004, Schwarzbaum established a company called Belaggio in Costa Rica.  He conducted his real estate activities in Costa Rica through Belaggio.  In 2004 and 2005, he opened

several bank accounts in Costa Rica in Belaggio's name, but he was the beneficial owner of the accounts. He also opened a Costa Rican bank account in his own name in 2006. Schwarzbaum primarily used Belaggio as an investment vehicle to diversify his assets.

### Schwarzbaum's Foreign Financial Accounts

13. Schwarzbaum was the sole signatory and beneficial owner of a number of foreign financial accounts located in Switzerland between May 2001 and December 2011, including:

| Account Name | Bank | Account No. | Date Opened | Date Closed |
|---|---|---|---|---|
| Raiffeisen 4961 Account | Banca Raiffeisen Lugano | x4961 | May 2001 | Dec. 2003 |
| Raiffeisen 1683 Account | Banca Raiffeisen Lugano | x1683 | May 2001 | Dec. 2003 |
| Aargauische Account | Aargauische Kantonalbank | x2002 | Nov. 2003 | Open as of Dec. 2011 |
| UMB Account | United Mizrahi Bank | x4201 | 2004 | 2010 |
| UBS 6308 Account | UBS AG | x6308 | Mar. 2004 | June 2008 |
| UBS 9250 Account | UBS AG | x9250 | 2005 | June 2008 |
| Raiffeisen 0824 Account | Banca Raiffeisen Lugano | x0824 | Mar. 2008 | Nov. 2009 |
| Linth Account | Bank Linth LLB AG | x2004 | June 2008 | October 2010 |
| BSI Account | BSI-La Jolla Bank | x142 | June 2008 | Open as of Dec. 2011 |
| St. Galler Account | St. Galler Kantonalbank AG | x1000 | June 2008 | Open as of Dec. 2011 |
| Clariden Account | Clariden Leu Bank | x1119 | June 2008 | Nov. 2010 |
| Societe Generale Account | Societe Generale Private Banking | x02.01 | Oct. 2009 | Dec. 2010 |
| Arner Account | Banca Arner SA | x2228 | Nov. 2009 | Nov. 2010 |

14. Schwarzbaum was the sole signatory and beneficial owner of several foreign financial accounts located in Costa Rica between 2004 and 2009, including:

| Account Name | Bank | Account No. | Year Opened | Year Closed |
|---|---|---|---|---|
| CR 952-2 Account[1] | Banco de Costa Rica S.R.L. | x952-2 | 2004 | 2004 |
| CR 1472 Account[2] | Scotiabank de Costa Rica | x1472 | 2004 | 2009 |
| CR Banco Account[3] | Banco Uno S.A. | Unknown | 2005 | 2005 |

---

[1] The CR 952-2 Account was held under the name Belaggio Investments S.R.L.
[2] The CR 1472 Account was held under the name Belaggio Investments S.R.L.
[3] The CR Banco Account was held under the name Belaggio Investments S.R.L.

| Account Name | Bank | Account No. | Year Opened | Year Closed |
|---|---|---|---|---|
| The CR 0588 Account | Scotiabank de Costa Rica | x0588 | 2006 | 2009 |

**Schwarzbaum's Failure to Timely Report His Interest in Foreign Financial Accounts**

15. For calendar year 2003:

   a. Schwarzbaum had an interest in at least three foreign financial accounts located in Switzerland: the Raiffeisen 4961 Account, the Raiffeisen 1683 Account, and the Aargauische Account. The aggregate balance of the three accounts exceeded $2.6 million.

   b. Schwarzbaum was required to file an FBAR by June 30, 2004, reporting his interest in the three Swiss accounts, but he failed to do so.

   c. On December 12, 2011, Schwarzbaum late-filed his 2003 FBAR, in which he admitted to having an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2003) |
|---|---|
| Raiffeisen 4961 | $34,663.45 |
| Raiffeisen 1683 Account | $2,590,626.23 |
| Aargauische Account | $173.82 |

   d. Schwarzbaum was required to disclose that he had an interest in the Swiss accounts in a Schedule B to his 2003 federal income tax return (Form 1040); however, he did not attach a Schedule B to his return.

