**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18-CV-81147-BLOOM-REINHART**

UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,           )
                              )
        v.               )
                              )
ISAC SCHWARZBAUM,       )
                              )
        Defendant.      )
                              )

**UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO EXCLUDE: (1) IRS ADMINISTRATIVE MATERIALS REGARDING THE WILLFULNESS DETERMINATION AND, (2) TESTIMONY OF LAWRENCE CHASTANG**

Plaintiff moves *in limine* to exclude:

- Testimony from IRS employees and other evidence related to the factual and legal analysis and methodologies performed at the administrative level regarding the IRS' willfulness determination;[1]  and

- Lay opinion testimony from a CPA who has no personal knowledge of relevant facts.

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

## I.    INTRODUCTION

The Government filed this action against Isac Schwarzbaum to reduce to judgment his liability for penalties assessed against him for failing to timely file Reports of Foreign Bank and Financial Account ("FBARs") for calendar years 2006-2009.  Under the foreign bank account

---

[1] Defendant has taken the depositions of three IRS employees involved in the examination that resulted in the penalties at issue.  The employees are James Bjork (now retired), Erik Anderson, and Kim Ngyuen.  Transcripts of their testimony are attached as Exhibits A, B, and C, respectively.

reporting requirements contained in Title 31, United States citizens who have interests in foreign accounts must keep records and report certain information about those accounts to the government.  31 U.S.C. § 5314(a).  The FBAR is the form used to report the information required by section 5314.  31 C.F.R. § 1010.350.[2]  Congress has imposed civil penalties for FBAR violations.  31 U.S.C. § 5321(a)(5).  Non-willful violations carry a maximum penalty of $10,000.  31 U.S.C. § 5321(a)(5)(B)(i).  Willful violations carry a maximum penalty of the greater of $100,000 or 50% of the balance in the unreported foreign account at the time of the violation.  31 U.S.C. § 5321(a)(5)(C)(i).  A taxpayer acts willfully "when he [or she] either knowingly or recklessly fails to file [a] FBAR."  *Bedrosian v. United States*, 912 F.3d 144, 152 (3d Cir. 2018), *quoting,* underlying district court opinion.[3]  The Government has the burden of proving willfulness by a preponderance of the evidence.  *United States v. Garrity*, 304 F. Supp. 3d 267, 270 (D. Conn. 2018), *appeal docketed*, No. 19-1145 (2d Cir. Apr. 25, 2019).

It is undisputed that between 2006 and 2009, Schwarzbaum had an interest in numerous foreign financial accounts located in Switzerland and Costa Rica and he was required to disclose those accounts to the United States in timely-filed FBARs.  Although Schwarzbaum filed timely FBARs for 2006, 2007, and 2009, the FBARs did not report the vast majority of his foreign accounts.  In addition, Schwarzbaum never filed an FBAR for 2008 until years after the filing

---

[2] Filing an FBAR is in addition to the requirement that United States citizens report on their federal income tax returns whether they own foreign accounts and all income earned from such accounts.  *See* 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(b); https://www.irs.gov/uac/about-schedule-b-form-1040

[3] Recklessness includes "willful blindness."  A failure to file an FBAR is willful ["w]here a taxpayer makes a "'conscious effort to avoid learning about reporting requirements.'" *United States v. McBride*, 908 F. Supp. 2d 1186, 1205 (D. Utah 2012), *quoting, United States v. Williams*, 489 Fed. Appx. 655, 659-60 (4th Cir. 2012).

deadline. In 2011, he applied to participate in the IRS's Offshore Voluntary Disclosure Program but ultimately opted out.[4] Once he left the Program, his case was assigned to the one of the IRS examination divisions. The IRS determined that Schwarzbaum's failure to timely file complete and accurate FBARs for 2006 through 2009 was willful and assessed penalties totaling $13,729,591 (representing 50% of the aggregate balance of the foreign accounts for 2008 spread out over the four years at issue).

Whether Schwarzbaum willfully violated his FBAR reporting requirements for 2006 through 2009 is an issue for the Court to decide *de novo*. The United States anticipates that Schwarzbaum will attempt to distract the Court from that straightforward issue by essentially trying to put the IRS examination team on trial. Specifically, the United States anticipates that Schwarzbaum will offer evidence, including deposition testimony of one or more IRS employees who were involved in the FBAR examination, in an effort to attack the IRS employees' methodology in conducting the exam and their views or opinions on the issue of willfulness. Such evidence is irrelevant.

