IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18-CV-81147-BLOOM-REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

**A. With minor exceptions, Schwarzbaum has not shown any basis to proffer testimony about administrative steps leading to the penalty assessments.**

Defendant Isac Schwarzbaum contends our motion to exclude testimony from IRS employees is a "telling admission of the weakness of [our] case." (D.E. 39 at 1). Our opposition to Schwarzbaum's motion for summary judgment shows that our case is anything but weak. Schwarzbaum further presumes that retired revenue agent James Bjork is our "key witness." (*Id.* at 11). That is incorrect. We expect it to be Schwarzbaum.[1]

At the outset, we make two concessions. We agree that Schwarzbaum may offer into evidence Bjork's testimony that Schwarzbaum was "very cooperative" and that his representatives were "cooperative as well." (See, D.E. 39 at 11; D.E. 32-1 at 49:9-21).

---

[1] Of course, regardless of the parties' perceptions as to which witnesses are "key," the Court will determine for itself the weight each witness's testimony deserves.

Second, if the Court concludes that it should hear trial testimony regarding the mechanics underlying the penalty computation, Bjork's testimony on that point may be used.[2]

Schwarzbaum has not attempted to rebut our point that the IRS's administrative process is irrelevant to the Court's *de novo* determination as to whether Schwarzbaum acted willfully. In our motion, we cited extensive caselaw. Schwarzbaum neither addresses those cases nor cites contrary cases. Instead, he punts.

Having done that, Schwarzbaum contends that the Court should consider the IRS employees' testimony in conjunction with an Administrative Procedure Act review of the IRS's willfulness determination. As we discuss in our opposition to Schwarzbaum's motion for summary judgment, the Court lacks jurisdiction to undertake that type of review. Even if there were jurisdiction, Schwarzbaum's request to use those depositions is, at best, premature. First, the parties must compile the entire administrative record and provide it to the Court. Then, Schwarzbaum must make a strong showing of bad faith or improper conduct by the IRS.

If an APA review were allowed, the Court would determine whether, based upon the administrative record, the IRS's determinations were "reasonable." *Movimiento Democracia v. Johnson*, 193 F. Supp. 3d 1353, 1370-71 (S.D. Fla. 2016)(Gayle, J). An agency's decision is reasonable "so long as 'it is not arbitrary, capricious, or clearly contrary to law.'" *Id.* at 1371, *quoting U.S. Mosaic Tile Co. v. NLRB*, 935 F.2d 1249, 1255 (11th Cir. 1991). Further, "[u]nder this 'narrow' standard of review, 'a court is not to substitute its judgment for that of

---

[2] As discussed in our opposition to Schwarzbaum's motion for summary judgment, the Government contends that the trial should only address whether Schwarzbaum's failure to timely file FBARs was willful. If the Court finds that Schwarzbaum acted willfully, the Court should then determine, based on the administrative record, whether the IRS abused its discretion in computing the amount of the penalty.

the agency and should uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Id., quoting FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009) (citations and internal quotation marks omitted).

The Eleventh Circuit has made clear that a district court's APA review should generally be confined to the administrative record. *National Mining Association v. Secretary, U.S. Department of Labor*, 812 F.3d 843, 875 (11th Cir. 2016)("[T]he general rule, applicable across the board to judicial review of administrative action ... is that the court may not go outside the administrative record," *quoting, Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001) (internal quotation marks omitted)). Only in rare circumstances may the court go beyond the record. In 1996, the Eleventh Circuit noted, in *dicta*, that a sister circuit had identified four situations in which a court may go beyond the administrative record. *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 87 F.3d 1242, 1246 n.1 (11th Cir. 1996).[3] Since then, however, the Eleventh Circuit has "focused pointedly on whether the petitioners have made 'a strong showing of bad faith or improper behavior by the agency.'" *National Mining Association*, 812 F.3d at 875, *quoting, Alabama–Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007). *See also, Citizens for Smart Growth v. Peters*, 2008 WL 11331898 *2 (S.D. Fla. 2008)(Martinez, J)("strong showing of bad faith or improper behavior" is the "sole exception formally recognized by the Eleventh Circuit" for consideration of items outside the administrative record).

---

[3] The potential situations identified were "(1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) technical terms or complex subjects need to be explained; or 4) there is a strong showing of agency bad faith or improper behavior."

If the Court determines that it has jurisdiction to undertake an APA review of the IRS's willfulness determination, it should direct the parties to submit the full administrative record.[4]  In the context of the full record, Schwarzbaum can attempt to show the bad faith or improper behavior needed for the Court to go beyond the administrative record.  While the Government contends the Court lacks subject matter jurisdiction to conduct an APA review of the IRS's willfulness determination, we are nowhere near the point of allowing extra-record supplementation.

In a last-ditch effort, Schwarzbaum argues that, under Fed. R. Civ. P. 32(d)(3)(A), we were required to move for a protective order precluding the depositions on relevance grounds.  (D.E. 39 at 3 n3).  That argument is meritless.  Rule 32(d)(3)(A) emphatically preserves a party's substantive objections to deposition testimony.  The exception

> obviously envisions [] a situation in which a timely objection (e.g., on the ground of failure to lay an adequate foundation…) could have enabled the problem to be remedied so that *the same testimony* [sought through an improper question] could be received in accordance with law.

*Jordan v. Medley*, 711 F.2d 211, 218 (D.C. Cir. 1983)(emphasis in original).  If objections to testimony had to be made at or, as Schwarzbaum suggests, before a deposition, "the Rule's exception would be converted into an invariable rule."  *Id.*   The Government should not be penalized for sparing the Court a motion that Schwarzbaum would have opposed.

### B.  Chastang is not offering lay testimony

Contrary to Schwarzbaum's arguments, Lawrence Chastang is not offering lay testimony.  If he limited himself to his own knowledge of FBARs and his experience in his own practice, his testimony – while irrelevant -- would arguably be admissible under Fed. R.

---

[4] In his response, Schwarzbaum has attached some material that he contends reflect the administrative record.  Those documents do not comprise the full record.

Evid. 701.  That, however, is not what he is attempting.  He draws on his interaction with accountants and other specialists as a basis to opine on what certified public accountants generally knew about FBARs.  That is the epitome of "specialized knowledge" that a lay person would not be expected to possess.  *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004); *Chen v. Mayflower Transit, Inc.*, 224 F.R.D. 415, 417-18 (N.D. Ill. 2004).

In his attempt to circumvent his failure to comply with the disclosure requirements for expert testimony, Schwarzbaum attempts to rely on *United States v. Blanchet*, 518 F. App'x 932 (11th Cir. 2013) and *United States v. Hill*, 643 F.3d 807 (11th Cir. 2011).  Both cases are inapposite.

In *Blanchet*, the defendants were criminally charged with fraudulently representing that their company was a "small business," which qualified for a certain type of government contract.  The Government called as a witness the Director of Government Contracting for the Small Business Administration.  He testified

> as to SBA's mission and organizational structure, how the SBA receives size protests and conducts size determinations, and that, in his role as Director of Government Contracting, his office was responsible for setting the "size standards by which the [g]overnment measures what a small business is," writing "regulations that determine what a small business is," and "issu[ing] decisions that decide what a small business is."

518 F. App'x at at 951.  The Eleventh Circuit held that the district court did not abuse its discretion by deeming this lay testimony.  The witness limited his testimony to his own knowledge of and experience with SBA procedures.  He did not testify about the public's knowledge of these procedures or their ability to comply with them.  Nor does the opinion hint that he opined on whether the specific defendants complied with those procedures or should have been able to comply.  Chastang, on the other hand, intends to go beyond his personal experience and opine on what accountants in general knew.

5

Schwarzbaum's reliance on *Hill* is similarly misplaced. In *Hill*, the defendants were charged with, *inter alia*, mortgage fraud. The Eleventh Circuit upheld the trial court's allowing "representatives of victim lending institutions, all of whom were involved in mortgage and loan approval for their respective companies, to testify about whether the disclosure of misrepresentations in some of the fraudulent loan applications would have had any effect on their decision to approve the mortgage or loan." 643 F.3d at 840. These witnesses based their testimony on "their personal experiences as officers of financial institutions with knowledge of their companies' policies and of the specific transactions at issue." *Id.* at 842. Chastang, on the other hand, has no knowledge of Schwarzbaum's FBARs and plans to testify about what a generic accountant or other professional knew about FBARs. That is wholly different from *Hill*.[5]

Finally, Schwarzbaum argues that Chastang is a lay witness because he "is not being proffered to answer hypothetical what-ifs or provide extrapolations." (D.E. 39 at 15-16). That is precisely how Chastang is being proffered. He intends to extrapolate his professional expertise to opine that certified public accountants were not fully cognizant of the FBAR filing requirements. Further, Schwarzbaum unwittingly acknowledges that Chastang will answer hypothetical questions. He argues that Chastang's testimony will help the Court determine

> a fact in issue -- specifically the United States' argument that Isac Schwarzbaum did not properly 'equip' his CPAs to advise him (*i.e.*, didn't disclose specific enough information, because if he had, then his CPAs couldn't *possibly* have misadvised him as to his FBAR reporting obligations). (Emphasis in original).[6] (D.E. 39 at 12).

It follows that Chastang will testify that *if* Schwarzbaum had disclosed "specific enough information," his accountants *would not* have been able to advise him correctly. That is an

---

[5] In *Hill*, the defendants also objected to answers to hypothetical questions by witnesses who were not personally involved with the transactions at issue. On several bases, the Eleventh Circuit held that any error in allowing that testimony was harmless. *Id.*

[6] The Government does not accept Schwarzbaum's characterization of its position.

obvious "hypothetical what-if."

Finally, Schwarzbaum has failed to rebut the point that testimony about a generic accountant's knowledge of FBARs is irrelevant. Schwarzbaum did not retain a "generic" accountant.

### C. Conclusion

Schwarzbaum simply bickers about the administrative process underlying the assessment of the penalties and attempts to use his disappointment to justify including IRS witness testimony at trial. The Court will determine *de novo* whether Schwarzbaum's conduct was willful. The actions taken at the administrative level are irrelevant. Assuming for the moment that the Court has jurisdiction to undertake an APA review of the IRS's willfulness determination, it is way too early to allow material beyond the administrative record. Regarding Chastang, he is not offering lay testimony. Having declined to proffer Chastang as an expert, Schwarzbaum cannot sneak him in as a "lay witness."

Dated: July 31, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:
*/s/Michael N. Wilcove*
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar No. 1004432)
MICHAEL N. WILCOVE
JEFFREY N. NUNEZ
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-514-6474 (v)
202-514-9868 (f)
mary.e.smith@usdoj.gov
john.nasta@usdoj.gov
michael.n.wilcove@usdoj.gov
jeffrey.n.nunez@usdoj.gov

*Of Counsel*

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY