IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT ISAC SCHWARZBAUM' S MOTION
TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO
RESPOND TO GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States' Notice of Supplemental Authority (Docket No. 48) (the "Notice") constitutes an improper memorandum of law filed without prior leave of Court, in violation of Local Rule 7.1(c). Therefore, pursuant to Fed. R. Civ. P. 12(f), defendant Isac Schwarzbaum ("Isac") respectfully requests that this Court strike the Notice because it is an improper sur-reply, and is not "authority."

## ARGUMENT

Local Rule 7.1(c) authorizes only opposing and reply briefs, and further provides that "[n]o further or additional memoranda of law *shall be filed without prior leave of Court.*" Local Rule 7.1(c) (emphasis added). In disregard of this Court's Local Rules, the United States filed the Notice and attached supplemental "authority" without first seeking leave of Court. For this reason alone the Notice should be stricken.[1]

---

[1] Although *Barron v. Snyder's-Lance, Inc.*, Civ. No. 13-62496, 2014 WL 2686060 (S.D. Fl. June 13, 2014) appears to support the government's contention that the Notice does not violate Local Rule 7.1(c), it is the actual *Rum* R&R that necessarily prompts Isac to seek an opportunity to respond, which "is the precise situation that the Local Rules and the applicable case law authority are trying to prevent." *Id*. at *2.

In addition, the government's purported supplemental "authority" is a Report and Recommendation (R&R) from the Middle District of Florida issued one week ago. *See* Docket No. 48-1, at 1. The government's claim that "this decision … constitutes new legal authority" is plainly wrong. *See Notice* at 2. Pursuant to Fed. R. Civ. P. 72, the magistrate judge's decision is a non-dispositive recommendation subject to objection by the parties and review by the district judge. *See* Fed. R. Civ. P. 72(b). The limitation on a magistrate judge's authority to only issue "recommendations" for dispositive motions is a Constitutional protection. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3068.2 (3d ed.) ("Thus, in all pretrial matters the magistrate acts under the direct supervision of the district judge, but in 'dispositive' matters Congress chose to provide a framework for objection and substantial review so as to avoid any constitutional concerns."). Thus, the district judge is obligated to conduct a "substantial" review of the magistrate judge's recommendation for dispositive motions. *Id.* Pursuant to 28 U.S.C. § 636(b)(1)(C), the statute authorizing the temporary assignment of matters to a magistrate judge, the district court "shall make a *de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.*" 28 U.S.C. § 636(b)(1)(C) (emphasis added). The Local Rules for the Middle District of Florida reinforce this point: "[t]he District Judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge or may receive further evidence or recommit the matter to the magistrate judge with instructions." Local Rules for the United States District Court for the Middle District of Florida, Rule 6.02.

The Notice should also be stricken because the timing of the government's filing its Notice runs afoul of the language and spirit of Local Rules 7.1(c) and 7.1(a)(3). First, the government waited until the morning after Isac filed his Reply (Docket No. 47) to file its Notice, even though the supplemental "authority" it seeks to have the Court consider was issued almost one week prior (and was presumably known to the government prior to this morning). The government could have filed its Notice, or provided notice to the defense that it intended to file such a Notice, during the seven-day period before Isac filed his Reply. Yet the government waited until Isac could not respond to the substance at issue in the R&R. Second, the government did not provide opposing counsel the opportunity to meaningfully confer about (and object to) its Notice. Counsel for the United States, Jeffrey N. Nunez, contacted opposing counsel at 10:11 a.m. on Thursday morning, notifying the defense of the government's intent to file a notice of supplemental authority. Nunez

requested counsel to "[p]lease verify whether you consent or oppose so that I can inform the court of your position in the certification portion of our notice."  Counsel for the United States only waited 4.5 hours (without any further contact) before filing the Notice, and did not provide defense counsel a meaningful opportunity to state their objection to the supplemental authority, in violation of Local Rule 7.1(a)(3).

Should the Court be inclined to deny Isac's motion to strike and consider the R&R, then Isac requests that the Court provide him an opportunity to provide a supplemental brief addressing the facts and circumstances of the R&R.  The R&R is a disguised thirty-five page sur-reply for the government that is heavily fact-based and distinguishable from this case.  Isac should be given the opportunity to distinguish the R&R and present arguments as to why, for example, it contradicts the government's opposition to Isac's motion for summary judgment and its own motion in limine.

## CONCLUSION

Isac respectfully requests that the Court grant his Motion to Strike the United States' Notice of Supplemental Authority for the reasons stated above.

Dated: August 8, 2019

Respectfully submitted,

*/s/ Jose A. Casal*
JOSE A. CASAL
Florida Bar No. 767522
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone      (305) 789-7713
Facsimile       (305) 789-7799
Jose.Casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
Holland & Knight LLP
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone      (202) 469-5144
Facsimile       (202) 955-5564
Nicole.Elliott@hklaw.com

3

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
CHAD M. VANDERHOEF
Florida Bar No. 109595
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone      (813) 227-6387
Facsimile      (813) 229-0134
William.Sharp@hklaw.com
Andrea.Cortes@hklaw.com
Chad.Vanderhoef@hklaw.com

DANIEL I. SMALL
Florida Bar. No. 42579
10 St. James Avenue. 11th Floor
Boston, MA 02116
Telephone      (617) 854-1453
Facsimile      (617) 523-6850
Dan.Small@hklaw.com


Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 8, 2019, I electronically filed the foregoing document with the clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jose A. Casal*
Jose A. Casal

#69685693_v2