UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Isac Schwarzbaum's ("Defendant" or "Schwarzbaum") Motion for Summary Judgment, ECF No. [33] (the "Motion"). The Court has carefully considered the Motion, all opposing and supporting submissions, including Plaintiff the United States of America's ("Plaintiff" or "USA") Response, ECF No. [43] and Defendant's Reply, ECF No. [47], the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **INTRODUCTION**

This case involves an attempt by the USA to collect outstanding civil penalties assessed against Schwarzbaum for his allegedly willful failure to timely report his financial interest in foreign bank accounts as required by 31 U.S.C. § 3514 for the years 2006-2009. *See generally*, ECF No. [1] ("Complaint"). In the Complaint, the USA asserts four counts seeking to reduce to judgment the previously assessed Report of Foreign Bank and Financial Accounts ("FBAR") penalties for each applicable year pursuant to 31 U.S.C. § 5321(a)(5).

In 1970, Congress enacted the Currency and Foreign Transactions Reporting Act, referred to as the Bank Secrecy Act (BSA), 31 U.S.C. §§ 5311, *et seq*. *See* Pub. L. No. 91-508, 84 Stat. 1114 (1970). The primary purpose of the BSA is to require the making of certain reports that "have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings." *Id*. § 202. To effectuate this purpose, the BSA directs the Secretary of the Department of Treasury to promulgate regulations requiring the reporting of information from United States persons who have relationships, or conduct transactions, with foreign financial agencies. *See id.* § 241(a) (codified at 31 U.S.C. § 5314). As relevant here, the regulations require "each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to file a FBAR. *See* 31 C.F.R. § 1010.350(a). The FBAR is required "with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." *See* 31 C.F.R. § 1010.306(c).

The authority to assess and collect civil penalties for non-compliance with FBAR requirements rests with the IRS. *See* Delegation of Enforcement Authority Regarding the Foreign Bank Account Report Requirements, 68 Fed. Reg. 26489 (May 16, 2003).

## II.   RELEVANT FACTS

Isac Schwarzbaum was born in Germany to parents who had resettled from Poland. Defendant Isac Schwarzbaum's Statement of Undisputed Material Facts, ("Def. SOMF"), ECF No. [34] ¶ 1.[1] Schwarzbaum received a high school diploma in Germany but did not attend a university. *Id*. ¶ 5. As a student in Germany, Schwarzbaum did not study U.S. law, tax law, or accounting. *Id*. ¶ 6. The parties dispute Schwarzbaum's proficiency in the English language, though English is his fourth or fifth language. *Id*; United States of America's Opposing Statement

---

[1] Where a fact is uncontroverted by the opposing party, the Court cites only to the originating Statement of Facts.

of Material Facts ("Pl. SOMF"), ECF No. [44] ¶ 6. Schwarzbaum has retained German citizenship but became a U.S. citizen in 2000. Def. SOMF ¶ 11. His father was successful in the textile business and later in Germany as a real estate investor. ECF No. [35-2] ¶ 6. Schwarzbaum has supported himself and his children with his investments and inheritance from his father, which includes gifts he received before his father's death in 2009. Def. SOMF ¶ 9; Pl. SOMF ¶ 9.

Schwarzbaum employed three certified public accountants ("CPAs") to prepare his U.S. tax returns—Brian Gordon from 1993/94 to 2006, Doris Shaw in 2007 for tax year 2006, Steven Weitz for tax years 2008-2009 (and an individual at Mr. Weitz's firm named Robert Silver for tax year 2007). Def. SOMF ¶¶ 21, 26, 32; ECF No. [35-1] at 71, 160; Pl. SOMF ¶¶ 34-35; ECF No. [44-1] at 14-15. However, the parties disagree as to whether Schwarzbaum told any of the CPAs about the monetary gifts he received from his father, or his Swiss bank accounts. *Compare* Def. SOMF ¶¶ 22-23, 25, 27, 33 and Pl. SOMF ¶¶ 22-23, 25, 27, 33. The CPA who prepared Schwarzbaum's 2006 return completed a FBAR reporting a foreign account in Costa Rica. *Id*. ¶ 29. Schwarzbaum himself filed FBARs for tax years 2007 and 2009 for foreign accounts that had a U.S. connection. *Id*. ¶¶ 40-41. Schwarzbaum did not file an original 2008 FBAR; rather the 2008 FBAR was filed in 2011. Def. SOMF ¶ 41; ECF No. [35-1] at 297 ¶ 7.

In October of 2009, Schwarzbaum received a letter from one his banks in Switzerland, indicating that the Internal Revenue Service ("IRS") had submitted a request under treaty to the Swiss government to obtain information about accounts of certain individuals maintained at UBS, and that his account appeared to fit within the scope of the request. Def. SOMF ¶ 46; ECF No. [35-12]. The parties disagree about Schwarzbaum's motivations following receipt of the letter. Schwarzbaum maintains that he did not understand the letter and sought the advice of a Swiss attorney, who told him that the letter did not apply to him under Swiss law. The USA maintains

that Schwarzbaum actively sought to prevent disclosure of his account information to the IRS. Def. SOMF ¶ 47; Pl. SOMF ¶ 47.

Ultimately, in 2011, Schwarzbaum entered into the IRS's voluntary disclosure program, the Offshore Voluntary Disclosure Initiative ("OVDI"). Def. SOMF ¶ 49. He and the IRS agreed to additional income tax, interest, and accuracy-related penalties due as a result of the failure to report interest earned on foreign accounts, which amounts Schwarzbaum promptly paid. *Id*. ¶¶ 50-51. Schwarzbaum then opted out of OVDI and underwent full examinations under Title 26 and Title 31. *Id*. ¶¶ 52-53. IRS Agent Bjork made the initial determination that the IRS should assert a non-willful FBAR penalty against Schwarzbaum. *Id*. ¶ 56; Pl. SOMF ¶ 56. Ultimately, however, willful FBAR penalties were assessed on September 6, 2016, and the Title 26 examination concluded with the assessment of accuracy-related penalties for the underpayment of income tax. Def. SOMF ¶¶ 60-61. The aggregate amount of FBAR penalties, plus late payment penalties and interest is $15,559,072.00, and interest continues to accrue. *Id.* ¶ 62; Pl. SOMF ¶ 62.

## III.   LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The court views the facts in the light most favorable to the non-moving party and draws

all reasonable inferences in the party's favor. *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, L.L.C., 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343.

In resolving the issues presented under Fed. R. Civ. P. 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986); *see also Aurich v. Sanchez*, No. 08-80113-CIV, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary

judgment." (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913 (11th Cir. 1993)). Even "where the parties agree on the basic facts but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

Summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston*, 9 F.3d at 919; *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *see also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); *Gary v. Modena*, No. 05-16973, 2006 WL 3741364, at *16 (11th Cir. Dec. 21, 2006) (Fed. R. Civ. P. 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); *Ramirez v. Nicholas*, No. 13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct.11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

**IV. DISCUSSION**

Defendant moves for summary judgment arguing that the undisputed facts in this case demonstrate that he did not willfully violate his FBAR filing requirements. In addition, he argues that the underlying FBAR determination should be set aside because it is arbitrary and capricious, it violates the Eighth Amendment, and was assessed after the expiration of the limitations period. The Court considers each argument in turn.

**A. Willfulness**

In order to be subject to a willful FBAR penalty, the following elements are required: (1) the person must be a U.S. citizen; (2) the person must have or had an interest in, or authority over a foreign financial account; (3) the account had a balance exceeding $10,000.00 at some point during the reporting period; and (4) the person must have willfully failed to disclose the account and file a FBAR. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a).[2] The statutes and regulations at issue in this case do not define the term willful; however, the BSA identifies the applicable penalty as a "civil money penalty." 31 U.S.C. § 5321(a)(5)(A). "[W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). "While the term 'recklessness' is not self-defining, the common law has generally understood it in the sphere of civil liability as conduct violating an objective standard; action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed 2d 811 (1994)) (internal quotations omitted). Even so, willfulness in the context of a FBAR violation does not require actual knowledge of the duty to report interest in a foreign account. *United States v. Brandt*, No. 17-80671-CIV, 2018 WL 1121466, at *4 (S.D. Fla. Jan. 24, 2018); *see also United States v. Williams*, 489 F. App'x 655, 658 (4th Cir. 2012).

Schwarzbaum argues that his violations were not willful because he did not have actual knowledge of the extent of the FBAR reporting requirements. This argument is unavailing as it is clear from the cited authorities that a finding of willfulness does not require actual knowledge. Schwarzbaum further argues that his reliance on his CPAs disproves recklessness. The Court

---

[2] The parties do not dispute that Schwarzbaum is a U.S. citizen, or that he had an interest in foreign financial accounts that required disclosure and filing of a FBAR.

disagrees. While the statute contains a reasonable cause exception, *see* 31 U.S.C. § 5321(a)(5)(B)(ii), the parties here dispute whether Schwarzbaum ever told his CPAs about his foreign accounts. *See, e.g.* Def. SOMF ¶ 48 and Pl. SOMF ¶ 48. In any event, a party's state of mind is a question of fact to be determined by the trier of fact at trial. *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991). As such, summary judgment is inappropriate. *See Williams*, 489 F. App'x at 658 ("Whether a person has willfully failed to comply with a tax reporting requirement is a question of fact.").

### B. Schwarzbaum's remaining arguments

Schwarzbaum argues that the IRS's determination of willfulness should be set aside for violating the Administrative Procedure Act ("APA"), that the IRS's determination of the amounts of the resulting FBAR penalties violates the APA and the Department of the Treasury Financial Crimes Enforcement Network ("FinCEN") regulations, that the FBAR penalties violate the duty of consistency, that the FBAR penalties violate the Eighth Amendment because they are grossly disproportionate, and that the FBAR penalty assessments are time-barred. In response, the USA argues that the Court should not review the IRS penalty calculation until the Court makes a determination on willfulness. The Court agrees. The determination of whether Schwarzbaum's FBAR violations were willful is a necessary first step to consideration of any other issues in this case. Should the Court find at trial that Schwarzbaum's violations were not willful, no consideration of his remaining challenges to the assessed penalties will be necessary.

To the extent that Schwarzbaum argues that the penalties are time-barred, the argument lacks merit. Although Title 31 does not expressly authorize the extension of the applicable statute of limitations by agreement, it does not expressly prohibit such extensions. Schwarzbaum has failed to point to any legal authority indicating that such extensions would be improper. *See*

*Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.") (internal quotations and citation omitted). Notably, Schwarzbaum does not dispute that he signed consents agreeing to extend the time during which FBAR penalties could be assessed and collected. *See* ECF Nos. [44-5], [44-6], [44-7]. Rather, in his Reply he acknowledges the lack of authority, argues that the USA relies upon three irrelevant cases in its Response, and then endeavors to distinguish them. However, Schwarzbaum ignores that it is he who bears the burden of establishing the defense of statute of limitations in the first instance. *See, e.g. Feldman v. Comm'r of Internal Revenue*, 20 F.3d 1128, 1132 (11th Cir. 1994) ("When a taxpayer raises the affirmative defense of the statute of limitations, the taxpayer bears the burden to prove that defense.") (citation omitted). Here, Schwarzbaum has failed to provide any authority to support his argument that an agreement to extend the time to assess FBAR penalties under Title 31 is invalid.

## V. CONCLUSION

Accordingly, Defendant's Motion, **ECF No. [33]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record