UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court on the Plaintiff United States of America's Motion *in Limine,* ECF No. [32]. The Court has reviewed the Motion, all supporting and opposing briefs, the record in the case, the applicable law and is otherwise duly advised.

The Parties' familiarity with the facts of the case is assumed. *See* ECF No. [51]. Plaintiff moves *in limine* to exclude (1) testimony from certain IRS employees and other evidence related to the factual and legal analysis and methodologies performed at the administrative level regarding the IRS' willfulness determination; and (2) lay opinion testimony from a CPA who has no personal knowledge of relevant facts. The Court addresses each in turn.

    **I.    LEGAL STANDARD**

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and

potential prejudice may be resolved in proper context." *In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

## II. DISCUSSION

### 1. Testimony from IRS employees

The United States anticipates that Schwarzbaum will offer evidence, including deposition testimony of certain IRS employees who were involved in the FBAR examination. These include James Bjork, now retired, Erik Anderson and Kim Nguyen.[1] The United States argues that Schwarzbaum will offer this testimony in an effort to attack the IRS employees' methodology in conducting the IRS exam and their views or opinions on the issue of willfulness. The United States claims that this testimony is irrelevant. In Response, Schwarzbaum contends that the testimony of retired IRS Agent, James Bjork, involves key issues regarding Schwarzbaum's willfulness and the

---

[1] Defendant concedes that Erik Anderson and Kim Nguyen have no knowledge about the facts of the case. *See* ECF No. [39] at 7.

IRS's actions that he contends were arbitrary and capricious. He asserts that the testimony will further support his affirmative defense at issue.

The United States is correct that in conducting the *de novo* review of the willfulness finding, the factual and legal analysis employed by the Service at the administrative level is of no consequence to the court. *Rubenstein v. United States*, 826 F. Supp. 448, 453 (S.D. Fla. 1993), *aff'd* 103 F.3d 147 (11th Cir. 1996). Whether the IRS agents agreed or disagreed with other IRS agent's recommendations, the actions that they took or failed to take or items they did or did not consider is simply not relevant to the Court's *de novo* determination as to whether certain FBAR violations were willful. However, Schwarzbaum claims that the administrative record is incomplete and inconsistent, to which the only agent to conduct the investigation, Agent Bjork, has admitted. Schwarzbaum further argues that Agent Bjork's testimony will facilitate the Court's APA review of the IRS's ultimate willful determination, demonstrating that the IRS acted arbitrarily and capriciously. Schwarzbaum further claims that the IRS's actions violated the APA as to the penalties assessed. As such, Agent Bork's testimony may be relevant regarding the claimed inconsistency and as to the computation of the tax penalties. *See Camp v. Pitts*, 411 U.S. 138, 143 (1973) (noting that where there is a failure to explain administrative action, the remedy is to obtain additional explanation from agency through affidavits or testimony). Moreover, the United States concedes that testimony as to Schwarzbaum's cooperation with the IRS and the penalty computations would be relevant for the Court to consider. As such, the United States' Motion *in Limine* as to the IRS agent's testimony is denied and the Court, as the trier of fact, will give the testimony the weight it properly deserves.

### 2. Opinion testimony from CPA

The United States anticipates that Schwarzbaum will seek to support his defense that his violation of his FBAR reporting requirements was non-willful by offering lay opinion testimony from Larry Chastang, CPA. It claims that Chastang lacks personal knowledge of any facts bearing on the issue of willfulness. Schwarzbaum counters that his testimony will assist the trier of fact as the FBAR reporting requirements, their evolution, and the tax community's understanding of the ramifications behind the FBAR reporting obligations is extremely complex and technical. Testimony about general FBAR reporting requirements may be relevant and assist the trier of fact. To that extent, Chastang's testimony would be relevant. However, as Chastang has no personal knowledge as to what Schwarzbaum or his CPAs knew or did not know at the time, his testimony related to knowledge of others or lack thereof is not relevant. Moreover, testimony about the community's understanding or the generalized knowledge of an accountant that Schwarzbaum neither retained nor relied upon is not relevant to any issue in this trial.

Based on the foregoing, the United States of America's Motion *in Limine,* **ECF No. [32]**, is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record