IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPPOSED MOTION TO ALTER OR AMEND
JUDGMENT FILED BY THE UNITED STATES**

The United States moves, pursuant to Fed. R. Civ. P. 59(e), to alter or amend the judgment entered on May 19, 2020 (ECF No. 99).[1] For calendar years 2007 through 2009, the Court determined that Defendant Isac Schwarzbaum owes the United States $12,907,952, plus interest and late-payment penalties. As discussed below, the United States respectfully notes that the Court's calculation exceeded the amounts that the Internal Revenue Service assessed for those years. The United States seeks to reduce the principal amount of the judgment to the

---

[1] A motion to alter or amend a judgment must be filed within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Court entered judgment on May 19, 2020. ECF No. 99. Accordingly, this motion is timely. Although Schwarzbaum filed a notice of appeal on June 3, 2020 (ECF No. 100), the appeal is suspended because of the Rule 59(e) motion and this Court has jurisdiction to decide the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (iv) to alter or amend the judgment under Rule 59[.]"); *see also Patterson v. Anderson*, 586 Fed. Appx. 657, 663 (6th Cir. 2014) ("[W]hen a party has filed a timely motion to alter or amend a judgment after a notice of appeal has been filed, the district court still retains jurisdiction to consider the motion.") (quoting authority omitted).

assessed amounts for the three years, *i.e.*, $12,555,813, and to add the specific amount of the late-payment penalties and prejudgment interest owed as of the date of entry of judgment. In support of this motion, the United States avers as follows:

1. The United States filed a complaint against Schwarzbaum, seeking to reduce to judgment FBAR penalties assessed against him for 2006 through 2009 pursuant to 31 U.S.C. § 5321(a)(5)(C)(i), late payment penalties under 31 U.S.C. § 3717(e)(2), and statutory interest under 31 U.S.C. § 3717(a). ECF No. 1.

2. For 2006, the IRS assessed penalties against Schwarzbaum in the total amount of $1,173,778 for what the IRS determined to be a willful FBAR violation. The IRS also assessed penalties against Schwarzbaum for his willful FBAR violations for 2007 through 2009 totaling $12,555,813 (*i.e.*, $4,185,271 per year). ECF No. 92 at 25.

3. After a bench trial, this Court found that Schwarzbaum's failure to timely report his foreign accounts for 2006 was non-willful, but that his failure to timely report numerous foreign accounts for 2007 through 2009 was willful. ECF No. 92 at 26.

4. The Court determined that the correct total of FBAR penalties for 2007-2009 was $12,907,952. ECF No. 98. On May 19, 2020, this Court entered final judgment in favor of the United States for the 2007 through 2009 FBAR penalties in the amount of $12,907,952 "in addition to late payment penalties and interest." ECF No. 99. The amount of the judgment is broken down as follows: $4,498,486 for 2007, $4,212,871 for 2008, and $4,196,595 for 2009. ECF No. 98 at 9-10. (The IRS assessed a penalty of $4,185,271 per year for 2007 through 2009. ECF No. 92 at 25.)

5. In determining the correct amount of the penalties for 2007-2009, this Court appears to state that the total amount that the IRS assessed for those three years was

$13,729,591.  ECF No. 98 at 6.  The United States respectfully notes that the IRS assessed a total of $13,729,591 for all four years in suit, *i.e.*, 2006-2009.  While the total determined by the Court (*i.e.*, $12,907,952) is less than the total assessments for 2006-2009 (*i.e.*, $13,729,591), it is more than the total amount the IRS assessed for 2007-2009 ($12,555,813).

6. The United States does not seek a judgment for more than the amount of the assessed 2007-2009 FBAR penalties requested in its complaint (plus late-payment penalties and interest).  The United States requests that the Court amend the judgment to provide that Schwarzbaum is liable for the willful FBAR penalties for 2007 through 2009 in the total amount of $12,555,813 ($4,185,271 per year), plus the late-payment penalties and interest under 31 U.S.C. § 3717.

7. In addition, the United States requests that the Court amend the judgment to include the amounts owed for the late-payment penalties and prejudgment interest as of the date of entry of judgment; *i.e.*, as of May 19, 2020.[2]  The judgment provides that the United States is entitled to "late payment penalties and interest."  ECF No. 99.  Rule 59(e) enables the Court to amend the judgment to include the specific amount of the late-payment penalties and interest that have accrued as of the date of judgment.  *See Alhassid v. Bank of Am., N.A.*, 688 Fed. Appx. 753, 761 (11th Cir. 2017) (noting that a timely-filed Rule 59(e) may seek to amend the judgment to include prejudgment interest) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-78 & n.3 (1989)); *see also Sequip Participacoes S.A. v. Marinho*, No. 15-23737, 2019 WL 8301064, at *3

---

[2] The United States noted in its post-trial briefing that "[i]f the Court finds that Schwarzbaum willfully violated his FBAR reporting obligations for 2006, 2007, 2008, and/or 2009, the United States will submit to the Court an updated calculation of Schwarzbaum's liability as of the date of judgment, including all fees and interest the government seeks to collect regarding Schwarzbaum's willful FBAR penalties."  ECF No. 84 at 81, n.22.

3

(S.D. Fla. Feb. 26, 2019) (Lenard, J.) ("'Rule 59[(e)] is the proper procedural mechanism to obtain a more complete and explicit recitation in the final judgment of the monetary amount of a judgment.'") (quoting *Mitra v. Global Fin. Corp.*, No. 08-80914, 2009 WL 2423104, at *1 (S.D. Fla. Aug. 6, 2009) (Marra, J.)).

8. As this Court already determined, the United States is entitled to late-payment penalties. Late-payment penalties accrue at a rate "of not more than 6 per cent per year for failure to pay part of a debt more than 90 days past due." 31 U.S.C. § 3717(e)(2); *see also* 31 C.F.R. § 5.5(a) (penalties accrue at the rate of 6% per year); *United States v. Garrity*, No. 15-243, 2019 WL 1004584, at *9 (D. Conn. Feb. 28, 2019).

9. This Court also determined that the United States is entitled to prejudgment interest. Prejudgment interest is based on "a minimum annual rate of interest . . . that is equal to the average investment rate for the Treasury tax and loan accounts for the 12-month period ending on September 30 of each year, rounded to the nearest whole percentage point." 31 U.S.C. § 3717(c); *see also Garrity*, 2019 WL 1004584, at *9 (interest charged "at a rate fixed by regulation") (citing 31 U.S.C. § 3717(a)-(c) and *United States v. Texas*, 507 U.S. 529, 536 (1993) ("Section 3717(a) requires federal agencies to collect prejudgment interest against persons and specifies the interest rate.")). "The rate of interest, as initially charged, shall remain fixed for the duration of the indebtedness." 31 C.F.R. § 901.9(b)(3); 31 U.S.C. § 3717(c)(2). Interest does not compound, and it does not accrue on late-payment penalties. *Id.*; 31 U.S.C. § 3717(f).

10. Prejudgment interest and late-payment penalties begin to accrue from the date the IRS mails the notice of the FBAR assessments to the debtor. 31 U.S.C. § 3717(b)(2); 31 C.F.R. §§ 901.9(b)(1), 901.9(d); *see also Garrity*, 2019 WL 1004584, at *9. The IRS assessed the FBAR penalties at issue on September 6, 2016, and sent Schwarzbaum notice of the assessments

by letter dated September 21, 2016. *See* Plaintiff Trial Ex. No. 48. There are 1,336 days between the date of the written notice of assessment to Schwarzbaum (September 21, 2016) and the date the Court entered final judgment (May 19, 2020).

11. As of May 19, 2020, Schwarzbaum owes prejudgment interest in the amount of $459,577.16.[3] This amount is calculated by multiplying the applicable rate (*i.e.*, 1%)[4] by the amount of the assessment (*i.e.*, $12,555,813), dividing the sum by the number of days in the year (*i.e.*, 365), and then multiplying the sum by the number of days between the date the notice was sent and the date of judgment (*i.e.*, 1,336).

12. As of May 19, 2020, Schwarzbaum owes late-payment penalties in the amount of $2,757,462.93.[5] This amount is calculated by multiplying the applicable rate (*i.e.*, 6%)[6] by the amount of the assessment (*i.e.*, $12,555,813), dividing the sum by the number of days in the year (*i.e.*, 365), and then multiplying the sum by the number of days between the date the notice was sent and the date of judgment (*i.e.*, 1,336).

13. Accordingly, as of May 19, 2020, Schwarzbaum owes the United States a total of $15,772,853.09, which is broken down as follows:

| | |
|---|---|
| Assessed FBAR penalty for 2007 | $4,185,271.00 |
| Assessed FBAR penalty for 2008 | $4,185,271.00 |
| Assessed FBAR penalty for 2009 | $4,185,271.00 |

---

[3] After May 19, 2020, post-judgment interest accrues pursuant to 28 U.S.C. § 1961(a). *See* ECF No. 99 at ¶ 3.

[4] The applicable annual interest rate in this case is one percent (1%) because the IRS made the assessment in 2016. *See* Fiscal Service, 80 FR 69777-02, 2015 WL 6866073 (Nov. 10, 2015) (providing that the interest rate to be used in assessing interest charges under 31 U.S.C. § 3717 for calendar year 2016 is one percent).

[5] Late payment penalties continue to accrue until the FBAR assessments are paid. 31 U.S.C. § 3717(e)(2).

[6] As detailed *supra* at paragraph 8, the applicable penalty accrual rate is six percent (6%).

     Late-payment penalties         $2,757,462.93
     Prejudgment interest          $459,577.16

  14. Post-judgment interest accrues in accordance with 28 U.S.C. § 1961. Post judgment interest began to accrue on May 19, 2020, the date of the final judgment. *See Sequip Participacoes S.A.*, 2019 WL 8301064, at *7-*8 (finding that the plaintiff was entitled to an amended judgment that included prejudgment interest through the date of the original judgment and post-judgment interest beginning on the date of the original judgment); *Lane v. Cap. Acquisitions & Mgmt. Co.*, 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) (Marra, J.) (concluding that post-judgment interest relates back to the date of the original judgment, not the date of the amended judgment).

  WHEREFORE, the United States requests that the Court alter or amend the judgment to reduce the total FBAR penalties for 2007 through 2009 to the amounts assessed by the IRS and to include the amount of late-payment penalties and prejudgment interest that has accrued as of the date of judgment. A proposed amended judgment is attached.

## CERTIFICATE OF CONFERENCE

  Pursuant to Local Rule 7.1(a)(3), counsel for the United States conferred with counsel for the Defendant by email on June 11 and June 12, 2020, in a good faith effort to resolve the issues raised in this motion. Defense counsel advised that they oppose the relief sought herein.

Date:   June 15, 2020                    Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar. 1004432)
JEFFREY N. NUÑEZ
MICHAEL N. WILCOVE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
214-880-9779(Smith)
202-307-6560 (Nasta)
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov
Michael.N.Wilcove@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov

*Of counsel:*

ARIANA FAJARDO ORSHAN
United States Attorney
Southern District of Florida