UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ISAC SCHWARZBAUM,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the United States of America's ("USA") Opposed Motion to Alter or Amend Judgment, ECF No. [102]. Defendant Isac Schwarzbaum ("Schwarzbaum") filed a Response, ECF No. [103], to which the USA did not file a Reply.  The Court has carefully considered the parties' submissions, the record in the case, the applicable law, and is duly advised.  For the following reasons, the USA's Motion is granted.

## I.   BACKGROUND

On August 27, 2018, the USA filed a Complaint, ECF No. [1], to collect outstanding civil penalties assessed against Defendant Schwarzbaum for willful failure to timely report interest on foreign bank accounts (known as an "FBAR violation") as required under 31 U.S.C. § 5314. *See id.* at 1. Prior to the commencement of this lawsuit, the Internal Revenue Service ("IRS") assessed a mitigated penalty against Defendant totaling $13,729,591.00 for the FBAR violations spanning the years 2006 through 2009. *See* Findings of Fact and Conclusions of Law, ECF No. [92] at 13.

Following trial, the Court determined Defendant's FBAR violation for the year 2006 was non-willful, *see id.* at 18–20, that his FBAR violations for the years 2007 through 2009 were willful, *see id.* at 20–22. Yet, the Court also found the IRS's method for calculating the mitigated

penalty was improper under 31 U.S.C. § 5321. *See id.* at 22–26. As such, the Court instructed the parties to submit supplemental briefing on the "new proposed amount of penalties to be assessed against [Defendant] for a non-willful FBAR violation in tax year 2006, and willful FBAR penalties for tax years 2007, 2008, and 2009." *Id.* at 26.

The USA submitted a Supplemental Post-Trial Brief, ECF No. [93], on August 24, 2019, and Defendant submitted a Supplemental Brief, ECF No. [94], on the same day. In its Brief, the USA argued "[t]o the extend the IRS erred in its methodology, the error did not yield penalties in excess of the statutory maximum. In other words, the error was harmless." ECF No. [93] at 3.

After reviewing the parties' submissions, the Court entered an Order Assessing Penalties ("Assessment Order"), ECF No. [98], "assess[ing] $12,907,952.00 in penalties against [Defendant] for willful violations of the FBAR filing requirements for tax years 2007, 2008, and 2009." Importantly for the purposes of this Order, the Court disagreed with the USA's argument that any error in the IRS's penalty calculation was "harmless" because the Court's own penalty calculation — $12,907,952.00 — was *less* than that assessed by the IRS — $13,729,591.00. The Court explained as follows:

> In its Decision, the Court determined that Schwarzbaum's violation of the FBAR reporting requirement for tax year 2006 was non-willful, and that the subsequent FBAR violations for tax years 2007, 2008, and 2009 were willful. However, based upon the evidence presented at trial, the Court also concluded that the penalty assessed by the [USA] did not conform with 31 U.S.C. § 5321, because rather than utilizing 50% of the balance in each account at the time of the violation (which was the deadline to file the FBAR or June 30 of each year), the [USA] used the highest aggregate balance in each of the accounts for each year as reported by Schwarzbaum on a penalty calculation worksheet provided in connection with his OVDI disclosures. As a result, the Court concluded that the IRS used the incorrect base amounts to calculate the FBAR penalties in this case.

ECF No. [98] at 1–2 (internal record citations omitted).

Following the Assessment Order, the Court entered Final Judgment in favor of the USA and ordered Defendant to pay the USA a penalty amount of $12,907,952.00, in addition to late

payment penalties and interest. ECF No. [99].The Court's calculation of the penalty amount in the Assessment Order, and the associated late payment penalties and interest, are the subject of the Rule 59 Motion presently before the Court.

## II.    LEGAL STANDARD

The grounds for granting a Rule 59(e) motion "are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted).   A Rule 59 motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted). The decision to alter or amend judgment under Rule 59(e) "is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## II.    DISCUSSION

### A.  Harmless Error Analysis

The USA requests the Court alter the penalty amount in the Assessment Order, explaining that the Court mistakenly identified the IRS's penalty amount for the years 2007 through 2009 as $13,729,591.00, when it in fact was $12,555,813.00. *See* ECF No. [102] at ¶ 6. According to the USA, the former, higher amount incorporated a FBAR penalty for the year 2006, which the Court rejected outright, making the later, lesser, amount the appropriate calculation for the years 2007 through 2009:

> In determining the correct amount of the penalties for 2007–2009, this Court appears to state that the total amount that the IRS assessed for those three years was $13,729,591. The United States respectfully notes that the IRS assessed a total of $13,729,591 for all four years in suit, *i.e.*, 2006–2009. While the total determined by the Court (*i.e.*, $12,907,952) is less than the total assessments for 2006–2009 (*i.e.*, $13,729,591), it is more than the total amount the IRS assessed for 2007–2009 ($12,555,813).
> 
> The United States does not seek a judgment for more than the amount of the assessed 2007–2009 FBAR penalties requested in its complaint (plus late-payment penalties and interest).

ECF No. [102] at ¶¶ 5–6 (internal record citations omitted). Because the $12,555,813.00 IRS-calculated penalty *is* less than the $12,907,952.00 Court-calculated penalty, the USA argues the "harmless error" argument previously rejected by the Court is valid.

Although the USA seeks a reduction in the penalty amount (i.e. from the $12,907,952.00-Court-calculated penalty to the $12,555,813.00-IRS-calculated penalty), Defendant contests the Motion. According to Defendant, the USA is requesting the Court alter its judgment based on IRS-calculations that the Court already rejected in the Assessment Order. *See* ECF No. [103] at 1 ("[T]he government asks this Court to reinstate the IRS's original penalty assessments — which the Court already set aside as unlawful, and to approve the IRS's methodology for computing those penalty assessments — which the Court expressly rejected as unlawful.").

The Court finds the USA is correct, and Defendant's position is based on an apparent misinterpretation of the Assessment Order.

In the Assessment Order, the Court found that the IRS miscalculated the penalty amount *and* that the miscalculation was not "harmless error" because it resulted in a sum that was *higher* than the Court's calculation. In doing so, the Court identified $13,729,591.00 as the initial amount assessed by the IRS and compared that amount to its own calculation of $12,907,952.00. The USA correctly points out that the sum of $13,729,591.00 included penalties assessed for 2006 as well as years 2007 through 2009. But because the Court found that Defendant was subject to penalties for willful FBAR violations for the years 2007 through 2009 *only*, the USA only seeks a penalty amount of $12,555,813.00. This amount is *lower* than the Court's calculation of $12,907,952.00, and the Government seeks only the lesser amount. Because the Government seeks a penalty amount *less* than the Court's calculation, the Court finds —— contrary to its initial finding in the Assessment Order — any error in the Government's calculation is harmless.

Defendant insists "[t]he [G]overnment's . . . suggested remedy is reinstatement of the IRS's original, illegal assessments," but this is not precisely correct. Instead, the USA requests the Court alter the penalty amount in the Assessment Order because of a calculation error that affected the Court's analysis of the USA's harmless error argument. Defendant seems to concede as much when he concludes "[t]he [G]overnment's Rule 59(e) motion to alter or amount the judgment is nothing more than an impermissible attempt to re-litigate its harmless error argument[.]" ECF No. [103] at 4. Although the USA *is* re-litigating its harmless error argument, it is doing so because the Court made a factual error by identifying the amount sought by the USA as $13,729,591.00 instead of $12,555,813.00.  And, Rule 59(e) motions may be granted where a party identifies a manifest error of fact, *see Arthur*, 500 F.3d at 1343, not only — as Defendant contends — "where controlling law has changed, new evidence is available or there is a need to prevent manifest injustice[.]" ECF No. [103] at 4. Stated otherwise, although the Court labored in making its own calculation, this calculation is subject to harmless error because the USA is seeking a smaller penalty than the Court assessed. Therefore, Defendant's FBAR penalties amount to $12,555,813.00.

**B.  The Penalty Amount**

The USA also requests the Court amend the Final Judgment to include the specific amount of the late-payment penalties and interest that have accrued as of the date of the judgment. "The Supreme Court has held that a timely post-judgment motion for discretionary prejudgment interest is a Rule 59(e) motion, and it indicated that the result would not differ in a case involving prejudgment interest as a matter of right." *Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 761 (11th Cir. 2017). "Rule 59 is the proper procedural mechanism to obtain a more complete and explicit recitation in the final judgment of the monetary amount of a judgment." *Mitra v. Glob. Fin. Cor.*, No. 08-80914-Civ, 2009 WL 2423104, at *1 (S.D. Fla. Aug. 6, 2009) (citing *Herzog*

Case No. 18-cv-81147-BLOOM/Reinhart

*Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1065 (7th Cir.1992); other citations omitted).

Final Judgment was entered on May 19, 2020. *See* ECF No. [99]. As previously discussed, Defendant is subject to FBAR penalties amounting to $12,555,813.00, or $4,185,271.00 for each of years 2007, 2008, and 2009. Regarding prejudgment interest, because the applicable annual interest rate in this case is 1%,[1] pre-judgment interest amounts to $459,577.16. Regarding late-payment penalties, because 31 U.S.C. § 1717(e)(2) authorizes "a penalty charge of not more than 6 percent a year for failure to pay a party of a debt more than 90 days past due," late-payment penalties amount to $2,757,462.93.  Therefore, as of May 19, 2020, Defendant owes the USA $15,722,853.09. The USA is also entitled to post-judgment interest under 28 U.S.C. § 1961 beginning May 19, 2020.

Accordingly, it is **ORDERED AND ADJUDGED** that the USA's Motion to Alter or Amend Judgment, **ECF No. [102]**, is **GRANTED**. Defendant Isac Schwarzbaum is assessed **$12,555,813.00** in FBAR penalties, plus late-payment penalties in the amount of **$2,757,462.93**, pre-judgment interest in the amount of **$459,577.16**, and post-judgment interest.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

---

[1] See Fiscal Service, 80 FR 69777-02, 2015 WL 6866073 (Nov. 10, 2015) (providing the interest rate to be used in assessing interest charges under 31 U.S.C. section 3717 for calendar year 2016 is one percent).