**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART**

UNITED STATES OF AMERICA,      )
              )
      Plaintiff,        )
              )
      v.           )
              )
ISAC SCHWARZBAUM,      )
              )
      Defendant.       )
              )

**Exhibit**

A
_____

**CLERK'S NOTICE OF POST-JUDGMENT REPATRIATION ORDER AND
INSTRUCTIONS TO JUDGMENT DEBTOR ISAC SCHWARZBAUM**

To:    Isac Schwarzbaum
        Witackergasse 11, 8888
        Heiligkreuz, Switzerland

-and-

        Jose Casal, Esq.
        Holland & Knight, LLP
        701 Brickell Avenue, Suite 3300
        Miami, FL 33131

YOU ARE HEREBY NOTIFIED that your property, including your non-exempt funds, being held by Privatbank Reichmuth & Co, Rahm & Bodmer, and PostFinance AG, are subject to repatriation requested by the United States of America, which has a judgment against you in the amount of $15,772,853.09, plus interest, surcharges, and other statutory additions in the above-referenced civil action.  The judgment is for unpaid civil penalties imposed pursuant to 31 U.S.C. § 5321(a)(5) for the willful failure to submit timely and accurate Reports of Foreign Bank and Financial Accounts ("FBARs") for 2007, 2008, and 2009.

YOU ARE FURTHER NOTIFIED that there are exemptions under the law that may

protect some of your property from being taken by the United States if you can show the

exemptions apply. A summary of major exemptions that apply in most circumstances is set forth

on the attached List of Exemptions.  This list is non-exhaustive and you should seek legal advice

if you believe additional exemptions apply.

YOU ARE ALSO NOTIFIED that any objection must be filed **in writing within twenty**

**(20) days** after you receive this notice and a copy of the United States' motion seeking

repatriation, and you must state the grounds for the objection.  If you want a hearing, you must

notify the court **within 20 days** after receipt of this notice.  Any objection or request for a

hearing must be made in writing, and either mailed or delivered in person to:

> **United States District Court for the Southern District of Florida**
> **Office of the Clerk**
> **701 Clematis Street, Room 202**
> **West Palm Beach, FL 33401**

and reference Case No. 9:18–CV–81147–BLOOM–REINHART, or your attorneys may use the

Court's CM/ECF system.  You must also send a copy of your objection and request for a hearing

to the United States at:

> **Jeffrey Nuñez**
> **Trial Attorney, Tax Division**
> **U.S. Department of Justice**
> **Ben Franklin Station, P.O. Box 55**
> **Washington, DC 20044**

The hearing will take place within 10 days after the court receives your request or as soon

after that as is practicable.  At the hearing you may explain to the judge why you believe the

property is exempt or why repatriation is otherwise inappropriate.

If you live outside the federal judicial district in which the Court is located, you may

request, not later than twenty **(20) days after you receive this notice,** that this proceeding be

2

transferred by the Court to the federal judicial district in which you reside. You must make your

request in writing, and either mail it or deliver it in person to the Clerk of the Court for the

Southern District of Florida, 701 Clematis St., Room 202, West Palm Beach, FL 33401.  You

must also send a copy of your request to Jeffrey Nuñez, Trial Attorney, Department of Justice,

Tax Division, P.O. Box. 55, Ben Franklin Station, Washington, D.C. 20044, to notify the United

States of your desire to transfer the proceeding.

Be sure to keep a copy of this notice for your own records.  If you have any questions

about your rights or about this procedure, you should contact a lawyer, an office of public legal

assistance, or the Clerk of Court.  The Clerk is not permitted to give you legal advice but can

refer you to other sources of information.


Dated: _____Jun 7, 2021_____

**Angela E. Noble**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA** _____
By:_____*C.Quinones*_____
**Deputy Clerk**

**LIST OF EXEMPTIONS**

Pursuant to 28 U.S.C. § 3014(a), an individual debtor may elect to exempt property that is either:

(1) property that is specified in section 522(d) of title 11, United States Code, as amended from time to time;

**or**

(2) (A) any property that is exempt under federal law, other than paragraph (1), or state or local law that is applicable on the date of the filing of the application for a remedy under this chapter at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of such application, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the filing of such application, an interest as a tenant by the entirety or joint tenant, or an interest in a community estate, to the extent that such interest is exempt from process under applicable non-bankruptcy law.

Below is a summary of the major exemptions which apply in most situations in the State of Florida.

Please note that the descriptions below are summaries of complicated statutes. Also, the list provided includes important exemption claims, but may not include exemptions applicable in unusual situations or to your case. You should refer to applicable law for complete descriptions of the provisions set out below and for other laws that may apply in your situation.

The law of the State where you have been domiciled the greater part of the last 180 days governs your right to exemptions.

**Bankruptcy Code Exemptions as listed in 11 U.S.C. § 522(d).**

1. The debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2. The debtor's interest, not to exceed $4,000 in value, in one motor vehicle.

3. The debtor's interest, not to exceed $625 in value in any particular item or $13,400 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4

4.      The debtor's aggregate interest, not to exceed $1,700 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5.      The debtor's aggregate interest in any property, not to exceed in value $1,325 plus up to $12,575 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6.      The debtor's aggregate interest, not to exceed $2,525 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7.      Any un-matured life insurance contract owned by the debtor, other than a credit life insurance contract.

8.      The debtor's aggregate interest, not to exceed in value $13,400 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any un-matured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

9.      Professionally prescribed health aids for the debtor or a dependent of the debtor.

10.     The debtor's right to receive ---

   (A)   a social security benefit, unemployment compensation, or a local public assistance benefit;
   (B)   a veterans' benefit;
   (C)   a disability, illness, or unemployment benefit;
   (D)   alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
   (E)   a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----
      (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
      (ii) such payment is on account of age or length of service; and
      (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11.     The debtor's right to receive, or property that is traceable to ---
   (A)   an award under a crime victim's reparation law;
   (B)   a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

5

(C)   a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(D)   a payment, not to exceed $23,675, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E)   a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

12.   Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

**OR**

**State Exemptions**

Unless otherwise noted, all law references are to the Official Code of Florida Annotated unless otherwise noted.

1.   Homestead: A debtor's interest in his homestead, including the debtor's personal property up to $1,000. Fl. Const. Art. 10 § 4; Fl. St. §§ 222.01, 222.02.

2.   Vehicle: A debtor's interest, not to exceed $1,00, in a single motor vehicle as defined in Fl. St. § 320.01. Fl. St. $222.25(1).

3.   Health aids: A debtor's interest in any professional prescribed health aids for the debtor or a dependent of the debtor. Fl. St. $222.25(2).

4.   Earned Income Tax Credit: A debtor's interest in a refund or a credit received or to be received, or the traceable deposits in a financial institution of a debtor's interest in a refund or credit, pursuant to 26 U.S.C. § 32. Fl. St. § 222.25(3).

5.   Personal Property: A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of the homestead exemption. Fl. St. § 222.25(4).

6.   Wages: If the debtor provides more than one-half of the support for a child or other dependent, all or part of the debtor's income is exempt from garnishment. Fl. St. § 222.11(2)(b).

7.   Life insurance policies: If a person residing in Florida dies and leave insurance on his or her life, the insurance shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy, and the proceeds of the policy shall be exempt from the claims of creditors of the

insured unless the insurance policy or a valid assignment thereof provides otherwise. Fl. St. § 222.13(1).

8.  Cash surrender value of life insurance policies and annuity contracts: The cash surrender values of life insurance policies issued upon the lives of citizens or residents of Florida and the proceeds of annuity contracts issued to citizens or residents of Florida, upon whatever form, shall not in any case be exempt from attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract. Fl. St. § 222.14.

9.  Disability income benefits: Disability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not in any case be liable to attachment, garnishment, or legal process in Florida in favor of any creditor of the recipient of such disability income benefits. Fl. St. § 222.18

10. Pension: Money received by a debtor as pensioner of the United States within three months next preceding the issuing of an execution, attachment, or garnishment process may not be applied to the payment of the debts of the pensioner when it is made to appear by the affidavit of the debtor or otherwise that the pension money is necessary for the maintenance of the debtor's support or a family supported wholly or in part by the pension money. Fl. St. § 222.21(1).

11. Retirement accounts: Assets in a 401k plan, an individual retirement account (IRA), and other tax-deferred retirement assets are not liable to attachment, levy, garnishment, or legal process. Fl. St. § 221.21(2)(a).

12. Qualified tuition programs: Moneys paid into or out of, the assets of, and the income of any validly existing qualified tuition program authorized by 26 U.S.C. § 529 are not liable to attachment, levy, garnishment, or legal process. Fl. St. § 222.22(1).

13. Health savings and medical savings accounts: Moneys paid into or out of, the assets of, and the income of a health savings account or medical savings account authorized under 26 U.S.C. §§ 220, 223 are not liable to attachment, levy, garnishment, or legal process. Fl. St. § 222.22(2).

14. Education savings account: Moneys paid into or out of, the assets of, and the income of any Coverdell education savings account (known as an educational IRA), established or existing in accordance with 26 U.S.C. § 530 are not liable to attachment, levy, garnishment, or legal process. Fl. St. § 222.22(3).

15. Hurricane savings account: Moneys paid into or out of, the assets of, and the income of any hurricane savings account established by an insurance

policyholder for residential property in this state equal to twice the deductible sum of such insurance to cover an insurance deductible or other uninsured portion of the risks of loss from a hurricane, rising flood waters, or other catastrophic windstorm event are not liable to attachment, levy, garnishment, or legal process. Fl. St. § 222.22(4)(a).

16. <u>Disability benefits</u>: Moneys paid into or out of any validly existing qualified ABLE program authorized by 26 U.S.C. § 529A, and the income and assets of such a program, are not liable to attachment, levy, garnishment, or legal process. Fl. St. § 222.22(5).

17. <u>Property held as tenants by the entireties</u>: When property is held as a tenancy by the entireties only the creditors of both the husband and wife, jointly, may attach the property. A creditor cannot reach property held by a debtor and the debtor's spouse as tenancy by the entireties to satisfy the debtor's sole obligations.

### AND

## Federal Law Exemptions

1. Certain wages and compensation:

   Longshoremen's and harbor workers' compensation, 33 U.S.C. § 916.
   Injury or death resulting from war-risk hazard, 42 U.S.C. § 1717.

2. Social Security benefits, 42 U.S.C. § 407.

3. Certain retirement funds and accounts:

   Civil Service, 5 U.S.C. § 8346(a).
   Foreign Service, 22 U.S.C. § 4060(c).
   Railroad Retirement, 45 U.S.C. § 231m.
   Judges' widows' annuities, 28 U.S.C. § 376(n).

4. Certain veteran and armed forces benefits:

   Laws administered by the Veterans Administration, 38 U.S.C. § § 1970 and 5301.
   Armed Forces Survivor Benefit Plan, 10 U.S.C. § 1450(i).
   Savings deposited with armed forces, 10 U.S.C. § 1035(d).
   Medal of Honor Roll Special Pension, 38 U.S.C. § 1562(c).

5. Miscellaneous:

   Property of a foreign state, 28 U.S.C. § § 1609, 1611.
   Rail Fund, 45 U.S.C. § 822(e).

## **AND**

Any interest in property in which the debtor had, immediately before the filing of such application, an interest as a tenant by the entirety or joint tenant, or an interest in a community estate, to the extent that such interest is exempt from process under applicable non-bankruptcy law.