## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### Case No. 9:18–CV–81147–BLOOM–REINHART

UNITED STATES OF AMERICA,      )
                               )
      Plaintiff,               )
                               )
      v.                       )
                               )
ISAC SCHWARZBAUM,              )
                               )
      Defendant.               )
_____)

### DEFENDANT'S RESPONSE TO UNITED STATES'
### MOTION TO REPATRIATE FOREIGN ASSETS

The United States asks this Court to order Isac Schwarzbaum to transfer his funds, nearly all of which have always resided in Switzerland and have never been in this country, to the United States to satisfy a standard money judgment that is the subject of an ongoing appeal.  The request is unprecedented and not supported by the law or facts in this case, and thus should be summarily denied.

### I.    Background

The United States brought this action to recover civil FBAR penalties against Mr. Schwarzbaum for failure to report fully his interests in foreign bank accounts between 2006-2009 on a Report of Foreign Bank and Financial Accounts (FBAR).  Following a five-day bench trial, this Court rejected the United States' attempt to characterize Mr. Schwarzbaum's conduct as a knowing and intentional tax evasion scheme.  Instead, this Court concluded that Mr. Schwarzbaum "did not knowingly violate the FBAR reporting requirements."  ECF No. 92, p.15.  This Court determined that Mr. Schwarzbaum's violation for 2006 was non-willful, and yet despite the lack of a knowing violation, this Court concluded that his 2007-2009 reporting violations were willful based on recklessness.  *Id.* at 18-22.

II.     **Mr. Schwarzbaum Appealed the Underlying Assessment and the United States' Motion is Merely a Disguised Attempt to Compel Him to Post an Appeal Bond**

Mr. Schwarzbaum filed his notice of appeal on June 3, 2020, ECF No. 100, challenging, among other issues, the validity of the underlying assessment for which the United States now seeks a repatriation order.  The Eleventh Circuit has jurisdiction to hear Mr. Schwarzbaum's appeal and he need not post an appeal bond for his appeal to be heard.  28 U.S.C. § 1291.  Yet that is what the United States seems to suggest with its motion.  Specifically, the United States requests that "Schwarzbaum be ordered to repatriate the funds requested *by way of an appeal bond under L.R. 62.1*."  ECF No. 115, p.14, n.13. (Emphasis added).

Initially, Mr. Schwarzbaum argued that the IRS's FBAR penalty assessments violated the Administrative Procedure Act; thus, they must be set aside and the issue remanded to the IRS.  This Court agreed that the penalties were not in accordance with the law and set aside the original FBAR penalty assessments for the IRS's failure to abide by the FBAR civil penalty statute.  ECF No. 92, p.25.  However, instead of remanding the matter back to the IRS, this Court calculated new FBAR assessments in the amount of $12,907,952 for the 2007-2009 reporting years.  ECF No. 98.  The new penalty assessments were reduced to $12,555,813 plus penalties and interest upon this Court's granting of the United States' Rule 59(e) motion to amend the judgment.  ECF No. 104.  Mr. Schwarzbaum filed an amended notice of appeal on September 10, 2020 after the amended final judgment was entered. ECF No. 106.

In his post-trial briefs and on appeal, Mr. Schwarzbaum argues that after concluding the assessments violated the statute and should be set aside, this Court should remand the matter back to the IRS for further action.  ECF No. 94, p.9.  At least one court agrees with Mr. Schwarzbaum.  *See United States v. Gentges*, -- F. Supp. 3d --, No. 7:18-cv-07910-KMK, 2021 WL 1222764 at *16 (S.D.N.Y. Mar. 31, 2021) (determining that use of non-June 30 account balances was "an arbitrary expedient" and setting aside invalid FBAR penalty assessment).  Relying on Supreme Court precedent, the *Gentges* court remanded the matter to the IRS for further attention.  *Id.* (Quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (after a finding of arbitrary and capricious conduct, "the proper course … is to remand to the agency for additional investigation or explanation.").  It is not a coincidence the United States filed its motion seeking a repatriation order following the *Gentges* decision.  The  motion is nothing more than a thinly-

2

veiled collateral attack to frustrate Mr. Schwarzbaum's appeal, which has been pending for more than a year.

### III. Mr. Schwarzbaum Has Always Kept the Substantial Balance of His Liquid Assets Outside the United States

Repatriate means "to restore or *return to the country of origin*, allegiance, or citizenship." *Repatriate Definition*, Merriam-Webster.com, https://www.merriam-webster.com /dictionary/ repatriate (emphasis added). Courts have recognized the validity of using a dictionary to define the meaning of common words. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012). Simply stated, Mr. Schwarzbaum cannot repatriate funds to the United States when those funds never left Switzerland to begin with—a fact of which the government is keenly aware. Mr. Schwarzbaum did not transfer funds out of the United States to frustrate the government's collection efforts as nearly all of his wealth has been held in Swiss banks since Mr. Schwarzbaum's German/Swiss father deposited such funds in those same banks decades ago. Schwarzbaum Decl. ¶¶ 1, 3, attached as Exhibit A.

From the time he was first gifted a foreign bank account by his father in or around 2001, nearly all of Mr. Schwarzbaum's assets remained in Switzerland, one of the jurisdictions in which he resided and spent considerable time each year. *Id.* at ¶¶ 2, 3. The year 2020 was not the first time Mr. Schwarzbaum transferred funds from the United States to Switzerland in furtherance of relocation. Mr. Schwarzbaum transferred most of his limited U.S-situs funds to Switzerland in 2009 because his family moved there after the birth of his daughter—five years before the penalties at issue in this case were first imposed and seven years before the IRS's arbitrary penalty assessment. *Id.* at ¶ 4; ECF No. 92, p.11; Jt. Tr. Ex. 2 . In fact, the only notable funds transferred to Switzerland during the pendency of this litigation were the exempt proceeds from the 2020 sale of his Florida homestead, Fla. Const. art. X, § 4, which is understandable considering Mr. Schwarzbaum had already moved his family to Switzerland. *Id.* at ¶ 5.

The government's statement that Mr. Schwarzbaum should be compelled to transfer over $18 million to the United States as reimbursement for the IRS's investigatory costs, ECF No. 115, pp.7, 12, conveniently ignores the fact that Mr. Schwarzbaum voluntarily disclosed his foreign assets through participation in the IRS's Offshore Voluntary Disclosure Initiative and provided extensive financial records to the IRS. ECF No. 92, p.10.

### IV.      Repatriation Orders Are Reserved For Tax Liabilities and Disgorgement

Repatriation orders are used by the Internal Revenue Service (IRS) to collect outstanding tax liabilities.  In fact, an outstanding tax liability is the first condition for seeking a repatriation order.  The Internal Revenue Manual provides that repatriation orders are used when a taxpayer "transferred assets to a foreign country" and the repatriation order must show, inter alia, "*an outstanding tax liability*." I.R.M.  5.21.3.6(2)  (01-07-2016)  (emphasis added). An agency is compelled to follow its guidelines and procedures.  *Gentges*, -- F. Supp. 3d --, No. 7:18-cv-07910-KMK, 2021 WL 1222764 at *16 (S.D.N.Y. Mar. 31, 2021) (quoting *Salazar v. King*, 822 F.3d 61, 76 (2d Cir. 2016) ("[W]here the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures.").  The IRM is "persuasive authority," *Griswold v. United States*, 59 F.3d 1571, 1576, n.8 (11th Cir. 1995) (citing *Anderson v. United States*, 44 F.3d 795, 799 (9th Cir. 1995), and courts can look to the IRM provisions for guidance even though the IRM does not creates rights for individuals.  *See Estate of Duncan v. Comm'r*, 890 F.3d 192 (5th Cir. 2018).  It is undisputed that Mr. Schwarzbaum does not have an outstanding tax liability.

The cases cited by the United States reinforce asset repatriation as a remedy for collecting income tax liabilities.  In *United States v. McNulty*, 446 F.Supp. 90 (N.D. Cal. 1978), the taxpayer failed to pay U.S. income tax on sweepstakes winnings he deposited in a foreign bank account.  In granting the repatriation order, the court cited *United States v. First National City Bank*, 379 U.S. 378 (1965), in which the Supreme Court sustained a temporary injunction freezing the assets of a foreign corporation to prevent dissipation of assets.  Similarly, in *United States v. Ross*, 196 F. Supp. 243 (S.D.N.Y. 1961), the taxpayer was subject to jeopardy assessments with respect to asserted income tax liabilities and the court ordered him to transfer stock certificates to the court-appointed receiver.

Legal principles related to jeopardy assessments are instructive to the issuance of a repatriation order pending appeal.  The IRS is authorized to make an immediate assessment of tax, interest, and penalties if the IRS believes assessment or collection will be jeopardized by delay. 26 U.S.C. § 6861(a).  Conditions on which the jeopardy assessment can be made are if a taxpayer appears to be designing to quickly depart from the United States or appears to be placing property beyond the reach of the U.S. government.  26 C.F.R. §§ 301.6861-1(a); 1.6851-1(a).

The IRS's ability to make jeopardy assessment is not unrestrained.  Jeopardy assessments are an extraordinary remedy to be used sparingly.  *See Lindholm v. United States*, 808 F. Supp. 3

(D.D.C. 1992).  In *Lindholm*, the court abated a jeopardy assessment of more than $72 million against an individual whom the IRS alleged was moving assets offshore to prevent collection and was a flight risk because he surrendered his "green card."  The court concluded that despite holding assets through a complex structure, the taxpayer was not hiding any assets and the loss of his green card made him no greater of a flight risk due to his highly-mobile lifestyle.  Further, the court denied the IRS's motions for reconsideration and stay pending appeal, concluding that although tax collection is in the public interest, the government's "interests were not imperiled sufficiently to justify the extraordinary measure of jeopardy assessment" but that the taxpayer "may endure substantial harm to his financial interests" if his assets were encumbered during the pendency of an appeal.  *Lindholm v. United States*, 808 F. Supp. 7 (D.D.C. 1992).

A repatriation order against Mr. Schwarzbaum is inappropriate much like the jeopardy assessment in *Lindholm*.  Mr. Schwarzbaum leads a highly-mobile lifestyle and is not hiding any assets from the government—a fact demonstrated by his continued FBAR filings (to which the United States has full access and used as a basis for its motion).

Unlike the taxpayers in *McNulty*, *Ross*, and *First Nat'l City Bank*, Mr. Schwarzbaum does not owe the United States any income tax nor is he subject to any jeopardy assessments.  Further, Mr. Schwarzbaum's income is derived solely from his financial investments made exclusively through his Swiss accounts and those accounts represent the entirety of his family legacy to his children; thus, there is no risk, and the United States can show no evidence, that Mr. Schwarzbaum will dissipate his assets if the motion is denied.  Mr. Schwarzbaum's assets remain where they have always been - in Switzerland.

Repatriation is ordered in non-tax cases under limited circumstances, such as disgorgement of ill-gotten gains as a result of fraudulent or deceptive conduct.  In *Sec. Exch. Comm'n v. Aragon Cap. Advisors, LLC*, 2011 WL 3278907 (S.D.N.Y. 2011), the court ordered repatriation of assets located outside the United States in order to disgorge ill-gotten gains and pay civil penalties in connection with the defendant's violation of federal securities laws for insider trading.  Similarly, in *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228 (9th Cir. 1999), the court issued a preliminary injunction requiring repatriation of assets held outside the United States.  In *Affordable Media*, the defendants engaged in a fraudulent telemarketing investment scheme and subsequently transferred such fraudulent gains to a Cook Islands trust.  *Id.* at 1232.  The court

noted the purpose of the asset protection trust was to move wealth to a foreign jurisdiction to frustrate the U.S. court system. *Id.* at 1240.

This Court acknowledged the difference between disgorgement of ill-gotten gains and recovery of a civil money judgment. In *Branch Banking and Trust Co. v. Hamilton Greens, LLC*, 2014 WL 1603759 (S.D. Fla. 2014), the Court denied a contempt motion against a defendant who transferred nearly $2 million to an offshore trust several months after the lawsuit was filed. Denying the plaintiff's argument that noncompliance was self-created by the defendant, the Court reasoned that "federal courts have more power to enforce compliance with a disgorgement order than they do with a standard money judgment." *Id.* at *3.

Similar to *Branch Banking and Trust*, the United States is seeking a repatriation order to satisfy a standard money judgment. Mr. Schwarzbaum did not engage in any fraudulent, deceptive conduct like the defendants in *Aragon Cap. Advisors*. Nor did Mr. Schwarzbaum engage in a fraudulent investment scheme like the defendants in *Affordable Media*. A repatriation order is not warranted to satisfy a standard money judgment that is the subject of an ongoing appeal.

The Federal Debt Collection Procedure Act (FDCPA) provides the exclusive means by which the United States can collect an FBAR penalty judgment. *See* 28 U.S.C. § 3001(a). Judgment liens and garnishment are among the collection tools provided by the FDCPA, which significantly, contains no repatriation provision.

### V.    Conclusion

The money judgment against Mr. Schwarzbaum is not based on an income tax liability due the United States. Nor has Mr. Schwarzbaum engaged in any fraudulent, deceptive conduct for which he received any ill-gotten gains. Mr. Schwarzbaum did not transfer funds offshore to frustrate the United States collection efforts. Since he obtained his first Swiss bank account, nearly all of Mr. Schwarzbaum's funds have been held in Switzerland and never left the custody of the Swiss banks. The one transfer to Switzerland consisted of the exempt net proceeds from the sale of his Florida homestead. A repatriation order against Mr. Schwarzbaum is not warranted under these circumstances.

Mr. Schwarzbaum has appealed this Court's amended final judgment to the Eleventh Circuit Court of Appeals and the issues have been fully briefed. Mr. Schwarzbaum appealed, among other issues, the validity of the underlying assessment for which the United States seeks an improper repatriation order. Should Mr. Schwarzbaum prevail on appeal, the United States'

6

motion would be moot.  Accordingly, the United States' motion seeking a repatriation order should be denied, or at least abated pending the results of Mr. Schwarzbaum's appeal.

Dated: June 17, 2021                    HOLLAND & KNIGHT LLP


/s/ Jose A. Casal
JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone      (305) 789-7713
Facsimile      (305) 789-7799
Jose.Casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone      (202) 469-5144
Facsimile      (202) 955-5564
Nicole.Elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone      (813) 227-6387
Facsimile      (813) 229-0134
William.Sharp@hklaw.com
Andrea.Cortes@hklaw.com
Chad.Vanderhoef@hklaw.com

DANIEL I. SMALL
Florida Bar. No. 42579
10 St. James Avenue. 11th Floor
Boston, MA 02116
Telephone      (617) 854-1453
Facsimile      (617) 523-6850
Dan.Small@hklaw.com

*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2021, I electronically filed the foregoing document with the clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jose A. Casal*
Jose A. Casal