UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| ISAC SCHWARZBAUM, | ) |
| Defendant. | ) |

**<u>OBJECTION TO CLERK'S NOTICE OF POST-JUDGMENT REPATRIATION ORDER</u>**

    Isac Schwarzbaum hereby files his objection to the Clerk's Notice of Post-Judgment Repatriation Order and Instructions to Judgment Debtor Isac Schwarzbaum. Mr. Schwarzbaum reserves the right to request a hearing if and when any collection remedy sought by the United States is authorized.

## I. Background

    After a five-day bench trial and post-trial motions, this Court entered an amended final judgment on August 28, 2020 imposing FBAR penalties in the amount of $12,555,813, plus interest and late payment penalties. ECF No. 105. Thereafter, on June 3, 2021, the United States filed a motion requesting that the Court order Mr. Schwarzbaum to repatriate foreign assets in the amount of $18,227,465.89. ECF No. 115. In connection with such motion and by order of the Court, on June 7, 2021, the Clerk issued the notice that the United States seeks to compel Mr. Schwarzbaum to repatriate certain of his assets held at Privatbank Reichmuth & Co., Rahm & Bodmer, and PostFinance AG. ECF No. 115-1. Mr. Schwarzbaum objects.

## II. Introduction

    Mr. Schwarzbaum has resided outside the United States, and predominantly in Europe, for the majority of his life. Nearly all of the funds at issue have been in the custody of Swiss banks since Mr. Schwarzbaum's father first deposited such funds decades ago—long before Mr. Schwarzbaum inherited his first Swiss bank account.

The United States Supreme Court has acknowledged courts' inherent authority in discharging their responsibilities, but simultaneously cautioned those courts that such powers "must be delimited with care," and should be a "reasonable response to the problems and needs that provoke it[.]" *See Degen v. United States*, 517 U.S. 820, 823-24 (1996) (reversing the court of appeals decision to strike civil forfeiture filings of a dual citizen who failed to appear in a criminal proceeding).

Mr. Schwarzbaum's case is currently pending appeal in the Eleventh Circuit Court of Appeals, and if successful,[1] the United States' collection efforts will end and, if necessary, be unwound. In the interim, the United States has conceded that it cannot collect the FBAR penalties through traditional, legally enacted methods. Like any other judgment creditor, the United States must not be permitted to petition this Court to fashion an unprecedented and legally dubious solution to its money judgment collection difficulties.

### III. Mr. Schwarzbaum's Property Is Protected By the Florida Constitution

Mr. Schwarzbaum maintained a primary residence in Palm Beach County, Florida[2] that is protected by the Florida Constitution's homestead exemption. The homestead exemption applies to the sales proceeds from the protected residence. Accordingly, any funds derived from the sale of Mr. Schwarzbaum's Palm Beach County homestead property are exempt from any collection efforts by the United States.

The Florida Constitution provides that homestead property is exempt property for purposes of satisfying judgments, except in very limited circumstance.

> "[t]here shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field, or other labor performed on the realty."

---

[1] The Southern District of New York agreed with Mr. Schwarzbaum's argument that the case should be remanded back to the IRS. *See United States v. Gentges*, -- F. Supp. 3d --, No. 7:18-cv-07910-KMK, 2021 WL 1222764 at *16 (S.D.N.Y. Mar. 31, 2021) (determining that use of non-June 30 account balances was "an arbitrary expedient" and setting aside an invalid FBAR penalty assessment).

[2] The property is located at 250 Edenberry Ave., Jupiter, FL 33458.

Fla. Const. art. X, § 4(a). The owner's property is exempt up to one-half acre when the homestead property is located within a municipality. *Id.* at § 4(a)(1).

Florida's homestead protection laws offer individuals a strong degree of protection—to the extent that courts have held that even a homestead acquired with specific intent to hinder, delay, or defraud creditors qualified for homestead protection. *See Havoco of America, Ltd. v. Hill*, 790 So. 1018 (Fla. 2001) (concluding that the homestead exemption applied even though the debtor transferred nonexempt assets into an exempt homestead because the intent to hinder or defraud creditors is not one of the express exceptions to the homestead exemption). In *Havoco*, the Florida Supreme Court reasoned that the "plain and unambiguous" language of the Florida Constitution expressed only three exceptions to the homestead exemption: (i) payment of taxes and assessments, (ii) obligations contracted for the purchase, improvement or repair of the property, and (iii) obligations contracted for house, field, or other labor performed on the realty. *Id.* at 1022.

A residence titled in the name of a revocable trust similarly enjoys the same homestead creditor protection. Because the homestead exemption "is designed to provide solidarity and preservation of the home[,]" the protection is "liberally construed." *In re Edwards*, 356 B.R. 807, 810 (Bankr. M.D. Fla. 2006). The owner's actual use of the property as the principal residence is the primary consideration in determining the applicability of the homestead exemption. *Id.* In *Edwards*, the debtor held title to the homestead property through a revocable trust. The court concluded the property was protected by the homestead exemption because the revocable nature of the trust meant the grantor retained an ownership interest in the property. *Id.*

Mr. Schwarzbaum's homestead protected property was located within the municipality of Jupiter, Florida. The area of the subject property was 0.1435 acres, well below the half-acre limitation. Mr. Schwarzbaum held title to the subject property through the Isac Schwarzbaum Revocable Trust, but like *Edwards*, Mr. Schwarzbaum retained ownership of the property due to the revocable nature of the trust. Accordingly, Mr. Schwarzbaum's Jupiter, Florida home, and any proceeds thereof, is protected by the homestead exemption in the Florida Constitution.

### IV. Mr. Schwarzbaum's Assets Described in the Clerk's Notice Are Outside the Court's Jurisdiction

Mr. Schwarzbaum confirmed in his response to the United States' motion for a repatriation order that nearly all of his funds have never left the custody of his Swiss banks. To overcome this legal obstacle, the United States seeks cover from the Court by requesting that Mr. Schwarzbaum

be compelled to deliver to it funds it lacks the ability to retrieve through appropriate collection methods. The government conceded in its motion that the Federal Debt Collection Procedures Act provides the exclusive means by which it can collect a money judgment derived from an FBAR penalty. ECF No. 115, p. 7. The United States' request that Mr. Schwarzbaum be compelled to transfer over $18 million in Swiss bank account funds to the government is nothing more than a garnishment request cloaked in a different name. But as the United States is aware, this Court lacks jurisdiction to garnish Mr. Schwarzbaum's Swiss bank accounts.

District courts lack subject matter jurisdiction to garnish funds in bank accounts outside their respective jurisdictions. *See Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337 (M.D. Fla. 2015). Garnishment is a *quasi in rem* action, and as such, garnishment requires personal jurisdiction over the garnishee and jurisdiction over the property subject to garnishment. *Id. See also APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 425975 (M.D. Fla. 2009) (concluding that garnishment does not reach property outside the territorial jurisdiction of the court even if the court has personal jurisdiction over the garnishee).

Unlike personal jurisdiction, *in rem* jurisdiction cannot be waived. *Center Capital Corp. v. Gulfstream Crane, LLC*, 2009 WL 4909430 at *7 (S.D. Fla. 2009) (stating "a party cannot waive *in rem* jurisdiction under Florida law, and a court proceeding pursuant to *in rem* jurisdiction must actually possess *in rem* jurisdiction over the property that is the subject of the matter."). Further, the laws of the foreign jurisdiction where the property is located should be considered. *See United States v. Salti*, 579 F.3d 656 (6th Cir. 2009) (forfeiture case in which the court acknowledged the general practice of considering the foreign jurisdiction's laws, which in that case, were Swiss banking laws).

The United States seeks the funds in Mr. Schwarzbaum's Swiss bank accounts despite the pending appeal before the Eleventh Circuit. Whether the action is labeled repatriation or garnishment, it is a distinction without a difference as the consequence is the same—funds that have never left Switzerland are taken from Mr. Schwarzbaum's accounts and transferred to the government. However, this Court lacks jurisdiction over the Swiss bank accounts at issue and Mr. Schwarzbaum cannot waive such jurisdiction. Accordingly, the funds held at Privatbank Reichmuth & Co., Rahm & Bodmer, and PostFinance AG are exempt from repatriation or garnishment.

## V. Conclusion

Mr. Schwarzbaum's financial accounts at Privatbank Reichmuth & Co., Rahm & Bodmer, and PostFinance AG are exempt from collection because the Florida Constitution provides robust homestead exemption protection and this Court lacks jurisdiction over Mr. Schwarzbaum's Swiss bank accounts.

Dated: June 28, 2021                            HOLLAND & KNIGHT LLP

/s/ *Jose A. Casal*
JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone    (305) 789-7713
Facsimile    (305) 789-7799
Jose.Casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone    (202) 469-5144
Facsimile    (202) 955-5564
Nicole.Elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone    (813) 227-6387
Facsimile    (813) 229-0134
William.Sharp@hklaw.com
Andrea.Cortes@hklaw.com
Chad.Vanderhoef@hklaw.com

DANIEL I. SMALL
Florida Bar. No. 42579
10 St. James Avenue. 11th Floor
Boston, MA 02116
Telephone    (617) 854-1453

        Facsimile    (617) 523-6850
Dan.Small@hklaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2021, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jose A. Casal*
Jose A. Casal