UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-CV-81147-BLOOM/REINHART

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON THE GOVERNMENT'S MOTION TO REPATRIATE FOREIGN ASSETS (ECF No. 115)

Currently before me is the Government's Motion to Repatriate Foreign Assets ("Government's Motion") referred by the Honorable Beth Bloom for report and recommendation. ECF Nos. 115, 116. I have reviewed the Government's Motion, Mr. Schwarzbaum's Response (ECF No. 121), the Government's Reply (ECF No. 122), and Mr. Schwarzbaum's Objections to Notice (ECF No. 123), along with all included exhibits. I am fully advised on this matter. The Government's motion is ripe for decision. For the reasons contained herein, I **RECOMMEND** that the Government's Motion be **GRANTED**.

**I.    BACKGROUND**

The Government brought this action against Mr. Schwarzbaum for failing to report his relationship with a foreign financial agency as required by 31 U.S.C. § 5314. ECF No. 1. After a five-day bench trial, the Court found in favor of the Government. ECF No. 99. The Court ordered Mr. Schwarzbaum to pay the

Government $12,555,813 plus interest and late penalties. ECF No. 105. Mr. Schwarzbaum has not paid.

The Government sought a writ of garnishment under Federal Debt Collection Procedures Act of 1990 ("FDCPA") to enforce the judgment. ECF No. 115. However, Mr. Schwarzbaum has insufficient assets within the United States to satisfy the judgment against him (ECF No. 115), so obtaining a writ of garnishment under the FDCPA would be fruitless. Thus, the Government requests that the Court order Mr. Schwarzbaum to move his offshore funds within the Court's jurisdiction so the Court can issue a writ of garnishment. ECF No. 115.

## II.     LEGAL STANDARD

Prior to the existence of the FDCPA, federal debt collection was governed exclusively by state law. 136 Cong. Rec. H13288-02 (statement of Rep. Jack Brooks). At the time, the Federal Government had $90 billion in outstanding debt, but the state-to-state variation on debt collection procedures made federal debt collection inefficient and ineffective. *Id.* Per the request of many U.S. Attorneys, Congress passed the FDCPA in order to create a uniform procedure to recover outstanding debt to the United States. *Id.*

The FDCPA provides the "exclusive civil procedures of the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Under the FDCPA, a court may issue a writ of garnishment. 28 U.S.C. § 3205 ("A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest . . . ."). However, a court may not issue a writ of garnishment for funds in the

possession of someone outside the jurisdiction of the court, such as a foreign bank account. *See Inversiones y Procesadora Tropical Inpotsa, S.A. v. Del Monte International*, No. 16-24275, 2020 WL 6384878, at *4 (S.D. Fla. Aug. 5, 2020) (J. Louis) ("[A]ll the funds are held outside of the state of Florida and, thus, are beyond the reach of a Florida writ of garnishment."); *APR Energy, LLC v. Pakistan Power Resources, LLC*, No. 3:08-cv-961-J-25MCR, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009) (holding a court must have jurisdiction over "**both** the garnishee and the property which is held by the garnishee" to execute a garnishment proceeding) (emphasis in original).

After exhausting the procedures specifically available under the FDCPA, a court may issue any writ necessary or appropriate to support a writ of garnishment. 28 U.S.C. § 3202(a) (citing the All Writs Act, 28 U.S.C. § 1651); *see also Penn. Bureau of Corr. V. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."). An order to repatriate funds is precisely the kind of order permitted by the All Writs Act. "Personal jurisdiction [gives] the court power to order [the defendant] to transfer property whether that property was within or without the limits of the court's territorial jurisdiction." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1187 (11th Cir. 1991) (alteration in original) (quoting *United States v. Ross*, 302 F.2d 831, 834 (2d Cir. 1962)); *see also, e.g., United States v. McNulty*, 446 F. Supp. 90, 92 (N.D. Cal. 1978) ("It is clear, then, that this court, *by virtue of its jurisdiction over the defendant*, has the power to order him to repatriate the assets located in the foreign

3

bank.") (emphasis added).

Accordingly, a courts has the authority to order a party under its jurisdiction to repatriate foreign assets when it is appropriate to support a writ of garnishment under the FDCPA.[1] *See United States v. Grant*, No. 00-8986, 2005 WL 2671479, at *2 (S.D. Fla. Sep. 2, 2005) (J. Klein).

## III. DISCUSSION

The Court had the authority to enter judgment against Mr. Schwarzbaum.[2] So, if Mr. Schwarzbaum refuses to pay, the Government could garnish Mr. Schwarzbaum's U.S. bank accounts according to the procedures laid out in § 3205. However, Mr. Schwarzbaum does not have sufficient assets within the United States for the Government to garnish. Thus, garnishing Mr. Schwarzbaum's U.S. bank accounts under § 3205 is not a sufficient remedy under the present circumstances. Accordingly, I recommend the Court find that an additional order under the All Writs Act, as incorporated into § 3202, is appropriate so the Government can collect the judgment.

---

[1] Mr. Schwarzbaum argues that the word "repatriate" implies that the assets in question must have been in the United States at some point in the past. ECF No. 121. This understanding is contradicted by the case law. *See, e.g., United States v. McNulty*, 446 F. Supp. 90, 92 (N.D. Cal. 1978) (ordering a defendant to repatriate lottery winnings collected in Ireland and deposited in a bank on the Island of Jersey).

[2] Mr. Schwarzbaum argues that this Court should remand the case to the Internal Revenue Service instead of awarding the Government damages. ECF No. 121. I do not address his argument because Judge Bloom has already ruled against Mr. Schwarzbaum on that exact issue. ECF No. 98. *See generally Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Mr. Schwarzbaum's primary argument against the Government's Motion is that his money is held in various Swiss bank accounts that are not within the Court's jurisdiction. However, this Court has the authority to order Mr. Schwarzbaum to repatriate his foreign assets by virtue of personal jurisdiction over him. So, it is not important whether or not Mr. Schwarzbaum's assets are within the Court's jurisdiction as long as Mr. Schwarzbaum himself is within the Court's jurisdiction. The Court has jurisdiction over Mr. Schwarzbaum. Thus, the Court can order him to repatriate his assets.

Mr. Schwarzbaum further argues that Florida's homestead exemption applies, so he cannot be ordered to repatriate his assets. However, the Government has not requested Mr. Schwarzbaum repatriate the proceeds from selling his home. The Government requested that Mr. Schwarzbaum repatriate some of the $50 million from various Swiss bank accounts for which he has provided no exception. Consequently, Florida's homestead exemption is irrelevant here.

Mr. Schwarzbaum has no legal basis to resist a court order requiring him to repatriate his foreign assets. Therefore, I recommend that the Court order Mr. Schwarzbaum to repatriate $18,227,465.89,[3] in addition to any additional post-judgment interest and penalties accrued since May 31, 2021.

---

[3] Mr. Schwarzbaum has not disputed the Government's calculation of the judgment, interest, late-penalties, and surcharges. ECF Nos. 121, 123.

## IV. CONCLUSION

Accordingly, I **RECOMMEND** that the Government's Motion to Repatriate Foreign Assets be **GRANTED** and that Mr. Schwarzbaum be ordered to repatriate $18,227,465.89 in addition to any additional post-judgment interest accrued since May 31, 2021.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C).

**DONE AND SUBMITTED** in Chambers this 30th day of June, 2021, at West Palm Beach in the Southern District of Florida.

_[signature]_
BRUCE REINHART
United States Magistrate Judge