UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTION TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION ON THE
GOVERNMENT'S MOTION TO REPATRIATE FOREIGN ASSETS**

Defendant Isac Schwarzbaum, through counsel and in accordance with Local Rule 4 of the Magistrate Judge Rules, hereby files his objection to the Report and Recommendation on the Government's Motion to Repatriate Foreign Assets (R&R).

**I.  Background**

The United States filed a Motion to Repatriate Foreign Assets (Motion) imploring this Court to assist in the collection of a standard money judgment resulting from the Court's assessment of civil FBAR penalties.  ECF No. 115.  The Motion was referred to the Magistrate Judge.  ECF No. 116.  Mr. Schwarzbaum responded to the Motion, ECF No. 121, and objected to the Clerk's Notice of Post-Judgment Repatriation Order. ECF No. 123.  Thereafter, the Magistrate Judge issued his R&R on June 30, 2021.  ECF No. 124. Mr. Schwarzbaum timely objects to the R&R for the reasons set forth below.

The United States previously attempted to flout statutory authority in this case by ignoring the congressionally-mandated methodology for determining civil FBAR penalties.  This Court rebuked the government's efforts and invalidated the penalty assessments.  Now, the United States once again seeks to operate outside the confines of statutory boundaries by attempting to circumvent the Federal Debt Collection Procedures Act (FDCPA) through a repatriation order.

The Court should similarly reject the government's efforts a second time. Mr. Schwarzbaum objects to the R&R because granting the Motion would divest the FDCPA's post-judgment remedies of any effect and improperly compel Mr. Schwarzbaum to involuntarily fund an appellate supersedeas bond.

### II. Granting the Motion is an Improper Application of the All Writs Act and Would Render the FDCPA's Post-Judgment Remedies Obsolete

The FDCPA provides the "exclusive civil procedures" for the United States to collect a money judgment, 28 U.S.C. § 3001(a), and a judgment may be enforced by any of the post-judgment remedies set forth in subchapter C of the FDCPA. 28 U.S.C. § 3202(a). Authorized post-judgment remedies under the FDCPA include execution, 28 U.S.C. § 3203, installment payment orders, 28 U.S.C. § 3204, and garnishment. 28 U.S.C. § 3205.

The United States' exclusive reliance on the All Writs Act is misplaced. The All Writs Act does not provide an independent collection remedy—instead the FDCPA merely offers assistance through the All Writs Act "to **support** [the] remedies" enumerated in subchapter C. 28 U.S.C. § 3202(a) (emphasis added). Rather than using the FDCPA's post-judgment remedies, the government hopes this Court will rewrite the FDCPA to include the All Writs Act as an unlimited and stand-alone collection remedy. Accommodating the government's extraordinary request would render all other post-judgment remedies promulgated in subchapter C as redundant and obsolete. In practical terms, why would the United States ever again need to seek a writ of garnishment when it could simply ask a court to order a judgment debtor to transfer assets directly to its coffers?[1]

The All Writs Act is not intended to supplant statutory procedure and its undefined use as the primary means of judgment recovery is improper. The United States Supreme Court adroitly concluded "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Penn. Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985). The garnishment provision of the FDCPA is the controlling statute for obtaining property in the possession of a third party. 28 U.S.C. § 3205. Garnishment, as a *quasi in rem* action, requires personal jurisdiction over the third-party garnishee and jurisdiction

---

[1] Implementing the government's theory, a foreign court (e.g., Cuba) should be permitted to compel a Cuban citizen who became a United States resident living in South Florida, and maintains all of his assets in the United States, to transfer those funds to the Cuban government.

over the property subject to garnishment. *See Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337 (M.D. Fla. 2015); *see also APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 425975 (M.D. Fla. 2009) (concluding that garnishment does not reach property outside the territorial jurisdiction of the court even if the court has personal jurisdiction over the garnishee). The All Writs Act "does not authorize [courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Penn. Bureau*, 474 U.S. at 43. The All Writs Act cannot, nor was it designed, to provide the United States with an escape valve from the difficulties it faces in pursuing collection under the FDCPA's garnishment provision.

Using the All Writs Act to order repatriation in the manner suggested by the government would render the FDCPA's post-judgment remedies obsolete. Well-established principles of statutory interpretation prohibit construing a statute in a manner that would render it "superfluous, void, or insignificant." *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1352 (2015) (quoting *TRW v. Andrews*, 534 U.S. 19, 31 (2001)). Issuing a court order to circumvent the inherent difficulties in garnishing bank accounts outside a court's jurisdiction would strip the FDCPA's garnishment statute of all significance. A repatriation order would instantly become an expedient solution any time a judgment debtor's property is outside a court's jurisdiction or the government otherwise encountered collection difficulties. The United States boldly asserted its intent to pursue repatriation orders largely because "[t]he standards are really not that demanding." Andrew Velarde, *DOJ Predicts Dramatic Increase In Repatriation Orders*, 102 Tax Notes Int'l 984, May 17, 2021.[2] Using such vague and ambiguous standards to sidestep statutory and jurisdictional restraints in collecting a judgment renders the FDCPA meaningless.

---

[2] The United States' new found predisposition to rely on this Court's equitable powers rather than pursuing remedies under the FDCPA may one day result in an Article III court issuing nothing more than an impermissible advisory opinion. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The United States should be required to demonstrate that it has attempted to comply with FDCPA and that issuance of the order will not "conflict with the internal law of the foreign state which the act [i]s to be performed." See *United States v. McNulty*, 446 F. Supp. 90, 92 (C.D. Cal. 1978); *see also Colello v. United States Secur. & Exch. Comm'n,* 908 F. Supp. 738, 747 (C.D. Cal. 1995) (Swiss government contacted pursuant to treaty with United States).

The United States' quest for repatriation of Mr. Schwarzbaum's assets which have historically been kept and maintained in Switzerland is premature. Contrary to the R&R, there is nothing in the record to suggest the United States has even sought the issuance of a writ of garnishment or pursued any other authorized collection remedy.  Instead, the United States appeals to this Court to bestow upon it preferred creditor status to which it is not entitled for the collection of a standard money judgment where the government has not initiated a statutorily-authorized collection effort.  The Motion should be denied as a premature and improper application of the All Writs Act in order to preserve the validity of the FDCPA.

### III.    Mr. Schwarzbaum Need Not Post an Involuntary Supersedeas Bond to Pursue an Appeal

Courts have repeatedly held that a party need not post a supersedeas bond to pursue an appeal. *See Porterfield v. Gerstel*, 222 F.2d 137 (5th Cir. 1955);[3] *see also In re Farrell Lines, Inc.*, 761 F.2d 796, 797 (D.D.C. 1985) (holding that "it is well-established that an appellant who fails to furnish a supersedeas bond does not thereby lose his right to appeal.").  The Motion is a thinly-veiled effort by the government to compel Mr. Schwarzbaum to fund a bond that he does not wish to and is not legally required to post.  The government's motive is plain as it wants Mr. Schwarzbaum to choose between preserving his appeal by posting an involuntary bond or risking that it will be dismissed if he chooses not to repatriate his assets to fund the bond.  Mr. Schwarzbaum is not required under the law to make such a Hobson's choice.

### IV.    Conclusion

This Court must reject the United States' unrestrained attempt to impermissibly use the All Writs Act to circumvent the FDCPA by seeking a repatriation order because garnishment is legally inconvenient. The United States Supreme Court firmly declared that courts are not authorized to use the All Writs Act to issue ad hoc writs to avoid statutory obstacles.  Moreover, issuing a repatriation order under these circumstances renders the FDCPA post-judgment remedies, particularly garnishment, obsolete—a consequence not intended when Congress enacted the statute. Lastly, any ordered repatriation of assets amounts to an involuntary supersedeas bond, a

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

condition that cannot be imposed on Mr. Schwarzbaum in order for him to pursue his appellate rights.

Dated: July 14, 2021

HOLLAND & KNIGHT LLP

*/s/ Jose A. Casal*
JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone      (305) 789-7713
Facsimile      (305) 789-7799
Jose.Casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone      (202) 469-5144
Facsimile      (202) 955-5564
Nicole.Elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone      (813) 227-6387
Facsimile      (813) 229-0134
William.Sharp@hklaw.com
Andrea.Cortes@hklaw.com
Chad.Vanderhoef@hklaw.com

DANIEL I. SMALL
Florida Bar. No. 42579
10 St. James Avenue. 11th Floor
Boston, MA 02116
Telephone      (617) 854-1453
Facsimile      (617) 523-6850
Dan.Small@hklaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2021, I electronically filed the foregoing document with the clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jose A. Casal*
Jose A. Casal