IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On Reports of Foreign Bank and Financial Accounts ("FBARs") that he was required to file for 2006-2009, defendant Isac Schwarzbaum failed to report his interest in accounts that he held at Swiss banks.  As a result, the Internal Revenue Service assessed penalties against him.  In 2018, the Government filed this suit to reduce to judgment those FBAR penalties, along with interest and delinquency penalties.  After trial, on March 20, 2020, the Court issued Findings of Fact and Conclusions of Law, finding a willful failure to report for 2007, 2008, and 2009.  (Doc. No. 92).  On May 19, 2020, the Court entered judgment against Schwarzbaum for $12,907,952 plus interest and late-payment penalties.  (D.E. 99).[1]  About a month later, Schwarzbaum sold his home in Florida and fled to Switzerland.  (D.E. 115-5 at 1).  His response to post-judgment discovery showed that little collection potential exists in the United States but that Schwarzbaum holds over $49 million in accounts at Swiss banks.  (D.E. 115 at 5-6; 115-5, 115-6, 115-7).

---

[1] Based on the Court's findings of fact and conclusions of law, the judgment overstated the amount of Schwarzbaum's indebtedness.  In August 2020, the Court issued an amended judgment for the correct amount.  (D.E. 105).

1

The United States moved the Court to order Schwarzbaum to repatriate an amount sufficient to pay the judgment. (D.E. 115). The magistrate judge issued a report and recommendation that the Court order repatriation. (D.E. 124). Schwarzbaum filed objections. (D.E. 125). Under 28 U.S.C. § 636(b)(1), the district judge makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In doing so, however, the district judge is afforded "the 'widest discretion' on how to treat the recommendations of the magistrate." *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009), *quoting United States v. Raddatz*, 447 U.S. 667, 675 (1980).[2] The magistrate judge correctly determined that the district court had jurisdiction to order repatriation and the record shows that such relief is well warranted.

In objecting to the report and recommendation, Schwarzbaum fails to direct the Court to any findings of fact that are clearly erroneous or any conclusion that is contrary to the law. For that reason alone, the objection should be overruled. *See Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 314-15 (S.D.N.Y. 2003) (applying Fed. R. Civ. P. 72(a)). Schwarzbaum is not permitted to file an objection that simply rehashes his past arguments that the magistrate judge already rejected. *See Marlite, Inc. v. Eckenrod*, No. 10-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) ("It is improper for an objecting party to submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite of the apple when they file objections to a R & R.") (quoting authority omitted); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y.

---

[2] In exercising its discretion, the district judge may decline to consider an argument that the objecting party did not raise before the magistrate judge. *Williams*, 557 F.3d at 1292.

1992). But that is exactly what Schwarzbaum has done. In particular, he argues that the Federal Debt Collection Procedures Act (FDCPA) deprives the Court of jurisdiction to order repatriation, that the Government was required to pursue other types of collection before seeking repatriation, that the order somehow violates Swiss law, and that the Government's motion was a ploy to disrupt Schwarzbaum's appeal. As detailed below, these arguments lack merit.

## ARGUMENT

I. **When it enacted the FDCPA, Congress expressly kept intact a court's inherent authority to enforce its judgments and grant injunctive relief such as ordering repatriation.**

Schwarzbaum argues that the FDCPA removed the Court's inherent authority to enforce its judgments. He is wrong. The FDCPA states that it "shall not be construed to supersede or modify … any Federal law authorizing, or any inherent authority of a court to provide, injunctive relief." 28 U.S.C. §3003(c)(7). A federal court's power "to protect and enforce its judgments is unquestioned." *Marshall v. Local Union No. 639*, 593 F.2d 1297, 1302 (D.D.C. 1979); *see also United States v. New York Tel.*, 434 U.S. 159, 172 (1977) ("[The Supreme] Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained…."). Indeed, one of its authors expressly stated that FDCPA "contains a specific savings clause to clarify that courts retain their full complement of injunctive and contempt powers under [*inter alia*] the inherent authority flowing from article III judicial power." 136 Cong. Rec. H13288-02, at *H13293 (daily ed. Oct. 27, 1990) (statement of Rep. Jack Brooks).

A district court has a separate grant of "plenary authority" to extend or modify the use of any of the debt collection mechanism available to the United States when enforcing the FDCPA. *See* 28 U.S.C. § 3013; *United States v. Montijo*, No. 17-CR-518, 2021 WL 2470507, at *3

3

(S.D.N.Y. May 19, 2021). When the FDCPA was under consideration by Congress, Representative Brooks noted that Section 3013 was included to provide a district court with "broad and general authority" to fashion the appropriate relief in a manner that allows the United States to protect its ability to collect on judgments. *See United States v. Lawrence*, 538 F. Supp. 2d 1188, 1195 (D.S.D. 2008) (*quoting* 136 Cong. Rec. H13228-01, at *H13289 (daily ed. Oct. 27, 1990));

The order recommended by the magistrate judge is an unremarkable exercise of the Court's personal jurisdiction. *United States v. Ross*, 196 F. Supp. 243, 245 (S.D.N.Y. 1961), *modified*, 302 F.2d 831 (2d Cir. 1962) ("There are many cases where as an incident to a judgment creditor's action the defendant has been required to convey to a representative of the court property outside of the court's jurisdiction."); *see also Gen. Elec. Cap. Corp. v. Advance Petroleum, Inc.*, 660 So. 2d 1139, 1142 (Fla. Dist. Ct. App. 1995). This is precisely the type of inherent authority that the FDCPA leaves intact.[3]

In his attempt to evade the Court's authority to enforce its judgment, Schwarzbaum myopically focuses on FDCPA Section 3205 (28 U.S.C.), which sets forth procedures under which a court may enter a writ of garnishment. Schwarzbaum explains that this Court cannot

---

[3] Indeed, district courts often use the All Writs Act to fashion pragmatic remedies in aid of the government's request to enforce and collect judgment debts when there is no enumerated remedy in the FDCPA. *See, e.g.*, *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1061-62 (S.D. Iowa 2012) (using the FDCPA and the All Writs Act to garnish earnings above the 25% statutory cap and imposing a 100% garnishment of a judgment debtor's earnings to satisfy a judgment debt); *Sec. Exch. Comm'n v. Sassano*, No. 09-cv-5010-LBS-GWG, 2011 WL 2161797, at *2-*3 (S.D.N.Y. May 31, 2011) (allowing the SEC to reach the judgment debtor's interest in various business entities to satisfy a judgment debt), *report and recommendation adopted*, 2011 WL 2693881 (S.D.N.Y. July 11, 2011); *United States v. Fuechtener*, No. 16-CR-00100-GMN-CWH, 2018 WL 4005176, at *2-*4 (D. Nev. Aug. 22, 2018) (ordering the defendant to be restrained from distributing the proceeds from the sale of the debtor's primary residence); *United States v. Fellows*, 19-CR-28-LSC, 2019 WL 2371715, at *1-*2 (D. Neb. Jun. 5, 2019) (restraining the defendant from dissipating the assets in his Thrift Savings Plan account).

issue such a writ because it does not have *in rem* jurisdiction over his Swiss bank accounts. That is true. And it is the very reason that the United States is seeking a repatriation order rather than a writ of attachment or garnishment. Schwarzbaum's argument about *in rem* jurisdiction is irrelevant because a repatriation order stems from the Court's personal jurisdiction over a defendant.

II. **The Government is not required to pursue other collection remedies before seeking repatriation.**

Schwarzbaum baldly claims that before the United States can move for repatriation, it must first seek a writ of garnishment and pursue other "authorized" collection remedies. (D.E. 125 at 4). But a repatriation order is an "authorized" collection remedy. Nothing in the FDCPA, or anywhere else, requires the Government to take other collection activities before moving for repatriation. Indeed, the FDCPA was designed to enhance, not constrict, the Government's ability to collect its debts. *S.E.C. v. ICP Asset Mgmt., Inc.*, No. 10-4791, 2012 WL 204098, at *4 (S.D.N.Y. Jan. 24, 2012).[4] The United States is not required to go down every dead-end trail before taking the path that will bring it to its destination.

III. **Schwarzbaum has not shown that Swiss law forbids him from withdrawing his own assets from his own accounts.**

Also spurious is Schwarzbaum's purported concern that the order might violate Swiss law. This is a new argument that he did not make before the Magistrate Judge, so it should be

---

[4] H. R. Rep. No, 736, 101st Cong.2d Sess. (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6631. ("Creation of a uniform federal framework for the collection of Federal debts in the Federal courts will improve the efficiency and speed in collecting those debts, thereby lessening the effect of delinquent debts on the massive federal budget deficit now undermining the economic well-being of the Nation.").

rejected out of hand. *Williams*, 557 F.3d at 1292. Even so, the United States recognizes that the Court cannot issue an order that would require Schwarzbaum to violate foreign law. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1187-1188 (11th Cir. 1991). Schwarzbaum, however, offers nothing to show that Swiss law forbids him from withdrawing his own assets from his own accounts. Under its personal jurisdiction over him, the Court is empowered to order Schwarzbaum to take those steps. *Id.* at 1189 (upholding order appointing receiver to gather appellants' foreign assets where court had personal jurisdiction and appellants made no showing that the order violated foreign law).

### IV. The United States has never argued that Schwarzbaum must post a bond to pursue his appeal.

Schwarzbaum spuriously argues that the United States' motion for a repatriation order is a tactic to disrupt his appeal. But the United States has never asserted that Schwarzbaum must post a bond to pursue his appeal. Instead, it merely suggested that this was one possible way to resolve the current dispute about Schwarzbaum's unpaid judgment debt.[5] Because he chooses not to post a bond, the United States can collect the judgment before the appeal is complete. In this district, "a bond is the norm for obtaining a stay" unless the defendant shows that their "ability to pay the judgment is so plain that the cost of the bond would be a waste of money, or (b) where the requirement would "put defendant's other creditors in undue jeopardy." *Suntrust Bank v. Ruiz*, No. 14-21107, 2015 WL 11216712, at (S.D. Fla. 2015) (Goodman, M.J.), *quoting Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989). Those exceptions are "rare." *Avirgan, supra*. Neither of these exceptions exists here. Schwarzbaum cannot have his cake and eat it too

---

[5] In its motion, the United States offered several alternatives to Schwarzbaum posting an appeal bond. ECF No. 115 at 14.

by refusing to pay and declining to post an appeal bond, while complaining about the United States' collection efforts.

## CONCLUSION

Schwarzbaum has fled the country, leaving behind virtually no assets. He keeps over $49 million in assets at Swiss banks. The FDCPA does not constrain the Court's authority to order Schwarzbaum to repatriate assets. Compelling grounds exist for the order. Schwarzbaum's objections lack merit and should be overruled.

Dated: July 28, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

**John P. Nasta, Jr.**
JOHN P. NASTA, JR. (Fla. Bar. No. 1004432)
MARY ELIZABETH SMITH
JEFFREY N. NUÑEZ
MICHAEL N. WILCOVE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-6560 (Nasta)
214-880-9779 (Smith
202-514-6474 (Wilcove)
202-353-1988 (Nuñez))
202-514-4963 (fax)
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov
Michael.N.Wilcove@uswdoj.gov
Jeffrey.N.Nunez@usdoj.gov

*Of counsel:*

JUAN ANTONIO GONZALEZ
Acting United States Attorney
Southern District of Florida