IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**<u>UNITED STATES' NOTICE OF FILING PROPOSED ORDER</u>**

The United States, in accordance with the Court's Order entered on October 26, 2021 (ECF No. 127), submits the enclosed proposed order, and asserts as follows:

1. On June 3, 2021, the United States filed its Motion to Repatriate Foreign Assets ("Motion"), noting that as of May 31, 2021, Defendant Isac Schwarzbaum owed a total of $18,227,465.89 and that penalties and interest will continue to accrue until the judgment is paid in full. ECF No. 115 at 7. That amount was comprised of civil penalties pursuant to 31 U.S.C. § 5321(a)(5), pre-judgment interest pursuant to 31 U.S.C. § 3717(a), post-judgment interest pursuant to 28 U.S.C. § 1961, late payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and a surcharge of ten percent of the debt owed in accordance with 28 U.S.C. § 3011. ECF No. 115 at 2. Although Defendant filed an opposition to the Motion, he did not dispute the United States' calculation of the outstanding debt. ECF No. 121; *see also* ECF No. 127 at 3, n.1.

2. On October 26, 2021, the Court granted the United States' Motion and ordered the United States to submit a proposed order effectuating the Court's grant of repatriation as set

forth in the October 26, 2021 Order, which includes the updated balance of Defendant's debt. ECF No. 127 at 12.

3. As of November 4, 2021, Defendant owes the United States **$18,559,609.01**, which is comprised of the following amounts:

- **$12,555,813** in civil penalties pursuant to 31 U.S.C. § 5321(a)(5) for the calendar year 2007 through 2009 that the Internal Revenue Service assessed against Defendant, which the Court upheld after a five-day bench trial (ECF No. 105);

- **$459,577.16** in pre-judgment interest pursuant to 31 U.S.C. § 3717(a), which the Court previously awarded to the United States (ECF No. 105);

- **$27,553.99** in post-judgment interest pursuant to 28 U.S.C. § 1961 for the period May 19, 2020, through November 4, 2021;[1]

- **$3,859,622.51** in late payment penalties pursuant to 31 U.S.C. § 3717(e)(2);[2] and

---

[1] Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). The Court entered judgment in this case on May 19, 2020. ECF Nos. 99, 105. The federal reserve website provides that the applicable interest rate as of May 15, 2020 (the week before entry of judgment) was .15%. A copy of the chart from the federal reserve website detailing the applicable interest rate is attached as **Exhibit A**. The amount of post-judgment interest Defendant owes is calculated by multiplying the applicable rate (*i.e.*, .15%) by the amount of the assessments (*i.e.*, $12,555,813), dividing the sum by the number of days in the year (*i.e.*, 365), and then multiplying the sum by the number of days between the date of the final judgment and the current date (*i.e.*, 534, the number of days between May 19, 2020, and November 4, 2021). Post-judgment interest continues to accrue until the judgment is paid in full.

[2] As of May 19, 2020, Defendant owed the United States $2,757,462.93 in late-payment penalties. ECF No. 104 at 6; ECF No. 105. As specified by 31 U.S.C. § 3717(e)(2), late payment penalties continue to accrue until the judgment is paid in full. As of November 4, 2021, Defendant owes additional late-payment penalties in the amount of $1,102,159.58. This amount is calculated by multiplying the applicable rate (*i.e.*, 6%) by the amount of the assessment (*i.e.*, $12,555,813), dividing the sum by the number of days in the year (*i.e.*, 365), and then multiplying the sum by the number of days between the date of entry of judgment and the current

(continued...)

- **$1,657,042.35** as a surcharge of ten percent of the debt owed in accordance with 28 U.S.C. § 3011.[3]

Dated: November 4, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar. No. 1004432)
JEFFREY N. NUÑEZ
MICHAEL N. WILCOVE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
214-880-9779 (Smith)
202-307-6560 (Nasta)
202-353-1988 (Nuñez)
202-514-6474 (Wilcove)
202-514-4963 (fax)
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov
Michael.N.Wilcove@usdoj.gov

*Of counsel:*

JUAN ANTONIO GONZALEZ
United States Attorney
Southern District of Florida

---

date (*i.e.*, 534, the number of days between May 19, 2020, and November 4, 2021), which amount (*i.e.*, $1,102,159.58) is added to the previously determined amount of the late payment penalty owed to the United States, yielding a total amount owed to date of $3,859,622.51.

[3] The United States is entitled to this surcharge because it was compelled to enforce its judgment against Defendant when he did not voluntarily pay the judgment. In its Motion, the United States advised the Court that as of May 31, 2021, Defendant owed the United States a total debt of $16,570,423.54, which amount consisted of the § 5321(a)(5) civil penalties, pre-judgment interest, post-judgment interest, and late payment penalties under § 3717(e)(2). The United States noted that the ten percent surcharge as of May 31, 2021, equaled $1,657,042.35. The United States is not seeking an additional surcharge based on the interest and penalties that have accrued since May 31, 2021.