UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| ISAC SCHWARZBAUM, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO STAY THE ORDER TO
REPATRIATE FOREIGN ASSETS PENDING APPEAL**

Defendant Isac Schwarzbaum, through counsel, hereby files his Motion to Stay the Order to Repatriate Foreign Assets Pending Appeal. The Order to Repatriate Foreign Assets is directed to the collection of a money judgment currently on appeal before the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit heard oral argument on October 5, 2021, and submitted the case for decision at that time. A decision may issue from the Eleventh Circuit any day. In short, the appeal is nearly concluded. Entry of a short stay pending conclusion of the appeal will not prejudice the United States. The assets the United States seeks to repatriate have been held in the same accounts for at least a decade. The United States knows where those accounts are located and has all of the account information. Given the posture of the appeal, and the lack of any prejudice to the United States, the Court should stay its Order pending conclusion of the appeal.[1]

If, on the other hand, the Court refuses to stay its Order and Mr. Schwarzbaum is forced to liquidate his foreign investment accounts before the appeal is concluded, he faces the threat of significant and irreparable harm. Mr. Schwarzbaum would be required to pay the transaction costs

---

[1] The deadline to appeal the Repatriation Order is January 4, 2022. Mr. Schwarzbaum intends to file a Notice of Appeal if the Eleventh Circuit has not issued its ruling on the judgment underlying the Repatriation Order by such date.

and income taxes associated with the liquidation and transfer of his assets into the United States. If this Court's decision is subsequently overturned, Mr. Schwarzbaum would not be able to secure a refund of those taxes, nor could he force the United States to make him whole for the costs and taxes he never should have been required to pay. To avoid this untenable result, the Court should stay its Repatriation Order pending conclusion of the appeal.

### I. Background

The United States filed a Motion to Repatriate Foreign Assets ("Motion") imploring this Court to assist in the collection of a standard money judgment resulting from the Court's assessment of civil FBAR penalties. ECF No. 115. The Motion was referred to the Magistrate Judge. ECF No. 116. Mr. Schwarzbaum responded to the Motion, ECF No. 121, and objected to the Clerk's Notice of Post-Judgment Repatriation Order. ECF No. 123. Thereafter, the Magistrate Judge issued his Report and Recommendation ("R&R") on June 30, 2021. ECF No. 124. Mr. Schwarzbaum timely objected to the Magistrate's R&R. ECF No. 125. This Court adopted the Magistrate's R&R and subsequently granted the Motion on November 5, 2021. ECF No. 129 ("Repatriation Order").

The United States claims Mr. Schwarzbaum "fled" this country to avoid the consequences of this Court's judgment. ECF No. 126, p.1. That claim is preposterous. The record is replete with evidence that Mr. Schwarzbaum led a highly-mobile lifestyle and resided in numerous jurisdictions during the past several decades—in fact, he was never more than a part-time resident in any location, including the United States. Moving back to Switzerland last year was entirely consistent with the manner in which Mr. Schwarzbaum has always lived his life. Not only did Mr. Schwarzbaum not flee this country to avoid FBAR penalties, but evidence presented at trial demonstrated just the opposite—he actually moved to the United States *after* the IRS erroneously assessed him nearly $13.8 million in FBAR penalties. ECF No. 80, Trial Transcript Day 4, 50:9-17.

Mr. Schwarzbaum timely appealed, *inter alia*, this Court's Final Judgment and Order Assessing Penalties. That appeal has been fully briefed, orally argued before a panel of Eleventh Circuit judges, and submitted for decision. The Eleventh Circuit could issue its ruling any day. The Repatriation Order should be stayed pending the Eleventh Circuit's ruling because, on balance, the factors weigh in favor of granting a stay. A stay is also necessary to ensure judicial consistency.

## II. A Stay of the Repatriation Order Pending the Outcome of the Appeal Weighs in Mr. Schwarzbaum's Favor

Federal courts, as part of the "administration of justice," can exercise discretion to stay enforcement of a ruling pending the outcome of any appeal. *Nken v. Holder*, 556 U.S. 418, 421 (2009). Further, district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket," Clinton *v. Jones*, 520 U.S. 681, 706 (1997), particularly where "a pending decision in another court would have a substantial or controlling effect" on the issue related to the stay. *Owens-Benniefield v. Nationstar Mortg., LLC*, No. 8:17-cv-540-T-33TGW, 2017 WL 1426720 at *2, (M.D. Fla. Apr. 21, 2017) (internal quotes omitted). A stay pending appeal is intended to preserve the status quo until such time as the appeal is concluded. *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). That purpose is particularly served by a stay in this case. Here, the United States seeks to **disturb** the status quo at the very end of the appeal. The status quo has been unchanged for more than a year since the appeal was filed. The Court should stay its Order to preserve the status quo for the very brief remainder of time until the appeal is concluded.

Courts consider four factors when determining whether to issue a stay pending appeal: (i) whether the movant is likely to succeed on the merits, (ii) whether the movant will be irreparably injured absent a stay, (iii) whether a stay will substantially injure other interested parties, and (iv) the public interest. *Nken*, 556 U.S. at 434. This Court should stay the Repatriation Order pending the outcome of Mr. Schwarzbaum's appeal because each of the four *Nken* factors weighs in favor of a stay.

### a. Mr. Schwarzbaum Will Likely Succeed on the Merits of His Appeal

Courts evaluate the movant's likelihood of success on the merits, but Mr. Schwarzbaum is not required to demonstrate that success on appeal is probable. "The court is not required to find that ultimate success by the movant is a mathematical probability," and "may grant a stay even though its own approach may be contrary to the movant's view of the merits." *Wash. Metro. Area Transit Comm'n*, 559 F.2d at 843. Relieving the movant from showing probable appellate success is consistent with the purpose of a stay pending appeal—which is simply to maintain the status quo pending a final determination on the merits. *Id.* at 844.

Mr . Schwarzbaum argued multiple issues on appeal, any one of which is likely to result in a reversal. For example, Mr. Schwarzbaum asserted that this matter should have been remanded

3

once this Court set aside the FBAR penalty assessments as contrary to the law.  Mr. Schwarzbaum identified supporting case law in the FBAR context and in other areas of administrative law, but even the United States' counsel acknowledged during oral argument that this case should have been remanded to the IRS for further consideration of penalty assessments.  After being questioned as to why remand is not the proper result in this case, counsel stated "that would have been the right result after the court's initial determination."  Oral Argument at 26:33, *United States v. Schwarzbaum*, No. 20-12061, https://www.ca11.uscourts.gov/oral-argument-recordings.  In light of this admission by the United States, Mr. Schwarzbaum has demonstrated a likelihood of success on the merits of his appeal.

### b. Mr. Schwarzbaum Would be Irreparably Harmed Absent a Stay While the United States Would Suffer No Harm

It would be indefensible to force Mr. Schwarzbaum to incur unnecessary income tax liability to comply with a repatriation order that might ultimately be overturned by a favorable appellate ruling.  One can imagine the potential income tax liability associated with liquidating a portfolio of securities sufficient to raise over $18 million to satisfy the Repatriation Order.  The hardship imposed on the moving party is of "paramount importance" when determining the appropriateness of a stay.  *Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987, 2017 WL 3208621 at *2 (M.D. Fla. July 26, 2017).

Mr. Schwarzbaum's hardship in complying with this Court's Order would be substantial and irreparable. To comply with the Repatriation Order, Mr. Schwarzbaum would be forced to liquidate millions of dollars of securities from his Swiss financial accounts, which could result in significant transaction costs and potential capital gain. Any such gain would increase Mr. Schwarzbaum's taxable income, creating an additional income tax liability.[2]  The hardship and inequity faced by Mr. Schwarzbaum in complying with the Repatriation Order while his appeal is pending is clear—he could unnecessarily pay income taxes for which he never should have been liable.  Most problematic is the reality that Mr. Schwarzbaum would not be entitled to a refund of such additional taxes if a favorable appellate ruling nullified the effect of the Repatriation Order. Nor could Mr. Schwarzbaum recover those taxes and transaction costs from the United States if

---

[2] While Mr. Schwarzbaum could face additional U.S. income tax if he liquidated a portion of his account portfolio, the potential taxable income and corresponding additional tax liability is not limited to U.S. taxes as Mr. Schwarzbaum could also incur additional Swiss taxes upon liquidation.

this Court's judgment is reversed.  Mr. Schwarzbaum's motion to stay must be granted to avoid this unjust result.

In contrast, the issuance of a stay pending appeal would result in no prejudice to the United States.  Mr. Schwarzbaum's appeal has been pending for more than a year.  Only in the wake of unfavorable guidance on issues critical to the outcome of this case, did the United States seek Court intervention to order Mr. Schwarzbaum to repatriate his foreign assets.  Mr. Schwarzbaum's appeal has been submitted to the Eleventh Circuit for decision. The United States is not prejudiced by waiting for the Eleventh Circuit's decision, which could issue any day.

The potential harm to the opposing party and public interest factors merge when the government is the opposing party. *Nken*, 556 U.S. at 435.  The United States' self-imposed delay in seeking repatriation, coupled with the Eleventh Circuit's imminent ruling, demonstrate that neither the opposing party nor the public will be harmed by a stay pending appeal.

### III.  Granting the Stay During the Pendency of Mr. Schwarzbaum's Appeal is Appropriate to Ensure Court Rulings Are Consistent

This Court should also grant Mr. Schwarzbaum's Motion to Stay Pending Appeal to avoid judicial inconsistency.  A stay is appropriate while a related case is pending in a different court to "prevent possible inconsistent resolutions." *O'Boyle v. Town of Gulf Stream*, No. 19-cv-80196, 2020 WL 3067660 at *2 (S.D. Fla. 2020) (Bloom, J.).  Concurrent proceedings militate in favor of granting a stay. *See UnionBanCal Corp. v. United States*, 93 Fed. Cl. 166 (Fed. Cl. 2010) (granting a stay pending resolution of an appeal in a separate case that addressed a similar issue).

This case is currently pending appeal in the Eleventh Circuit Court of Appeals, and if successful,[3] negates any need for the Repatriation Order.  Although *O'Boyle* discussed the need for consistent outcomes for related, but separate, cases involving similar issues, it's reasoning remains salient here to mitigate potential judicial inconsistency. This Court should stay the post-judgment collection efforts to avoid the inconsistent rulings that would result if the Eleventh Circuit rules in Mr. Schwarzbaum's favor after this Court ordered Mr. Schwarzbaum to repatriate foreign assets.

---

[3] The Southern District of New York agreed with Mr. Schwarzbaum's argument that the case should be remanded back to the IRS. *See United States v. Gentges*, -- F. Supp. 3d --, No. 7:18-cv-07910-KMK, 2021 WL 1222764 at *16 (S.D.N.Y. Mar. 31, 2021) (determining that use of non-June 30 account balances was "an arbitrary expedient" and setting aside invalid FBAR penalty assessment).

5

### IV. The Amount Ordered Repatriated is Incorrect as Pre-Judgment Interest Cannot Accrue on a Penalty Set Aside by the Court

Mr. Schwarzbaum should not be obligated to pay pre-judgment interest to the extent that such interest is attributable to any assessment that was set aside by this Court. The United States' Motion requested, *inter alia*, pre-judgment interest under 31 U.S.C. § 3717(a).[4] The pre-judgment interest amount, however, was calculated based upon IRS assessments set aside by this Court. ECF No. 92, p. 24-25 (concluding the penalty assessments violated the Administrative Procedure Act because "the IRS's penalty assessments for tax years 2007 through 2009 are not in accordance with law."); ECF No. 98, p. 2 (stating that Mr. Schwarzbaum's argument to set aside the 2007 through 2009 penalty assessments was "unnecessary" because Mr. Schwarzbaum is "asking the Court to do what it has already done."). Pre-judgment interest cannot be computed and imposed against Mr. Schwarzbaum based on an invalid assessment. The earliest date upon which interest could begin to accrue is August 27, 2020—the date of this Court's Amended Final Judgment. ECF No. 105.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned conferred with Plaintiff's counsel on December 1, 2021. The parties were not able to reach an agreement, but agreed to continue to work towards a resolution.

Dated: December 1, 2021    HOLLAND & KNIGHT LLP

/s/ *Jose A. Casal*
JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone    (305) 789-7713
Facsimile    (305) 789-7799
Jose.Casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone    (202) 469-5144

---

[4] The United States, in its Notice of Filing Proposed Order, calculated the pre-judgment interest to be $459,577.16. ECF No. 128, ¶ 3.

>Facsimile     (202) 955-5564
>Nicole.Elliott@hklaw.com
>
>WILLIAM M. SHARP, SR.
>Florida Bar No. 341452
>ANDREA DARLING de CORTES
>Admitted *Pro Hac Vice*
>CHAD M. VANDERHOEF
>Florida Bar No. 109595
>100 North Tampa Street, Suite 4100
>Tampa, FL 33602
>Telephone     (813) 227-6387
>Facsimile     (813) 229-0134
>William.Sharp@hklaw.com
>Andrea.Cortes@hklaw.com
>Chad.Vanderhoef@hklaw.com
>
>DANIEL I. SMALL
>Florida Bar. No. 42579
>10 St. James Avenue. 11th Floor
>Boston, MA 02116
>Telephone     (617) 854-1453
>Facsimile     (617) 523-6850
>Dan.Small@hklaw.com
>
>*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2021, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

>/s/ *Jose A. Casal*
>Jose A. Casal