UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STAY PENDING APPEAL

**THIS CAUSE** is before the Court on Defendant Isac Schwarzbaum's Motion to Stay the Order to Repatriate Foreign Assets Pending Appeal, ECF No. [130] ("Motion"). The Government filed a Response, ECF No. [131], and Defendant filed a Reply, ECF No. [132]. The Court has carefully considered the parties' submissions, the record, and applicable law. For the following reasons, the Motion is granted.

Defendant seeks to stay the Court's Order Requiring Defendant to Repatriate Foreign Assets, ECF No. [129], pending the appeal of this case, *United States v. Isac Schwarzbaum*, Case No. 20-12061. The Eleventh Circuit heard oral argument on October 5, 2021, and has yet to issue a decision.

"A party seeking a stay pending appeal must show (1) likelihood of success on the merits of the appeal, (2) irreparable injury to the appellant absent a stay, (3) lack of substantial prejudice to the appellee, and (4) the stay would serve the public interest." *Sec. & Exch. Comm'n v. Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d 1260, 1262 (S.D. Fla. 2020). Alternatively, "if the balance of

the equities weighs heavily in favor of granting the stay," then a stay may be granted "if there is a substantial case on the merits presented by the appeal. . . ." *Id.* (internal quotation marks omitted).

Here, the equities weigh heavily in favor of granting a stay. The Court issued an Amended Final Judgment in this case in August 2020. ECF No. [105]. The Government did not file a Motion to Repatriate Foreign Assets until June 2021. ECF No. [115]. Defendant seeks to maintain the status quo pending a forthcoming decision in an appeal that has already been argued. The Government will suffer little prejudice by the additional short delay in repatriating assets. By contrast, Defendant represents that "[t]o comply with the Repatriation Order, [he] would be forced to liquidate millions of dollars of securities from his Swiss financial accounts, which could result in significant transaction costs and potential capital gain," resulting in "additional income tax liability." ECF No. [130] at 4. There is no indication that Defendant will dissipate assets during a stay. Defendant also presents that he intends to appeal the Repatriation Order absent a ruling from the Eleventh Circuit. *Id.* at 1 n.1. Finally, the briefing shows that Defendant has presented a substantial case on the merits.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Stay the Order to Repatriate Foreign Assets Pending Appeal, **ECF No. [130]**, is **GRANTED**. Compliance with the Order to Repatriate Foreign Assets Pending Appeal, ECF No. [129], is **STAYED** pending the decision in *United States v. Isac Schwarzbaum*, Case No. 20-12061.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2021.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

---

[1] The public interest factor does not weigh particularly in favor of or against a stay.

Case No. 18-cv-81147-BLOOM/Reinhart

Copies to:

Counsel of Record