IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| ISAC SCHWARZBAUM, | ) |
| Defendant. | ) |

**OPPOSED MOTION TO RETAIN JURISDICTION FILED BY
THE UNITED STATES OF AMERICA**

The Eleventh Circuit is expected to issue a mandate remanding the FBAR penalty at issue so that the Internal Revenue Service can recalculate the penalty. The United States requests an order that, upon issuance of the mandate from the Court of Appeals for the Eleventh Circuit (No. 20-12061-HH), this Court retain jurisdiction during the ordered remand. The Court's retention of jurisdiction will facilitate entry of a final judgment after the IRS's recalculation. Except as to the amount of the penalties, this Court's ruling was affirmed in all respects.[1]

I.   **Background.**

On August 27, 2018, the United States filed a four-count complaint against the defendant Isac Schwarzbaum. The complaint alleged that Schwarzbaum willfully failed to timely and accurately report his interest in foreign financial accounts for the 2006–2009 calendar years, as required by 31 U.S.C. § 5314, and that he owed the penalties assessed pursuant to 31 U.S.C.

---

[1] Because the amount of the penalties will be recomputed on remand, the Eleventh Circuit did not address Schwarzbaum's argument that the penalties violated the Eighth Amendment to the U.S. Constitution.

§ 5321(a)(5). ECF No. 1. The matter proceeded to a five-day bench trial. *See* ECF Nos. 77–81. On March 20, 2020, the Court issued *Findings of Fact and Conclusions of Law*, finding Schwarzbaum's failure to report his foreign account holdings on his 2007, 2008, and 2009 Report of Foreign Bank and Financial Accounts ("FBAR") was willful. ECF No. 92. On August 28, 2020, the Court issued an *Amended Final Judgment* for $12,555,813, plus further accruals of late payment penalties and interest. ECF No. 105. Schwarzbaum appealed the Court's judgment to the Eleventh Circuit. ECF Nos. 100 and 106.

The Eleventh Circuit held that the District Court applied the correct legal standard when it found that Schwarzbaum's failure to file FBARs was willful. *United States v. Schwarzbaum*, 24 F.4th 1355, 1363 (11th Cir. 2022). The Court of Appeals, however, determined that because the IRS abused its discretion when it calculated the *amount* of the willful FBAR penalty assessments, the judgment should be vacated, and the case should be remanded to the IRS so that it can recalculate the amount of the penalty assessments. *Id.* at 1365. The Court of Appeals rejected Schwarzbaum's argument that the FBAR civil penalty statute's six-year statute of limitations for the IRS to assess penalties rendered a remand to the IRS futile, reasoning that the "[t]he remand we now direct is not for the IRS to issue new penalties, but for it to recalculate the penalties it has already assessed." *Id.*

The United States files this motion seeking entry of an order that the Court retain jurisdiction over this case during the remand. Otherwise, if the Court were to vacate the judgment and close this case, Schwarzbaum might argue that the United States is time-barred from obtaining a judgment in the amount of the recalculated penalties. *See* 31 U.S.C. § 5321(b)(2)(A) (providing that when a person fails to pay an FBAR penalty, the United States must file a collection lawsuit within two years of the penalty assessment date). That result would

be wholly inconsistent with the Eleventh Circuit's reasoning. By retaining jurisdiction over this case, the Court can enter a final judgment as to the amount of Schwarzbaum's recalculated willful FBAR penalties once the IRS penalty recalculation is complete. This is what the Eleventh Circuit intended.

## II. Argument.

### A. Legal Standard.

A federal court has discretion to retain jurisdiction over a case pending a remand to an administrative agency while the agency carries out further proceedings in accordance with the remand order. *Chen v. Gen. Acct. Off.*, 821 F.2d 732, 738 (D.C. Cir. 1987) (retaining jurisdiction over a remand where it was determined that the agency had misapplied the law and the court of appeals instructed the agency on what law to apply on remand). The Eleventh Circuit treats all remand orders to an administrative agency as interlocutory orders and not as final judgments, and courts thus retain jurisdiction during an agency remand so that upon completion of the remand, final judgment can be entered, or subsequent judicial review can occur. *Druid Hills Civic Ass'n, Inc. v. Fed. Highway Admin.*, 833 F.2d 1545, 1548-49 (11th Cir. 1987); *see also Montoto v. Astrue*, No. 09-20504, 2009 WL 2355756, at *2 (S.D. Fla. July 30, 2009) (Huck, J.) (retaining jurisdiction during a remand of a Social Security benefits case so that the district court could review any additional or modified findings of fact and the amended agency decision before entering a final judgment under Fed. R. Civ. P. 58).[2] If the district court retains jurisdiction during remand it also can ensure that the remand is completed according to the court's

---

[2] Despite being interlocutory, in certain instances the Eleventh Circuit has noted that a remand order with the retention of jurisdiction can still be an appealable order under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ("the *Cohen* doctrine"). *Pickett v. Bowen*, 833 F.2d 288, 290 (11th Cir. 1987). Under the *Cohen* doctrine the final determination of certain collateral issues can be immediately appealed. *Id.* That situation is not present here.

instructions and then can enter a final judgment when the remand is complete and the case is returned to it. *See, e.g., Dennis v. Sullivan*, No. 90-7738, 1992 WL 187026, at *3 (E.D. Pa. Jul. 31, 1992). Other courts of appeal, in varying contexts, agree that remand orders are interlocutory and do not divest jurisdiction. *See, e.g.*, *Avery v. Sec'y of Health & Human Servs.*, 762 F.2d 158, 165 (1st Cir. 1985) (collecting cases and analyzing the principle in the context of equitable remedies).

If a reviewing court identifies a defect in the agency action, the remanding court retains jurisdiction so that it may later determine whether the deficiencies identified in the original administrative action have been cured. *See S. Offshore Fishing Ass'n v. Daley*, 995 F. Supp. 1411, 1437 (M.D. Fla. 1998) (retaining jurisdiction pending completion of the remand so the district court could review revised 1997 commercial shark fishing quotas). The traditional APA remand is in the context of agency rulemaking or final administrative determinations where the agency has been delegated authority to render a decision by a statute enacted by Congress, and jurisdiction is usually retained.[3]

Jurisdiction is also normally retained where the agency action remanded is not final rule making or administrative determinations but is a remand for recalculation of government benefits

---

[3] *See, e.g.*, *Nat. Res. Def. Council, Inc. v. U.S. Army Corps of Eng'rs*, 457 F. Supp. 2d 198, 238 (S.D.N.Y. 2006) (remanding agency's NEPA determination while retaining jurisdiction); *United Int'l Investigative Servs., Inc. v. Albright*, No. 97-1421, 1998 WL 37576, at *2 (D.D.C. Jan. 22, 1998) (remanding agency's award of a government contract for embassy security services while retaining jurisdiction); *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 16-307, 2016 WL 8673038, at *13 (E.D. Cal. Dec. 16, 2016) (remanding agency's water delivery contract renewals while retaining jurisdiction); *Bonnichsen v. U.S., Dep't of Army*, 969 F. Supp. 628, 645 (D. Or. 1997) (remanding agency's Native American Graves Protection and Repatriation Act decision while retaining jurisdiction); *Muwekma Ohlone Tribe v. Kempthorne*, 452 F. Supp. 2d 105, 123 (D.D.C. 2006) (remanding agency's denial of Native American tribe recognition while retaining jurisdiction); *Prop. Cas. Insurers Ass'n of Am. v. Carson*, No. 13-8564, 2017 WL 2653069, at *7 (N.D. Ill. June 20, 2017) (remanding agency's Fair Housing Act rulemaking while retaining jurisdiction).

or trust accountings. Because the agency must redetermine the monetary amount due in accordance with the reviewing court's mandate, the agency action completed as part of the remand is still subject to further proceedings. Consistent with the interlocutory nature of the remand, courts generally retain jurisdiction so that the court can review the new agency action and then either enter judgment in the government's favor or remand to the agency again if the results are still not in accordance with the law. *See Cobell v. Norton*, 240 F.3d 1081, 1109-10 (D.C. Cir. 2001) (retaining jurisdiction during remand to the Departments of the Interior and Treasury for recalculation of the balances in Individual Indian Money trust accounts); *Garmon o/b/o T.L. v. Comm'r, Soc. Sec. Admin.*, No. 19-1489, 2020 WL 4691365, at *1 (N.D. Ala. Feb. 26, 2020) (noting that when the parties must return to district court after the remand proceedings to file the agency's findings of fact relating to a Social Security benefits determination the district court retains jurisdiction over the case throughout the remand proceedings). Jurisdiction is also retained where an agency has been ordered to reconsider or explain an earlier decision, so that after the agency considers the specific issue remanded it can then report back to the remanding court. *Oceana, Inc. v. Ross*, No. 12-0041, 2020 WL 5834832, at *4 (D.D.C. Oct. 1, 2020), *appeal dismissed sub nom. Oceana, Inc. v. Raimondo*, No. 20-5362, 2021 WL 4771915 (D.C. Cir. Oct. 1, 2021).

And if for no other reason, a court may retain jurisdiction during an administrative remand out of considerations of convenience so the parties can avoid having to commence an entirely new action or lodge a subsequent notice of appeal. *See, e.g.*, *Caterpillar, Inc. v. Nat'l Lab. Rels. Bd.*, 138 F.3d 1105, 1107-08 (7th Cir. 1998); *see also Bruland v. Howerton*, 742 F.

Supp. 629, 633 (S.D. Fla. 1990) (retaining jurisdiction during agency remand to ensure agency proceedings were not unreasonably delayed).[4]

Where, as here, it is almost inevitable that there will be a renewed objection to the outcome of the agency decision on remand, retention of jurisdiction promotes judicial economy. *Kim v. Mcaleenan*, No. 19-1212, 2020 WL 1026494, at \*4-\*5 (D. Colo. Mar. 3, 2020) (retaining jurisdiction in an immigration case because plaintiff said he would inevitably challenge the outcome of the remand before U.S.C.I.S.); *Greater Yellowstone Coal. v. U.S. Env't Prot. Agency*, No. 12-60, 2013 WL 1760286, at \*5 (D. Idaho Apr. 24, 2013) (granting motion for voluntary remand but retaining jurisdiction to "ensure a timely remand process and to allow the parties to challenge any new [agency] decision in this case.").

During remand, even though the district court retains jurisdiction, it may control its docket because the clerk of the court may administratively close the case and then it can be re-

---

[4] If a remand to the agency is made in a final judgment and without a retention of jurisdiction, the case is terminated and the outcome after remand must be challenged though a new action under the Administrative Procedure Act. *See, e.g.*, *Matson Navigation Co., Inc. v. U.S. Dep't of Transp.*, 480 F. Supp. 3d 282, 285-86 (D.D.C. 2020).  There is a countervailing line of D.C. Circuit Court of Appeals authority (adopted by some other courts) which holds that the "norm" in an APA case is that when agency action is found arbitrary and capricious, the reviewing court should vacate and remand without the retention of jurisdiction.  If the plaintiff who challenged the agency's action under the APA is again aggrieved by the agency's action after remand, the plaintiff may initiate a new APA suit challenging the subsequent agency action taken on remand since this is now a new final agency action that starts the running of a new limitations period for bringing suit. *See generally Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41-43 (D.D.C. 2008) (collecting cases).  However, these cases are generally APA challenges to rulemaking and not cases brought by the United States to enforce an administrative penalty assessment or cases challenging the specific scope of agency action, such as the grant or denial of a permit or license.  The line of cases that constitute the "norm" is, therefore, inapplicable here. *See, e.g.*, *Richmond v. Carter*, 94 F.3d 263, 268-69 (7th Cir. 1996) (retaining jurisdiction under a "sentence six" remand in a Social Security benefits case so that the agency's additional factfinding and revised benefits determination would be subject to further judicial review); *Flores v. United States*, No. 11-12119, 2015 WL 3887537, at \*5-\*6 (E.D. Mich. Jun. 24. 2015) (retaining jurisdiction for TRICARE benefits determination remand so that the prevailing plaintiff could file a post-judgment motion for attorney fees under the EAJA).

opened once the agency remand is complete. The results are then filed with the district court for entry of final judgment or further proceedings. *See Beard v. Berryhill*, No. 15-1788, 2017 WL 924621, at *5 (N.D. Ala. Mar. 7, 2017); *Cook v. Astrue*, No. 09-72, 2009 WL 1872689, at *1-2 (N.D. Fla. Jun. 25, 2009) (describing the retention of jurisdiction and administrative closing procedure while noting that there is no time limit set on remand duration); *United Food and Com. Workers Union v. U.S. Dep't of Agric.*, No. 20-2045, 2022 WL 278449, at *2 (D.D.C. Jan. 31, 2022) (district court may retain jurisdiction during remand and require status reports at certain intervals to ensure a timely remand process). To not improperly cabin the agency's discretion on remand, the court should not set a deadline for the remand to be complete but can ensure an "expeditious" remand by requiring status reports or conferences. *Bonnichsen*, 969 F. Supp. at 645 ("I will not give the Corps a specific deadline for making its decision, but I do expect the Corps to proceed expeditiously, and the court has the authority to intercede if the issues are not being addressed in a timely manner.").

The baseline inquiry in whether this Court should retain jurisdiction boils down to whether the parties need to return to the Court after remand to obtain meaningful relief. With the foregoing principles in mind, the parties will need to return to this Court after the IRS remand concludes so that they can obtain meaningful relief, be it entry of final judgment as the United States would request, or for further judicial review of the recalculated penalty as Schwarzbaum will likely request.

### B. The Court Should Retain Jurisdiction Because the Parties Seek Either Entry of Final Judgment or Further Judicial Review of the Results of the Remand to the IRS.

We've demonstrated that the Court has ample authority to retain jurisdiction during the remand to the IRS and request this Court do so here. The Eleventh Circuit's remand order to the Court instructs it to remand the case to the IRS for a recalculation of

7

Schwarzbaum's willful FBAR penalties. This Court's remand will be an interlocutory order under the holding of *Druid Hills*. As such, it will not divest the Court of jurisdiction. The administrative record that will be submitted after remand should include a recalculated penalty amount. But that penalty amount must be returned to this Court for entry of a judgment. *Chen*, 821 F.2d at 738; *Cobell*, 240 F.3d at 1109-10; *Garmon*, 2020 WL 4691365 at *1.

This is exactly what the Eleventh Circuit's opinion contemplates. Once the IRS recalculates the willful FBAR penalty amount, the IRS should return the administrative record to the district court for further proceedings. *Schwarzbaum*, 24 F.4th at 1367. Schwarzbaum may then accept entry of judgment at the recalculated amount, or he can seek further judicial review. At that stage, the Court can agree with Schwarzbaum and remand again if the penalty is found to be unlawful, or the Court may enter final judgment in favor of the United States. Schwarzbaum could then press his case with the Court of Appeals if he so desires.[5] Retention of jurisdiction serves the ends of convenience to the parties and judicial

---

[5] The United States has only located three other reported willful FBAR cases that contemplate a remand to the IRS for penalty recalculation. These cases were decided in the context of a full or partial denial of the United States' motion for summary judgment. It was contemplated that there would be a trial on willfulness, and if willful FBAR liability attached, the penalties would need to be remanded to the IRS for recalculation prior to entry of final judgment. Thus, while the issue was not ripe for determination, it can be inferred from the language used by the respective district courts that they suggested jurisdiction would be retained during the limited remand so that final judgment could then be entered. *See United States v. Gentges*, 531 F. Supp. 3d 731, 754 (S.D.N.Y. 2021); *United States v. Schik*, No. 20-2211, 2022 WL 685415, at *6-*7 (S.D.N.Y. Mar. 8, 2022); *Jones v. United States*, No. 19-4950, 2020 WL 2803353, at *8-*9 (C.D. Cal. May 11, 2020). In *Gentges*, the further orders of the Court on the docket sheet after the reported opinion cited show that, while not using the term "retains jurisdiction," that is effectively what the Court did since it endorsed government counsel's letter—making it an order of the Court—which administratively closed the case but moved it to the suspense docket during the remand so that, as later happened, the Court could then enter a final judgment. *See United States v. Gentges*, S.D.N.Y. No. 18-7910, ECF Nos. 49-54. Thus, while the United States seeks

(continued...)

economy. *Caterpillar, Inc.*, 138 F.3d at 1108.  It also allows the IRS to expeditiously return the recalculated penalties to this Court for further judicial review (with a subsequent remand or entry of judgment depending on which party prevails).  Accordingly, the Court should retain jurisdiction for the duration of the remand.

Conversely, if the Court were to vacate and remand the cause to the IRS without retaining jurisdiction, that would result in this case being terminated.  *Matson Navigation Co., Inc.*, 480 F. Supp. 3d at 285-86.  In that event, once the IRS penalty recalculation was complete, Schwarzbaum might argue that the United States is time-barred from filing a new suit for a judgment in the amount of the recalculated FBAR penalties.  *See* 31 U.S.C. § 5321(b)(2)(A).

That result would be inequitable and belied by a plain reading of the Eleventh Circuit's ruling.  Nothing in the Court of Appeals' decision would lead to the conclusion that the panel's intended result after the remand would be that the United States would have to initiate a new civil action to obtain a money judgment on the recalculated penalties, only to have the subsequent action found to be time-barred since suit was not brought within two years of the assessment date.  In accordance with the authorities cited above, a money judgment is the relief the United States sought, and under the APA a remand to the agency for a redetermination of the amount of that money judgment (before penalty and interest accrual) occurs while the district court retains jurisdiction.  Once the IRS concludes the

---

more specific relief here using the term of art "retention of jurisdiction," Judge Karas in *Gentges* effectively granted the same relief on similar facts (less involvement of the Court of Appeals). The Court should follow suit here.  The district court in *Schik* has not made this determination yet, since Judge Vyskocil referred the case to pretrial mandatory mediation so a decision on remand to the IRS is not ripe.  The district court in *Jones* never reached the point of actually remanding and retaining jurisdiction since it appears the parties consolidated related cases and then resolved and dismissed them by stipulation before trial.

proceedings on remand and determines the recalculated penalty amounts, this action can be resolved in a manner consistent with the forthcoming mandate of the Court of Appeals, with the recalculated penalty being returned to this Court for further proceedings. To avoid these uncertainties and any related statute of limitations complexities, the retention of jurisdiction is the fairer and more streamlined result.

To vindicate the United States' rights to a money judgment for Schwarzbaum's willful FBAR penalties, or to vindicate Schwarzbaum's right to subsequent judicial review of the recalculated penalties, once the mandate issues from the Court of Appeals, this Court should retain jurisdiction during the IRS remand.

### III.   Conclusion.

The Eleventh Circuit found Schwarzbaum willfully violated the law and is subject to penalty, the only issuing being the amount of that penalty. The appellate court thus ordered remand to the IRS to recalculate the penalty, presuming a new judgment could then be entered. To facilitate that ruling and provide both parties with the opportunity to litigate the matter, this Court should enter an order retaining jurisdiction over this case during the remand to the IRS. The order should further specify that once the IRS has recalculated the amount of the penalties assessed on account of Schwarzbaum's willful failure to file FBARs, the recalculated penalty and the administrative record should be returned to this Court for further proceedings.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), on March 16, 2022, the undersigned conferred with defendant's counsel to ascertain whether Schwarzbaum would agree to the relief requested. The parties were not able to reach an agreement and the United States understands that Schwarzbaum intends to oppose this motion.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar. No. 1004432)
MICHAEL N. WILCOVE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-616-5218 (v)
202-514-9868 (f)
Jeffrey.N.Nunez@usdoj.gov
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov
Michael.N.Wilcove@uswdoj.gov


*Of counsel:*

JUAN ANTONIO GONZALEZ
United States Attorney
Southern District of Florida

11