IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE TO THE UNITED STATES'
OPPOSED MOTION TO RETAIN JURISDICTION**

Defendant Isac Schwarzbaum, through counsel, hereby files his Response to the United States' Opposed Motion to Retain Jurisdiction (ECF No. 136).

The United States' relentless pursuit of Mr. Schwarzbaum apparently has no bounds. The government once again seeks extraordinary judicial intervention when it finds itself on precarious legal footing resulting from its own lack of diligence. Throughout the duration of this matter, the United States repeatedly buried its head in the sand with respect to the statute of limitations—tirelessly disclaiming it faced any threat that the statute of limitations would preclude enforcement of the FBAR penalties it pursued against Mr. Schwarzbaum. Now, after an unfavorable appellate court ruling, the United States asks this Court for special treatment to avoid the legal impact of the applicable statute of limitations—special treatment the Court has no power or authority to grant.

1

The Eleventh Circuit, on appeal from this Court, concluded that the power to assess and collect FBAR penalties lies exclusively with the IRS. Because FBAR penalty administration is solely an IRS function, the Eleventh Circuit vacated this Court's amended judgment imposing judicially calculated penalties and remanded the case to this Court with instructions to remand the case to the IRS.[1] Because the Court has no power or authority to retain jurisdiction over a case the Eleventh Circuit has ordered remanded to the IRS, the Court must deny the United States' motion to retain jurisdiction. There is quite simply nothing remaining in this action over which this Court has the power to exercise jurisdiction.[2]

**I.   Background**

In 2016, the IRS assessed civil FBAR penalties against Mr. Schwarzbaum under the flawed theory that he was a tax evasion mastermind who purposefully and knowingly concealed his foreign bank accounts from the United States. The IRS clung to that erroneous position despite its knowledge that Mr. Schwarzbaum and his family were born in Europe and resided there for many decades. Naturally, foreign residence led to foreign bank accounts—opened first by Mr. Schwarzbaum's father and thereafter, by Mr. Schwarzbaum. Despite Mr. Schwarzbaum's lack of any knowing or intentional violation of the FBAR reporting requirement, the IRS nonetheless imposed willful FBAR penalties on him. The IRS then erroneously used Mr. Schwarzbaum's

---

[1] The United States' motion reveals a basic misunderstanding of the jurisdiction of the courts and the agency. The United States filed its motion to retain jurisdiction in this Court before the Eleventh Circuit issued its mandate and while jurisdiction over this case remained vested exclusively in the appellate court. At the time the United States filed its motion, this Court had no jurisdiction to hear it. Although the Eleventh Circuit has since issued its mandate vacating this Court's amended judgment and remanding the case to the IRS, the relief requested by the United States in its motion is premised on a similar misunderstanding of the limited jurisdiction of this Court.

[2] Because the Eleventh Circuit vacated the amended final judgment on which this Court's repatriation order was based, Mr. Schwarzbaum intends to file a motion to vacate the repatriation order with this Court.

maximum account balances from 2008 to calculate and assess the FBAR penalties for all years at issue—in direct violation of the FBAR penalty statute.

After a five-day bench trial, this Court set aside the IRS's illegal penalty assessments, ECF No. 92 at 26 (IRS penalties not in accordance with statute)—and the Court reiterated the same conclusion after undertaking its own penalty calculations. ECF No. 98 at 2 (stating that Mr. Schwarzbaum's argument that illegal IRS penalties must be vacated was unnecessary and he was "asking the court to do what it had already done"). Mr. Schwarzbaum, on appeal, argued that APA jurisprudence required the IRS, rather than this Court, to calculate and assess any FBAR penalties. The Eleventh Circuit agreed with Mr. Schwarzbaum and vacated this Court's amended judgment and remanded the case back to this Court with instructions to remand to the IRS.[3] The appellate decision was unequivocal—FBAR penalty assessment and the related penalty mitigation determination rests exclusively with the IRS. The United States asks this Court to retain jurisdiction during remand of the case to the agency, but the Court has no power to do so.

**II.   Analysis**

The law is clear and it requires the Court to deny the United States' motion. When error results in remand to the agency, the case is terminated and the outcome on remand must be challenged through a new action. *Matson Navigation Co., Inc. v. U.S. Dept. of Trans.*, 480 F.Supp.3d 282, 285 (D.D.C. 2020) (internal quotes omitted). The courts do not retain jurisdiction

---

[3] The United States misconstrues the Eleventh Circuit's ruling and its only recourse is to attempt to avoid the statute of limitations. To the government's dismay, the Eleventh Circuit did not rule that the statute of limitations was inapplicable. The appellate court simply noted that it was not aware of any authority that would make remand futile. To be sure, the issue of whether the statute of limitations precludes another assessment was not yet ripe because the IRS has yet to assess a legitimate FBAR penalty for Mr. Schwarzbaum to assert such a defense. The United States' acknowledgement of its statute of limitations obstacle is unmistakable. At least twice (*Schwarzbaum* and *Hughes*, infra), the United States chose to forego any non-willful penalty calculation after the court rejected the imposition of a willful FBAR penalty.

following remand to an agency for violations of the APA. "The norm is to vacate agency action that is held to be arbitrary and capricious and remand for further proceedings consistent with the judicial decision, without retaining oversight over the remand proceedings." *Baystate Med. Ctr. v. Leavitt*, 587 F.Supp.2d 37, 41 (D.D.C. 2008). Administrative law principles dictate that "when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards." *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94-95, 63 S.Ct. 454, 462-63 (1943).

Ordinarily, jurisdiction cannot be vested in more than one place. The rules tracking jurisdiction between appellate and trial courts are instructive here because a district court reviewing agency action under the APA "does not perform its normal role but instead sits as an appellate tribunal." *Palisades Gen. Hosp., Inc. v. Leavitt*, 426 F.3d 400, 403 (D.D.C. 2005) (internal quotes omitted). Appellate and district courts cannot exercise simultaneous jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control…." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also United States v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979)[4] ("[t]he filing of a notice of appeal ousts the district court of jurisdiction over those aspects of the cause involved in the appeal."). The issuance of the mandate returns jurisdiction to the district court, but until such time, the district court is deprived of jurisdiction over the issues on appeal. In other words, the reviewing body cannot exercise jurisdiction at the same time as the fact-finding body. Here, under APA principles, the district court acts as a

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to October 1, 1981.

reviewing body and the IRS is the fact-finding body, meaning jurisdiction cannot exist simultaneously in both. This cornerstone of administrative law precludes this Court from retaining jurisdiction in this case.

The United States seeks to avoid this authority by mischaracterizing the posture of this case. In its motion asking this Court to retain jurisdiction, the government cites cases in which there was no formal adjudication or determination on the merits. *See, e.g., Flores v. United States*, No. 11-12119, 2015 WL 3887537 (E.D. Mich. Jun. 24, 2015) (concluding that the remand order was not a final judgment). In contrast, the Eleventh Circuit clearly stated its "judgment is hereby issued as a mandate of this court." ECF No. 139 at 1. And for the avoidance of doubt, the court reiterated "[i]t is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court." *Id.* at 2. Unlike the unresolved medical benefits cases cited by the government, the instant case was decided on the merits and reflects a final judgment by the appellate court directing remand to the agency.

Similarly, the United States mischaracterizes the proceedings in *Gentges*. In *Gentges*, the court specifically declined to remand the case. Memo Endorsement on Sept. 3, 2021 Letter at 2, *United States v. Gentges*, No. 7:18-cv-07910 (S.D.N.Y. Sept. 8, 2021) ("For the reasons noted herein, the Court will ***not*** remand the case.) (Emphasis added). Accordingly, the court retained jurisdiction because there was a specific decision ***not*** to remand the case to the agency. The opposite is true in this case. Unlike the court in *Gentges*, the Eleventh Circuit specifically directed this Court to remand the case to the agency. The Eleventh Circuit, in its discretion, could have instructed this Court to retain jurisdiction pending recalculation by the IRS, but it did not. Instead, it ordered the Court to remand the case to the IRS. "[A] district court must comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d

5

1128, 1132 (10th Cir. 2001); *see also Lovvorn v. Miller*, 215 F.2d 601 (5th Cir. 1954) (remanding to district court with instructions to retain jurisdiction). The Court has no power or authority to retain jurisdiction over the case during the remand.

Two recent court opinions remanding cases to the IRS after findings of arbitrary and capricious FBAR penalty assessments illuminate the trend of discretionary overreach by the IRS and provide meaningful guidance for the issue currently before this Court. First, the district court's recent ruling in *United States v. Kerr*, No. 2:19-cv-05432 (D. Ariz. March 29, 2022) is factually similar to this case and demonstrates proper remand under the APA. In *Kerr*, the evidence showed that the IRS erroneously used non-June 30 account balances to calculate the FBAR penalties for multiple accounts. During the proceedings, government counsel provided "corrected" penalty calculations and sought entry of judgment for the new penalty amounts. Relying on APA precedent and the Eleventh Circuit's reversal in this case, the *Kerr* court rejected the United States' invitation to sidestep the APA and ordered that the case be remanded to the IRS without retaining jurisdiction: "[i]t is further ordered the Clerk of Court shall take all necessary steps to remand to the IRS for further investigation or explanation … it is finally ordered that there being nothing further, the Clerk of Court shall terminate this matter."

Next, the District Court for the Northern District of California found, similar to the instant case, the IRS used an arbitrary and capricious methodology in calculating the FBAR penalties and remand was required. *United States v. Hughes*, No. 18-cv-05931 (N.D. Cal. March 29, 2002). Like *Kerr*, the *Hughes* court remanded the case to the IRS and instructed the clerk to "enter judgment accordingly and close the case." *Id.* at 15-16. This Court must follow the Eleventh Circuit's mandate and do the same.

Courts may, in extraordinary circumstances, exercise discretion to retain jurisdiction to compel agency action. *Baystate Med. Ctr.*, 587 F.Supp.2d 37 (D.D.C. 2008). Such exercise of discretion, however, "is typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties." *Id.* at 41. Courts can compel agency action under the APA under narrow circumstances, *Elec. Privacy Info. Ctr. v. IRS*, 910 F.3d 1232 (D.C. Cir. 2018), specifically, failure to perform a non-discretionary act. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55 (2004). Simply put, these extraordinary circumstances do not exist here—IRS discretion eliminates any requirement to act. The Eleventh Circuit noted the range of possibilities resulting from the IRS's discretion:

> On remand, *if* the IRS calculates Schwarzbaum's penalties using his accounts' June 30 balances rather than their highest annual balances, the statutory maximum penalties could very well be lower. *If* the IRS chooses to mitigate Schwarzbaum's penalties, as it did originally, the mitigated penalties could be lower too. We do not presume to guess what the IRS will do.

*United States v. Schwarzbaum*, 24 F.4th 1355, 1366 (11th Cir. 2022) (emphasis added). The IRS is not required to assess new penalties. Further, there is no indication that the IRS will refuse to act if it chooses to issue a new assessment. Accordingly, there is no basis for the Court to retain jurisdiction to compel any action by the IRS.

To the contrary, the IRS has a single option on remand—new agency action (assuming it chooses to proceed). The United States Supreme Court has held that upon remand for APA violations, an agency has two options: (i) "offer a fuller explanation of the agency's reasoning *at the time of the agency action*," or (ii) "'deal with the problem afresh' by taking *new* agency action." *Dept. of Homeland Sec. v. Regents of the Univ. of Cal.*, — U.S. —, 140 S.Ct 1891, 1909 (2020) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947) (emphasis in original). The Eleventh

Circuit's decision in this case forecloses option one—additional explanation—because there is no justification for not following the congressionally-enacted FBAR penalty statute. Consequently, the IRS must resort to new agency action.

Finally, even if this Court had the power to retain jurisdiction over this case, the United States' own hypothetical demonstrates why this Court should refuse to do so. The government wants to have its cake and eat it too. On the one hand, the government seeks to avoid the six-year statute of limitations on the issuance of an assessment by arguing that the IRS's original assessment remains valid (notwithstanding the fact that it was clearly set aside by this Court as illegal under the statute). If the government's argument is correct and the operative assessment is the original assessment, then the two-year statute of limitations for actions brought to enforce that assessment has long since expired. In short, the government seeks to sidestep every applicable statute of limitations. But the government cannot have it both ways.

Although this is a problem of the government's own making, the United States asks this Court to permit the IRS to assess and enforce new FBAR penalties in perpetuity. Under the government's view, the IRS could assess an illegal FBAR penalty, devoid of any rational foundation, merely to ensure the statute of limitations did not expire. The fact that the penalty was later found to violate the APA would be meaningless. The IRS could continue to issue and attempt to enforce new assessments over and over. If the United States is correct, a taxpayer can never reach the end of his ordeal with the IRS, no matter how many illegal penalty assessments the IRS issues.

The APA already has a mechanism to ensure immaterial violations avoid *vacatur*. Agency actions that violate the APA may nevertheless be upheld if such errors are "harmless." The Eleventh Circuit expressly rejected the government's argument that the IRS errors in this case were

harmless. The government's position would render every erroneous penalty assessment harmless and provide the IRS with a never-ending stream of "second chances." The Court should reject the United States' irrational position and deny the government's motion.

### III. Conclusion

The Eleventh Circuit's mandate left no doubt—this case is to be remanded to the IRS for further agency action. If the appellate court intended this Court to retain jurisdiction, it would not have ordered remand to the IRS. The original unlawful assessments were vacated. This Court's amended judgment was vacated. Nothing remains over which this Court can exercise jurisdiction, nor do the circumstances justify such an extraordinary measure. That the United States now finds itself with a statute of limitations problem it created through its own deficient assessment procedures and litigation strategy is a burden not properly borne by Mr. Schwarzbaum. The United States' motion to retain jurisdiction must be denied.

HOLLAND & KNIGHT LLP

*/s/ Jose A. Casal*
JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone (305) 789-7713
Facsimile (305) 789-7799
Jose.Casal@hklaw.com

NICOLE M. ELLIOTT
Admitted Pro Hac Vice
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone (202) 469-5144
Facsimile (202) 955-5564
Nicole.Elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted Pro Hac Vice
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone (813) 227-6387
Facsimile (813) 229-0134
William.Sharp@hklaw.com
Andrea.Cortes@hklaw.com
Chad.Vanderhoef@hklaw.com

DANIEL I. SMALL
Florida Bar. No. 42579
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone (305) 789-7788
Facsimile (305) 789-7799
Dan.Small@hklaw.com

Attorneys for Defendant