IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| ISAC SCHWARZBAUM, | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF MOTION TO RETAIN
JURISDICTION FILED BY THE UNITED STATES OF AMERICA**

The United States files this reply in support of its Motion to Retain Jurisdiction (ECF No. 136) and in response to the opposition filed by Defendant Isac Schwarzbaum (ECF No. 141).

**I.   The Eleventh Circuit held that remand to the IRS is not futile and the six-year statute of limitations is inapplicable to the IRS's recalculation of penalties.**

This Court found, and the Eleventh Circuit affirmed, that Schwarzbaum *willfully* violated his FBAR reporting obligations for calendar years 2007, 2008, and 2009 by failing to timely disclose his interest in several foreign bank accounts. Although the Eleventh Circuit held that the IRS miscalculated the FBAR penalties, the Court rejected Schwarzbaum's argument that a remand to the IRS would be futile under the six-year statute of limitations on FBAR assessments (31 U.S.C. § 5321(b)(1)). Instead, the Eleventh Circuit instructed this Court to remand the case to the IRS for the limited purpose of recalculating the penalties. *United States v. Schwarzbaum*, 24 F.4th 1355, 1367 (11th Cir. 2022) ("The remand we now direct is not for the IRS to issue new penalties, but for it to recalculate the penalties it has already assessed.").

Undeterred, Schwarzbaum ignores the plain language of the Eleventh Circuit decision, claiming that the decision was "unfavorable" to the United States. ECF No. 141 at 1. He goes so

far as to argue that "the Eleventh Circuit did not rule that the statute of limitations was inapplicable" and "the issue of whether the statute of limitations precludes another assessment was not yet ripe because the IRS has yet to assess a legitimate FBAR penalty for Mr. Schwarzbaum to assert such a defense." ECF No. 141 at 3, n.3.

Schwarzbaum is wrong. The Eleventh Circuit needed to determine if remand was a viable remedy. To do so, that court had to consider whether the statute of limitations prevented the IRS from recalculating the FBAR penalties. Otherwise, remand would be futile and the Eleventh Circuit would not have ordered it. In fact, the Eleventh Circuit determined that remand was not futile, reasoning that because the original assessments were timely, the statute of limitations on new assessments did not apply. The Court expressly stated that it was not directing the IRS to assess new penalties on remand and instead remand would be limited recalculating the penalties already assessed. *Schwarzbaum*, at 1366-67. Schwarzbaum's opposition is based on a misreading of the Eleventh Circuit's opinion and the Court should ignore his ill-founded arguments.

**II.      This Court has the discretion to retain jurisdiction over this case pending remand to the IRS.**

Although Schwarzbaum baldly argues that this Court lacks authority to retain jurisdiction over this case, Eleventh Circuit precedent refutes it. *Druid Hills Civic Ass'n, Inc. v. Fed. Highway Admin.*, 833 F.2d 1545, 1548 (11th Cir. 1987) ("Because this circuit considers a remand order an interlocutory order, it follows by operation of law that the district court retains jurisdiction of the case until the proceedings on remand have been concluded. To terminate its jurisdiction, the district court must subsequently enter a dispositive order of some sort.") (quoting authority omitted). It is well-established that a district court has the discretion to retain jurisdiction over a case while it is remanded to an administrative agency. *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, No. 20-103, 2021 WL 14929, at *2 (D.D.C. Jan. 1,

2

2021) ("When a challenge to an agency proceeding is on remand, the Court has discretion to retain jurisdiction over the case or to dismiss the action without prejudice.") (citing *Cobell v. Norton*, 240 F.3d 1081, 1108-09 (D.C. Cir. 2001) (collecting cases in which courts have decided to retain jurisdiction during remands and referring to such relief as within "a district court's equitable powers")). Schwarzbaum fails to confront (or even mention) why the Court should ignore controlling circuit law on this point, and instead relies on cases from other jurisdictions that are factually distinguishable.

Remand and retention of jurisdiction implements the Eleventh Circuit's opinion by directing the IRS to recalculate the FBAR penalties and, upon recalculation, allowing the United States to move for entry of judgment in the amount of the recalculated penalties. Once the United States moves for entry of judgment, Schwarzbaum will have the opportunity raise any issue he has with the recalculation under the APA. *See Env't Law & Policy Ctr. v. United States Env't Prot. Agency*, No. 17-01514, 2018 WL 1740146, at *12 n.15 (N.D. Ohio Apr. 11, 2018) ("I consider remand and retention of jurisdiction to be appropriate so that I can undertake judicial review under the APA, if needed, following whatever action the U.S. EPA takes."). Schwarzbaum identifies no valid reason why this Court should decline to retain jurisdiction over this case.

Instead, Schwarzbaum contends that retaining jurisdiction would allow the IRS to make repeated "illegal penalty assessments." ECF No. 141 at 8. That contention ignores the reality of this case. Schwarzbaum never objected to the IRS's FBAR penalty calculations at the administrative level or at any point before this Court issued its findings of fact and conclusions of law. At that time, this Court determined *sua sponte* that the IRS abused its discretion when it used the highest annual account balances, instead of the June 30th balances, to calculate the

maximum statutory penalties. There has been no allegation, let alone evidence, that the IRS's penalty calculation was done in bad faith or otherwise done to obtain an assessment higher than what was permitted by law. Indeed, if the IRS had calculated the FBAR penalties based solely on the June 30th balance (or $100,000 per account where the June 30th balance was unknown), the penalties would have been *higher* than what the IRS assessed. ECF No. 93 at 4-10. That is likely the reason Schwarzbaum never objected to the IRS's penalty calculation. In any event, the Eleventh Circuit's decision provides guidance to the IRS as to the statutory parameters for recalculating the penalties.

      Perhaps recognizing the statute of limitations does not prevent the IRS from recalculating the penalties, Schwarzbaum intends to employ a different, albeit equally spurious, strategy. If this Court were to decline to retain jurisdiction, Schwarzbaum will likely assert that the Government is time-barred from bringing a new suit to collect the recalculated penalties. *See* 31 U.S.C. § 5321(b)(2)(A) (collection action must be brought within two years after assessment). That argument directly contradicts the Eleventh Circuit decision, which recognized that Schwarzbaum was not entitled to a judgment in his favor and that the IRS had a right to recalculate the FBAR penalties. If this Court were to adopt Schwarzbaum's argument, it would encourage accountholders to:

- remain silent during the administrative process about any perceived calculation errors;
- raise them for the first time in court; and
- wait out the two-year limitations period while the judicial process runs its course.

Neither Congress nor the Eleventh Circuit could have intended to allow such gamesmanship.

**III.     Expressly retaining jurisdiction over this case provides certainty for the parties as to the procedure going forward.**

Schwarzbaum cites the recent decisions in *United States v. Kerr*, No. 19-cv-05432 (D. Ariz. Mar. 29, 2022) and *United States v. Hughes*, No. 18-cv-05931 (N.D. Cal. Mar. 29, 2022) as support for his contention that the district courts did not retain jurisdiction over the cases when they were remanded to the IRS. *See* ECF No. 141 at 6. Putting aside the fact that *Kerr* and *Hughes* are not final, non-appealable orders and the time for filing a Rule 59 or Rule 60 motion has not yet run, neither court addressed the procedure for how the parties should move forward once the IRS recalculates the penalties on remand. The courts likely intended for the United States to move to reopen the case once the IRS concluded its calculations on remand. Otherwise, it would be futile to remand the case to the IRS if the statute of limitations barred the United States from bringing a new collection lawsuit against those defendants.

The United States seeks to make express what is implied in *Kerr* and *Hughes*. Rather than assume that this Court would retain jurisdiction or otherwise entertain a motion to reopen the case after the IRS recalculates the penalties, the United States asks this Court to enter an order expressly retaining jurisdiction pending remand to the IRS. A retention of jurisdiction by the Court maintains the status quo, vindicates the Eleventh Circuit's judgment, and does not undermine the expectations of either party.

**IV.     Schwarzbaum's reliance on APA cases filed by a party challenging agency action is misplaced.**

Even though Schwarzbaum repeatedly argues that this Court lacks the authority to retain jurisdiction over this case, he recognizes that courts may exercise discretion to retain jurisdiction in certain cases. ECF No. 141 at 7. Schwarzbaum argues that it is only the "extraordinary" APA case involving a need to compel agency action where courts have retained jurisdiction. *Id.*

Schwarzbaum overlooks the fact that this case is not a typical APA case. As the United States noted in its moving papers, APA cases often involve a party challenging government agency action and typically the plaintiff is requesting that a court set that action aside. The challenger prevails when the court sets aside the agency action and remands the case to the agency. In such cases, courts generally do not retain jurisdiction during remand because once the action is set aside there is nothing left to review. Any post-remand proceeding would essentially start from scratch and focus on the action the agency took on remand. *See, e.g.*, *Ctr. for Biological Diversity*, 2021 WL 14929, at *2 ("In short, even were this Court to retain jurisdiction, the case would likely need to start from scratch with a new final agency action, a new complaint, and a new administrative record. Although portions of the old and new case might well overlap, the initiation of a new proceeding would avoid confusion regarding the issues properly before the Court."). None of the cases cited by Schwarzbaum pose the same statute of limitations implications that are present here, their logic is unavailing from a commonsense standpoint, and the facts undergirding their holdings are not on all fours with the facts here. As the United States noted, the proper persuasive holdings are those APA cases where there was a remand for the recalculation of some monetary amount by the agency, with the district court retaining jurisdiction in the interim so that final judgment or other proceedings could continue once the remand was complete.

  Here, the remand is limited to the narrow issue of recalculation of the FBAR penalties consistent with the Eleventh Circuit decision. The IRS has not been instructed to develop a new administrative record or conduct a new willfulness analysis. Unlike in the typical APA case brought by a challenger to agency action, the *United States* brought a common-law action to reduce a liability to judgment. There is an outstanding question, not about whether Schwarzbaum

must pay, but rather about how much Schwarzbaum must pay. Unlike an APA case in which the parties' claims are resolved when the court either upholds or sets aside the agency action with a remand, this case is not resolved until the Court enters a monetary judgment. As recognized by the Eleventh Circuit, Schwarzbaum is not entitled to entry of judgment in his favor, and further proceedings in this case after the remand concludes was clearly contemplated by the Court of Appeals. It is too early for this Court to enter judgment for the United States because the amount remains to be determined. The United States requests that this Court retain jurisdiction over this case so that it can enter a judgment resolving the parties' claims and defenses after the IRS recalculates the penalties on remand.

Dated: April 7, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary Elizabeth Smith*
JEFFREY N. NUÑEZ
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar. No. 1004432)
MICHAEL N. WILCOVE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-616-5218 (v)
202-514-9868 (f)
Jeffrey.N.Nunez@usdoj.gov
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov
Michael.N.Wilcove@uswdoj.gov

*Of counsel:*

JUAN ANTONIO GONZALEZ
United States Attorney
Southern District of Florida