UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

## ORDER ON MOTION TO RETAIN JURISDICTION

**THIS CAUSE** is before the Court upon Plaintiff United States of America's ("Government" or "Plaintiff") Motion to Retain Jurisdiction, ECF No. [136] ("Motion"). Defendant Isac Schwarzbaum ("Schwarzbaum" or "Defendant") filed a Response, ECF No. [141], to which the Government filed a Reply, ECF No. [144]. The Court has carefully considered the Motion, Defendant's Response and the Government's Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

The Court assumes the parties' familiarity with the facts in this case but provides a brief overview of recent procedural developments pertinent to the issues raised in the Motion.

Following trial, the Court determined that Schwarzbaum's FBAR violation for the year 2006 was non-willful, *see* ECF No. [92] at 18-20, but that his FBAR violations for the years 2007 through 2009 were willful, *see id.* at 20-22. However, the Court also found the IRS's method for calculating the applicable penalty amount was improper under 31 U.S.C. section 5321. *See id.* at 22-26. The Court therefore requested that the parties submit additional briefing regarding the

penalty amount, and ultimately entered an Amended Judgment based upon the recalculated amounts. ECF No. [105].

On appeal, the United States Court of Appeals for the Eleventh Circuit determined that this Court applied the correct legal standard in analyzing whether Schwarzbaum's FBAR violations were willful and did not disturb the Court's determinations regarding willfulness for the 2007, 2008, and 2009 tax years. *United States v. Schwarzbaum*, 24 F.4th 1355, 1358 (11th Cir. 2022). The Eleventh Circuit also held that this Court correctly found that the IRS's original penalties were not in accordance with law, but concluded that rather than recalculate the penalties itself, the Court should have remanded to the IRS to fix its mistake. *Id*. at 1365. As a result, the Eleventh Circuit vacated the Amended Judgment with instructions for this Court to remand to the IRS for a recalculation of Schwarzbaum's penalties. The Eleventh Circuit's mandate issued on March 21, 2022. ECF No. [139].

In the Motion, the Government requests that this Court retain jurisdiction during remand to the IRS so that the Court may enter a final judgment as to the amount of the recalculated penalties once the IRS completes the penalty recalculation. In response, Schwarzbaum argues that the Court cannot retain jurisdiction, that the Government's request is simply an attempt to avoid application of the statute of limitations, and that the Court must carry out the Eleventh Circuit's mandate, which does not state that this Court retains jurisdiction during the remand.

Upon review, the Court determines that it retains jurisdiction, notwithstanding remand to the IRS, because the remand does not divest the Court of jurisdiction. The Court finds two Eleventh Circuit cases to be particularly instructive —*Taylor v. Heckler*, 778 F.2d 674 (11th Cir. 1985) and *Druid Hills Civic Ass'n, Inc. v. Fed. Highway Admin.*, 833 F.2d 1545 (11th Cir. 1987). In *Taylor*, the issue before the court was whether the district court's remand in a social security case was a

final judgment within the meaning of the Equal Access to Justice Act ("EAJA") for purposes of awarding attorneys' fees. In concluding that it was not, the court observed that "[t]his circuit treats *all* remand orders to the Secretary as interlocutory orders, not as final judgments." 778 F.2d at 677 (emphasis in original). The court further held that "a claimant who has obtained a remand order from the district court cannot apply for a fee under the [EAJA] until the administrative process has come to an end and the district court has entered a final judgment." *Id*. at 677-78. While *Taylor* did not arise in the context of FBAR penalty assessments, the same logic applies in this case. If all remand orders are treated as interlocutory, and not final judgments, then the Court does not lose jurisdiction to enter a final judgment by simply remanding for a recalculation of penalties.

*Druid Hills* is further instructive. In *Druid Hills*, the government authorized funding for the construction of a 2.4 mile section of highway in Atlanta. 833 F.2d at 1547. Residents of the affected area and several civic associations challenged the project in the district court. *Id*. The district court dismissed, finding that the government had made adequate findings in its environmental impact statement ("EIS"). *Id*. On appeal, the Eleventh Circuit affirmed in part and reversed in part, and it remanded the case to the district court for it to remand to the Secretary of Transportation to make adequate findings regarding applicable impact requirements. *Id*. On remand from the Eleventh Circuit, the district court remanded the case to the Secretary. *Id*. at 1548. Following remand to the Secretary, the government made additional findings, concluding that the project satisfied applicable requirements, and then filed a motion for summary judgment in the district court based upon an administrative record developed entirely upon remand. *Id*. On appeal for the second time, the residents and civic associations argued in pertinent part that when the district court adopted the remand order of the Eleventh Circuit, that judgment constituted a final judgment that effectively terminated the litigation and the district court's jurisdiction. *Id*. Relying

on its decision in *Taylor*, the Eleventh Circuit noted first that "[h]ad the district court originally determined the Secretary's . . . findings inadequate and remanded the case to the Secretary, clearly, the district court would have retained jurisdiction of the case until the proceedings on remand were concluded." *Id*. The Eleventh Circuit then noted that

> [t]he only distinction between *Taylor* and this case is that the district court remanded the case to the Secretary of Transportation because the Eleventh Circuit ordered it to do so. This is a distinction without a difference. Hence, the district court retained jurisdiction.

*Id*. at 1549. Thus, applying the reasoning in *Taylor* and *Druid Hills*, remand to the IRS in this case does not divest the Court of jurisdiction. Concomitantly, the Eleventh Circuit's mandate did not have to specify that this Court retains jurisdiction during the remand.

While the Court appreciates Schwarzbaum's position on the statute of limitations, the Eleventh Circuit rejected his argument that remand was unnecessary, and that judgment should be entered in his favor instead, because the IRS would be time-barred on remand from recalculating the penalties. Specifically, the Eleventh Circuit stated that Schwarzbaum "cites no authority standing for the proposition that, on remand from judicial review under the APA, an agency could be time-barred from re-evaluating its original actions." 24 F.4th at 1367. Although Schwarzbaum now appears to contend that the Government should be time-barred from obtaining a judgment on the recalculated penalties, he cites no authority to support that proposition. The Eleventh Circuit observed further that "[t]here is no dispute that the IRS timely assessed Schwarzbaum's original FBAR penalties." *Id*. Notably, Schwarzbaum does not dispute the original timeliness now either. Finally, with respect to the remand ordered, the Eleventh Circuit specified that "[t]he remand we now direct is not for the IRS to issue new penalties, but for it to *recalculate the penalties is has already assessed*." *Id*. (emphasis added). As such, the Court finds no basis for the argument that a time-bar would apply following the penalty recalculation.

The Court certainly recognizes that it must carry out the Eleventh Circuit's mandate. *See Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987) ("When an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order."). But for the reasons already discussed, the Court disagrees that the Eleventh Circuit needed to express that this Court retains jurisdiction during the remand. In its mandate, the Eleventh Circuit specifically stated that "[w]e **VACATE** the district court's amended judgment and **REMAND** with instructions to remand to the IRS for recalculation of Schwarzbaum's FBAR penalties." ECF No. [139] at 26 (emphasis in original). Thus, in remanding to the IRS to recalculate Schwarzbaum's penalties, the Court is carrying out the Eleventh Circuit's order. In keeping with Eleventh Circuit case law, the remand for recalculation does not divest this Court of jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [136]**, is **GRANTED**. Following recalculation of the penalties, the Government may seek the entry of a second amended judgment. The Court will enter remand this case to the IRS for the recalculation by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record