IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR ENTRY OF A SECOND AMENDED JUDGMENT**

This case is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. Having found that he willfully failed to file FBARs for 2007, 2008, and 2009, this Court initially entered an amended judgment against Isac Schwarzbaum for $15,772,853.09, plus post-judgment interest[1] ECF No. 105. The Eleventh Circuit vacated that judgment and remanded the case with instructions to remand it to the IRS to recompute the penalties using account balances as of June 30 after the end of the year for which the penalty was assessed. ECF No. 139 at 26. Under that mandate, this Court remanded the matter to the IRS for it to recalculate the penalties using Schwarzbaum's account balances on June 30 of 2008, 2009, and 2010, respectively. ECF No. 147. The Court also ordered the United States to move for entry of judgment following the IRS recalculation of the penalties. ECF No. 146 at 5. The IRS has recalculated the penalty for Schwarzbaum's willful failure to report his foreign bank accounts for 2007 – 2009. While, as discussed below, the IRS recalculated the penalties at higher amounts

---

[1] The $15,772,853.09 is comprised of $12,555,813 in "FBAR penalties," $458,977.16 in prejudgment interest, and $2,757,462.93 in penalties for failure to pay the FBAR penalties after notice and demand.

than originally assessed, the United States moves for judgment in the amounts originally assessed, plus further accruals of interest and late-payment penalties.

I.  **The IRS recalculated the penalties using the account balances on the appropriate dates of violation.**

The IRS recalculated the penalty for Schwarzbaum's willful failure to report his foreign bank accounts for 2007 – 2009 and determined the correct penalty amounts for each year are:

| Year | Amount |
|---|---|
| 2007 | $4,707,801 |
| 2008 | $4,521,930 |
| 2009 | $4,291,597 |

The IRS's calculation is explained in two documents: Exhibit 1 – The *FBAR Penalty Remand Lead* Sheet describes how the IRS calculated the penalty in accordance with this Court's and the Eleventh Circuit's mandates; Exhibit 2 – The *Penalty Calculator for Remand* shows the calculation of the maximum statutory penalty along with appropriate Euro and Swiss Franc to U.S. dollar conversion rates and calculations of the aggregate balances in the bank accounts.

The IRS started by calculating the maximum penalty allowed under 31 U.S.C. § 5321(a)(5)(C), which is the greater of $100,000 or 50% of the balance of the account on June 30 following each calendar year where a willful violation was found. When the balance of the account on June 30 was not known, the IRS calculated the penalty at $100,000. Ex. 1 at 1–3 and Ex. 2. The IRS then applied the mitigation guidelines found in the Internal Revenue Manual. Ex. 1 at 4–8.

The IRS submitted this calculation through its normal review procedures, and it was approved in writing by the proper officials. Ex. 3 – *FBAR Penalty Approval Form*.

II. **The United States seeks a judgment for the amount it sought in its complaint.**

In its complaint, the United States sought a penalty of $4,185,271 for each year 2007–2009 plus interest and failure to pay penalties under 31 U.S.C. § 3717. ECF No. 1. The

recalculated penalty using June 30 balances is higher than the original. The United States asks the Court to enter a monetary judgment in its favor against Schwarzbaum in the amount requested in the complaint, which is $12,555,813 for the years 2007 – 2009 plus interest and failure to pay penalties under 31 U.S.C. § 3717. *See* ECF No. 1. In the vacated amended judgment, the Court previously awarded pre-judgment interest and late payment penalties. ECF No. 105. Interest and failure to pay penalties began to accrue on September 21, 2016, when the IRS sent Schwarzbaum notice of the willful FBAR assessments. Gov't Trial Exhibit 48; *United States v. Kaufman*, 2022 WL 19334, at *3 (D. Conn. Jan. 3, 2022) (interest and failure to pay penalties accrue from notice date even though Court reduced amount of FBAR penalty). The Court also awarded post-judgment interest pursuant to 28 U.S.C. § 1961. ECF No. 105. Revenue Agent Chad Parnell calculated the interest and failure to pay penalties due under 31 U.S.C. § 3717. Ex. 4 *Declaration of Revenue Agent Parnell*. Through September 1, 2022, $746,717.01 in pre-judgment interest accrued and $4,480,302.06 in failure to pay penalties accrued.

      The United States asks the Court to enter a monetary judgment in its favor against Schwarzbaum for $17,809,319.67 as of September 12, 2022, plus additional pre-judgment interest of $343.99 per day and failure to pay penalties of $2,063.97 per day until the date of judgment. Following judgment, interest under 28 U.S.C. § 1961 and the failure to pay penalty under 31 U.S.C. § 3717(e)(2), will continue to accrue until the judgment is satisfied.

### Certificate of Conferral

      Counsel for the parties conferred via email on September 14, 2022. Schwarzbaum opposes the relief sought.

## RELIEF REQUESTED

The United States moves the Court to enter judgment in its favor against Schwarzbaum in the amount of $17,809,319.67 as of September 12, 2022, plus additional pre-judgment interest of $343.99 per day and failure to pay penalties of $2,063.97 per day until the date of judgment and interest under 28 U.S.C. § 1961 plus failure to pay penalty under 31 U.S.C. § 3717 after the judgment.

Dated: September 15, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

**John P. Nasta, Jr.**
MARY ELIZABETH SMITH
JOHN P. NASTA, JR. (Fla. Bar. No. 1004432)
JEFFREY N. NUÑEZ
MICHAEL N. WILCOVE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
214-880-9779 (Smith)
214-880-9728 (Nasta)
202-353-1988 (Nuñez)
202-514-6474 (Wilcove)
202-514-4963 (fax)
Mary.E.Smith@usdoj.gov
John.Nasta@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov
Michael.N.Wilcove@usdoj.gov

*Of counsel:*

JUAN ANTONIO GONZALEZ
United States Attorney
Southern District of Florida