UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.

_____/

**ORDER ON MOTION FOR RECONSIDERATION
OF THE ORDER RETAINING JURISDICTION**

**THIS CAUSE** is before the Court upon Defendant Isac Schwarzbaum's ("Defendant" or "Schwarzbaum") Motion for Reconsideration of the Order Retaining Jurisdiction, ECF No. [149] ("Motion"). Plaintiff the United States of America ("Plaintiff" or "Government") filed a Response, ECF No. [150], to which Schwarzbaum filed a Reply, ECF No. [151]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

The Court assumes the parties' familiarity with the facts in this case. For purposes of the Motion, the Court recounts the relevant procedural background.

Following a five-day bench trial, the Court determined that Schwarzbaum's FBAR violation for the year 2006 was non-willful, *see* ECF No. [92] at 18-20, but that the Government properly assessed penalties for Schwarzbaum's willful FBAR violations for the years 2007 through 2009, *see id.* at 20-22. However, the Court determined that the IRS's method for calculating the applicable penalty amount was improper under 31 U.S.C. § 5321. *See id.* at 22-26. The Court

thereafter requested that the parties submit additional briefing regarding the penalty amount, and ultimately entered an Amended Judgment based upon the recalculated amounts. ECF No. [105]. Schwarzbaum filed a notice of appeal with respect to the Amended Judgment. *See* ECF No. [106].

On appeal, the United States Court of Appeals for the Eleventh Circuit determined that this Court applied the correct legal standard in analyzing whether Schwarzbaum's FBAR violations were willful and did not disturb the Court's determinations regarding willfulness for the 2007, 2008, and 2009 tax years. *United States v. Schwarzbaum*, 24 F.4th 1355, 1358 (11th Cir. 2022). The Eleventh Circuit also held that this Court correctly found that the IRS's calculation of the penalties was not in accordance with law and concluded that, rather than recalculate the penalties itself following briefing from the parties, the Court should have remanded to the IRS to fix its mistake. *Id*. at 1365. As a result, the Eleventh Circuit vacated the Amended Judgment with instructions for this Court to remand to the IRS for a recalculation of Schwarzbaum's penalties. *Id*. at 1367. The Eleventh Circuit's mandate issued on March 21, 2022. ECF No. [139].

The Government filed a motion requesting that this Court retain jurisdiction during remand to the IRS so that the Court could enter a final judgment as to the amount of the recalculated penalties once the IRS completed the penalty recalculation. ECF No. [136]. Schwarzbaum opposed the request, arguing that the Court could not retain jurisdiction, characterizing the Government's request as an attempt to avoid application of the statute of limitations, and pointing out that the Eleventh Circuit's mandate does not state that this Court retains jurisdiction during the remand. *See* ECF No. [141]. Upon review, the Court concluded that the remand did not divest the Court of jurisdiction. *See* ECF No. [146] ("Order") at 2-3. As such, the Court granted the Government's request. *Id*. at 4. The Court then remanded the case to the IRS for recalculation of Schwarzbaum's FBAR penalties in accordance with the Eleventh Circuit's mandate. ECF No. [147].

In the Motion, Schwarzbaum requests that the Court reconsider the Order pursuant to Rule 60. The Government opposes Schwarzbaum's request, arguing that reconsideration is improper, Schwarzbaum raises arguments previously unasserted or already rejected, and Schwarzbaum is simply disagreeing with the Eleventh Circuit's mandate.

## II. LEGAL STANDARD

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)[1] (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970)). Rule 60(b)(1) additionally "'encompasses mistakes in the application of the law,' including judicial mistakes." *United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars & Thirty-Two Cents ($1,449,473.32) in U.S. Currency*, 152 F. App'x 911, 912 (11th Cir. 2005) (quoting *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982)). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

Furthermore, a motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving

party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Through this lens, the Court considers the Motion.

## III. DISCUSSION

Schwarzbaum urges the Court to reconsider the Order, arguing that retaining jurisdiction amounts to a remand without vacatur, the statute of limitations on FBAR penalty assessments has expired, and treating remand as interlocutory violates the Eleventh Circuit's mandate in this case. But upon review, other than disagreeing with the Court's interpretation of the applicable case law and the Order, Schwarzbaum has pointed to no legal or factual error that would warrant the extraordinary relief of reconsideration. "[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327,

5

1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to reexamine unfavorable ruling, absent a manifest error of law or fact). "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation and alterations omitted).

Indeed, Schwarzbaum's Motion is premised upon a new, and incorrect, position regarding the effect of the Eleventh Circuit's opinion and resulting mandate, which the Court addresses. As the Court notes above, the Eleventh Circuit determined that this Court applied the correct legal standard in analyzing whether Schwarzbaum's FBAR violations were willful and did not disturb the Court's determinations regarding willfulness. *Schwarzbaum*, 24 F.4th at 1358. The Eleventh Circuit also held that this Court correctly found that the amount of the penalties was not correctly calculated but concluded that the Court should not have recalculated them itself. *Id*. at 1365. The Eleventh Circuit therefore directed this Court to remand to the IRS for recalculation of the penalties. *Id*.

In the Motion, Schwarzbaum now draws a distinction between the *imposition* of a penalty and the *assessment* of a penalty, arguing that the two concepts are different and not interchangeable. Schwarzbaum argues that following the Eleventh Circuit's vacating the Amended Judgment, "no valid assessment exists in connection with Mr. Schwarzbaum's FBAR reporting errors[,]" contending further that "[b]ecause the assessment includes the calculation of the FBAR penalty, there can be no assessment absent a calculation." ECF No. [149] at 8. However, as the Government correctly points out, the Eleventh Circuit vacated the Amended Judgment, but did not vacate the assessment in this case.

In its opinion, the Eleventh Circuit made it clear that it was *not* vacating the assessment, as Schwarzbaum now argues—"[t]he remand we now direct is not for the IRS to issue *new* penalties, but for it to recalculate the penalties it has *already assessed*." *Id*. (emphasis added). As the Court noted in its Order, the Eleventh Circuit specifically rejected Schwarzbaum's argument regarding the statute of limitations and stated that "he cites no authority standing for the proposition that, on remand from judicial review under the APA, an agency would be time-barred from re-evaluating its original actions." *Schwarzbaum*, 24 F.4th at 1367.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**, that the Motion, **ECF No. [149]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record