# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.

_____/

## ORDER ON MOTION FOR ENTRY OF A SECOND AMENDED JUDGMENT

**THIS CAUSE** is before the Court upon the United States of America's ("Plaintiff" or "Government") Motion for Entry of a Second Amended Judgment, ECF No. [152] ("Motion"). Defendant Isa Schwarzbaum ("Defendant" or "Schwarzbaum") filed a Response, ECF No. [155], to which the Government filed a Reply, ECF No. [158]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

In the Motion, the Government requests that the Court enter a second amended judgment, following the IRS's recalculation of the FBAR penalty amounts in this case. In response, Schwarzbaum renews many of the arguments the Court already rejected with respect to his motion for reconsideration, *see* ECF No. [159], and contends that the penalty amounts again violate 31 U.S.C § 5321(a)(5) and the Court's previous Order Assessing Penalties, ECF No. [98] ("Order"). Specifically, Schwarzbaum argues that the Court previously "firmly" rejected the Government's argument that it should be able to use taxpayer-prepared documents to determine the proper account balances. *See* ECF No. [155] at 3. However, Schwarzbaum misinterprets the Court's

Order. In its Findings of Fact and Conclusions of Law, the Court determined that the penalty amounts did not conform to the statute because the Government used the incorrect base amounts to calculate the FBAR penalties. *See* ECF No. [92] at 25.

Schwarzbaum also relies on a statement in the Court's Order, "that the USA did not obtain the account balances on the relevant date of violation does not permit the USA to substitute estimated account balances in its proposed recalculations, even if those estimates were provided by Schwarzbaum." *Id*. (quoting Order, ECF No. [98] at 8). Importantly, the Court's statement arose in the context of its own recalculation of the penalty amounts, which the Eleventh Circuit determined the Court lacked the power to do. *See United States v. Schwarzbaum*, 24 F.4th 1355, 1365 (11th Cir. 2022) ("The district court lacked the power to recalculate Schwarzbaum's FBAR penalties."). As such, Schwarzbaum's reliance upon the statement is misplaced.

Schwarzbaum's additional argument regarding the Government's lack of entitlement to interest is based upon the assertion, which the Court has already rejected, that the Eleventh Circuit vacated the assessments in this case. *See* ECF No. [159] at 6-7. As the Court previously pointed out, the Eleventh Circuit vacated the Amended Judgment based upon the Court's improper calculation of penalties and *not* the Court's finding of willfulness or the proper assessment of FBAR penalties. The Eleventh Circuit directed the Court to remand this case to the IRS for a *recalculation* of the penalties but left intact the Court's findings of willfulness. *Id*. at 1367. The Court remanded this case to the IRS on May 16, 2022, *see* ECF No. [147], and the IRS has now recalculated the applicable penalties. Thus, the Government is entitled to the entry of the second amended judgment.

Accordingly, it is **ORDERED AND ADJUDGED**, that the Motion, **ECF No. [152]**, is **GRANTED**. The Government shall file an updated proposed Second Amended Judgment,

Case No. 18-cv-81147-BLOOM/Reinhart

updating the amounts accrued for late-payment penalties and prejudgment interest, **no later than October 31, 2022**, and the Court will enter the Second Amended Judgment by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record