IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO UNITED STATES'
<u>RENEWED MOTION TO REPATRIATE FOREIGN ASSETS</u>**

The United States has again filed an impermissible postjudgment motion in the face of a pending appeal. The government seeks a positive injunction ordering Isac Schwarzbaum to repatriate assets, most of which never were within the United States. This Court should deny the motion because the Court lacks jurisdiction to enter a postjudgment order to repatriate foreign assets after the timely filing of a notice of appeal.

**I.     Background**

The United States brought this action to recover civil FBAR penalties against Mr. Schwarzbaum for failure to fully report his interests in foreign bank accounts between 2006 and 2009 on a Report of Foreign Bank and Financial Accounts (FBAR). On March 20, 2020, following a five-day bench trial, this Court *rejected* the United States' attempt to characterize Mr. Schwarzbaum's conduct as a knowing and intentional tax evasion scheme.  Instead, this Court concluded that Mr. Schwarzbaum "did not knowingly violate the FBAR reporting requirements." ECF No. 92 at 15.  This Court determined that Mr. Schwarzbaum's 2006 violation was non-willful,

and yet despite the lack of a knowing violation and his continued reliance on advice from tax professionals, this Court concluded that his 2007 to 2009 reporting violations were willful based on recklessness. *Id.* at 18–22. Following the Final Judgment Order, Mr. Schwarzbaum appealed. The Eleventh Circuit vacated this Court's judgment and remanded the case, directing this Court to remand the case to the IRS. *United States v. Schwarzbaum*, 24 F. 4th 1355, 1363 (11th Cir. 2022). The IRS calculated new penalties and the United States subsequently moved for entry of a second amended judgment for the same penalties previously set aside. ECF No. 152. On November 1, 2022, this Court issued a Final Judgment after Remand against Mr. Schwarzbaum. On December 2, 2022, Mr. Schwarzbaum timely filed his Notice of Appeal with the Eleventh Circuit.

## II. Schwarzbaum's Notice of Appeal Divests the District Court of Jurisdiction

This Court lacks jurisdiction to enter a postjudgment order to repatriate foreign assets after the timely filing of a notice of appeal. "It is a fundamental tenant of federal civil procedure that— subject to certain, defined exceptions—the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *In re Transtexas Gas Corp.*, 303 F.3d 571, 578–79 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[Filing a notice of appeal] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Stevens v. Wachovia Bank, N.A.*, No. 09-12816, 2010 WL 774322, at *1 (11th Cir. Mar. 9, 2010) (acknowledging the appellate court's jurisdiction turns on the timely filing of a notice of appeal). It is undisputable that the judgment on which the government's request is premised is a crucial component to the appeal. Among other things, Mr. Schwarzbaum appeals the validity of the computation used to determine

the amount sought in the repatriation order. Accordingly, this Court is divested of jurisdiction to rule on the merits of the United States' motion.

Only if a postjudgment motion is one that renders a notice of appeal dormant does jurisdiction temporarily return to the district court. *See In re Transtexas Gas Corp.*, 303 F.3d at 579; *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 745–46 (11th Cir. 2014) (recognizing the limited motions that return jurisdiction to the district court). This interplay is important. Jurisdiction alternates between the federal appellate and district courts; it is not shared. *See Griggs*, 459 U.S. at 58 ("A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). Thus, if a postjudgment motion is not one of the articulated exceptions, a district court lacks jurisdiction to enter a supplemental order. *See In re Transtexas Gas Corp.*, 303 F.3d at 579. Federal Rule of Appellate Procedure 4(a)(4) specifies which motions returns jurisdiction to the district court. Fed. R. App. P. 4(a)(4). The rule states in pertinent part:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i)     for judgment under Rule 50(b);
>
> (ii)    to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii)   for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv)   to alter or amend the judgment under Rule 59;
>
> (v)    for new trial under Rule 59; or
>
> (vi)   for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

The United States' Renewed Motion for Order to Repatriate Foreign Assets is not in the class of motions that return jurisdiction to this Court. Notably, the United States fails to provide an appropriate procedural backing for its motion. *See* ECF No. 169 at 4 (referencing Federal Rule of Civil Procedure 62(b)); *id.* at 6 (citing Federal Rule of Civil Procedure 69(a))[1]. Of course, absence of this specificity is not dispositive. This Court has the authority to look beyond the form of a document and instead construe a postjudgment motion by its substance. Not even the most creative attempts, however, can transform the United States' motion into an appropriate request. The motion attempts to use inappropriate postjudgment motion practice to impede an ongoing appeal. Thus, the Court should deny the United States' motion as doing otherwise violates the appellate court's well-defined jurisdictional authority.

### III.     Mr. Schwarzbaum is Not Required to Post an Appeals Bond

Mr. Schwarzbaum is not required to post an appeals bond. Federal Rule of Civil Procedure 62(b) permits the District Court to grant approval of a stay by providing a bond or security. Fed. R. Civ. P. 62(b). This rule also recognizes the possible conflict between the district and appellate court's authority when issuing a stay of proceedings. The rule specifies it "does not limit the power of the appellate court of one of its judges or justices: (1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or (2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered." Fed. R. Civ. P. 62(g). To be sure, as the United States Supreme Court recently acknowledged, "unless a further stay is granted, the prevailing party can *attempt* to execute on that judgment while an appeal is pending." *City of San*

---

[1] Federal Rule of Civil Procedure 69(a) discusses that "a money judgment is enforced by a writ of execution." Once more, "the Government has not sought the remedy of either garnishment or execution, as specifically enumerated in the FDCPA. Rather, the Government has requested an order in support of such remedies, directing Schwarzbaum to repatriate sufficient assets to satisfy the Judgment from his foreign bank accounts to the United States." *United States v. Schwarzbaum*, No. 18-cv-81141, 2021 WL 4958307, at *6 (S.D. Fla. Oct. 26, 2021).

*Antonio v. Hotels.com, L.P.*, 141 S. Ct. 1628, 1632 (2021) (emphasis added) (citing Moore's Federal Practice).  There is no guarantee that the prevailing party will be capable of doing so and the United States' motion makes clear it is fully aware those attempts through proper channels would be unsuccessful;  In *City of San Antonio*, the Supreme Court implicitly relied on the holding of *Garrick v. Weaver*, 888 F.2d 687 (10th Cir. 1989).  In *Garrick*, the prevailing party sought a court order to release funds from the registry of the court to satisfy judgment.  The court denied the request because it came after the filing of a notice of appeal.  888 F.2d at 695.  The Tenth Circuit agreed, "Once a notice of appeal is filed, jurisdiction over the case is transferred to the court of appeals." *Id.*  Because the lower court was deprived of power over the case, the appellate court held that a lower court is without jurisdiction to issue an order where the order concerned the disputed amount of funds owed.  *Id.*

In contravention with established federal procedure, the United States' motion asks this Court to assert concurrent jurisdiction to assist in collection of a disputed penalty currently on appeal. Traditional means of execution are not available to the government because Mr. Schwarzbaum's assets are, and have predominantly always been, in Switzerland.  Mr. Schwarzbaum is not required to post a bond and these facts do not provide this Court with jurisdiction to issue orders pertaining to matters on appeal because the government has failed to execute on that judgment through statutorily-provided methods.

### IV.     An Order to Repatriate Assets is Incongruous with the Facts and Law

Although it is improper to rule on the merits of the United States' motion at this time, Mr. Schwarzbaum cannot repatriate assets that were never originally in the United States.  Repatriate means, "to restore or *return to the country of origin*, allegiance, or citizenship." *Repatriate*,

*Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/repatriate.[2] Following common parlance, the Internal Revenue Manual (IRM) provides that repatriation orders are appropriate when a taxpayer "transferred assets to a foreign country." I.R.M. 5.21.3.6(2) (Jan. 7, 2016) (emphasis added). This language recognizes that, at some point, the sought-after funds were within the United States. Further, the IRM specifies that the repatriation order must show, *inter alia*, "an outstanding tax liability," meaning the IRS uses repatriation orders to collect outstanding tax liabilities. *Id.*

An outstanding tax liability is the first condition for seeking a repatriation order. The cases cited by the United States reinforce asset repatriation as a remedy for collecting income tax liabilities. In *United States v. McNulty*, the taxpayer failed to pay U.S. income tax on sweepstakes winnings he deposited in a foreign bank account. 446 F. Supp. 90 (N.D. Cal. 1978). In granting the repatriation order, the court cited to *United States v. First National City Bank*, 379 U.S. 378 (1965), a case where the Supreme Court sustained a temporary injunction freezing the assets of a foreign corporation to prevent dissipation of assets. Similarly, in *United States v. Ross*, 196 F. Supp. 243 (S.D.N.Y. 1961), the taxpayer was subject to jeopardy assessments with respect to asserted income tax liabilities and the court ordered him to transfer stock certificates to the court-appointed receiver.

Legal principles related to jeopardy assessments are instructive to the issuance of a repatriation order pending appeal. The IRS is authorized to make an immediate assessment of tax, interest, and penalties if the IRS believes assessment or collection will be jeopardized by delay. 26 U.S.C. § 6861(a). Conditions on which the jeopardy assessment can be made are if a taxpayer

---

[2] Courts have recognized the validity of using a dictionary to define the meaning of common words. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012).

appears to be designing to quickly depart from the United States or appears to be placing property beyond the reach of the U.S. government. 26 C.F.R. §§ 301.6861-1(a), 1.6851-1(a).

The IRS's ability to make jeopardy assessment is restrained. Jeopardy assessments are an extraordinary remedy to be used sparingly. *See Lindholm v. United States*, 808 F. Supp. 3, 4 (D.D.C. 1992). In *Lindholm*, the court abated a jeopardy assessment of more than $72 million against an individual whom the IRS alleged was moving assets offshore to prevent collection and was a flight risk because he surrendered his "green card." The court concluded that despite holding assets through a complex structure, the taxpayer was not hiding any assets and the loss of his green card made him no greater of a flight risk due to his highly-mobile lifestyle. Further, the court denied the IRS's motions for reconsideration and stay pending appeal, concluding that although tax collection is in the public interest, the Government's "interests were not imperiled sufficiently to justify the extraordinary measure of jeopardy assessment" but that the tax payer "may endure substantial harm to his financial interests" if his assets were encumbered during the pendency of an appeal. *Lindholm v. United States*, F.Supp. 7 (D.D.C. 1992).

A repatriation order against Mr. Schwarzbaum is inappropriate much like the jeopardy assessment in *Lindholm*. Mr. Schwarzbaum leads a highly-mobile lifestyle and is not hiding any assets from the government—a fact demonstrated by his continued FBAR filings (to which the United States has full access and used as a basis for its motion). And unlike the taxpayers in *McNulty*, *Ross*, and *First National City Bank*, Mr. Schwarzbaum does not owe the United States any income tax nor is he subject to any jeopardy assessments. Further, Mr. Schwarzbaum's income is solely derived from his financial investments made exclusively through his Swiss accounts and those accounts represent the entirety of his family legacy to his children. Thus, there is no risk, and the United States can show no evidence, that Mr. Schwarzbaum will dissipate his assets if the

motion is denied. Mr. Schwarzbaum's assets remain where they always have been—in Switzerland.

Courts order repatriation in non-tax cases only under limited circumstances, such as disgorgement of ill-gotten gains because of fraudulent or deceptive conduct. In *SEC v. Aragon Capital Advisors*, the court ordered repatriation of assets located outside the United States to disgorge ill-gotten gains and pay civil penalties in connection with the defendant's violation of federal securities laws for insider trading. No. 07 Civ. 919, 2011 WL 3278907, at *24 (S.D.N.Y July 25, 2011). Similarly, in *FTC v. Affordable Media, LLC*, the lower court issued a preliminary injunction requiring repatriation of assets held outside the United States. 179 F.3d 1228, 1232 (9th Cir. 1999). In *Affordable Media*, the defendants engaged in a fraudulent telemarketing investment scheme and subsequently transferred such fraudulent gains to a Cook Islands trust. *Id*. The court noted the purposed of the asset protection trust was to move wealth to a foreign jurisdiction to frustrate the U.S. court system. *Id.* at 1240.

This Court acknowledged the difference between disgorgement of ill-gotten gains and recovery of a civil money judgment. In *Branch Banking and Trust Co. v. Hamilton Greens, LLC*, the Court denied a contempt motion against a defendant who transferred nearly $2 million to an offshore trust several months after the lawsuit was filed. No. 11-80S07, 2014 WL 1603759 (S.D. Fla. Feb. 26, 2014). Denying the plaintiff's argument that noncompliance was self-created by the defendant, the Court reasoned that "federal courts have more power to enforce compliance with a disgorgement order than they do with a standard money judgment." *Id.* at *3.

Similar to *Branch Banking*, the United States seeks a repatriation order to satisfy a standard money judgment. Mr. Schwarzbaum did no engage in any fraudulent, deceptive conduct like the defendants in *Aragon Capital Advisors*. Nor did Mr. Schwarzbaum engage in a fraudulent scheme

like the defendants in *Affordable Media*. A repatriation order is not warranted to satisfy a standard money judgment that is the subject of an ongoing appeal.

The Federal Debt Collection Procedure Act (FDCPA) provides the exclusive means by which the United States can collect an FBAR penalty judgment. *See* 28 U.S.C. § 3001(a). Judgment liens and garnishment are amount the collection tools provided by the FDCPA, which significantly contains no repatriation provision.

### V.     Conclusion

Mr. Schwarzbaum declines to respond to the inflammatory remarks contained in the United States' motion, however, he rejects the allegation that he fled the country or engaged in conduct to render himself judgment-proof. Mr. Schwarzbaum lives a highly-mobile lifestyle, never living in the United States full-time. Further, the vast majority of Mr. Schwarzbaum's funds have never been held anywhere but Switzerland. The United States' collection difficulties are not evidence of a scheme devised by Mr. Schwarzbaum, but rather illuminate the unique circumstances of this case. For the reasons articulated above, this Court must deny the motion because this Court does not have jurisdiction to enter a postjudgment order to repatriate foreign assets after the timely filing of a notice of appeal.

Dated: January 20, 2023                                    HOLLAND & KNIGHT LLP

*/s/ Chad M. Vanderhoef*
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone     (813) 227-6388
Facsimile     (813) 229-0134
chad.vanderhoef@hklaw.com

JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131

Telephone    (305) 789-7713
Facsimile    (305) 789-7799
jose.casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone    (202) 469-5144
Facsimile    (202) 955-5564
nicole.elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone    (813) 227-6387
Facsimile    (813) 229-0134
william.sharp@hklaw.com
andrea.cortes@hklaw.com

DANIEL I. SMALL
Florida Bar No. 42579
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone    (617) 854-1453
Facsimile    (617) 523-6850
dan.Small@hklaw.com
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2023, I electronically file the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Chad M. Vanderhoef*
Chad M. Vanderhoef