UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

**ORDER ON UNITED STATES' RENEWED MOTION
FOR ORDER TO REPATRIATE FOREIGN ASSETS**

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Order to Repatriate Foreign Assets. ECF No. [169] ("Motion"). Defendant Isac Schwarzbaum filed a Response in Opposition to the Motion, ECF No. [170], to which Plaintiff filed a Reply, ECF No. [171].[1] The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

    **I.**    **Background**

The Court summarized the factual background in its Order Adopting Report and Recommendations, ECF No. [127] ("October 25, 2021 Order"), and assumes the parties' familiarity with that background. On August 27, 2018, Plaintiff initiated this case against Schwarzbaum for willfully failing to file Reports of Foreign Bank and Financial Accounts ("FBARs") as required by 31 U.S.C. § 5314 due to his interest in several foreign bank accounts. ECF No. [1]. The case proceeded to a five-day bench trial after which the Court found in favor of

---

[1] Plaintiff filed a Notice regarding its Reply wherein it corrected a representation in a footnote regarding the appellate briefing schedule in this action. ECF No. [172].

the United States and issued an Amended Final Judgment for $12,555,813.00, plus accruals of late payment penalties and interest. ECF No. [105]. Defendant appealed. ECF Nos. [100] and [106].

On June 3, 2021, the Plaintiff filed a Motion to Repatriate Foreign Assets where it sought an order requiring Defendant to repatriate funds from overseas to satisfy the amounts due under the Amended Final Judgment, all prejudgment interest, penalty accruals, a 10% surcharge under 28 U.S.C. § 3011, and post-judgment interest under 28 U.S.C. § 1961. ECF No. [115] at 13-14. The Court granted Plaintiff's Motion to Repatriate Foreign Assets on October 25, 2021. ECF No. [127] at 12. Defendant obtained a stay of the repatriation order pending the outcome of his appeal on December 30, 2021. ECF No. [133]. The Eleventh Circuit vacated the Amended Final Judgment and remanded the case, directing the Court to further remand to the IRS to recalculate the penalties. *United States v. Schwarzbaum*, 24 F.4th 1355, 1367 (11th Cir. 2022) ("The remand we now direct is not for the IRS to issue new penalties, but for it to recalculate the penalties it has already assessed."). The Court did so on May 16, 2022, ECF No. [147], and Plaintiff moved for entry of a second amended judgment after the IRS recalculated the penalties on September 15, 2022, ECF No. [152].[2]

On November 1, 2022, the Court entered a Final Judgment After Remand, ECF No. [162], which Defendant appealed on December 2, 2022, ECF No. [164]. Plaintiff represents that Defendant has not posted a bond. ECF No. [169] at 3.

On January 6, 2023, Plaintiff filed the instant Motion, contending that the FDCPA[3] authorizes execution against a US-based bank account to satisfy a judgment on a debt owed to the United States. ECF No. [169] at 5-8. The Motion further argues the Court has inherent powers to

---

[2] Plaintiff represents that the IRS recalculated the penalties at higher amounts than originally assessed, but Plaintiff requested entry of judgment in the amounts originally assessed, plus further accruals of interest and late-payment penalties. *Id.*
[3] 28 U.S.C. §§ 3001-3308.

order Defendant to repatriate assets to satisfy the Final Judgment After Remand and is authorized to do so by the FDCPA and the All Writs Act.[4] *Id.* at 8-11.

In his Response, Defendant raises two primary arguments. First, Defendant argues his Notice of Appeal of the Final Judgment After Remand divests this Court of jurisdiction. *See generally* ECF No. [170]. Second, for that reason, Defendant contends he is not required to post an appeal bond. *Id.* Defendant raises several other arguments, including that orders to repatriate assets are appropriate only in cases involving an outstanding tax liability or ill-gotten gains obtained through fraudulent and deceptive conduct; that the funds sought after were never originally in the United States; that repatriation is an extraordinary remedy that should not be used on the facts of this case; and that there is no express repatriation remedy in the FDCPA. *Id.*

On February 10, 2023, Defendant filed his Appellant's Brief. Initial Br. of Appellant, *United States v. Schwarzbaum*, No. 22-14058 (11th Cir. Feb. 10, 2023). In the Appellant's Brief, Defendant argues this Court erred by entering a judgment, in violation of the Administrative Procedure Act (5 U.S.C. §§ 551-559), the Eleventh Circuit's 2022 decision in this matter, and the Eighth Amendment of the U.S. Constitution, for "new penalty assessments" that also violate the FBA and are barred by the six-year statute of limitations on assessments. Initial Br. of Appellant at 3-8.

Because the Court previously granted Plaintiff's first motion for an order to repatriate Defendant's assets in the Court's October 25, 2021 Order, it addresses only those arguments now raised and not already addressed in the Court's Order.

---

[4] 28 U.S.C. § 1651.

Case No. 18-cv-81147-BLOOM/Reinhart

## II. Discussion

### A. The Court's Jurisdiction

Defendant contends Defendant's Notice of Appeal divests this Court of jurisdiction. Specifically, Defendant argues that only the appellate court has jurisdiction once a defendant appeals a final judgment, except that a district court regains jurisdiction only if a post judgment motion renders the appeal dormant. ECF No. [170] at 2-3. Defendant further argues that Rule 4(a)(4) of the Federal Rules of Appellate Procedure enumerates those motions which render appeals dormant, the Motion is not one of these motions, so therefore the Court lacks jurisdiction to entertain the Motion. *Id.* at 3-4.[5]

Plaintiff replies that, absent the entry of a stay, a district court retains jurisdiction to enforce its judgment during the pendency of an appeal. ECF No. [171] at 2. Plaintiff further replies that Rule 4(a)(4) is irrelevant to the Motion because that provision provides for the tolling of the appeal clock while a district court decides one of the enumerated motions. *Id.* at 3.

The Eleventh Circuit has explained that the filing of a Notice of Appeal "generally divests a district court of jurisdiction as to those issues involved in the appeal." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) (citing *RES-GA Cobblestone,*

---

[5] Under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure:
> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>> **(i)** for judgment under Rule 50(b);
>> **(ii)** to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>> **(iii)** for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>> **(iv)** to alter or amend the judgment under Rule 59;
>> **(v)** for a new trial under Rule 59; or
>> **(vi)** for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4.

*LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013)). However, an appeal does not automatically stay the enforcement of a judgment, and absent the entry of a stay, a district court retains jurisdiction—via contempt or other means—to enforce its judgment during the pendency of an appeal. *Id.* (holding that district court had jurisdiction to issue contempt order for defendant's failure to satisfy judgment awarding restitution).

Here, Defendant has not moved for the entry of a stay, and plaintiffs have moved to repatriate Defendant's assets to satisfy the Final Judgment After Remand. Accordingly, the Court has jurisdiction to issue an order requiring repatriation of Defendant's foreign assets.

Defendant's reliance on *Stansell* and *Transtexas Gas Corp.* is misplaced. *Stansell* held the district court's denial of a motion to alter or amend a judgment in a garnishment proceeding under Rule 59(e) of the Federal Rules of Civil Procedure—on the ground that the notice of appeal divested the district court of jurisdiction—was erroneous. *Stansell*, 771 F.3d at 746. *Stansell* explained that the district court had jurisdiction to consider the Rule 59 motion because that motion suspended a notice of appeal that was pending in that case. *Id.* (citing Fed. R. Civ. App. 4(a)). Accordingly, *Stansell* instructs that a district court has jurisdiction "over those aspects of the case involved in the appeal" only when a party files any of the motions listed in Rule 4(a)(4)(A). The Eleventh Circuit did not hold in *Stansell* that a district court has jurisdiction only when a party files the motions listed in Rule 4(a)(4)(A) pertaining to those aspects of the case ***not*** involved in the appeal. Defendant raises several issues on appeal, including whether this Court erred by entering a final judgment that was barred by the statute of limitations and in violation of the Administrative Procedure Act, the Eleventh Circuit's 2022 decision in this matter, the Eighth Amendment of the U.S. Constitution, and the FBAR. However, the issue here is whether to grant the United States' Renewed Motion and issue an Order requiring Defendant to repatriate foreign

5

assets in support of the Final Judgment After Remand—an aspect of the case not involved in the appeal. As such, *Stansell* does not support Defendant's argument.

Defendant's reliance on *In re Transtexas Gas* is also misplaced. The Fifth Circuit held that a bankruptcy court lacked jurisdiction to enter an order reiterating the interest rate due to satisfy state taxing authorities' unsecured priority tax claims under an earlier order confirming a Chapter 11 reorganization plan. *In re Transtexas Gas Corp.*, 303 F.3d 571, 580-81 (5th Cir. 2002). That was because the state taxing authorities had filed a notice of appeal that raised the set interest rate as an issue on appeal, divesting the bankruptcy court of jurisdiction. *Id.* at 574-75. As such, *In re Transtexas Gas* provides no guidance where, as here, the issues on appeal do not concern repatriation.

### B. Appeal Bond

Defendant contends he is not required to post an appeal bond because the Court lacks jurisdiction to issue an order to repatriate foreign assets. ECF No. [170] at 4-5. Defendant reasons that Rule 62 of the Federal Rules of Civil Procedure recognizes the risk of "conflict between the district and appellate court's authority when issuing a stay of proceedings"—particularly when a party has not moved to stay proceedings to enforce a judgment by posting a bond or other security. Defendant concludes that the Tenth Circuit's decision in *Garrick v. Weaver* eliminates this risk by holding that district courts lack jurisdiction to rule on motions to enforce a judgment when the judgment is the subject of the appeal. *Id.* (relying on *Garrick v. Weaver*, 888 F.2d 687 (10th Cir. 1989)). Defendant further argues that the Supreme Court implicitly relied on this holding, suggesting that *Garrick*'s reasoning is binding on this Court. *Id.* (citing *City of San Antonio, Texas v. Hotels.com, L. P.*, 209 L. Ed. 2d 712, 141 S. Ct. 1628, 1632 (2021)).[6]

---

[6] The Court does not find a citation to *Garrick v. Weaver* in the Supreme Court's decision in *City of San Antonio*.

Defendant's interpretation of Rule 62 reads Rule 62(b) out of the Rule, which allows the court to stay post-judgment proceedings when it approves a bond or other security that the party seeking a stay provides. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."). The Eleventh Circuit has explained that the bond or security provided for in Rule 62(b) addresses the risk described by Defendant because the bond or security "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1141 (11th Cir. 2019) (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

Moreover, *Garrick* does not support Defendant's argument. In that case, a magistrate judge granted the defendant's motion to pay the entire amount of a settlement into the registry of the court pending resolution on appeal of a dispute over attorneys' fees to be paid from the settlement. *Garrick*, 888 F.2d at 690. The plaintiff argued a magistrate erred in determining he did not have jurisdiction to order disbursement of settlement funds during post-trial motions and the pendency of the plaintiff's appeal. *Id.* at 694. The Tenth Circuit reasoned that the magistrate judge was deprived of power over the case after the filing of a notice of appeal except insofar as he retained jurisdiction "in aid of the appeal." *Id.* at 695. The Tenth Circuit held "the magistrate's power in aid of the appeal does not extend to *approving disbursement of the funds in accordance with the very order being appealed.*" *Id.* (emphasis in original). The parties do not brief whether an order to repatriate Defendant's foreign assets is not "in aid of the appeal." Regardless, *Garrick* does not discuss which post-judgment orders are "in aid of the appeal," and the holding of *Garrick* is

inapplicable to this case because the propriety of the Court's entry of an order to repatriate is not an issue on appeal here. *See Hunter v. Town of Mocksville, N. Carolina*, 271 F. Supp. 3d 787, 792 (M.D.N.C. 2017) ("The very apportionment of the funds deposited with the court in [*Garrick*] was in dispute on appeal. . . . There is no such dispute in this case.").

### C. Defendant's Argument that an Order to Repatriate Foreign Assets Would be Against the Facts and the Law

Defendant raises a series of arguments in the alternative to his jurisdictional arguments. First, Defendant argues that foreign assets cannot be repatriated into the United States unless the assets repatriated are intended to satisfy an outstanding tax liability or for disgorgement of ill-gotten gains from fraudulent or deceptive conduct, and the assets were originally in the United States. ECF No. [170] at 5-9. Second, Defendant argues repatriation is not an available collection tool under the FDCPA. The Court addresses each argument in turn.

As an initial matter, the Court has already held that the funds in question need not have been in the United States in order to be subject to a repatriation order. ECF No. [127] at 7-11. In addition, the Court has also rejected Defendant's argument that repatriation is generally only applicable to collect on outstanding tax liabilities. *Id.* at 10. Moreover, Defendant's contention that repatriation is otherwise ordered in only disgorgement cases is unsupported because the cases Defendant cites do not say as much and Defendant does not explain how his contention necessarily follows from these cases. *See Sec. & Exch. Comm'n v. Aragon Capital Advisors, LLC*, No. 07-919, 2011 WL 3278907, at *9 (S.D.N.Y. July 26, 2011); *Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1232 (9th Cir. 1999); *Branch Banking & Trust Co. v. Hamilton Greens, LLC*, No. 11-80507, 2014 WL 1603759 (S.D. Fla. Feb. 26, 2014), *report and recommendation adopted*,

8

2014 WL 1493086 (S.D. Fla. Mar. 24, 2014). Finally, the Court has rejected Defendant's argument that repatriation is unavailable for collecting a judgment in FDCPA cases. ECF No. [127] at 7.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. As of November 1, 2022, Defendant Isac Schwarzbaum is indebted to the United States in the total amount of $17,929,717.88 ("Outstanding Debt"). ECF No. [162]. Late payment penalties shall continue to accrue pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a), 901.9, and post-judgment interest shall accrue on the Final Judgment After Remand pursuant to 28 U.S.C. § 1961. *Id.*

2. Defendant Isac Schwarzbaum is **ORDERED** to repatriate assets held overseas into a United States bank account in his name over which this Court has jurisdiction in an amount sufficient to satisfy the Outstanding Debt, inform counsel for the United States of the name and address of the bank and the complete bank account number, and notify the Court of his compliance with this Order **no later than April 28, 2023**.

3. Defendant Isac Schwarzbaum shall maintain the repatriated funds in the U.S. based bank account pending further Order of the Court.

4. Plaintiff shall file a notice pursuant to 28 U.S.C. § 3202(b) for the Clerk of Court to issue that is free from exhibit stamps.[7]

5. The Court reserves jurisdiction to award attorneys' fees and costs.

---

[7] Plaintiff filed a proposed Clerk's Notice of Post-Judgment Repatriation Order and Instructions to Judgment Debtor Isac Schwarzbaum, ECF No. 169-1 ("§ 3202(b) Notice"), but the § 3202(b) Notice has an "Exhibit A" stamp.

Case No. 18-cv-81147-BLOOM/Reinhart

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record