UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

**ORDER ON MOTION FOR STAY PENDING APPEAL**

**THIS CAUSE** is before the Court upon Defendant Isac Schwarzbaum's ("Schwarzbaum") Motion to Stay, ECF No. [178] ("Motion"), filed on April 27, 2023. Plaintiff the United States of America ("United States") filed a Response, ECF No. [179], to which Schwarzbaum filed a Reply, ECF No. [180]. The Court has carefully considered the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Schwarzbaum's Motion is denied.

    **I.**    **BACKGROUND**

On November 1, 2022, the Court entered Final Judgment After Remand for the United States and against Schwarzbaum in the amount of $12,555,813.00, plus further accruals of late payment penalties and interest. ECF No. [162]. On January 6, 2023, the United States filed a Renewed Motion for Order to Repatriate Foreign Assets. ECF No. [169]. Over Schwarzbaum's objection, the Court granted that motion and ordered Schwarzbaum to repatriate his assets held overseas into a United States bank account. ECF No. [176] ("Order to Repatriate").

In the Motion, Schwarzbaum requests that this Court stay the Order to Repatriate. ECF No. [178]. Schwarzbaum asserts that a stay is appropriate because, if he is forced to liquidate his foreign investment accounts before the appeal is concluded, he will face significant and irreparable harm because he "would be required to pay the transaction costs and income tax associated with the liquidation and transfer of his assets into the United States." *Id*. at 2.

The United States responds that none of the four stay factors weigh in Schwarzbaum's favor. *See generally* ECF No. [179]. It asserts that Schwarzbaum's proper recourse in these circumstances is to file a supersedeas bond. *Id*. at 2.

## II. LEGAL STANDARD

To obtain a stay pending appeal, a movant bears the burden of showing that the circumstances justify the court's exercise of its discretion to provide that relief. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The four relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (quotation marks omitted). "The first two factors . . . are the most critical." *Id.* The last two factors "merge when the Government is the opposing party." *Id.* at 435.

## III. DISCUSSION

Schwarzbaum has failed to show that any of the four relevant factors favor a stay of the Court's Order to Repatriate.

### A. Success on the Merits

The Eleventh Circuit has said that the first stay factor – likelihood of success on appeal – is ordinarily "the most important." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). As

to this factor, Schwarzbaum asserts that he "has raised a number of issues on appeal, any of which is likely to result in a reversal." ECF No. [178] at 5. However, he only specifies one such issue – that the Court erred by entering final judgment in favor of the United States "in the exact amount already deemed to violate the FBAR penalty statute[.]" *Id*.

Schwarzbaum is referring to the first time that the Eleventh Circuit considered the judgment against him in this case. *See United States v. Schwarzbaum*, 24 F.4th 1355, 1366-67 (11th Cir. 2022). In its Response, the United States persuasively argues that Schwarzbaum's argument is flawed because it conflates the erroneous *process* of the IRS's penalty calculation with the *amount* of that penalty. ECF No. [179] at 5. The Eleventh Circuit rejected the former but expressed no opinion regarding the latter. 24 F.4th 1366. Because the IRS's calculation was based on an incorrect procedure, remand was necessary because "the IRS *may* reach a different result when it recalculates Schwarzbaum's penalties in accordance with the FBAR civil penalty statute and regulations[.]" *Id.* at 1366 (emphasis in the original). But the Eleventh Circuit explicitly recognized that, following recalculation, the penalties will not necessarily be lower. *Id*. ("That is not to say the penalties will be lower. We do not presume to guess what the IRS will do.").

Accordingly, the Court rejects Schwarzbaum's only argument regarding success on the merits. Contrary to his argument, the Eleventh Circuit expressed no opinion regarding the amount of the IRS's penalty, and it explicitly recognized the possibility that, upon remand, the IRS's penalty assessment might not be any lower. *Id*. at 1365-66. Thus, Schwarzbaum has failed to make "a strong showing that he is likely to succeed on the merits[.]" *Nken*, 556 U.S. at 434 (quotation marks omitted).

### B.     Irreparable Injury

Turning to the second factor – irreparable injury – Schwarzbaum argues that requiring him to pay the penalty pending appeal will force him to liquidate his "portfolio of securities," which "could result in significant transaction costs and potential capital gain." ECF No. [178] at 6.

Schwarzbaum has provided no authority for the proposition that the mere possibility of "transaction costs" and "potential capital gain" constitute irreparable harm. Rather, as the United States points out, "[c]ourts have recognized that potential monetary loss is insufficient to establish irreparable harm." *Lustig v. Stone*, No. 15-cv-20150, 2016 WL 8983414, at *2 (S.D. Fla. Mar. 7, 2016) (citation omitted). Moreover, Schwarzbaum has neglected to support his Motion with an affidavit in support of his factual assertions regarding costs he may incur.

Accordingly, Schwarzbaum has failed to show that he "will be irreparably injured absent a stay[.]" *Nken*, 556 U.S. at 434 (quotation marks omitted).

### C.     The Remaining Factors

"Normally, a failure to satisfy the first factor in a motion for stay pending appeal dooms the motion." *In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1338 (S.D. Fla. 2020) (citation omitted). However, a "movant may also have his motion granted upon a lesser showing of a substantial case on the merits when the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d at 1453 (alteration in original) (quotation marks omitted). Here, as explained above, the first two factors are decisively in the United States' favor, so the Court's analysis could end here. Nonetheless, the Court will briefly address Schwarzbaum's remaining arguments.

First, Schwarzbaum argues that a stay will not substantially injure the United States. ECF No. [178] at 7. He argues that the stay would be brief in duration, and there is no risk of the assets

becoming lost. *Id*. In response, the United States argues that "[a] stay without a bond leaves the United States exposed to a complete and irreparable loss." *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1328 (M.D. Fla. 2011). It additionally asserts that Schwarzbaum's foreign holdings have decreased by $12 million since 2019. *Id.* at 8 n.4. In reply, Schwarzbaum asserts that the decrease in the value of his portfolio is due to the pandemic's negative effects on the global economy. ECF No. [180] at 4.

Second, Schwarzbaum argues that the Court should grant Schwarzbaum's Motion "to avoid judicial inconsistency." ECF No. [178] at 7 (citing *O'Boyle v. Town of Gulf Stream*, No. 19-cv-80196, 2020 WL 3067660, at *2 (S.D. Fla. Mar. 27, 2020)). However, as Schwarzbaum himself recognizes, the cases he has cited in support of his "judicial inconsistency" argument bear little relevance to the present circumstances. *Id.* at 7-8. In response, the United States correctly points out that "judicial inconsistency" would not result even if the Eleventh Circuit vacates the Court's Final Judgment. ECF No. [179] at 9.

Having considered the parties' arguments, the Court concludes that the final two stay factors – "harm to the opposing party" and the "public interest" – are not in Schwarzbaum's favor. *Nken*, 556 U.S. at 435. Although the United States has not made a strong showing that Schwarzbaum is currently disposing his assets, it is still true that "[a] stay without a bond leaves the United States exposed" to that possibility. *O'Callaghan*, 805 F. Supp. 1328.

In sum, Schwarzbaum has failed to show that any of the four stay factors are in his favor. The Court agrees with the United States that there are no extraordinary circumstances in this case that justify an exception from the normal post-judgment procedure of the judgment-debtor either paying the judgment entered against him, or posting a supersedeas bond. ECF No. [179] at 9.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Schwarzbaum's Motion, ECF No. [178], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 8, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record