IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| ISAC SCHWARZBAUM, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO UNITED STATES'
MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT
ISAC SCHWARZBAUM SHOULD NOT BE HELD IN CIVIL CONTEMPT**

**I.   Background**

The United States brought this action to recover civil FBAR penalties against Mr. Schwarzbaum for failure to fully report his interests in foreign bank accounts between 2006 and 2009 on a Report of Foreign Bank and Financial Accounts (FBAR). This Court concluded that Mr. Schwarzbaum's 2006 FBAR deficiencies were non willful. ECF No. 92. This Court further concluded that Mr. Schwarzbaum's 2007 through 2009 FBAR deficiencies were reckless. *Id.* Because the IRS violated the applicable statute, this Court set aside the penalty assessments and enter judgment for an amount determined by the Court. *Id.*; ECF No. 99.[1]

Mr. Schwarzbaum successfully appealed and the Eleventh Circuit vacated this Court's amended judgment and remanded the case, directing this Court to remand the case to the IRS. *United States v. Schwarzbaum*, 24 F. 4th 1355, 1363 (11th Cir. 2022). During the pendency of

---

[1] The Court's penalty calculation was later reduced to an amount equal to the IRS's original assessment pursuant to the United States' Rule 59(e) motion to alter or amend the judgment. ECF No. 104.

that first appeal this Court granted the United States' motion seeking a repatriation order. ECF No. 129. After this Court granted the repatriation order, the Clerk of Court issued a § 3202(b) notice. ECF No. 118. One consequence of the appellate ruling, aside from vacating the judgment, was that the repatriation order was moot and later vacated following an unopposed motion by Mr. Schwarzbaum. *Id.*; ECF No. 142.

Following the Eleventh Circuit's ruling, the IRS calculated new penalties and the United States subsequently moved for entry of a second amended judgment for the same penalties previously set aside. ECF No. 152. On November 1, 2022, this Court issued a Final Judgment after Remand against Mr. Schwarzbaum. ECF No. 162. On December 2, 2022, Mr. Schwarzbaum timely filed his Notice of Appeal with the Eleventh Circuit. ECF No. 164. The appeal is fully briefed and oral arguments are scheduled. The United States sought, and this Court granted, a second repatriation order for Mr. Schwarzbaum to liquidate assets and transfer the proceeds to the United States, despite most assets having never been within this Court's jurisdiction. ECF No. 176. If Mr. Schwarzbaum is once again successful in his appeal, the second repatriation will be moot, precisely as the first repatriation order was moot after the first appellate ruling. Yet, in the face of that pending second appeal, the United States seeks a contempt hearing because an impermissibly assessed reporting penalty has not yet been satisfied. The United States' motion should be denied because the Section 3202 notice mandate has not been satisfied and Mr. Schwarzbuam is not physically able to participate in any court proceedings at this time.

II.     **The Section 3202 Statutory Mandate Has Not Been Satisfied**

The Federal Debt Collection Procedures Act ("FDCPA") "provides the exclusive civil procedure for the United States to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). "On the commencement by the United States of an action or proceeding under this subchapter to obtain a

remedy, the counsel for the United States *shall* prepare, and the clerk of court *shall* issue, a notice….." 28 U.S.C. § 3202(b) (emphasis added).

> The notice alerts the debtor of [his] right to: (1) ask the court to return [his] property if [he] believes the property at issue qualifies under an exemption or if the debtor thinks [he] does not owe the money that the United States claims [he] does; and (2) request a hearing to explain why [he] believes [his] property is exempt or why [he] does not owe the United States money.

*United States v. Vilus*, No. 04-CV-5541, 2016 WL 5390119, at *2 (E.D.N.Y. Sept. 26, 2016). Importantly, "[s]ection 3202 further requires counsel for the United States to serve the following on the debtor: (1) a copy of the notice issued by the Clerk of Court required under § 3202(b), and (2) a copy of the application for granting a remedy under Subchapter C." *Id*; *see also* 28 U.S.C. § 3202(c). After the government serves the notice, a judgment debtor has twenty days to challenge the government's notice on the basis of any claim of exemption or the government's compliance with statutory requirements for the issuance of the post-judgment remedy. 28 U.S.C. § 3202(d); *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) ("If the judgment debtor request a hearing within 20 days of receiving notice, the court that issued such order *shall hold a hearing on such motion.*" (internal quotation omitted) (emphasis in original)). The use of the word "shall" throughout § 3202 is a procedural due process command. *Peters*, 783 F.3d at 1363 ("Using the verb 'shall' in a statute is a command. 'Shall' creates an obligation not subject to judicial discretion.").

Here, and rather simply, the government has not served a § 3202(b) notice issued by the Clerk of Court on Schwarzbaum. The United States, in its motion seeking the Repatriation Order, included as an exhibit a proposed Clerk's Notice of Post-Judgment Repatriation Order and Instructions to Judgment Debtor Isac Schwarzbaum.  ECF No. 169-1.  The proposed notice included an exhibit stamp.  In granting the repatriation order, the Court ordered the United States to file a § 3202(b) notice for the Clerk of Court to issue that was free from exhibit stamps.  ECF

3

No. 176 at 9. The United States filed the revised notice, ECF No. 177. To date, unlike the with the first repatriation order, the Clerk of Court has yet to issue statutorily required § 3202(b) notice Under the FDCPA, the government must serve the issued notice on Schwarzbaum to afford him procedural due process.

### III.  Mr. Schwarzbaum is Physically Unable to Attend a Court Proceeding

Mr. Schwarzbaum, at the present time, is not physically capable of attending or otherwise participating in a hearing in this Court. Mr. Schwarzbaum is 68 years old and has well-known chronic heart problems. In 2009, Mr. Schwarzbaum suffered a massive heart attack, which required immediate quintuple bypass surgery to save his life. Schwarzbaum Declar. ¶ 2. During his recovery from the heart attack and subsequent surgery, Mr. Schwarzbaum was unable to travel, even though his father was gravely ill, and ultimately was prevented from visiting his father before his death. *Id.*

On June 6, 2023, Mr. Schwarzbaum suffered another major heart attack, which required emergency transportation to the hospital. Unlike his earlier heart attack, this recent heart attack was not capable of being corrected through surgical intervention. Schwarzbaum Declar. ¶ 3. Subsequently, Mr. Schwarzbaum underwent a heart stress test under his doctor's supervision. Schwarzbaum Declar. ¶ 4. Pursuant to the results of the stress test, Mr. Schwarzbaum's doctor strongly advised him to avoid situations where he is subjected to physical or mental stress and to avoid travel by airplane for at least the remainder of this year, and possibly longer. Schwarzbaum Declar. ¶ 5.

Dated: October 13, 2023                                HOLLAND & KNIGHT LLP

                                                       */s/ Chad M. Vanderhoef*
                                                       CHAD M. VANDERHOEF
                                                       Florida Bar No. 109595
                                                       100 North Tampa Street, Suite 4100

Tampa, FL 33602
Telephone     (813) 227-6388
Facsimile     (813) 229-0134
chad.vanderhoef@hklaw.com

JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone     (305) 789-7713
Facsimile     (305) 789-7799
jose.casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone     (202) 469-5144
Facsimile     (202) 955-5564
nicole.elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone     (813) 227-6387
Facsimile     (813) 229-0134
william.sharp@hklaw.com
andrea.cortes@hklaw.com

DANIEL I. SMALL
Florida Bar No. 42579
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone     (617) 854-1453
Facsimile     (617) 523-6850
dan.Small@hklaw.com
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2023, I electronically file the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Chad M. Vanderhoef*
Chad M. Vanderhoef
