IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY IN SUPPORT OF UNITED STATES' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CIVIL CONTEMPT**

Defendant Isac Schwarzbaum has not complied with this Court's Order on the United States' Renewed Motion for Order to Repatriate Foreign Assets ("Renewed Repatriation Order") ECF No. 176. In light of his non-compliance, the United States filed a Motion for Order to Show Cause Why Defendant Should Not be Held in Civil Contempt ("Motion for Order to Show Cause"). ECF No. 189. The Motion for Order to Show Cause details why the Court should exercise its inherent authority to enforce compliance with the Renewed Repatriation Order by finding Schwarzbaum in civil contempt. In his response, Schwarzbaum does not counter any of the arguments raised in the United States' motion. ECF No. 191. Instead, he contends that since he might be successful on his pending appeal, his obedience of the Court's order is not yet required.[1] He next contends that he did not receive notice under 28 U.S.C. § 3202(b) of the

---

[1] Schwarzbaum correctly states that if he fully prevails on appeal the Renewed Repatriation Order would be moot. *See* ECF No. 191 at 2. Schwarzbaum made a similar argument when he moved to stay the Renewed Repatriation Order pending appeal. ECF No. 178. This Court denied his motion and determined that Schwarzbaum "failed to make a strong showing that he is likely to succeed on the merits" in his appeal. ECF No. 186 at 3 (quoting authority omitted).

(continued...)

United States' Renewed Motion for Order to Repatriate Foreign Assets. He also contends that he cannot participate in a show cause hearing because of his health. These arguments do not serve as a basis to deny the United States' Motion for Order to Show Cause.

## ARGUMENT

**I.     This Court was not required to issue notice pursuant to 28 U.S.C. § 3202(b) for the Renewed Motion for Order to Repatriate Foreign Assets.**

Schwarzbaum had actual notice of the United States' Renewed Motion for Order to Repatriate Foreign Assets ("Renewed Repatriation Motion") (ECF No. 169) and he filed a timely response to the motion (ECF No. 170). Yet Schwarzbaum now complains that the Court did not issue—and the United States did not serve on him—a notice in accordance with the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, *et al*. ECF No. 191 at 2-4. The relief requested in the Renewed Repatriation Motion did not require issuance of the notice described in § 3202(b) of the FDCPA.[2]

The FDCPA incorporates the All-Writs Act, 28 U.S.C. § 1651, which empowers federal courts to "'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" ECF No. 127 at 5 (quoting 28 U.S.C. § 1651); *see also* 28 U.S.C. § 3202(a) (providing that "[a] judgment may be enforced by any of the remedies set forth in this subchapter" and that "[a] court may issue other writs pursuant to section 1651 of title 28, United States Code, as necessary to support such remedies"). As

---

Schwarzbaum's bare hope that he might succeed on the merits of his appeal is no excuse for failure to obey the Court's order. Nor does this hope, which the Court noted it does not share, excuse him from the requirement to post a bond or seek a stay from the Court of Appeals if he wishes to condition compliance upon the outcome of the appeal.

[2] Schwarzbaum fails to allege that he sustained any prejudice as a result of not receiving a clerk-stamped version of the § 3202(b) notice that was attached to the Renewed Repatriation Motion.

recognized by this Court, "ordering Schwarzbaum to repatriate sufficient funds from his bank accounts in Switzerland conforms with the FDCPA, relying upon the express incorporation of the All Writs Act to support and supplement the expressly enumerated post-judgment remedies of garnishment and execution." ECF No. 127 at 7; *see also* ECF No. 176 at 9 (noting that the Court already "rejected Defendant's argument that repatriation is unavailable for collecting a judgment in FDCPA cases"). In other words, the Renewed Repatriation Order is not an FDCPA remedy in and of itself; it is an order authorized by the FDCPA (by reliance on the All Writs Act) to issue a preliminary order to aid a future FDCPA remedy.

Section 3202(b) of the FDCPA provides that when the United States commences an action under that subsection to obtain a remedy, the United States must prepare, and the clerk must issue, a notice to the judgment debtor in the form set forth in the statute. Although the United States attached a proposed § 3202(b) notice to its initial and renewed motions for a repatriation order (ECF Nos. 115-A, 169-A), in granting the United States' initial repatriation motion, the Court determined that § 3202(b) does not require issuance of a notice of a post-judgment repatriation order. ECF No. 127 at 11-12. The Court reasoned that the United States "has not sought the remedy of either garnishment or execution, as specifically enumerated in the FDCPA." *Id.* at 12. Once Schwarzbaum complied with the repatriation order and there were sufficient funds present in the United States, the Court concluded, "the Government may thereafter seek a remedy of garnishment or execution under the FDCPA with respect to [the repatriated] funds, and request that the Clerk of Court issue the appropriate notice." *Id.* Thus, as already recognized by this Court, the United States' request for a repatriation order did not entitle Schwarzbaum to the statutory notice described in § 3202(b).

**II.     Schwarzbaum's claimed inability to appear at a show cause hearing is not relevant to whether such a hearing is warranted.**

On October 3, 2023, this Court entered an Order referring the United States' Motion for Order to Show Cause to Magistrate Judge Bruce E. Reinhart for a Report and Recommendations. ECF No. 190. Magistrate judges have limited authority to address motions for contempt. 28 U.S.C. § 636(e). A "Magistrate Judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the District Judge why he or she should not be held in contempt on the basis of the certified facts." *Markos v. The Big & Wild Outdoors, LLC*, No. 22-1258-KKM-AEP, 2023 WL 6842099, at *3 (M.D. Fla. Oct. 17, 2023) (citing authority omitted); *see also id.* ("[T]he duty of the magistrate judge under this subsection is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order.") (quoting authority omitted).

The United States met its burden of showing that Schwarzbaum violated the Renewed Repatriation Order and that he should be held in civil contempt. ECF No. 189. The burden thus shifts to Schwarzbaum "to come forward at a show cause hearing with evidence explaining [his] noncompliance and why a contempt finding should not be found." *Markos*, 2023 WL 6842099, at *3 (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)). If Schwarzbaum chooses not to attend or otherwise participate in a show cause hearing that is his decision.[3]

---

[3] The United States also trusts that the Court, in its discretion, would delay scheduling any required in-person hearing until Schwarzbaum's health has improved such that he is permitted to travel, or would grant Schwarzbaum's timely request to appear at a contempt hearing by remote means if he is unable to travel for health reasons.

## CONCLUSION

The United States asks this Court to issue an Order to Show Cause to Schwarzbaum and require him to produce evidence explaining his noncompliance with the Court's Renewed Repatriation Order and why he should not be found in contempt of that Order.

Dated: October 20, 2023

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
JEFFREY N. NUÑEZ
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
214-880-9779 (Smith)
202-353-1988 (Nuñez)
202-514-4963 (fax)
Mary.E.Smith@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov

Counsel for Plaintiff
United States of America