UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-81147-BB

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ISAC SCHWARZBAUM,

        Defendant.
_____/

### REPORT AND RECOMMENDATION ON MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT (ECF No. 189)

The United States has a judgment against Isac Schwarzbaum for $17,929,717.88 plus post-judgment interest. ECF No. 162. On March 29, 2023, after a prior similar order was vacated after appeal, Judge Bloom ordered Mr. Schwarzbaum to repatriate sufficient funds to satisfy the principal amount of the judgment. ECF No. 176 ("Repatriation Order"). The operative language of the Repatriation Order was:

> 2. Defendant Isac Schwarzbaum is ORDERED to repatriate assets held overseas into a United States bank account in his name over which this Court has jurisdiction in an amount sufficient to satisfy the Outstanding Debt, inform counsel for the United States of the name and address of the bank and the complete bank account number, and notify the Court of his compliance with this Order no later than April 28, 2023.
>
> 3. Defendant Isac Schwarzbaum shall maintain the repatriated funds in the U.S. based bank account pending further Order of the Court.

ECF No. 176 at 9. Mr. Schwarzbaum appealed the Repatriation Order, ECF No. 177,

and moved for a stay pending appeal. ECF No. 178. Judge Bloom denied the stay pending appeal on June 8, 2023. ECF No. 186. Mr. Schwarzbaum did not seek a stay from the Eleventh Circuit. So, the Repatriation Order is in effect.

As of September 29, 2023, Mr. Schwarzbaum had not repatriated his assets, ECF No. 189-1, so the United States moved for an Order to Show Cause why he should not be held in civil contempt. ECF No. 189. It asked "that the Court impose such sanctions as the Court deems just and proper, including, but not limited to, a monetary fine for each day Schwarzbaum fails to comply with the Repatriation Order and incarceration." ECF No. 189 at 6.

In Response, Mr. Schwarzbaum argued that he is not in contempt because he is not required to repatriate the money until the Clerk of Court issues a notice under Section 3202 of the Federal Debt Collection Practices Act (FDCPA). ECF No. 191 at 2. Section 3202 says that when the United States commences an action or proceeding to enforce a judgment, "the counsel for the United States shall prepare, and the clerk of court shall issue," a notice telling the debtor about the collection action and advising the debtor of certain rights. 28 U.S.C. § 3202(b).

In Reply, the United States says Section 3202 is not yet implicated because the Repatriation Order is not a remedy under the FDCPA but instead is "a preliminary order to aid a future FDCPA remedy." ECF No. 192 at 3.

Judge Bloom referred the Motion to me for a Report and Recommendation. ECF No. 190.[1] I held a status conference with the parties; both sides said they did

---

[1] I construe this post-trial referral to be under 28 U.S.C. §636(b)(3), which says, "A

2

not wish to provide additional evidence beyond the written pleadings. They also agreed there was no need to conduct a show-cause hearing separate from the merits of whether Mr. Schwarzbaum was not complying with the Repatriation Order. This matter is fully briefed and ripe for decision.

"A finding of civil contempt must be supported by clear and convincing evidence . . . The evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Jysk Bed'N Linen v. Dutta-Roy*, 714 Fed. Appx. 920, 922 (11th Cir. 2017) (citations omitted). The Court must "construe any ambiguities or uncertainties in such a court order in a light favorable to the person charged with contempt." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007).

Mr. Schwarzbaum does not contend that the Repatriation Order is invalid or unlawful. He does not claim it is unclear. He does not claim that he cannot comply. Rather, he says that a condition precedent has not occurred, which excuses him from complying.

First, the Repatriation Order on its face unambiguously and unconditionally requires immediate compliance. By its clear terms, it does not depend on a Section 3202 Notice being issued. Even if Mr. Schwarzbaum believes the Repatriation

---

magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Because the allegedly contemptuous act did not occur while the matter was pending before me, I do not apply the certification procedures under 28 U.S.C. §636(e)(6).

Order does not comply with the FDCPA, he still must comply with it. "[A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975); *see also, e.g., Walker v. City of Birmingham*, 388 U.S. 307 (1967) (affirming criminal contempt for not complying with unconstitutional injunction).

Second, on the merits, Mr. Schwarzbaum's argument flies in the face of the plain language of the FDCPA, which distinguishes "the remedies set forth in this subchapter" from "other writs . . . necessary to support such remedies." 28 U.S.C. §3202(a). The Section 3202 Notice is required only when the United States commences "an action or proceeding . . . to obtain a remedy." 28 U.S.C. §3202(b). Judge Bloom addressed this distinction in her Order adopting my prior Report and Recommendation:

> Here, the Government has not sought the remedy of either garnishment or execution, as specifically enumerated in the FDCPA. Rather, the Government has requested an order in support of such remedies, directing Schwarzbaum to repatriate sufficient assets to satisfy the Judgment from his foreign bank accounts to the United States. Once Schwarzbaum has complied with this order and sufficient funds are present in the United States, the Government may thereafter seek a remedy of garnishment or execution under the FDCPA with respect to those funds, and request that the Clerk of Court issue the appropriate notice.

ECF No. 127 at 12.

5

In sum, the Repatriation Order made clear that Mr. Schwarzbaum was being ordered to unconditionally repatriate his assets even without the clerk issuing a Section 3202 Notice. There is clear and convincing evidence that he is able to comply with the unambiguous Repatriation Order and is nevertheless refusing to do so.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court find Mr. Schwarzbaum in civil contempt and conduct an in-person hearing to determine the proper sanction.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 7th day of November, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE