IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ISAC SCHWARZBAUM, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MEMORANDUM ON CIVIL CONTEMPT SANCTIONS**

Mr. Schwarzbaum, through undersigned counsel, and pursuant to this Court's Order Adopting Magistrate Judge's Report and Recommendations, ECF No. 199, hereby files this court-ordered memorandum on contempt sanctions.

**I.   Background**

Following Mr. Schwarzbaum's successful first appeal in this case and subsequent remand from the Eleventh Circuit Court of Appeals triggered by that favorable ruling, the United States moved for entry of a second amended judgment for the *exact same* unlawful penalties previously rejected, first by this Court and thereafter by the Eleventh Circuit. ECF No. 152. On November 1, 2022, this Court issued a Final Judgment after Remand against Mr. Schwarzbaum for those *exact same* penalty amounts disallowed twice before. On December 2, 2022, Mr. Schwarzbaum timely filed his Notice of Appeal to the Eleventh Circuit Court of Appeals. ECF No. 164. Mr. Schwarzbaum's second appeal of the same unlawful penalty assessments has been fully briefed and oral argument was held before a three-judge panel on December 6, 2023.

The United States, during the pendency of Mr. Schwarzbaum's second appeal, sought and obtained a second repatriation order for the same penalty amount already disallowed. ECF No. 169; ECF No. 176. This Court denied Mr. Schwarzbaum's motion to stay the repatriation order pending the outcome of the second appeal. ECF No. 186. Thereafter, the United States filed a motion for a show cause as to why Mr. Schwarzbaum should not be held in contempt, ECF No. 189, and the magistrate judge recommended that Mr. Schwarzbaum be held in contempt. ECF No. 196. This Court adopted the magistrate's recommendation and scheduled a sanctions hearing for March 1, 2024. ECF No. 199.

Mr. Schwarzbaum, in his Response to United States' Motion for Order to Show Cause Why Defendant Isac Schwarzbaum Should Not Be Held in Contempt, informed this Court he was unable to travel to the United States. ECF No. 191. In the interim, Mr. Schwarzbaum's doctors have reaffirmed those instructions. Mr. Schwarzbaum's cardiologist instructed him not to take any long flights. Schwarzbaum Declar. ¶ 6. Similarly, Mr. Schwarzbaum's general practitioner instructed Mr. Schwarzbaum not to travel by air before August 31, 2024. Schwarzbaum Declar. ¶ 7. Accordingly, upon instruction from his medical professionals, Mr. Schwarzbaum will not be in attendance at the hearing scheduled for March 1, 2024 before this Court.

## II. Any Applicable Contempt Sanction Should be Suspended Until After the Appellate Court Rules in Mr. Schwarzbaum's Pending Appeal

Courts enjoy liberal discretion to enforce orders and judgments, but that discretion should be restrained here considering the unique circumstances of this case. Civil contempt sanctions include fines and coercive incarceration; *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297 (11th Cir. 1991), however, "[w]hen fashioning a sanction to secure compliance, a district court should consider the character and magnitude of the harm threatened by continued contumacy

and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* at 1304 (internal quotes omitted). Coercive sanctions must not violate constitutional protections—namely sanctions cannot be so excessive as to be punitive. *Id.*

The facts of this case yield a determination that no sanction is necessary at the present time and, to the extent this Court decides a sanction is appropriate, any applicable sanction should be suspended at least until such time as the Eleventh Circuit issues a ruling in Mr. Schwarzbaum's second appeal. In *Citronelle*, the Eleventh Circuit was clear that the magnitude of the harm should be considered in determining contempt sanctions. Waiting until the Eleventh Circuit issues its opinion in the second appeal is of minimal to no harm to the United States, especially considering the case is fully briefed and oral argument was held two and a half months ago, making a decision in the near future very likely. Furthermore, Mr. Schwarzbaum continues to file annual FBARs making the government fully aware of his financial holdings, and as this Court concluded, there is no danger that Mr. Schwarzbaum is dissipating his assets. ECF No. 133 ("The government will suffer little prejudice by the additional short delay in repatriating assets. … There is no indication that Defendant will dissipate assets …").

The magistrate's statement that "Mr. Schwarzbaum does not contend that the Repatriation Order is invalid or unlawful[]" is accurate only in a very narrow sense. While not a direct attack of the repatriation order, Mr. Schwarzbaum has challenged the validity and enforceability of the judgment that provides the foundation for the repatriation order. In fact, the repatriation order at issue here ("Second Repatriation Order") is, in all material aspects, identical to the original repatriation order ("First Repatriation Order").[1] The First Repatriation Order was vacated by this

---

[1] The underlying penalty assessment amounts are identical, i.e., $4,185,271 for each of the 2007 through 2009 reporting years, *see* ECF No. 105; ECF No. 162. Any difference in the aggregate amount ordered to be repatriated is due to interest or late payment penalty calculations.

3

Court because the judgment on which it was based was vacated by the Eleventh Circuit. *United States v. Schwarzbaum*, 24 F.4th 1355 (11th Cir. 2022) ("*Schwarzbaum I*"). The final judgment upon which the Second Repatriation Order is based suffers from the same legal infirmities as the vacated judgment in *Schwarzbaum I*. The Eleventh Circuit could issue its ruling any day, in which case, a ruling in favor of Mr. Schwarzbaum would likely, once again, invalidate the Second Repatriation Order.

### III.   Conclusion

Mr. Schwarzbaum exercised his right to appeal this Court's amended judgment. The United States obtained the Second Repatriation Order on the basis of that amended judgment—just as it had obtained the First Repatriation Order. This Court was forced to vacate that First Repatriation Order after the Eleventh Circuit vacated the faulty underlying judgment on which it was premised. Respectfully, the amended judgment underlying the Second Repatriation Order is equally defective. Another successful appeal and vacatur of the amended judgment would likely cause the Second Repatriation Order to be void. Accordingly, no contempt sanction should be imposed against Mr. Schwarzbaum at the present time, and to the extent the Court finds sanctions appropriate, any sanction should be suspended until the Eleventh Circuit issue an opinion in Mr. Schwarzbaum's second appeal.

Dated: February 16, 2024                                  HOLLAND & KNIGHT LLP

*/s/ Chad M. Vanderhoef*
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone     (813) 227-6388
Facsimile       (813) 229-0134
chad.vanderhoef@hklaw.com

4

JOSE A. CASAL
Florida Bar No. 767522
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone    (305) 789-7713
Facsimile    (305) 789-7799
jose.casal@hklaw.com

NICOLE M. ELLIOTT
Admitted *Pro Hac Vice*
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone    (202) 469-5144
Facsimile    (202) 955-5564
nicole.elliott@hklaw.com

WILLIAM M. SHARP, SR.
Florida Bar No. 341452
ANDREA DARLING de CORTES
Admitted *Pro Hac Vice*
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone    (813) 227-6387
Facsimile    (813) 229-0134
william.sharp@hklaw.com
andrea.cortes@hklaw.com

DANIEL I. SMALL
Florida Bar No. 42579
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone    (617) 854-1453
Facsimile    (617) 523-6850
dan.Small@hklaw.com
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2024, I electronically file the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

<i>/s/ Chad M. Vanderhoef</i><br>
Chad M. Vanderhoef

#183355456_v1