IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**JOINT NOTICE OF FILING PROPOSED ORDER**

Plaintiff, the United States of America, and the defendant, Isac Schwarzbaum, in accordance with the Court's Order entered on March 19, 2025 (ECF No. 207), submit the attached proposed final judgment. The proposed judgment includes the base amounts of the civil penalty assessments and updates the amounts of the accrued late-payment penalties and pre-judgment interest. As detailed below, the parties provide the amount of said accruals through April 2, 2025—together with the details of the calculations—plus a daily accrual amount based on those calculations so that the Court has flexibility to enter a final judgment for the current amount due on a date that is convenient.

1. On November 1, 2022, the Court entered judgment in the United States' favor in the amount of $12,555,813—representing willful FBAR penalties assessed against Schwarzbaum for 2007 through 2009 (*i.e.*, $4,185,271 per year)—plus late-payment penalties and pre-judgment interest. ECF No. 162. Schwarzbaum filed an appeal, and the United States Court of Appeals for the Eleventh Circuit affirmed in part and reversed in part. ECF No. 206. The Eleventh Circuit upheld all but $300,000 in assessed penalties (assessed against the Aargauische account), and

remanded the case to this Court "with instructions to enter a judgment in the amount of $12,255,813, and to calculate the amount of late fees and interest." *Id.* at 58.

2. On March 19, 2025, this Court ordered the parties to jointly file a proposed order consistent with the Eleventh Circuit's mandate on or before April 2, 2025. ECF No. 207.

3. Consistent with this Court's Order, the parties request entry of final judgment in the following amounts:

    a. $4,085,271.00 as an assessed willful FBAR penalty for the year 2007;

    b. $4,085,271.00 as an assessed willful FBAR penalty for the year 2008;

    c. $4,085,271.00 as an assessed willful FBAR penalty for the year 2009;

    d. Pre-judgment interest amounting to $1,045,941.30, as of April 2, 2025;

    e. Late-payment penalties under 31 U.S.C. § 3717(e)(2) amounting to $6,275,647.80, as of April 2, 2025;

    f. The total amounts due as of April 2, 2025, resulting from a combination of the above amounts, is **$19,577,402.10**

    g. Post-judgment interest under 28 U.S.C. § 1961(a), and late payment penalties under 31 U.S.C. § 3717(e)(2), continue to accrue from and after the date the judgment is entered until the judgment is paid in full.

Late-payment penalties accrue at a rate "of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due." 31 U.S.C. § 3717(e)(2); *see also* 31 C.F.R. § 5.5(a) (penalties accrue at the rate of 6% per year).

Pre-judgment interest is based on "a minimum annual rate of interest . . . that is equal to the average investment rate for the Treasury tax and loan accounts for the 12-month period ending on September 30 of each year, rounded to the nearest whole percentage point." 31 U.S.C.

§ 3717(a)(1). "The rate of interest, as initially charged, shall remain fixed for the duration of the indebtedness." 31 C.F.R. § 901.9(b)(3); 31 U.S.C. §§ 3717(c)(1)-(2). Interest does not compound, and it does not accrue on late-payment penalties. *Id.*; 31 U.S.C. § 3717(f).

Pre-judgment interest and late-payment penalties begin to accrue from the date the IRS mails the notice of the FBAR assessments to the debtor. 31 U.S.C. § 3717(b)(2); 31 C.F.R. §§ 901.9(b)(1), (d). The IRS assessed the FBAR penalties at issue on September 6, 2016, and sent Schwarzbaum notice of the assessments by letter dated September 21, 2016. *See* Plaintiff Trial Ex. No. 48. Thus, pre-judgment interest began to accrue on September 21, 2016, and will continue to the date the Court enters final judgment.

Pre-judgment interest is calculated by multiplying the applicable rate (*i.e.*, 1%)[1] by the amount of the assessment (*i.e.*, $12,255,813), dividing the sum by the number of days in the year (*i.e.*, 365), and then multiplying the sum by the number of days between the date the notice was sent and the date of judgment. There are 3,115 days between September 21, 2016, and April 2, 2025. Thus, if the Court enters final judgment on April 2, 2025, the United States would be entitled to $1,045,941.30 in pre-judgment interest as shown by the following calculation: ((.01 x 12,255,813)/365) x **3115** = $1,045,941.30. If the Court enters judgment after April 2, 2025, pre-judgment interest may be calculated by modifying the number in bold to reflect the number of days between September 21, 2016, and the date of entry of judgment. The daily accrual rate for pre-judgment interest is approximately $335.78.

---

[1] The applicable annual interest rate in this case is one percent (1%) because the IRS made the assessment in 2016. *See* Fiscal Service, 80 FR 69777-02, 2015 WL 6866073 (Nov. 10, 2015) (providing that the interest rate to be used in assessing interest charges under 31 U.S.C. § 3717 for calendar year 2016 is one percent).

Late-payment penalties are calculated by multiplying the applicable rate (*i.e.*, 6%)[2] by the amount of the assessment (*i.e.*, $12,255,813), dividing the sum by the number of days in the year (*i.e.*, 365), and then multiplying the sum by the number of days between the date the notice was sent and the date of judgment. Thus, if the Court enters final judgment on April 2, 2025, the United States would be entitled to $6,275,647.80 in late-payment penalties as of that date, which is shown by the following calculation: ((.06 x 12,255,813)/365) x **3115** = $6,275,647.80. If the Court enters judgment after April 2, 2025, late-payment penalties may be calculated by modifying the number in bold to reflect the number of days between September 21, 2016, and the date of entry of judgment. The daily accrual rate for late-payment penalties is approximately $2,014.65.

As of April 2, 2025, Defendant owes the United States a total of $19,577,402.10 for the FBAR assessments, pre-judgment interest, and late-payment penalties. Late-payment penalties continue to accrue until the judgment is paid in full. Post-judgment interest will begin to accrue at the applicable statutory rate upon entry of judgment until the judgment is paid in full. A proposed order is attached to this notice.

//

---

[2] As detailed *supra*, the applicable penalty accrual rate is six percent (6%).

Dated: April 2, 2025	Respectfully submitted,

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
MARY ELIZABETH SMITH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 353-1988 (Nuñez)
(214) 880-9779 (Smith)
(202) 514-4963 (fax)
Jeffrey.N.Nunez@usdoj.gov
Mary.E.Smith@usdoj.gov
*Attorneys for Plaintiff United States of America*

*/s/ Chad M. Vanderhoef (with consent)*
CHAD M. VANDERHOEF
Florida Bar No. 109595
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone (813) 227-6388
Facsimile (813) 229-0134
chad.vanderhoef@hklaw.com
*Attorney for Defendant Isac Schwarzbaum*