IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| ISAC SCHWARZBAUM, | ) |
| Defendant. | ) |

**UNITED STATES' REQUEST FOR HEARING ON CIVIL CONTEMPT SANCTIONS**

Plaintiff the United States of America requests that the Court reschedule a hearing to determine the proper sanction for Defendant Isac Schwarzbaum's non-compliance with the Renewed Repatriation Order (ECF No. 176), which non-compliance resulted in this Court finding Schwarzbaum in civil contempt of that Order. ECF No. 199. The United States is treating this request as opposed since, when contacted pursuant to Local Rule 7.1(a)(3), counsel for the defendant Schwarzbaum responded that they were not authorized to act on his behalf. In support of this request, the United States avers:

1. This is an action to enforce civil FBAR penalties that the IRS assessed against Schwarzbaum. On November 1, 2022, the Court entered an amended final judgment for the United States and against Schwarzbaum in the amount of $12,555,813, plus further accruals of late payment penalties and interest. ECF No. 162. As of November 1, 2022, Schwarzbaum owed a total of $17,929,717.88. Schwarzbaum appealed that judgment. ECF No. 164; *see United States v. Schwarzbaum*, No. 22-14058 (11th Cir.).

1

2. Schwarzbaum did not pay the judgment or post a *supersedeas* bond, which required the United States to file a Renewed Motion for Order to Repatriate Foreign Assets. ECF No. 169. The Court granted the motion and entered the Renewed Repatriation Order on March 29, 2023. The Renewed Repatriation Order required Schwarzbaum to repatriate his assets sufficient to pay the outstanding judgment by no later than April 28, 2023. ECF No. 176.

3. Schwarzbaum moved to stay the Renewed Repatriation Order pending his appeal (ECF No. 178), but the Court denied that motion. ECF No. 186.

4. Schwarzbaum did not comply with the Renewed Repatriation Order, resulting in the Court finding him in civil contempt of that Order. ECF No. 199. The Court required the parties to submit in writing argument regarding the appropriate sanction. *Id.* The Court scheduled an in-person hearing for March 1, 2024, to determine the proper sanction. *Id.*

5. Schwarzbaum recommended that the Court impose no sanctions or, in the alternative, that the Court suspend any sanction until resolution of his appeal. ECF No. 202 at 4. The United States argued that imprisonment, a monetary fine, or a combination of both would be appropriate given Schwarzbaum's defiance and continued refusal to comply with the Renewed Repatriation Order. ECF No. 203 at 3.

6. On February 27, 2024, the Court entered a paperless order holding in abeyance the sanctions hearing. ECF No. 204. The Court advised that it will "reschedule the hearing after the resolution of the pending appeal in the Eleventh Circuit in this case." *Id.* The Court ordered the parties to file a joint status report within seven days of the Eleventh Circuit's resolution of the pending appeal. *Id.*

7. On August 30, 2024, the Eleventh Circuit issued an opinion, affirming in part and reversing in part the amended final judgment. *United States v. Schwarzbaum*, No. 22-14058,

ECF No. 35-1 (Aug. 30, 2024). The Eleventh Circuit upheld the FBAR penalties assessed against Schwarzbaum, with the exception of three penalties totaling $300,000 that it held violated the Excessive Fines Clause of the Eighth Amendment. *Id.* at 4.

8. On March 17, 2025, the Eleventh Circuit issued the mandate, remanding the case to this Court "with instructions to enter a judgment in the amount of $12,255,813, and to calculate the amount of late fees and interest." ECF No. 206 at 58.

9. This Court ordered the parties to jointly file a proposed order consistent with the Eleventh Circuit's mandate. ECF No. 207. The parties filed a proposed final judgment. ECF No. 209.

10. On April 9, 2025, the Court entered final judgment in favor of the United States and against Schwarzbaum as to Counts 2, 3, and 4 of the Complaint, with pre-judgment interest and late-payment penalties, totaling $19,591,504.69. ECF No. 210. Post-judgment interest and late-payment penalties continue to accrue until the judgment is paid in full. *Id.*

11. On April 11, 2025, the United States sent Schwarzbaum's counsel a demand letter, seeking payment of the judgment. A copy of the letter is attached as **Exhibit A**. Schwarzbaum's counsel acknowledged receipt of the letter, but Schwarzbaum has not made any payment towards the judgment. The United States now must continue to engage in post-judgment collection efforts under the Federal Debt Collection Procedures Act to enforce its claim for the judgment debt. As a result, the United States is also entitled to recover a surcharge of ten percent of the amounts owed.[1] But, what the amount of the surcharge would be and any

---

[1] The surcharge, authorized by 28 U.S.C. § 3011(a), applies once a judgment debtor fails to pay the amount due under a judgment pursuant to a demand for payment, and the United States must resort to post-judgment remedies under the Federal Debt Collection Procedures Act to enforce the claim for the judgment debt. *See Office of Thrift Supervision v. Paul*, 985 F. Supp. 1465,
(continued...)

related issues can be tabled until Schwarzbaum is first brought into compliance with the Court's repatriation order, and a proper contempt sanction is imposed if he does not comply.

12. As set forth above, even though Schwarzbaum obtained partial relief from the penalty from the Court of Appeals, if he had complied with the repatriation order in April of 2023 (or posted a *supersedeas* bond), the amount he would have paid then would have been less than what he owes now even after the amount of the judgment was reduced in part (on account of accruing late payment penalties and interest). As a result, Schwarzbaum's contempt has been continual and is ongoing since April 28, 2023, and the Court need not vacate its prior finding of contempt. It appears that Schwarzbaum is simply refusing to pay the judgment or obey the Court's orders because he has fled the Court's jurisdiction and believes he is beyond punishment. That remains to be seen. Regardless, vacating the Court's prior orders would only serve to delay matters further, since Schwarzbaum has continued to defy the Renewed Repatriation Order and the Court would ultimately arrive at the same conclusion: finding Schwarzbaum in contempt.

13. For these reasons, the United States requests that the Court dispense with any further contempt proceedings and proceed immediately to determining the appropriate sanction for Schwarzbaum's civil contempt that continues to this day.

---

1476 (S.D. Fla. 1997) (ordering payment of the ten-percent surcharge to cover litigation costs of collecting a federal debt).

**CERTIFICATE OF CONFERRAL**

On May 12, 2025, counsel for the defendant Schwarzbaum informed the undersigned that they intend to file a notice of withdrawal as counsel. No such filing or motion to withdraw has been made. On May 14, 2025, in accordance with Local Rule 7.1(a)(3), undersigned counsel conferred with Defendant Isac Schwarzbaum's counsel, Chad Vanderhoef, wherein the United States asked for a response on whether the defendant consented to or opposed the request prior to 3:00pm eastern time. Mr. Vanderhoef responded that he was not authorized to act, and would forward our request to defendant Schwarzbaum.

Dated: May 14, 2025

Respectfully submitted,

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
MARY ELIZABETH SMITH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
214-880-9779 (Smith)
202-353-1988 (Nuñez)
Mary.E.Smith@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov

*Counsel for Plaintiff*
*United States of America*