IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ISAC SCHWARZBAUM, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' LIMITED OBJECTION TO REPORT AND RECOMMENDATION**

The United States files this limited objection to the Report and Recommendation issued on June 10, 2025 (ECF No. 217). Isac Schwarzbaum's past and repeated failure to obey the Court's orders warrants a hearing to determine whether the termination of counsel is *bona fide* or is yet another attempt by the defendant to thwart this Court's judgment against him. While the United States is mindful that parties are generally free to retain and terminate counsel in their own discretion, we respectfully submit (given that this Court has already found Isac Schwarzbaum in contempt of its prior orders) that the motion for his counsel to withdraw should not be decided in a vacuum. Instead, we urge the Court to hear that motion in conjunction with the August 28, 2025 hearing (ECF No. 218) on the proper sanction for the defendant's contempt. While there is no decisional law on point, the record of this case, and the persuasive authority cited in our opposition (ECF No. 216), amply supports further inquiry into the circumstances underlying the motion for defendant's counsel to withdraw. The Court has the inherent authority to inquire into all matters pertinent to ensuring that its judgment in this case is enforced. The pending contempt sanctions and counsel's request to withdraw at the 11th hour all

stem from the past refusal of Isac Schwarzbaum to honor the judgment entered against him. Given those circumstances, he and his counsel should not be allowed to go quietly into the night while Mr. Schwarzbaum lives in Switzerland and alleges that he will appear *pro se*. But we are also sensitive to the point that parties should be free to choose their own representation, and counsel who appear before this Court should not, in the normal course, be compelled to work (likely without compensation) after their client terminates their representation. If the Court is inclined to adopt the Report and Recommendation, the United States requests that the forthcoming order clarify the way Mr. Schwarzbaum—who appears to want to proceed *pro se*—may be served going forward. The United States requests that the Court allow the United States to serve Mr. Schwarzbaum with all orders or other filings in this case by sending such documents to his personal email address as opposed to having him served in Switzerland. *See* ECF No. 211. The United States further requests that the motion and our objection to the Report and Recommendation be resolved at an in-person hearing, so that Mr. Schwarzbaum can hear directly from the Court, its expectations going forward.

## PROCEDURAL BACKGROUND

1. This is an action to enforce civil FBAR penalties that the IRS assessed against Schwarzbaum. On November 1, 2022, the Court entered an amended final judgment for the United States and against Schwarzbaum in the amount of $12,555,813, plus further accruals of late payment penalties and interest. ECF No. 162. As of November 1, 2022, Schwarzbaum owed a total of $17,929,717.88. Schwarzbaum appealed that judgment. ECF No. 164.

2. Schwarzbaum did not pay the judgment or post a *supersedeas* bond, which required the United States to file a Renewed Motion for Order to Repatriate Foreign Assets. ECF No. 169. The Court granted the motion and entered the Renewed Repatriation Order on

March 29, 2023. The Renewed Repatriation Order required Schwarzbaum to repatriate his assets sufficient to pay the outstanding judgment by no later than April 28, 2023. ECF No. 176.

3. Schwarzbaum moved to stay the Renewed Repatriation Order pending his appeal (ECF No. 178), but the Court denied that motion. ECF No. 186.

4. Schwarzbaum did not comply with the Renewed Repatriation Order, resulting in the Court finding him in civil contempt of that Order. ECF No. 199. The Court required the parties to submit in writing arguments regarding the appropriate sanction. *Id.* The Court scheduled an in-person hearing for March 1, 2024, to determine the proper sanction. *Id.*

5. Schwarzbaum recommended that the Court impose no sanctions or, in the alternative, that the Court suspend any sanction until resolution of his appeal. ECF No. 202 at 4. The United States argued that coercive sanctions, including incarceration, a monetary fine, or a combination of the two would be appropriate given Schwarzbaum's defiance and continued refusal to comply with the Renewed Repatriation Order. ECF No. 203 at 3.

6. On February 27, 2024, the Court entered a paperless order holding in abeyance the sanctions hearing. ECF No. 204. The Court advised that it will "reschedule the hearing after the resolution of the pending appeal in the Eleventh Circuit in this case." *Id.* The Court ordered the parties to file a joint status report within seven days of the Eleventh Circuit's resolution of the pending appeal. *Id.*

7. On August 30, 2024, the Eleventh Circuit issued an opinion, affirming in part and reversing in part the amended final judgment. *United States v. Schwarzbaum*, No. 22-14058, ECF No. 35-1 (Aug. 30, 2024). The Eleventh Circuit upheld the FBAR penalties assessed against Schwarzbaum, except for three penalties totaling $300,000 that it held violated the Excessive Fines Clause of the Eighth Amendment. *Id.* at 4.

8. On March 17, 2025, the Eleventh Circuit issued the mandate, remanding the case to this Court "with instructions to enter a judgment in the amount of $12,255,813, and to calculate the amount of late fees and interest." ECF No. 206 at 58.

9. On April 9, 2025, the Court entered final judgment in favor of the United States and against Schwarzbaum as to Counts 2, 3, and 4 of the Complaint, with pre-judgment interest and late-payment penalties, totaling $19,591,504.69. ECF No. 210. Post-judgment interest and late-payment penalties continue to accrue until the judgment is paid in full. *Id.*

10. On April 11, 2025, the United States sent Schwarzbaum's counsel a demand letter, seeking payment of the judgment. In addition, the United States advised that "if your client cannot, or will not, pay by May 12, 2025, we further demand that he supplement his January 27, 2021 responses to the United States' November 17, 2020 *Requests for the Production of Documents* and *Interrogatories to Defendant*, in accordance with Fed. R. Civ. P. 26(e)." ECF No. 216-1.

11. On May 12, 2025—the deadline noted in the United States' letter for Schwarzbaum to pay the judgment and/or supplement his discovery responses—Schwarzbaum's counsel informed the undersigned by email that Schwarzbaum "has terminated Holland & Knight's representation and advised the firm that we no longer have authority to act on his behalf." ECF No. 216-2. In addition, defense counsel advised that they would "file the appropriate notice with the court in accordance with the SDFL rules." *Id.*

12. To date, Schwarzbaum has not made any payment towards the judgment, and he has not supplemented his post-judgment discovery responses (calling into question how much he intends to comply with his obligations as a *pro se* litigant). As a result of Schwarzbaum's refusal

to pay the judgment, the United States must continue to engage in post-judgment collection efforts under the Federal Debt Collection Procedures Act to collect the Court's judgment.

13. On May 14, 2025, the United States filed a request for hearing on civil contempt sanctions, asking the Court to determine the appropriate sanction for Schwarzbaum's ongoing civil contempt. In advance of filing the request for a sanctions hearing as part of its duty to confer under L.R. 7.1, the United States contacted defense counsel to determine whether they consented to the requested relief. Defense counsel responded by filing their motion to withdraw as counsel (ECF No. 211, styled as a "notice"). In the motion, defense counsel advised that they "were engaged to represent Mr. Schwarzbaum through final orders on this matter, which have been entered." ECF No. 211. They further advised that "Mr. Schwarzbaum confirmed Holland & Knight's representation has concluded and advised the firm and counsel are no longer authorized to act on his behalf." *Id.* Defense counsel disclosed that further communications should be sent to Schwarzbaum directly at his address in Switzerland or to his email address noted in the motion. *Id.*

14. As set forth above, even though Schwarzbaum obtained partial relief from the penalty from the Court of Appeals, if he had complied with the repatriation order in April of 2023 (or posted a *supersedeas* bond), the amount he would have paid then would not have satisfied the reduced judgment this Court entered on remand. In other words, Schwarzbaum's contempt has been continual and ongoing since April 28, 2023.

15. On May 15, 2025, the Court entered an order referring the motion to withdraw and the motion for hearing on civil contempt sanctions to Magistrate Judge Bruce E. Reinhart for a Report and Recommendation. The Magistrate Judge entered a paperless order requiring the

United States to file a response to defense counsel's motion to withdraw by May 22, 2025. ECF No. 214.

16. The United States filed a timely response to the motion to withdraw. ECF No. 216. The United States requested in its motion that if the Court granted defense counsel's motion to withdraw and allowed Mr. Schwarzbaum to proceed *pro se*, that "the Court condition withdrawal on Schwarzbaum's appearance and participation in its upcoming hearing so that he may be advised of his legal obligations in this action and can participate in a determination of the most efficient and effective means for service of future filings, post-judgment discovery, and related matters on Mr. Schwarzbaum." *Id.* at 7.

17. On June 10, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant the motion to withdraw. ECF No. 217. The Report and Recommendation reasoned that Florida Bar Rule 4-1.16(a)(3) requires a lawyer to terminate representation (with permission of a tribunal) when the lawyer is discharged by the client. *Id.* at 1-2. In addition, the Report and Recommendation determined that defense counsel complied with Local Rule 11.1 in moving to withdraw because they included Mr. Schwarzbaum's current contact information (both a mailing address in Switzerland and an email address). *Id.* at 2. The Magistrate Judge noted that "[t]he Government has not shown why these addresses are inadequate for effective communication with the Defendant." *Id.*

18. On June 18, 2025, the Magistrate Judge entered a paperless order setting an in-person hearing on the United States' motion for hearing on civil contempt sanctions for August 28, 2025. ECF No. 218.

6

## ARGUMENT

19. The United States files this limited objection to the Report and Recommendation to request two alternative courses of action pending counsel for Schwarzbaum's request to withdraw. Primarily, we seek to have the Court hold a hearing on this motion, with Counsel and Schwarzbaum in attendance, to inquire whether the termination of counsel is *bone fide*, or whether it is yet another attempt for Schwarzbaum, who fled the Court's jurisdiction after he lost at trial, to continue to thwart enforcement of the judgment against him. The Court does not have to put its head into the sand and ignore the blatant contempt of its past orders and Schwarzbaum's contemptuous actions simply because, while sanctions against him are pending, he now says he has terminated his counsel and wants to proceed *pro se*. The Court should inquire of Schwarzbaum and his counsel the manner in which the termination occurred, why they waited until the day the period set forth in the government's demand letter expired, and whether as a *pro se* litigant, Schwarzbaum has any actual intent to participate in the action in good faith. The United States and the Court are entitled to know whether he will follow the Court's future orders and will pay the judgment against him. Schwarzbaum should not be allowed to simply render himself a *pro se* litigant living overseas as a further impediment to enforcement of the Court's judgment against him. Schwarzbaum's continued refusal to comply with the government's post-judgment discovery requests create grave doubt that he will follow the Federal Rules and the Court's orders going forward.

20. In the alternative, we seek to confirm the manner in which Mr. Schwarzbaum may be served going forward should his Counsel be permitted to withdraw, and to confirm that if Mr. Schwarzbaum fails to appear at the upcoming hearing (or any future hearings in which he is served with notice of the hearing in accordance with the Court's order) such failure to appear

7

will not serve as a basis to postpone the hearing. The Court should admonish Schwarzbaum that, given his past lack of compliance, any future orders from the Court and requirements that he attend hearings must be honored, or else he will be deemed to be in further contempt of Court. Further, the Court should make it clear to Schwarzbaum that failure to appear or participate in this litigation will not prevent the Court from deciding any matters brought before it.

21. Defense counsel advised that they "were engaged to represent Mr. Schwarzbaum through final orders on this matter, which have been entered." ECF No. 211 at 1. Although a final judgment has been entered, there is still the outstanding issue of the appropriate sanction for Mr. Schwarzbaum's civil contempt. Despite this outstanding issue, defense counsel contend that Mr. Schwarzbaum terminated their representation and that they are "no longer authorized to act on his behalf." *Id.*

22. The Magistrate Judge scheduled an in-person hearing on August 28, 2025, to decide the United States' motion requesting a hearing on the appropriate sanction for Mr. Schwarzbaum's civil contempt. Because the Court has not yet granted defense counsel's motion to withdraw defense counsel should have informed Mr. Schwarzbaum of the upcoming in-person hearing. Despite such notice, it is anticipated that Mr. Schwarzbaum (who lives in Switzerland) will not appear at that hearing.

23. If the Court decides to allow defense counsel to withdraw from their representation of Mr. Schwarzbaum, the United States requests that Mr. Schwarzbaum's anticipated absence from the August 28 hearing not serve as a reason to postpone the hearing or otherwise delay resolution of the outstanding issue of the appropriate sanction for Mr. Schwarzbaum's civil contempt. In addition, the United States requests that any order granting defense counsel's motion to withdraw provide that the United States may serve Mr.

Schwarzbaum with any filings in this action by sending the documents to him at his email address provided by defense counsel in its motion. *See* ECF No. 211 (listing Mr. Schwarzbaum's email address as stgt@att.net). In addition, the United States requests that the order require Mr. Schwarzbaum to notify the Court and the United States of any changes to his contact information. Given the inherent challenges with Hague Convention service that would be required going forward on a *pro se* litigant residing in Switzerland, the United States requests that by giving the Court his address and email address, Schwarzbaum be deemed to have consented to service via these methods, since it is reasonably calculated that any service by email will be sufficient to give Schwarzbaum notice of future proceedings in this matter.

Dated: June 24, 2025                                                  Respectfully submitted,

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
MARY ELIZABETH SMITH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
214-880-9779 (Smith)
202-353-1988 (Nuñez)
Mary.E.Smith@usdoj.gov
Jeffrey.N.Nunez@usdoj.gov

*Counsel for Plaintiff*
*United States of America*