UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81147-BLOOM/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defense Counsel's Motion to Withdraw ("Motion"), ECF No. [211], filed on May 14, 2025. The Motion was referred to the Honorable Judge Bruce E. Reinhart for a Report and Recommendation ("R&R"). ECF No. [217]. On June 10, 2025, Judge Reinhart issued an R&R, recommending that Defense Counsel's Motion to Withdraw be granted. ECF No. [217]. In the R&R, Judge Reinhart advised the parties that they would have fourteen days to file any objections to the R&R with the District Court. *Id.* at 3. The Government timely filed its objections on June 24, 2025. ECF No. [219]. The Court has reviewed the Motion, the record, the Government's objections, and is otherwise fully advised. For the reasons set forth below, the objections are overruled, and Court adopts the R&R in full.

    **I.**    **BACKGROUND**

On April 9, 2025, the Court entered final judgment in this case. ECF No. [210]. On May 14, 2025, defense counsel filed the instant Motion, stating that "[c]ounsel and Holland & Knight were engaged to represent [Defendant] through final orders on this matter, which have been entered. [Defendant] confirmed Holland & Knight's representation has concluded and advised the firm and counsel are no longer authorized to act on his behalf." ECF No. [211] at 1.

Although, in response, the Government "cite[d] to nonbinding cases where other districts denied motions to withdraw," Judge Reinhart noted that, in those cases, the courts "exercised their discretion not to permit attorneys to withdraw where the court would be left without the 'possibility of effective communication with the defendant as well as without a reliable mechanism for responsible supervision of the post-judgment aspects of [the] litigation.'" *Id.* (second alteration in original) (quoting *Denton v. Suter*, No. 3:11-cv-2559, 2013 WL 5477155, at *3 (N.D. Tex. Oct. 2, 2013). However, Defendant's counsel included in the Motion both a mailing address and an email address to reach Defendant. ECF No. [211] at 1. Therefore, Judge Reinhart concluded that the Government "has not shown why these addresses are inadequate for effective communication with the Defendant." ECF No. [217] at 2.

The Government filed a "limited objection," arguing that, although "there is no decisional law on point, the record of this case, and the persuasive authority cited in [the Government's] opposition . . . amply supports further inquiry into the circumstances underlying the motion for defendant's counsel to withdraw." ECF No. [219] at 1. The Government requested the Court "hear the motion [to withdraw] in conjunction with the August 28, 2025 hearing . . . on the proper sanction for the defendant's contempt." *Id.*

## II.  LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party

disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

As Judge Reinhart properly noted, Southern District of Florida Local Rule 11.1 and Florida Bar Rule 4-1.16 govern attorney withdrawal. ECF No. [217] at 1. Local Rule 11.1 states that "no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel." S.D. Fla. L.R. 11.1(d)(3)(A). Florida Bar Rule 4-1.16 states a lawyer "shall not represent a client" if "the lawyer is discharged[.]" Fla. B.R. 4-16(a)(3). However, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *Id.* 4-16(c).

Although the Government "is mindful that parties are generally free to retain and terminate counsel in their own discretion," it argues that Defendant's "past and repeated failure

3

to obey the Court's orders warrants a hearing to determine whether the termination of counsel is *bona fide* or is yet another attempt by the defendant to thwart this Court's judgment against him." ECF No. [219] at 1. The Government apparently objects to the R&R only insofar as it "requests two alternative courses of action pending counsel for Schwarzbaum's request to withdraw." *Id.* at 7. First, the Government requests that the Court hold a hearing to "inquire of [Defendant] and his counsel the manner in which the termination occurred, why they waited until the day the period set forth in the government's demand letter expired, and whether, as a *pro se* litigant, [Defendant] has any actual intent to participate in the action in good faith." *Id*. However, given that Rule 4-1.16 requires an attorney to withdraw from an action once they have been terminated, it is unclear on what basis the Court may force defense counsel to continue to represent a client who has stated defense counsel is no longer authorized to act on Defendant's behalf. ECF No. [211] at 1. To the extent the Government argues that it is "entitled to know whether [Defendant] will follow the Court's future orders and will pay the judgment against him," this is not an issue that necessitates confirmation from Defendant. *Id.* at 7. Defendant is required to comply with the Court's orders. If he does not, then he will be sanctioned accordingly.

In the alternative, the Government seeks to confirm: (1) the manner in which Defendant may be served going forward; and (2) if Defendant fails to appear at any upcoming hearings, including the August 28, 2025 hearing, such failure to appear "will not serve as a basis to postpone the hearing." *Id.* at 7-8. Regarding the issue of service, Defendant has not yet filed a notice stating that he consents to receive notices electronically. "Pro se litigants will be served and noticed by U.S. mail or in person (or, if agreed, by email), unless there is consent to receive notices electronically as indicated below." *Pyatt v. Fla. Int'l Univ. Bd. of Trs.*, No. 1:20-cv-24085, 2020 WL 6702864, at 1 (S.D. Fla. Nov. 13, 2020) (quoting CM/ECF Admin. Procs. §

2C). With regard to the hearing on August 28, 2025, Defendant is required to be in attendance. Failure to attend in person without prior leave of the Court will result in sanctions.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [217]**, is **ADOPTED**;

2. The Government's Objections, **ECF No. [219],** are **OVERRULED;**

3. Defense Counsel's Motion to Withdraw, **ECF No. [211],** is **GRANTED;**

4. Jose A. Casal, Esq., Nicole M. Elliot, Esq., Daniel I. Small, Esq., Andrea Darling de Cortes, Esq., and Chad M. Vanderhoef, Esq., of the law firm of Holland & Knight LLP are relieved from any further responsibilities in the representation of Defendant in this matter;

5. Defendant Isac Schwarzbaum, **no later than August 19, 2025**, shall either retain counsel or notify the Court of his intention to proceed *pro se*;

6. All other case deadlines remain strictly in place; and

7. All associated papers and pleadings shall be served upon Defendant at his last known address per Defense counsel's representation in the Motion:

    Isac Schwarzbaum
    Witackergasse 11
    8888 Heiligkreuz
    Switzerland
    **Email: stgt@att.net**

Defendant must notify the Court of any changes to his contact information.

Case No. 18-cv-81147-BLOOM/Reinhart

**DONE AND ORDERED** in Chambers at Miami, Florida on August 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Isac Schwarzbaum
Witackergasse 11
8888 Heiligkreuz
Switzerland