**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
Case No.: 9:18-CV-81147-BLOOM-REINHART

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.

## DEFENDANT ISAC SCHWARZBAUM'S MOTION TO SET ASIDE JUDGMENT AND TO DISMISS CASE

Defendant Isac Schwarzbaum ("Mr. Schwarzbaum"), by and through undersigned counsel and pursuant to Fed. R. Civ. Proc. 60(b)(4) and 60(b)(6), respectfully moves for an order setting aside the judgment entered in this case on April 9, 2025 (the "Judgment") and for an order that this case is dismissed with prejudice based on the legal analysis in the attached Memorandum of Law.

### Certification Of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3), undersigned counsel met and conferred with counsel for Plaintiff, the United States of America, on December 15, 2025, via Zoom conference to resolve the issues raised in this motion. The parties' counsel conferred in good faith but were unable to resolve the dispute.

### Request for Hearing

Mr. Schwarzbaum respectfully requests a hearing, so that the Court may benefit from the substantive discussion of the important constitutional issues analyzed in the attached Memorandum of Law. Mr. Schwarzbaum estimates that one hour would be required for argument by both parties.

WHEREFORE, Mr. Schwarzbaum respectfully requests that the Court grant this motion, set aside the Judgment, and dismiss Plaintiff's complaint in this case with prejudice.

Respectfully submitted this 24th day of December, 2025.

1

| | |
|---|---|
| /s/ David J. Warner | /s/ Evelyn B. Sheehan |
| DAVID J. WARNER | EVELYN BALTODANO SHEEHAN |
| California Bar # 261718 (Pro Hac Vice) | Florida Bar ID # 944351 |
| Holtz, Slavett, Drabkin & Warner, APLC | Kobre & Kim, LLP |
| 10940 Wilshire Boulevard, Suite 2000 | 201 South Biscayne Boulevard, Suite 1900 |
| Los Angeles, California 90024 | Miami, Florida 33131-4329 |
| (310) 550-6200 | (305) 967-6100 |
| *dwarner@hsdwtaxlaw.com* | *Evelyn.Sheehan@kobrekim.com* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:18-CV-81147-BLOOM-REINHART

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAC SCHWARZBAUM,

    Defendant.

**DEFENDANT ISAC'S SCHWARZBAUM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT AND TO DISMISS CASE**

```
```

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................... 8

II. FBAR PENALTIES ............................................................................................................ 8

III. ANALYSIS ...................................................................................................................... 11

   A. The Judgment Should Be Set Aside Under Rule 60(b) Because It Is Void and Such Relief Is Otherwise Justified ................................................................................................. 11

      1. The Judgment Is Void Under Rule 60(b)(4) Because the IRS's Determination of the FBAR Penalty Without a Jury Trial Violated Mr. Schwarzbaum's Right to Due Process .... 11

      2. The Judgment Should Be Set Aside Under Rule 60(b)(6) Because Seventh Amendment Jurisprudence Changed Dramatically Over the Past 18 Months and Mr. Schwarzbaum's Seventh Amendment Right to Jury Trial Was Violated .......................................................... 15

   B. The Government's Suit Should Be Dismissed Because It Rests on an Invalid and Unconstitutional Assessment ............................................................................................... 16

IV. CONCLUSION ................................................................................................................ 17

## **TABLE OF CITATIONS**

**Federal Cases**

*AT&T v. FCC*, 135 F.4th 230 (5th Cir. 2025) .................................................................... 8, 13, 14

*Bowman v. Middleton*, I S.C.L. (I Bay) 252 (1792) ...................................................................... 12

*Buck v. Davis*, 580 U.S. 100 (2017) ............................................................................................. 15

*Burke v. Smith*, 252 F.3d 1260 (11th Cir. 2001) .......................................................................... 11

*Fuentes v. Shevin*, 407 U.S. 67 (1972) ......................................................................................... 12

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) .................................................................................... 15

*Jenner v. Commissioner*, case no. 25-10014 (11th Cir. Dec. 8, 2025)........................................... 11

*Klapprott v. United States*, 335 U.S. 601 (1949) ......................................................................... 15

*Mathews v. Eldridge*, 424 U.S. 319 (1976).................................................................................. 12

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ............................................. 11

*Polites v. United States*, 364 U. S. 426 (1960)............................................................................. 15

*Reid v. Covert*, 354 U.S. 1 (1957) ................................................................................................ 12

*Ritter v. Smith*, 811 F.2d 1398 (11th Cir. 1987)........................................................................... 15

*SEC v. Jarkesy*, 603 U.S. 109 (2024) ..................................................................... 8, 11, 12, 13, 15

*Sprint Corp. v. FCC*, 151 F.4th 347 (D.C. Cir. 2025)................................................................... 13

*U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ............................................................... 11

*United States v. Gentile*, 322, Fed. App'x 699 (11th Cir. 2009)................................................... 11

*United States v. McMahan*, 569 F.2d 889 (5th Cir. 1978) ........................................................... 13

*United States v. Sagoo*, case no. 4:24-CV-01159-O, 2025 WL 2689912 (N.D. Tex. Sept. 19,

   2025)................................................................................................................. 8, 13, 14, 15, 16

*Verizon Comm. Inc. v. FCC*, case no. 24-1733 (2d Cir. Sept. 10, 2025) ...................................... 13

*Wynehamer v. New York*, 13 N.Y. 378 (1856).............................................................................. 12

*Zylstra v. Corporation of Charleston*, I S.C.L. (I Bay) 382 (1794) .............................................. 12

**U.S. Constitution**

Amend. V ................................................................................................................................... 11

Amend. VII ................................................................................................................................. 12

**State Cases**

26 U.S.C. § 6402 .......................................................................................................................... 9

28 U.S.C. § 2402 ........................................................................................................................ 14

31 U.S.C. § 3701(a)(1) ................................................................................................................. 9

31 U.S.C. § 3711(e)(1) ............................................................................................................... 10

31 U.S.C. § 3716(a) & (c) ............................................................................................................ 9

31 U.S.C. § 3716(c)(3)(A)(ii) ....................................................................................................... 9

31 U.S.C. § 3716(e)(1) ............................................................................................................... 10

31 U.S.C. § 3718(a) .................................................................................................................... 10

31 U.S.C. § 3720A ....................................................................................................................... 9

31 U.S.C. § 3720B ...................................................................................................................... 10

31 U.S.C. § 3720D ...................................................................................................................... 10

31 U.S.C. § 5321(a)(5) ................................................................................................................. 8

31 U.S.C. § 5321(b)(2) ............................................................................................................... 10

**Regulations**

31 C.F.R. § 285.11(d) ................................................................................................................. 10

**Rules**

Federal Rule of Civl Procedure:

  60(b) ....................................................................................................................................... 11

60(b)(4) .................................................................................................................. 8, 11

60(b)(6) .................................................................................................................. 8, 11

**Cases**

BUREAU OF FISCAL SERVICE, TREATISE ON FEDERAL NONTAX DEBT COLLECTION LAW (rev. May 2023) .............................................................................................................. 10

Edward J. Eberle, *Procedural Due Process: The Original Understanding*, 4 CONST. COMMENT. 339, 353 n.107 (1987) ................................................................................ 12

Internal Revenue Manual ¶ 4.26.16.5.5.2(2) ................................................................ 10

Internal Revenue Manual ¶ 4.26.17 ............................................................................... 9

I.  INTRODUCTION

The Internal Revenue Service ("IRS") investigated, determined, and assessed a penalty against Mr. Schwarzbaum for willful failure to file a complete TD F 90-22.1, *Report of Foreign Bank and Financial Accounts* ("FBAR") for calendar years 2006 through 2009. *See* ECF Doc. 92, at 2. The IRS assessed an FBAR penalty in the amount of $13,729,591. *See id.* Mr. Schwarzbaum did not pay the willful FBAR penalty upon notice and demand. *See* ECF Doc. 1 at 13, 15, 16, 17. On August 27, 2018, the United States filed the complaint in this action seeking to reduce the FBAR assessment to judgment. *See id.* On April 9, 2025, the Court entered the Judgment in this case. *See* ECF Doc. 210. That Judgment is void and fundamentally unjust because it rests on the IRS's assessment of an FBAR penalty in violation of Mr. Schwarzbaum's Seventh Amendment right to a jury trial.

Indeed, following *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024), the Government has conceded that the Seventh Amendment applies to the assessment of FBAR penalties. In *Jarkesy*, the U.S. Supreme Court held that the Seventh Amendment applies to the SEC's claims for civil fraud penalties. The implications of *Jarkesy* in cases involving civil penalty claims of the Government are profound and extend to this case. In *AT&T Corp. v. FCC*, 135 F.4th 230 (5th Cir. 2025), the Fifth Circuit clarified that the Seventh Amendment right recognized in *Jarkesy* requires a pre-assessment right to a jury trial to ensure a neutral factfinder, to protect against real-world impacts before the defendant has been afforded due process, and to guaranty that the defendant may exercise his right to a jury trial. In *United States v. Sagoo*, No. 4:24-CV-01159-O, 2025 WL 2689912 (N.D. Tex. Sept. 19, 2025), the district court zeroed in on the FBAR penalty and held for the same reasons set forth in *AT&T* that the assessment of an FBAR penalty without a pre-assessment right to a jury trial violates the Seventh Amendment.

Accordingly, the IRS's assessment of the FBAR penalty against Mr. Schwarzbaum absent the right to a jury trial violated the Seventh Amendment. The Judgment is therefore void under Rule 60(b)(4) of the Federal Rules of Civil Procedure, or, in the alternative, should be set aside under Rule 60(b)(6) based on the clear-cut change in law. The Court should set aside the Judgment and dismiss this case because the IRS assessment upon which this case rests is invalid and violates the Seventh Amendment.

II.  FBAR PENALTIES

Under 31 U.S.C. § 5321(a)(5)(c), the Secretary of Treasury may impose a civil monetary penalty equal to the greater of $100,000 or 50% of the balance in a person's foreign bank accounts

at the time of the violation for any willful violation of the requirement to timely file an FBAR. The Department of Treasury delegated to the IRS most of the authority to administer the rules and regulations related to FBAR and the assessment of FBAR penalties.

The IRS investigates, proposes, and determines whether an FBAR penalty applies. *See* Internal Revenue Manual ("I.R.M.") ¶ 4.26.17 (9-9-2025) (discussing IRS procedures for FBAR examinations and assessments).[1] The IRS then assesses the FBAR penalty. *Id.* Assessment is the recording of the FBAR penalty in the IRS's databases; for FBAR penalties, assessment is completed by stamping IRS Form 13448, *Penalty Assessment Certification Summary*, denoting the assessment of the FBAR penalty. I.R.M. ¶ 4.26.17.3.1.1(9) (12-11-2019).

Assessment empowers the government to begin collecting an FBAR penalty. *See* I.R.M. ¶ 4.26.17.4.3.3(6) (12-11-2019) (stating that "the penalty is assessed, and, if not already fully paid, the collection process begins"). After assessment, the IRS sends Letter 3708, *Notice and Demand for Payment of FBAR Penalty*, providing notice of the FBAR penalty and demanding payment. *See id.* ¶ 4.26.17.4.4(3) and (11) (09-04-2025). If the FBAR penalty is not paid in full in response to IRS Letter 3708, the IRS refers the debt to the Treasury Bureau of Fiscal Service ("BFS"). *See* I.R.M. ¶ 4.26.17.4.4(11) (09-04-2025).

BFS can act to collect the FBAR penalty without the need for any court action or jury trial. BFS's powers include the following actions to collect an unproven and potential multi-million-dollar FBAR penalty:

> 1. BFS may offset any payments due by the federal government to an individual who owes FBAR penalties. *See* 31 U.S.C. § 3701(a)(1). This includes payments due to federal contractors, federal benefits payments, Social Security payments, pay to federal employees and military, and federal retirement benefits. *See* 31 U.S.C. § 3716(a) & (c). Offsets also include the government seizing any federal tax refunds due to the individual. *See* 31 U.S.C. § 3720A; 26 U.S.C. § 6402(d)(1). For example, BFS can offset Social Security benefits and is only required to allow $750 per month to be paid to the individual (taking the rest to apply to the debt). 31 U.S.C. § 3716(c)(3)(A)(ii).

---

[1] The Internal Revenue Manual contains detailed policies and procedures for the operations of the IRS, including the substantive rules related to FBARs in I.R.M. 4.26.16 (8-26-2025) and the IRS procedures related to FBARs in I.R.M. 4.26.17 (9-4-2025).

9

2. BFS may garnish an individual's wages through an administrative wage garnishment ("AWG"). *See* 31 U.S.C. § 3720D. It is called an "administrative" wage garnishment because BFS is not required to seek pre-deprivation court order or go through any judicial process prior to garnishing wages. *See* 31 C.F.R. § 285.11(d). As the BFS states in its treatise on debt collection:

   > AWG can be an extremely effective collection tool. Even the mere notification that an agency is considering commencing AWG encourages some debtors to voluntarily pay their debts, either in full or pursuant to a repayment agreement.

   BUREAU OF FISCAL SERVICE, TREATISE ON FEDERAL NONTAX DEBT COLLECTION LAW ¶ III.E.I (rev. May 2023).

3. BFS may refer an unpaid FBAR penalty to a private debt collection contractor. 31 U.S.C. § 3718(a).

4. BFS can report the unpaid FBAR penalty as an unpaid delinquent debt to credit reporting agencies. 31 U.S.C. § 3711(e)(1). A delinquent debt listed on a credit report could have detrimental effects on an individual's ability to borrow money, purchase real estate, or qualify for a job.

5. BFS can bar an individual who owes an FBAR penalty from receiving a government loan or other federal assistance. *See* 31 U.S.C. § 3720B.

6. The IRS can use a prior FBAR assessment as a factor to determine willfulness for a subsequent FBAR violation. *See* I.R.M. 4.26.16.5.5.2(2) (8-26-2025) (noting that helpful documents to establish a willful FBAR penalty include "copies of any previous . . . certifications of prior FBAR penalty assessments").

BFS currently takes these actions (and more) without the need to prove in a court or to a jury that the individual owes the FBAR penalty. Furthermore, there is no statute of limitations on the Government collecting assessed FBAR penalties through these administrative means. *See* 31 U.S.C. § 3716(e)(1). If the government wants to convert the FBAR debt to a federal judgment, the Government must bring suit within two years of assessment. 31 U.S.C. § 5321(b)(2). However, even if the Government never sues, it can collect the FBAR penalties administratively forever. Thus, a suit is not brought in the district court to determine whether an individual is liable for the FBAR penalty; instead, a suit is brought to give the government additional methods to collect the unpaid FBAR penalty.

The IRS collection due process ("CDP") procedures that apply before the IRS can take certain collection actions to collect taxes do not apply to FBAR penalties. *See Jenner v. Commissioner*, 163 T.C. 14 (2024), *aff'd*, No. 25-10014, 2025 WL 3512525 (11th Cir. Dec. 8, 2025). In addition, while the U.S. Tax Court is the main forum to challenge IRS determinations without the need to pay the liability first, the U.S. Tax Court does not have jurisdiction over FBAR penalties. *Id.* Put simply, FBAR penalties cannot be disputed in an Article I or III court unless and until the IRS assesses them. *See, e.g., Kentera v. United States*, No. 16–CV–1020–JPS, 2017 WL 401228 (E.D. Wisc. Jan. 30, 2017) (dismissing preemptive challenge to an FBAR penalty based on the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment for lack of waiver of sovereign immunity).

### III.   ANALYSIS

**A. The Judgment Should Be Set Aside Under Rule 60(b) Because It Is Void and Such Relief Is Otherwise Justified**

Rule 60(b) of the Federal Rules of Civil Procedure provides that the court "may relieve a party or its legal representative from a final judgment" for reasons including that "the judgment is void" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4) & (6). Both reasons justify setting aside the judgment in this case because the IRS's assessment of the FBAR penalty violated Mr. Schwarzbaum's Seventh Amendment right to a jury trial as established by the Supreme Court's decision in *Jarkesy* and its progeny.

   **1. The Judgment Is Void Under Rule 60(b)(4) Because the IRS's Determination of the FBAR Penalty Without a Jury Trial Violated Mr. Schwarzbaum's Right to Due Process**

A judgment is "void" under Rule 60(b)(4) if the parties "acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). Due process in this context refers to the Due Process Clause of the Fifth Amendment to the U.S. Constitution (applicable to the federal government) and the Fourteenth Amendment to the U.S. Constitution (applicable to the states). *See, e.g.*, *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023). The Due Process Clause of the Fifth Amendment forbids the government from depriving anyone of "life, liberty, or property, without due process of law." U.S. CONST. amend. V. The right to due process generally requires notice, a prior opportunity to be heard, and an impartial tribunal. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("There can be no doubt that at a minimum they require that deprivation of life, liberty or property

11

by adjudication be *preceded* by notice and opportunity for hearing.") (emphasis added); *see also Fuentes v. Shevin*, 407 U.S. 67, 82 (1972) ("[T]he Court has traditionally insisted that . . . opportunity for [a] hearing must be provided before the deprivation at issue takes effect"); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("This Court consistently has held that [under the Due Process Clause] some form of hearing is required before an individual is finally deprived of a property interest.").

The Seventh Amendment right to a jury trial is an indispensable element of the right to due process. Justice Gorsuch, in his concurrence in *Jarkesy*, detailed their shared history. 603 U.S. at 145-50. At the time of the founding, courts regularly held that due process included the right to a jury trial when deprivation of property was involved. In *Bowman v. Middleton*, 1 S.C.L. (I Bay) 252, 252 (1792), a South Carolina court noted that the government taking property without a jury trial violated due process, was "against common right, as well as against Magna Charta," and was void. Another court around this same time noted that since the time of King Edward II of England (1307-1327 CE), there had been a common law right based on the "law of the land" (now referred to as due process) that property may not be taken by the government without the right to a jury trial. *Zylstra v. Corporation of Charleston*, 1 S.C.L. (I Bay) 382, 379 (1794). In *Wynehamer v. New York*, 13 N.Y. 378 (1856), the New York court noted that while a jury trial is not required in all situations to preserve "due process," it is required when the government takes property as part of the proceeding. In reviewing 200 years of due process history, one commentator noted,

> The seventh amendment guarantee of a trial by jury was the most frequent constitutional provision called into question by the due process cases. This right was usually subsumed within the predominant due process methodology, resulting in the requirement of a jury trial before deprivation of a life, liberty or property interest could be legitimized.

Edward J. Eberle, *Procedural Due Process: The Original Understanding*, 4 CONST. COMMENT. 339, 353 n.107 (1987).

In this case, the IRS's assessment of the FBAR penalty violated Mr. Schwarzbaum's Seventh Amendment right to a jury trial and therefore his right to due process under the Due Process Clause in the Fifth Amendment. The Seventh Amendment states that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. CONST. amend. VII. The Seventh Amendment protects the right to a jury trial "against the passing demands of expediency or convenience." *Reid v. Covert*, 354 U.S. 1, 10

(1957). The right to a jury trial is "'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'" *Jarkesy*, 603 U.S. at 121 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)); *see also United States v. McMahan*, 569 F.2d 889 (5th Cir. 1978) (holding that an individual has a right to a jury trial regarding trust-fund recovery penalty liability under 26 U.S.C. § 6672).

The Supreme Court held in *Jarkesy* that the Seventh Amendment right to a jury trial applies to fraud penalties imposed administratively by the SEC. 603 U.S. at 140-41. Following the Supreme Court decision, the Fifth Circuit in *AT&T* reached the same result regarding penalties founded on negligence imposed by the FCC. 135 F.4th at 241-42.[2] Significantly, the FCC argued AT&T's Seventh Amendment right is preserved by post-assessment proceedings to review the administrative forfeiture order in which AT&T could request a jury trial. The Fifth Circuit rejected the FCC's argument on grounds that, by the time AT&T could have a jury trial, "the Commission would have already judged the carrier guilty of violating section 222 [of the Telecommunications Act] and levied fines," and furthermore that this administrative result has "real-world impacts on carriers." *Id.* at 241.

As the district court in *Sagoo* made clear, the same pre-assessment right to a jury trial recognized in *AT&T* applies to individuals accused of FBAR penalties. The IRS in *Sagoo* assessed an FBAR penalty and then filed a lawsuit to reduce that assessment to judgment. Sagoo argued that the assessment of the FBAR penalty violated her Seventh Amendment right to a jury trial and therefore moved to dismiss the Government's action. The Government responded by "conced[ing] that Ms. Sagoo is entitled to a Seventh Amendment civil jury trial" regarding the FBAR penalty. *Sagoo*, 2025 WL 2689912, at *3. The Government's only contention was that Sagoo's right to a jury trial in its subsequent suit to reduce the penalty to judgment satisfied the Seventh Amendment. As in *AT&T*, the district court rejected the Government's argument and held that the individual is

---

[2] In addition to *AT&T*, two other cases in other circuits deal with similar FCC actions. *Sprint Corp. v. FCC*, 151 F.4th 347 (D.C. Cir. 2025); *Verizon Comm. Inc. v. FCC*, No. 24-1733 (2d Cir. Sept. 10, 2025). The *Sprint* and *Verizon* cases were decided in favor of the FCC based partly on the fact that FCC forfeiture orders cannot be collected without suit. *See* 47 U.S.C. §§ 503(b)(4), 504(a). Thus, the D.C. Circuit and Second Circuit each concluded that there was no Seventh Amendment issue because the penalties could not be collected before a suit is filed. This is distinguishable from FBAR penalties, which *can* be collected before the government files suit.

guaranteed a jury trial in an Article III court *before* an FBAR penalty can be assessed and collected. *Id.* at *3-4.

The court in *Sagoo* explained that the same reasons the Fifth Circuit in *AT&T* held that a post-assessment right to a jury trial violates the Seventh Amendment applies in the context of FBAR penalties. First, the IRS "already adjudicated liability without the benefit of a neutral factfinder," which "undermines a core function of the Seventh Amendment to provide a neutral factfinder for suits at common law." *Id.* at *3. In other words, the IRS "acted as prosecutor, jury, and judge." *Id.* (quoting *AT&T*, 135 F.4th at 241).

Second, an FBAR assessment has "real world impacts" even without the government bringing a suit to reduce the assessment to judgment. *Id.* at *4 (quoting *AT&T*, 135 F.4th at 241-42). The court in *Sagoo* highlighted the government's "threat to either pay or get sued, reputational harm, and administrative offsets." *Id.* As discussed above, the impacts are extensive.

Third, an after-the-fact jury trial does not satisfy the Seventh Amendment because the Seventh Amendment violation occurs *at assessment*. *Id.* at 7. The court in *Sagoo* noted that an individual's access to a jury trial is dependent on (1) the individual refusing to pay the FBAR penalty and risking administrative collection actions, and (2) the government choosing to file suit. While an individual could pay some or all of the FBAR penalty and then sue for a refund in U.S. district court or the Court of Federal Claims, the individual would not have a right to a jury trial in either of those refund actions. *See* 28 U.S.C. § 2402. Thus, the ability to have a jury trial in an FBAR penalty matter is entirely in the hands of the government and the government's decision whether to file suit to reduce an assessment to judgment. As the Fifth Circuit held in *AT&T*, it is unconstitutional to require a penalized party to "defy a multi-million dollar penalty" and "wait for DOJ to sue" before gaining access to a jury. *AT&T*, 135 F.4th at 242. In addition, if the government chooses never to file a suit to reduce an FBAR penalty to judgment, the individual will never have a right to a jury trial.

In this case, the IRS assessed a $13,729,591 willful FBAR penalty against Mr. Schwarzbaum. The IRS investigated this penalty and reached its own conclusion that Mr. Schwarzbaum owed over $13 million without any independent tribunal and without the right to a jury trial. Thus, there was no neutral factfinder—it was only the IRS deciding an almost $14 million penalty applied.

In addition, there are real world consequences for the IRS's assessment of the FBAR penalty against Mr. Schwarzbaum. The IRS referred the penalty to BFS. At that time, BFS could have taken

14

multiple different actions to collect the FBAR penalty, including administrative offsets, wage garnishments, taking all but $750 of Mr. Schwarzbaum's monthly Social Security benefits, barring Mr. Schwarzbaum from some federal programs, and reporting the FBAR penalty as a delinquent debt to credit reporting agencies. These actions could have taken Mr. Schwarzbaum's property and greatly impaired his property rights.

Lastly, Mr. Schwarzbaum's access to a jury trial was entirely in the hands of the Government. If the Government had not brought this action, Mr. Schwarzbaum would never have had the opportunity for a jury trial.

Like the individual in *Sagoo*, the individual in *Jarkesy*, and the company in *AT&T*, the agency (IRS) determination of the penalty against Mr. Schwarzbaum and the Government's ability to take Mr. Schwarzbaum's property *before* there is any right to a jury trial violates the Seventh Amendment. As such, the Judgment is in violation of due process, is void, and should be set aside under Rule 60(b)(4).

2. **The Judgment Should Be Set Aside Under Rule 60(b)(6) Because Seventh Amendment Jurisprudence Changed Dramatically Over the Past 18 Months and Mr. Schwarzbaum's Seventh Amendment Right to Jury Trial Was Violated**

If a judgment is not void, it may be set aside alternatively under Rule 60(b)(6) for "any other reason that justifies relief," *i.e.,* as "appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949). That includes a "clear-cut change in the law." *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987); *see, e.g.*, *Buck v. Davis*, 580 U.S. 100, 126-28 (2017) (holding individual was entitled to Rule 60(b)(6) relief because of a change in law and intervening facts); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (mentioning how a motion might use Rule 60(b)(6) to request relief for "a subsequent change in substantive law"); *Polites v. United States*, 364 U.S. 426, 433 (1960) (noting that the extraordinary circumstances for a Rule 60(b)(6) motion might include a "clear and authoritative change" in the law).

*Jarkesy* marked a sea change in constitutional jurisprudence. Prior to *Jarkesy*, the "'settled judicial construction'" was that the Seventh Amendment "does not require . . . civil-penalty claims belonging to the Government to be tried before a jury in federal district court." *Jarkesy*, 603 U.S. at 167 (Sotomayor, J., dissenting) (quoting *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n*, 430 U.S. 442, 460 (1977)); *see id.* (referencing the "more than 200 statutes authorizing dozens of agencies to impose civil penalties for violations of statutory obligations"). *Jarkesy* turned this presumption of validity on its head. With respect to FBAR penalties, as the

district court held in *Sagoo*, the Government violates the Seventh Amendment when it determines and assesses an FBAR penalty without a prior opportunity for a jury trial, as it did in this case.

Following *Sagoo*, Mr. Schwarzbaum engaged new counsel and approached the Government regarding settlement. With those negotiations at an impasse, Mr. Schwarzbaum moves to set aside the judgment based on the clear-cut shift in law establishing that the IRS's assessment of the FBAR penalty against him violated his Seventh Amendment right to a jury trial. Mr. Schwarzbaum has pursued his Seventh Amendment right as soon as there was basis for doing so. Therefore, the Judgment should be set aside under Rule 60(b)(6).

**B. The Government's Suit Should Be Dismissed Because It Rests on an Invalid and Unconstitutional Assessment**

For the reasons analyzed above, the Judgment should be set aside under Rule 60(b)(4) because it is void or under Rule 60(b)(6) because justice so requires. Either way, the Judgment based on the IRS assessment of the FBAR penalty violates Mr. Schwarzbaum's Seventh Amendment right to a jury trial. As such, there is no basis for the government to reduce the assessment to judgment because the assessment was invalid.

*Sagoo* provides a blueprint for the resolution of this case. There, after determining the constitutional violation, the court concluded that the only possible outcome was to dismiss the government's suit with prejudice. *See Sagoo*, 2025 WL 2689912, at *4.

Similarly, the IRS assessment of the FBAR penalty in this case violated Mr. Schwarzbaum's Seventh Amendment right to a jury trial. As such, this case should be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, Mr. Schwarzbaum respectfully requests that the Court (1) set aside the Judgment, and (2) issue an order dismissing this case with prejudice.

Respectfully submitted this 24th day of December, 2025.

| | |
|---|---|
| /s/ David J. Warner | /s/ Evelyn B. Sheehan |
| DAVID J. WARNER | EVELYN BALTODANO SHEEHAN |
| California Bar # 261718 (Pro Hac Vice) | Florida Bar ID # 944351 |
| Holtz, Slavett, Drabkin & Warner, APLC | Kobre & Kim, LLP |
| 10940 Wilshire Boulevard, Suite 2000 | 201 South Biscayne Boulevard, Suite 1900 |
| Los Angeles, California 90024 | Miami, Florida 33131-4329 |
| (310) 550-6200 | (305) 967-6100 |
| dwarner@hsdwtaxlaw.com | Evelyn.Sheehan@kobrekim.com |
| | |
| *Counsel for Defendant Isac Schwarzbaum* | *Counsel for Defendant Isac Schwarzbaum* |