16. For calendar year 2004:

   a. Schwarzbaum had an interest in at least five foreign financial accounts. Three of the accounts were located in Switzerland (the UBS 6308 Account, the Aargauische Account, and the UMB Account) and two of the accounts were located in Costa Rica (the CR 952-2 Account and the CR 1472 Account). The aggregate balance of the five accounts exceeded $2.1 million.

      b.     Schwarzbaum was required to file an FBAR by June 30, 2005, reporting his interest in the five foreign accounts, but he failed to do so.

      c.     On December 12, 2011, Schwarzbaum late-filed his 2004 FBAR, in which he admitted to having an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2004) |
|---|---|
| UBS 6308 | $1,563,908.03 |
| UMB Account | $377,964.46 |
| Aargauische Account | $23,249.29 |

      d.     Schwarzbaum did not disclose the maximum balance of the Costa Rican accounts in the 2004 FBAR. Instead, he submitted a penalty computation worksheet to the IRS, signed under penalties of perjury, in which he estimated that in 2004 the total maximum balance of his Costa Rican accounts was $157,250.

      e.     Schwarzbaum was required to disclose that he had an interest in the Costa Rican and Swiss accounts in a Schedule B to his 2004 federal income tax return (Form 1040); however, he did not attach a Schedule B to his return.

17.     For calendar year 2005:

      a.     Schwarzbaum had an interest in at least six foreign accounts. Four of the accounts were located in Switzerland (the UBS 6308 Account, the Aargauische Account, the UBS 9250 Account, and the UMB Account) and two accounts were located in Costa Rica (the CR 1472 Account and the CR Banco Account). The aggregate balance of the six accounts exceeded $2.2 million.

      b.     Schwarzbaum was required to file an FBAR by June 30, 2006, reporting his interest in the six foreign accounts, but he failed to do so.

      c.      On December 12, 2011, Schwarzbaum late-filed his 2005 FBAR, in which he admitted to having an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2005) |
|---|---|
| UBS 6308 | $1,544,056.16 |
| UBS 9250 | $9,266.84 |
| UMB Account | $492,466.73 |
| Aargauische Account | $19,066.25 |

      d.      Schwarzbaum did not disclose the maximum balance of the Costa Rican accounts in the 2005 FBAR. Instead, he submitted a penalty computation worksheet to the IRS, signed under penalties of perjury, in which he estimated that in 2005 the total maximum balance of his Costa Rican accounts was $167,250.

      e.      Schwarzbaum was required to disclose that he had an interest in the Costa Rican and Swiss accounts in a Schedule B to his 2005 federal income tax return (Form 1040); however, he did not attach a Schedule B to his return.

18.      For calendar year 2006:

      a.      Schwarzbaum had an interest in at least six foreign accounts. Four of the accounts were located in Switzerland (the Aargauische Account, the UBS 6308 Account, the UBS 9250 Account, and the UMB Account) and two of the accounts were located in Costa Rica (the CR 0588 Account and the CR 1472 Account). The aggregate balance of the six accounts exceeded $2.4 million.

      b.      Schwarzbaum was required to file an FBAR by June 30, 2007, reporting his interest in the six foreign accounts. Although Schwarzbaum timely filed an FBAR for 2006, the FBAR was inaccurate and incomplete because he only disclosed his interest in the CR 1472 Account. Schwarzbaum reported that the CR 1472 Account had a maximum value of between

$100,000 and $1 million in 2006.  He omitted from the disclosure his interest in the other five foreign accounts.

        c.      On December 12, 2011, Schwarzbaum filed an amended 2006 FBAR, in which he admitted having an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2006) |
|---|---|
| UBS 6308 Account | $1,731,836 |
| UBS 9250 Account | $18.50 |
| Aargauische Account | $18,862.14 |
| UMB Account | $560,006.89 |

        d.      Schwarzbaum did not disclose the maximum balance of the Costa Rican accounts in the 2006 amended FBAR.  Instead, he submitted a penalty computation worksheet to the IRS, signed under penalties of perjury, in which he estimated that in 2006 the total maximum balance of his Costa Rican accounts was $178,565.

        e.      Schwarzbaum was required to disclose that he had an interest in the Swiss and Costa Rican accounts in a Schedule B to his 2006 federal income tax return (Form 1040).  Schwarzbaum attached a Schedule B to his 2006 return but only reported having an interest in an account in Costa Rica.  He did not report that he had an interest in the Swiss accounts.

19.      For calendar year 2007:

        a.      Schwarzbaum had an interest in at least six foreign accounts.  Four of the accounts were located in Switzerland (the Aargauische Account, the UBS 6308 Account, the UBS 9250 Account and the UMB Account) and two were located in Costa Rica (the CR 0588 Account and the CR 1472 Account).  The aggregate balance of the six accounts exceeded $17.5 million.

  b. Schwarzbaum was required to file an FBAR by June 30, 2008, reporting his interest in the six foreign accounts. Although Schwarzbaum timely filed an FBAR for 2007, the FBAR was inaccurate and incomplete because he only disclosed his interest in the CR 1472 Account. Schwarzbaum reported that the CR 1472 Account had a maximum value of between $100,000 and $1 million in 2007. He omitted from the disclosure his interest in the other five accounts.

  c. On December 12, 2011, Schwarzbaum filed an amended 2007 FBAR, in which he admitted to having an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2007) |
|---|---|
| UBS 6308 Account | $1,988,799 |
| UBS 9250 Account | $15,022,514 |
| Aargauische Account | $15,808.86 |
| UMB Account | $672,184.73 |

  d. Schwarzbaum did not disclose the maximum balance of the Costa Rican accounts in the 2007 amended FBAR. Instead, he submitted a penalty computation worksheet to the IRS, signed under penalties of perjury, in which he estimated that in 2007 the total maximum balance of his Costa Rican accounts was $184,673.

  e. Schwarzbaum was required to disclose that he had an interest in the Swiss and Costa Rican accounts in a Schedule B to his 2007 federal income tax return (Form 1040). Although Schwarzbaum attached a Schedule B to his 2007 return, he checked "No" in response to the question that asked whether he had an interest in or authority over a foreign financial account.

20. For calendar year 2008:

a. Schwarzbaum had an interest in at least eleven foreign financial accounts. Nine of the accounts were located in Switzerland (the Raiffeisen 0824 Account, the UBS 6308 Account, the UBS 9250 Account, the Linth Account, the BSI Account, the St. Galler Account, the Clariden Account, the Aargauische Account, and the UMB Account) and two of the accounts were located in Costa Rica (the CR 0588 Account and the CR 1472 Account). The aggregate balance of the eleven accounts exceeded $28.2 million.

b. Schwarzbaum was required to file an FBAR by June 30, 2009, reporting his interest in the eleven foreign accounts, but he failed to do so.

c. On December 12, 2011, Schwarzbaum late-filed his 2008 FBAR, in which he admitted that in 2008, he had an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2009) |
|---|---|
| Raiffeisen 0824 Account | $3,101,437.35 |
| UBS 6308 Account | $8,615,602 |
| UBS 9250 Account | $15,630,205 |
| Linth Account | $2,605,398.60 |
| BSI Account | $3,880,596.01 |
| St. Galler Account | $3,353,964.41 |
| Clariden Account | $3,712,704.33 |
| Aargauische Account | $13,487.25 |
| UMB Account | $672,184.73 |

d. In the late-filed 2008 FBAR, Schwarzbaum also disclosed his interest in two Costa Rican accounts (*i.e.*, the CR 0588 Account and the CR 1472 Account), but he did not disclose the maximum balance of those accounts. Instead, he submitted a penalty computation worksheet to the IRS, signed under penalties of perjury, in which he estimated that in 2008 the total maximum balance of his Costa Rican accounts was $187,220.

e. Schwarzbaum was required to disclose that he had an interest in the Swiss and Costa Rican accounts in a Schedule B to his 2008 federal income tax return (Form 1040).

Although Schwarzbaum attached a Schedule B to his 2008 return, he checked "No" in response to the question that asked whether he had an interest in or authority over a foreign financial account.

21. For calendar year 2009:

a. Schwarzbaum had an interest in at least eleven foreign accounts. Nine of the accounts were located in Switzerland (the Raiffeisen 0824 Account, the Linth Account, the BSI Account, the St. Galler Account, the Clariden Account, the Arner Account, the Aargauische Account, the Societe Generale Account, and the UMB Account) and two of the accounts were located in Costa Rica (the CR 0588 Account and the CR 1472 Account). The aggregate balance of the eleven accounts exceeded $24.1 million.

b. Schwarzbaum was required to file an FBAR by June 30, 2010, reporting his interest in the eleven foreign accounts, but he failed to do so. On July 1, 2010, Schwarzbaum filed an FBAR for 2009 that was inaccurate and incomplete because he only disclosed his interest in the Societe Generale Account and the CR 0588 Account. Schwarzbaum reported that the Societe Generale Account had a maximum balance of $4,425,166.91, and that the CR 0588 Account had a maximum balance of $189,000.

c. On December 12, 2011, Schwarzbaum filed an amended 2009 FBAR, in which he admitted to having an interest in the following Swiss accounts with the following maximum balances:

| Account | Maximum Balance (in 2009) |
|---|---|
| Raiffeisen 0824 Account | $3,139,508.04 |
| Linth Account | $2,955,271.29 |
| BSI Account | $4,311,493.92 |
| St. Galler Account | $4,267,212.23 |
| Clariden Account | $4,374,222.34 |
| Arner Account | $3,096,277.73 |
| Aargauische Account | $15,758.29 |

| Account | Maximum Balance (in 2009) |
|---|---|
| Societe Generale Account | $4,428,432.00 |
| UMB Account | $620,056.44 |

        d.      In the amended 2009 FBAR, Schwarzbaum disclosed his interest in two Costa Rican accounts (*i.e.*, the CR 0588 Account and the CR 1472 Account), but he did not disclose the maximum balance of those accounts. Instead, he submitted a penalty computation worksheet to the IRS, signed under penalties of perjury, in which he estimated that in 2009 the total maximum balance of his Costa Rican accounts was $189,975.

        e.      Schwarzbaum was required to disclose that he had an interest in the Swiss and Costa Rican accounts in a Schedule B to his 2009 federal income tax return (Form 1040). Although Schwarzbaum attached a Schedule B to his 2009 return, he checked "No" in response to the question that asked whether he had an interest in or authority over a foreign financial account.

## CLAIMS FOR RELIEF

### Count I
### (Reduce 2006 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))

22.      At all relevant times, Schwarzbaum was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350.

23.      In 2006, Schwarzbaum had an interest in at least four foreign accounts in Switzerland and two foreign accounts in Costa Rica (identified above in paragraph 18.a) in which the aggregate balance exceeded $10,000.

24.      Schwarzbaum was required to report to the United States his interest in the six foreign accounts in an FBAR filed on or before June 30, 2007.

25.      Schwarzbaum had actual or constructive knowledge of his obligation to file an FBAR for 2006 for the six foreign accounts.

26. Despite such knowledge, Schwarzbaum filed a 2006 FBAR that disclosed the existence of the CR 1472 Account only. He did not disclose the existence of the Aargauische Account, the UBS 6308 Account, the UBS 9250 Account, the UMB Account, or the CR 0588 Account in an FBAR for the 2006 calendar year by June 30, 2007. Schwarzbaum's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

27. On June 13, 2013, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2006 to June 30, 2014. On January 18, 2014, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2006 to December 31, 2015. On September 24, 2015, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2006 to December 31, 2016.

28. On September 6, 2016, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Schwarzbaum a total penalty of $1,173,778 because he willfully failed to timely file a 2006 FBAR that identified his interest in all of his foreign bank accounts.

29. A delegate of the Secretary of the Treasury sent Schwarzbaum notice of the assessment of the 2006 FBAR penalties and demand for payment.

30. Despite the notice and demand for payment, Schwarzbaum has failed to pay the penalties assessed against him. As a result, he owes $1,173,778 for the willful FBAR penalty for 2006, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

## Count II
### (Reduce 2007 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))

31.     At all relevant times, Schwarzbaum was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350.

32.     In 2007, Schwarzbaum had an interest in at least four foreign accounts in Switzerland and two foreign accounts in Costa Rica (identified above in paragraph 19.a) in which the aggregate balance exceeded $10,000.  The UBS 9250 Account alone exceeded $15 million.

33.     Schwarzbaum was required to report to the United States his interest in the six foreign accounts in an FBAR filed on or before June 30, 2008.

34.     Schwarzbaum had actual or constructive knowledge of his obligation to file an FBAR for 2007 for the six foreign accounts.

35.     Despite such knowledge, Schwarzbaum filed a 2007 FBAR that disclosed the existence of the CR 1472 Account only.  He did not disclose the existence of the Aargauische Account, the UBS 6308 Account, the UBS 9250 Account, the UMB Account, or the CR 0588 Account in an FBAR for the 2007 calendar year by June 30, 2008.  Schwarzbaum's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

36.     On January 18, 2014, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2007 to December 31, 2015.  On September 24, 2015, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2007 to December 31, 2016.

37.     On September 6, 2016, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Schwarzbaum a total penalty of $4,185,271

because he willfully failed to timely file a 2007 FBAR that identified his interest in all of his foreign bank accounts.

38. A delegate of the Secretary of the Treasury sent Schwarzbaum notice of the assessment of the 2007 FBAR penalties and demand for payment.

39. Despite the notice and demand for payment, Schwarzbaum has failed to pay the penalties assessed against him.  As a result, he owes $4,185,271 for the willful FBAR penalty for 2007, plus interest and a failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

## Count III
**(Reduce 2008 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))**

40. At all relevant times, Schwarzbaum was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350.

41. In 2008, Schwarzbaum had an interest in at least nine foreign accounts in Switzerland and two foreign accounts in Costa Rica (identified above in paragraph 20.a) in which the aggregate balance exceeded $10,000.  The UBS 9250 Account alone exceeded $15 million during 2008, and the UBS 6308 Account exceeded $8 million during that time.

42. Schwarzbaum was required to report to the United States his interest in the eleven foreign accounts in an FBAR filed on or before June 30, 2009.

43. Schwarzbaum had actual or constructive knowledge of his obligation to file an FBAR for 2008 for the eleven foreign accounts.

44. Despite such knowledge, Schwarzbaum failed to timely file a 2008 FBAR disclosing the eleven foreign accounts by June 30, 2008.  Schwarzbaum's failure to timely file such an FBAR was willful within the meaning of 31 U.S.C. § 5231(a)(5).

45.     On January 18, 2014, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2008 to December 31, 2015.  On September 24, 2015, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2008 to December 31, 2016.

46.     On September 6, 2016, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Schwarzbaum a total penalty of $4,185,271 because he willfully failed to timely file a 2008 FBAR that disclosed his interest in his foreign bank accounts.

47.     A delegate of the Secretary of the Treasury sent Schwarzbaum notice of the assessment of the 2008 FBAR penalties and demand for payment.

48.     Despite the notice and demand for payment, Schwarzbaum has failed to pay the penalties assessed against him.  As a result, he owes $4,185,271 for the willful FBAR penalty for 2007, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

## Count IV
**(Reduce 2009 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))**

49.     At all relevant times, Schwarzbaum was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350.

50.     In 2009, Schwarzbaum had an interest in at least nine foreign accounts in Switzerland and two foreign accounts in Costa Rica (identified above in paragraph 21.a) in which the aggregate balance exceeded $10,000.  Four of the accounts had a balance exceeding $4 million *each* in 2009.

51.     Schwarzbaum was required to report to the United States his interest in the eleven foreign accounts in an FBAR filed on or before June 30, 2010.

52. Schwarzbaum had actual or constructive knowledge of his obligation to file an FBAR for 2009 for the eleven foreign accounts.

53. Despite such knowledge, Schwarzbaum filed a 2009 FBAR that disclosed the existence of the Societe Generale Account and the CR 0588 Account only. He did not disclose the existence of the Raiffeisen 0824 Account, the Linth Account, the BSI Account, the St. Galler Account, the Clariden Account, the Arner Account, the Aargauische Account, the UMB Account, or the CR 1472 Account in an FBAR for the 2009 calendar year by June 30, 2010. Schwarzbaum's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5231(a)(5).

54. On September 24, 2015, Schwarzbaum consented to extend the statute of limitations for the assessment of FBAR penalties for 2009 to December 31, 2016.

55. On September 6, 2016, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed against Schwarzbaum a total penalty of $4,185,271 because he willfully failed to timely file a 2009 FBAR that disclosed his interest in all of his foreign bank accounts.

56. A delegate of the Secretary of the Treasury sent Schwarzbaum notice of the assessment of the 2009 FBAR penalties and demand for payment.

57. Despite the notice and demand for payment, Schwarzbaum has failed to pay the penalties assessed against him. As a result, he owes $4,185,271 for the willful FBAR penalty for 2007, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

WHEREFORE, the United States of America requests that the Court:

A.      Enter judgment against Isac Schwarzbaum and in favor of the United States as to Counts I through IV in the amount of $15,599,072.29 for the FBAR penalties assessed against him for calendar years 2006 through 2009 under 31 U.S.C. § 5321(a)(5) and the late payment penalties assessed against him pursuant to 31 U.S.C. § 3717(e)(2), which amount includes accrued interest and penalties to August 17, 2018, plus further interest and statutory additions thereon as allowed by law to the date of payment; and

B.      Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: August 27, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
JOHN P. NASTA, JR.
Fla. Bar No. 1004432
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-353-1988 (v)
202-514-9868 (f)
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov

Of counsel:
BENJAMIN G. GREENBERG
United States Attorney
Southern District of Florida