In addition, the United States anticipates that Schwarzbaum will seek to support his defense that his violation of his FBAR reporting requirements was non-willful by offering lay opinion testimony from Larry Chastang, CPA, even though Chastang lacks personal knowledge of any facts relevant to the issue of willfulness in this case. Schwarzbaum initially hired Chastang to serve as an expert, but he decided not to designate Chastang as an expert witness

---

[4] The Offshore Voluntary Disclosure Program (OVDP) for 2011 is a now-closed program for taxpayers with exposure to potential criminal liability and/or substantial civil penalties for a willful failure to report foreign financial assets and pay all tax due in respect of those assets. Taxpayers who entered the program and met its requirements were protected from criminal liability in return for agreeing to civil liability for tax, interest and penalties. *See* https://www.irs.gov/individuals/2011-offshore-voluntary-disclosure-initiative-frequently-asked-questions-and-answers.

pursuant to Fed. R. Civ. P. 26(a)(2).  Chastang may not, therefore, offer expert opinion testimony

at trial.  Because Chastang has no personal knowledge of any facts relevant to the issue of

whether Schwarzbaum willfully violated his FBAR reporting obligations, Chastang is also

precluded from offering lay opinion testimony at trial.  Even if Chastang could offer lay opinion

testimony on that issue, his opinion is irrelevant and, therefore, inadmissible.

## II.     ARGUMENT

### A.     Schwarzbaum should be precluded from offering at trial evidence of the IRS administrative proceeding regarding willfulness.

#### 1.     Because the Court makes a *de novo* determination as to whether Schwarzbaum willfully violated his FBAR reporting requirements for 2006 through 2009 evidence about the IRS examination process in making the willfulness determination is irrelevant and therefore inadmissible under Fed. R. Evid. 402.

The United States anticipates that at trial Schwarzbaum will seek to admit evidence of the

actions, procedures, analyses, and viewpoints of IRS personnel as to the willfulness

determination prior to the assessment of the FBAR penalties at issue in this case.  Such evidence

includes the fact that the revenue agent who conducted the FBAR examination, James Bjork,

initially recommended that the IRS find that Schwarzbaum's FBAR reporting violations were

non-willful; Bjork's manager, Supervisory Revenue Agent Eric Anderson agreed with Bjork's

initial recommendation; and Bjork and Anderson, after conferring with the IRS technical advisor

assigned to the case (Clinton West), changed their recommendation to a finding of willfulness.

None of this evidence is relevant and Schwarzbaum should be precluded from offering such

evidence at trial.  *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also* Fed.

R. Evid. 401 (providing that relevant evidence is evidence that "has any tendency to make a fact

more or less probable than it would be without the evidence," and "the fact is of consequence in

determining the action"); *United States v. Ransfer*, 749 F.3d 914, 936 (11th Cir. 2014).

4

The Court will determine *de novo* whether Schwarzbaum's FBAR violations were willful, as opposed to whether the actions that Service personnel took in deciding the willfulness issue were right or wrong.  Indeed, the Court's *de novo* determination will be "'based on the merits of the case and not on any record developed at the administrative level.'"  *United States v. Williams*, No. 09-437, 2010 WL 3473311, at *1 (E.D. Va. Sep. 1, 2010), *rev'd on other grounds*, 489 Fed. Appx. 655 (4th Cir. 2012), *quoting, Eren v. Comm'r*, 180 F.3d 594, 597-598 (4th Cir. 1999).  *Accord, United States v. Markus*, No. 16-2133, 2018 WL 3435068, at *4 (D.N.J. Jul. 17, 2018); *Bedrosian v. United States*, No. 15-05853, 2017 WL 3887520, at *1 (E.D. Pa. Sep. 5, 2017), *rev'd on other grounds*, 912 F.3d 144 (3d Cir. 2018); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889-90 (C.D. Cal. 2016); *United States v. McBride*, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012).  As the court explained in *Williams*, applying a *de novo* standard of review in FBAR cases is consistent with other contexts in which the government seeks to enforce a civil penalty.  In those contexts, the government bears the burden "to prove its case by a preponderance of the evidence introduced at trial."  *Williams*, 2010 WL 3473311 at *1.

Where a court determines liability *de novo*, what happened at the administrative level is irrelevant.  *See United States v. Farley*, 11 F.3d 1365, 1390 (7th Cir. 1993) ("The suppositions of [Federal Trade Commission] staff members expressed in internal memoranda [relating to the investigation of Farley] as to requirements of the Act [that Fairley allegedly violated] are not pertinent to [the district court's de novo determination].").  *Bedrosian* applied that concept in an FBAR case and precluded the taxpayer from offering evidence into the administrative process leading up to the IRS determination that Bedrosian acted willfully.  Specifically, the court stated:

> Similarly, here Bedrosian cannot show that documents relating to the underlying IRS
> investigation and penalty assessment are relevant to the only question that remains in this
> case—whether he acted willfully when he failed to report one of his foreign accounts on
> his 2007 FBAR.  As in *Farley*, that determination solely requires our consideration of

Section 5321 and evidence pertaining to Bedrosian's state of mind in failing to accurately
file his 2007 FBAR.

2017 WL 3887520 at *2.

Although the FBAR penalty is not a tax penalty, the principles that guide the judicial

review of tax assessments are instructive.  In a tax case, a court conducts a *de novo* review of the

assessment and bases its findings on the evidence at trial.  *United States v. Janis*, 428 U.S. 433,

440 (1976); *Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001); *R.E. Dietz Corp. v.

United States*, 939 F.2d 1, 4 (2d Cir. 1991); *Wells Fargo & Co. and Subsidiaries v. United

States*, 91 Fed. Cl. 35, 75 (2010) ("[A] tax refund suit is not an appellate review of the

administrative decision that was made by the IRS; instead, the Court must make an independent

decision as to whether the taxpayer is due a refund.") (internal quotation omitted).

In conducting the *de novo* review, the factual and legal analysis employed by the Service

at the administrative level is of no consequence to the court.  *Rubenstein v. United States*, 826 F.

Supp. 448, 453 (S.D. Fla. 1993), *aff'd* 103 F.3d 147 (11th Cir. 1996), *quoting*, *Ruth v. United

States*, 823 F.2d 1091, 1094 (7th Cir. 1987) ("Courts conduct a de novo review of the correctness

of assessment without looking 'behind an assessment to evaluate the procedure and evidence

used in making the assessment.'").  *Accord*, *R.E. Dietz Corp.* 939 F.2d at 4; *Katz v. United

States*, No. 91-5623, 1992 WL 103006, at *1 (E.D. Pa. May 6, 1992) (finding that because the

standard of review is *de novo*, "it is not necessary to have any ancillary determination as to the

procedures employed by the government in levying their assessment."); *Rupert v. United States*,

225 F.R.D. 154, 157 (M.D. Pa. 2004) ("Because the court must independently evaluate the

Plaintiff's claim, the recommendations of the Appeals Officer are not relevant to our review.").

Instead, the government prevails if the tax assessment is right based on any theory, even

if the Service did not consider that particular theory when making the assessment.  *Helvering v.*

*Gowrin*, 302 U.S. 238, 245-46 (1937) ("If the Commissioner was right in his determination, the

[trial court] properly affirmed it, even if the reasons which he had assigned were wrong.")*;*

*Barnett v. United States*, 283 F.2d 474, 478 (8th Cir. 1960) ("[A] deficiency assessment may be

sustained upon any legal ground supporting it, even though the Commissioner did not rely

thereon when the assessment was made.  If the assessment is right on any theory it must be

sustained."); *Cook v. United States*, 46 Fed. Cl. 110, 114-115 (2000) ("Courts have repeatedly

held that the government may support a tax assessment based on any admissible evidence,

including that first disclosed in discovery, and, conversely, need not rely solely, or at all, on the

evidence reviewed administratively by the Service."); *King v. United States*, 641 F.2d 253 (5th

Cir. 1981) ("[T]he burden remains on the taxpayer even when the Commissioner relied on an

entirely different theory of deficiency at the time the assessment was made.").[5]

Because the Service's internal analysis is of no consequence to whether a taxpayer owes

a tax or is entitled to a refund, courts have consistently held that the factual and legal analyses of

Service personnel at the administrative level are irrelevant and inadmissible.  *See Katz, supra.*;

*Fisher v. United States*, No. 08-908, 2011 WL 1528450, at *2 (S.D. Ind. Apr. 19, 2011)

(excluding as irrelevant evidence of the minority interest discount used by the Service because

the issue before the court in the *de novo* proceeding was the proper discount, not what the

Service previously determined the discount to be); *LPCiminelli Interests, Inc. v. United States*,

09-274, 2012 WL 5499444, at *4 (W.D.N.Y. Nov. 13, 2012) (finding factual considerations and

legal analysis used by audit team irrelevant and declining to consider evidence of them);

*Louisiana Health Care Self Ins. Fund v. United States*, No. 12-766, 2014 WL 4828940, at *8-9

---

[5] Unlike a refund action, the Government has the burden of proving that Schwarzbaum's conduct
was willful.  The principle in *King* nonetheless applies here, *i.e.*, that a court determines liability
based on the evidence at trial, not on the opinions of IRS personnel.

(M.D. La. Sep. 29, 2014) (excluding evidence of administrative proceeding to prove merits of the case); *see also Mayes v. United States*, 84-5157, 1986 WL 10093, at *3 (W.D. Mo. Jun. 12, 1986) (finding Service employee's legal analysis irrelevant, because the court would not be reviewing the Service's analysis or reasons for making the assessment).[6]

Of note, courts have reached this conclusion in cases involving a penalty imposed under 26 U.S.C. § 6672, against persons who are responsible for withholding employment taxes, but willfully fail to pay the taxes to the government.  *See, Tarpoff v. United States*, No. 09-CV-411, 2011 WL 863292, at *2 (S.D. Ill. Mar. 10, 2011); *Ruth,* 823 F.2d at 1094; *De Simone v. United States*, No. 08-1857, 2009 WL 5173498, at *4 (D.N.J. Dec. 29, 2009); *Lewis v. United States*, No. 02-2958, 2014 WL 3880207, at *2 (W.D. Tenn. Mar. 28, 2014).  In these Section 6672 cases, the courts held that evidence of what happened at the administrative level is not relevant to the Court's de novo determination of liability.

Indeed, it would make no sense for this Court to find that the evidence presented at trial established that Schwarzbaum acted willfully, but rule in his favor because some IRS employees thought otherwise or because the Court believed that there were flaws in the manner in which the IRS conducted the examination.  Conversely, if the Court found that the Government failed to meet its burden of proof at trial, the Court would not rule against Schwarzbaum because it was impressed with the way that the IRS conducted the examination.  Similarly, it is irrelevant that

---

[6] The internal analysis underlying agency determinations has also been found to be inadmissible in other civil contexts.  *Farley, supra*; *Sulton v. Lahood*, No. 08-2435, 2009 WL 3815764, at *1-2 (S.D.N.Y. Nov. 6, 2009) ( in discrimination action, Department of Transportation's determination not relevant to court's *de novo* review of plaintiff's claim, because the evidence was not probative of whether the defendant discriminated against the plaintiff.); *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640 (7th Cir. 2007) (in ERISA cases, district court must make an independent determination on the legal analysis and factual issues; question is whether employee was entitled to benefits, and not whether agency selectively reviewed evidence).

the revenue agent would have factored certain items into his decision if he had been aware of it. At trial, Schwarzbaum can offer evidence that he contends supports the facts that he claims to exist.[7]  The Court can give the evidence the weight that it deems appropriate.  Because evidence of the IRS examination team's pre-assessment opinions, considerations, and determinations regarding the willfulness issue has no bearing on the Court's *de novo* determination on the issue of willfulness, such evidence should be excluded from trial.  *See Bedrosian*, 2017 WL 3887520, at *3 (granting the United States' motion in *limine* and finding that such irrelevant evidence would not be admitted at trial).

<p style="padding-left:2em"><strong>2.      In the alternative, evidence of the IRS administrative proceeding regarding the willfulness determination should be excluded under Fed. R. Evid. 403 as causing undue delay, wasting time, and needlessly presenting cumulative evidence.</strong></p>

Even if evidence of the IRS administrative proceeding regarding the willfulness determination is relevant (it is not), such evidence should be excluded under Fed. R. Evid. 403. Under Rule 403, courts have discretion to exclude relevant evidence if the probative value of the evidence is substantially outweighed by the risk that the evidence would cause undue delay, waste time, or comprise a needless presentation of cumulative evidence.  *Id.*  Allowing Schwarzbaum to delve into the administrative process as to the IRS' willfulness determination will needlessly prolong the trial.  If Schwarzbaum offers testimony that he elicited through depositions, the Government may deem it necessary to bring Anderson, West, and/or Nguyen to trial in order to give the Court a complete picture of the IRS administrative process involved in arriving at the willfulness determination.  Whatever opinion the Court reaches about the administrative process, the Court will still have to analyze the evidence directly relating to Schwarzbaum's actions and state of mind.

---

[7] The Government does not waive objections, if any, to evidence that Schwarzbaum offers.

This trial is simply not about what the Service believed, what facts they did or did not consider, or whether there were flaws in its analysis or process. Even evidence that Service employees disagreed about the facts and analysis prior to the final administrative determination is not probative of whether Schwarzbaum's noncompliance was willful. What matters is the evidence presented at trial pertaining to Schwarzbaum's actions, conduct, and state of mind. Engaging in a long foray into the administrative proceeding will contribute nothing to the determination of whether Schwarzbaum's FBAR reporting violations were willful. It will only needlessly prolong the trial. Accordingly, evidence of the administrative proceeding regardless willfulness should be excluded under Rule 403.

**B.      Schwarzbaum should be precluded from offering Chastang's testimony at trial as to the awareness of tax return preparers, accountants, taxpayers, and the general public regarding the FBAR filing requirement during the 2006 through 2009 timeframe.**

**1.      Introduction**

On May 28, 2019, less than a month before discovery closed, defendant disclosed Lawrence Chastang as a "fact witness." *See* Exhibit D, Defendant's Second Updated Initial Disclosures. Chastang is listed as having

> information relating to the awareness of accountants, taxpayers, and the general public with respect to the reporting requirements for foreign financial accounts, the lack of guidance and information published by the Internal Revenue Service, the Department of the Treasury, and FinCEN with respect to such reporting requirements, and the shortcomings of the available tax software in connection with the predation of the FBAR and notice of such a reporting requirements [sic] (on Form 1040, Schedule B) during the 2006 through 2009 tax years.

*See id.*, at p.3-4. In April 2019, Schwarzbaum's counsel retained Chastang as a paid litigation consultant. *See* Exhibit E, Excerpts of Deposition Transcript of Lawrence J. Chastang, 10:14-25 ("Chastang Dep."). They contemplated that Chastang would testify as an expert witness. Chastang even prepared a draft expert report. On May 24, 2019, however, Schwazbaum's

counsel terminated Chastang's services as a consultant.  (Chastang Dep.,14:13-15:25; 19:6-20:4; 21:1-10.)  Four days later, they decided to designate him as a purported fact witness.

During his deposition, Chastang testified that his role in this case is to provide testimony on "the general climate of accounting and tax profession at that time [2006-2009]," stating, "I'm really not here to delve into the details, nor am I being paid to delve into the details."  (Chastang Dep., 25:11-26:19.)  His knowledge of the facts came only from conversations he has had with Schwarzbaum's counsel.  (Chastang Dep., 20:13-23:24.)  To prepare for his deposition, he reviewed Bjork's deposition testimony, but none of the deposition exhibits.  (Chastang Dep., 9:24-10:13; 35:3-36:22.)  Chastang did not review Schwarzbaum's deposition testimony "because it wouldn't be helpful for [him] to do that."  (Chastang Dep. 25:11-16.)  He does not know what information Schwarzbaum provided to the IRS during the administrative proceeding, nor what information Schwarzbaum gave to his accountants and tax preparers with respect to the foreign accounts that he held during the 2006-2009 timeframe.  (Chastang Dep., 29:10-35:20.)  Chastang has not reviewed Schwarzbaum's FBARs or income tax returns for the years at issue.  He does not know whether any of the FBARs were timely filed.  (Chastang Dep., 40:24-41:7.)  He has not spoken with the accountants who prepared Schwarzbaum's income tax returns for 2007-2009.  Nor did he speak with the accountant who prepared amended returns after Schwarzbaum entered the Voluntary Disclosure Program.  (Chastang Dep., 29:10-31:22; 93:11-94:6.)  He also never spoke with the IRS employees who were involved with Schwarzbaum's FBAR examination.  (Chastang Dep. 29:13-31:1; 36:20-22.)

Chastang explains his ignorance of the facts in this case on the grounds that --

I'm not focusing specifically on this case, but more on the broad general terms that were the climate that was – the climate at the time.  So I believe that's why I'm here today, not to delve into the specifics, but more to provide a general overview of the climate in the tax profession at the time.

11

(Chastang Dep., 31:11-22.)

Schwarzbaum did not identify Chastang as an expert witness and has not made the expert disclosures required by Fed. R. Civ. P. 26(a)(2).  Chastang, therefore, may not offer an expert opinion under Fed. R. Evid. 702.  *See* Fed. R. Civ. P. 37(c)(1).  *Reese v. Herbert*, 527 F. 3d 1253, 1266 (11th Cir. 2006).  *See also, Brown v. NCL (Bahamas, Ltd)*, 190 F. Supp. 2d 1136, 1140 (S.D. Fla. 2016) (exclusion of expert testimony mandatory unless party can show that failure to comply with Fed. R. Civ. P. 26 was justified or harmless).

Apparently recognizing that obstacle, Schwarzbaum intends to offer Chastang's testimony as a lay opinion under Fed. R. Evid. 701.  That attempt at lay opinion testimony is prohibited.  Even if it were not, his testimony is irrelevant.

> **2.      Chastang's purported lay opinion testimony does not consider any specific evidence of Schwarzbaum's relevant tax filings and is not admissible under Fed. R. Evid. 701.**

Because Schwarzbaum never submitted expert disclosures as required by Fed. R. Civ. P. 26(a)(2), he attempts to bring Chastang in as a "lay witness."  Under Fed. R.  Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  *Id.*  Generally, a lay witness's opinion falls outside the scope of Rule 602.  Rule 701, however, permits a "limited occasion when a lay witness may provide an opinion."  *Tim Hortons USA, Inc. v. Singh*, No. 16-23041, 2017 WL 4837552, at *16 (S.D. Fla. Oct. 25, 2017) (Goodman, MJ).  Under Fed. R. Evid. 701, the lay witness's opinion must be --

- "(a)rationally based on the witness's perception;

- (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

- (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Lay opinion testimony typically pertains to matters like "the appearance of persons or things, identity, the manner of conduct, competency of a person… and an endless number of items that cannot be described factually in words apart from inferences." *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co, LTD.,* 320 F.3d 1213, 1221 (11th Cir. 2003), *quoting*, Advisory Committee's Note to Fed. R. Evid. 701 (2000).  In addition, an owner or officer of a business can be allowed to give a lay opinion about that business.  *Id.  See also, Chen v. Mayflower Transit, Inc.*, 224 F.R.D. 415, 420 (N.D. Ill. 2004) ("Advisory Committee Notes observe that courts have permitted an officer of a business to testify about damages based on his personal knowledge and day-to-day experience with the business, without having to qualify as an expert.").  Lay opinion testimony must also be the "…product of reasoning processes familiar to the average person in everyday life." *United States v. White*, 492 F.3d 380, 402 (6th Cir. 2007) (internal citation omitted).  In order for a witness to offer a lay opinion, the testimony must comply with both Rule 602's personal knowledge requirement and Rule 701's prerequisites. *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1265, 1272-75 (M.D. Ala. 2001).

While certain types of lay testimony is permitted, it may not cross the line into expert testimony under Rule 702.  Subsection (c) of Rule 701 serves to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert witness in lay witness clothing." *Tampa Bay Shipbuilding & Repair Co.*, 320 F. 3d at 1222 (citing the Advisory Committee Notes).  Lay witnesses can testify about their own immediate perceptions, but the hallmark of an expert witness is the ability to answer hypothetical questions and "…testimony that blurs into supposition and extrapolation crosses the line into expertise." *Lebron v. Sec. of the Fla. Dept. of Children and Families*, 772 F.3d 1352,

1372 (11th Cir. 2014) (collecting cases).  A witness with "no connection to the specific events underlying [the] case apart from his preparation for [trial]" cannot offer opinion testimony without complying with Fed. R. Civ. P. 26(a)(2).  *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004).[8]  *See also Chen*, 224 F.R.D. at 417-18 ("Expert opinion testimony, on the other hand, need not be based on the facts of the case.  [It] brings to an appraisal of the facts a scientific, technological or other specialized knowledge that a lay person cannot be expected to possess.").[9]

Consistent with that distinction, courts have precluded accountants from offering lay opinions unless they are based on their personal observations arising from their employment or other regular business relationships with an employer or client.  *Expoships, LLLP v. Communicore, Inc.*, No. 08-22380, 2009 WL 1808065, at *1 (S.D. Fla. 2009) (Ungaro, J) (accountants who had been regularly employed by the plaintiff were permitted to offer their lay opinions on damages "so long as their testimony is based on personal knowledge of the facts underlying their opinion and their testimony has a rational connection to those facts").  *Compare, DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685-87 (5th Cir. 2003) (excluding as a lay witness a financial consultant who had no first-hand knowledge of the financial books and records at-issue) and *JGR Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 525-26 (6th Cir. 2004) (error to admit lay testimony of a lawyer and CPA retained for litigation and had no first-hand knowledge of the underlying financial records) *with Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 402-04 (3d Cir. 1980) (accountant who worked for the party preparing its

---

[8] *Prieto* held that the party opposing the testimony waived his objection to the opposing party's failure to comply with Fed. R. Civ. P. 26(a)(2).  The Government has not waived its objections here.

[9] Courts also hold that when the testimony of a witness is based off knowledge from the witness' past professional experience, such testimony is expert testimony within the scope of Rule 702. *See, e.g.*, *James River Ins. Co. v. Rapid Funding LLC*, 658 F.3d 1207, 1215 (10th Cir. 2011).

balance sheets prior to litigation admitted as a lay witness); *Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170-71 (10th Cir. 2013) (allowing lay witness testimony from accountant who reviewed the pertinent records of the proffering party).[10]

Chastang has no first-hand knowledge of the facts of the case. Chastang's testimony is not within the grasp of an ordinary person but, rather, is specialized testimony based wholly on his past professional experience as a CPA. He is an after-the-fact expert witness in lay witness clothing. That is precisely the type of witness that amended Rule 701(c) was enacted to screen out.

> **3.      Even if Schwarzbaum had disclosed Chastain as an expert witness, evidence about the purported awareness of "Accountants, Taxpayers, and the General Public" of the FBAR requirement is irrelevant.**

Based on his deposition, the Government expects that Chastang's testimony will amount to nothing more than that a generic "accountant," "taxpayer," or "general public" was not aware of the FBAR requirement and their purported ignorance was the IRS's fault. Such testimony has no bearing on *Schwarzbaum's* conduct and state of mind. *See United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986) ("Willfulness is personal. It relates to the defendant's state of mind. It does not exist in the abstract. Unless there is a connection between the external facts and the defendant's state of mind, the evidence of the external facts is not relevant."). It also ignores the fact that Schwarzbaum actually knew of the FBAR reporting requirement because he timely filed

---

[10] *See also Ga. Operators Self-Insurers Fund v. PMA Mgmt. Corp.*, 143 F. Supp. 3d 1317, 1337-38 (N.D. Ga. 2015) (party may call its regular accountant or actuary as a fact witness since that witness has personal knowledge through their ordinary employment); *Sauer v. Publisher Services, Inc.*, No. 14-698, 2016 WL 4409209, at *4 (N.D. Ga. Aug. 19, 2016) (party's regular outside CPAs could offer lay testimony based of their knowledge of the party's accounting practices); *Candy Craft Creations, LLC. v. Gartner*, No. CV 212-091, 2015 WL 1541507, at *12-13 (S.D. Ga. Mar. 31, 2015) (accountant who prepared a party's balance sheets and tax returns could offer lay testimony); *KW Plastics*, 131 F. Supp. 2d at 1272-75 (same).

an FBAR for 2006 (such FBAR failed to disclose all of his foreign accounts).  Such testimony, therefore, and any evidence derived from it are irrelevant and must be excluded since it is not admissible for any purpose.  *See Smith v. Royal Caribbean Cruises, LTD*, No. 13-20697-Civ., 2014 WL 5312534, at *1 (S.D. Fla. Oct. 10, 2014) (Cooke, J).

The evidence that Schwarzbaum intends to present at trial via Chastang's testimony is virtually identical to proposed expert testimony that the court excluded in a different willful FBAR case.  *See Garrity*, 2018 WL 2465354 (D. Conn. Jun. 1, 2018).  Garrity proffered an expert report and testimony from a CPA versed in international tax and compliance regarding the "state of published guidance and public awareness" of the FBAR reporting requirement, among other topics and conclusions.  *Id* at *1.  The court excluded the testimony, holding that "what Mr. Garrity, Sr. actually knew (or consciously chose to avoid learning) is the key issue, and there is no evidence linking that issue with [the expert's] proposed testimony."  *Id* at *2.  The same holds true for Chastang.

*Garrity* comports with case law holding that generalized testimony about the complexity or uncertainty of the law is irrelevant to a specific individual's state of mind.  *United States v. Herzog*, 632 F.2d 469, 473 (5th Cir. 1980) (law professor's proffered testimony regarding complexity of the tax law "could not shed any light on whether Herzog had been confused by any such complexity."); *United States v. Ingredient Tech. Corp.*, 698 F.2d 88, 97 (2d Cir. 1983) (upholding the exclusion of general testimony that the law was "not sufficiently clear" at the time that the defendants committed the criminal acts); *Curtis*, 782 F.2d at 599 (district court properly excluded purported expert testimony on the unsettled nature of an area of tax law as

16

evidence to negate willfulness).[11]

A "generic" accountant, lawyer, or general public does not exist.  Schwarzbaum does.
The state of mind of nonexistent persons is not relevant.

### III.    CONCLUSION

Because the Court will determine *de novo* whether Schwarzbaum acted willfully, what
matters is evidence pertaining to his conduct and state of mind.  The pre-assessment
deliberations of the IRS during the FBAR examination process on the issue of willfulness are not
relevant.  Moreover, allowing Schwarzbaum to put the IRS examination team on trial will
unnecessarily prolong the trial.

As for Chastang, Schwarzbaum will attempt to offer an improper lay opinion regarding
the knowledge of "generic" practitioners and general public.  Besides running afoul of Fed. R.
Evid. 701, this type of testimony is irrelevant.  For these reasons, the Court should grant the
United States' motion *in limine*.

---

[11] *United States v. Garber*, 607 F.2d 92 (5th Cir. 1979) is distinguishable.  Garber was criminally
charged with failing to report on her tax returns proceeds she received from providing blood
plasma to a biomedical manufacturer.  At the time, "[t]he tax treatment of earnings from the sale
of blood plasma or other parts of the human body [was] an uncharted area in tax law." *Id.* at 99.
The Fifth Circuit held that the district court abused its discretion by allowing a revenue agent to
opine on the law while precluding Garber from offering an expert witness on that issue.  In
*Herzog,* the Fifth Circuit declined to extend *Garber* to a case with plausible contention that law
was too vague to allow for a criminal intent.  In *United States v. Heller*, 866 F.2d 1336 (11th Cir.
1989), the Eleventh Circuit distinguished *Garber* as a case where "conflicting government
interpretations yielded impermissibly vague legal rules." *Id.* at 1342.  Unlike Garber, which was
a criminal case based on a novel legal question, no serious argument may be made that the
FBAR filing requirements are impermissibly vague.  Absent that level of vagueness, *Heller*
makes clear that any uncertainty in the law must be linked to the taxpayer's specific state of
mind.  *Id.* at 1342-1343.

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for

Defendant on July 5, 2019, and certifies that they object to the relief sought.

Dated: July 10, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:
*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar No. 1004432)
MICHAEL N. WILCOVE
JEFFREY N. NUNEZ
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-353-1988 (v)
202-514-9868 (f)
mary.e.smith@usdoj.gov
john.nasta@usdoj.gov
michael.n.wilcove@usdoj.gov
jeffrey.n.nunez@usdoj.gov

*Of Counsel*

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY