IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18–CV–81147–BLOOM–REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ISAC SCHWARZBAUM, | ) ) |
| Defendant. | ) ) ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CRIMINAL CONTEMPT**

After being found in contempt of the Court's repatriation order issued in 2023 (*see* ECF No. 176 (ordering repatriation); *see also* ECF No. 199 (finding contempt)), defendant Isac Schwarzbaum continued to flout the Court's orders. First, he did not inform the Court on or before August 19, 2025, whether he would retain counsel or proceed *pro se*. Second, he did not appear in-person at the civil contempt sanctions hearing on August 28, 2025, after the Court specifically admonished Mr. Schwarzbaum that failure to appear would result in sanctions. (*See* ECF No. 218 (setting in-person civil contempt sanctions); ECF No. 222 at 4–4 (ordering the August 19th filing, noting that all prior deadlines remain strictly in effect, and that failure to appear in person on August 28th will result in sanctions).)

As in his objection to the civil contempt R&R issued by Magistrate Judge Reinhart, Mr. Schwarzbaum does not say the Court orders he disobeyed were unclear or lacked specificity. He does not say he lacked knowledge of any of the orders. He does not say he substantially complied. He does not say that any violation he might have committed was non-willful or unintentional. In short, he does not dispute any of the facts. Rather, Mr. Schwarzbaum attacks the criminal contempt R&R by arguing that Magistrate Judge Reinhart violated his due process rights, and that the criminal contempt referral is unwarranted because it was only one order about one hearing that was violated. Neither objection has merit. The Court should adopt the Report and Recommendation and refer the issue of Mr. Schwarzbaum's violation of Court orders to the

United States Attorney's Office for this District to investigate whether his conduct warrants prosecution under 18 U.S.C. § 402.

## BACKGROUND

The United States incorporates by reference the factual background and argument in its response to Mr. Schwarzbaum's R&R objection pertaining to civil contempt sanctions (ECF No. 261). The facts necessary to understand how Magistrate Judge Reinhart arrived at the criminal contempt referral are pinpointed below.

After Mr. Schwarzbaum's first appeal to the Eleventh Circuit, the Court entered judgment against him and ordered him to repatriate funds to pay the judgment debt. Mr. Schwarzbaum did not immediately comply with the repatriation order, instead filing a second appeal to the Eleventh Circuit. The Court found Mr. Schwarzbaum in contempt for disobeying the repatriation order. That second appeal did not vitiate the Court's repatriation order, but the Court stayed any contempt sanctions in regard to the repatriation requirement until the second appeal was done. Ultimately, the second appeal provided modest relief to Mr. Schwarzbaum: the Eleventh Circuit directed the Court to reduce the penalties against him from $12,555,813 to $12,255,813 (*see* ECF Nos. 162, 206), and the Court did so (ECF No. 210).

Given Mr. Schwarzbaum's ongoing failure to repatriate funds sufficient to pay the judgment, on May 14, 2025, the United States requested a hearing so that the Court could consider entering an appropriate sanction to coerce compliance. (ECF No. 212.) Magistrate Judge Reinhart scheduled an in-person hearing on the motion for sanctions for August 28, 2025. (ECF No. 218.) Then, on August 6, 2025, the Court adopted Magistrate Judge Reinhart's recommendation allowing Mr. Schwarzbaum's previous counsel at Holland & Knight to withdraw. Magistrate Judge Reinhart noted that any concerns over Mr. Schwarzbaum not participating in the case as a *pro se* litigant were mitigated because, in his attorneys' withdrawal motion, Mr. Schwarzbaum had provided his mailing address and email address where he could be contacted and could receive correspondence from the Court or the United States. (ECF No. 217 at 2.) In its Order permitting Mr. Schwarzbaum's counsel to withdraw, the Court noted that Mr. Schwazbaum "is required to comply with the Court's orders. If he does not, then he will be sanctioned accordingly." (ECF No. 222 at 4.) The Court also ordered Mr. Schwarzbaum to notify the Court whether he would retain new counsel or intended to proceed *pro se*, and noted

that Mr. Schwarzbaum's failure to appear in-person at this hearing without prior leave of Court "will result in sanctions." (ECF No. 222 at 5.)

The August 6th order permitting Holland & Knight to withdraw, like all previous orders and filings, was served on the Holland & Knight attorneys representing Mr. Schwarzbaum by the Court's CM/ECF system, as confirmed by the system-issued Notices of Electronic Filing ("NEF").  The United States also served Mr. Schwarzbaum under Rule 5 with the Court's order via Federal Express to his address in Switzerland and by email as listed in his counsel's withdrawal motion. (*See* ECF No. 223; *see also* ECF No. 211 (withdrawal of counsel); L.R. 11.1(d)(3)(A) (requiring withdrawing counsel to list "a current mailing address for the attorney's client").)

Mr. Schwarzbaum did not notify the Court by August 19, 2025, as required.  Mr. Schwarzbaum did not appear in person at the August 28 hearing, nor did he ask to be excused from appearing. (*See* ECF No. 224.)  After a colloquy in Court about Mr. Schwarzbaum's due process rights and whether the Court should make an on-the-spot criminal contempt finding due to the blatant disregard of the Court's orders in its presence, Magistrate Judge Reinhart decided that the better course was to issue a written recommendation that Mr. Schwarzbaum be referred to the United States Attorney's Office for this district to be investigated for criminal contempt. (ECF No. 228.)  The United States served Mr. Schwarzbaum with both reports by the means he requested (to his physical address in Switzerland and by email) and, at the Court's direction, via Hague Convention service. (ECF Nos. 229, 231, & 235.)

## ARGUMENT

A party objecting to a report and recommendation must point to specific findings the party disagrees with.  *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).  Once they do, the district court will make *de novo* findings as to the specific objections made.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006).

Mr. Schwarzbaum asserts two legal errors committed by Magistrate Judge Reinhart in his objection: (1) that the referral for criminal contempt was issued without notice and that Mr. Schwarzbaum did not know about the hearing, thus violating his due process rights, and (2) that there is no need for criminal contempt because Mr. Schwarzbaum has now belatedly obtained

3

new counsel and resumed participating in the case. Both arguments are without merit. The Court should adopt the criminal contempt referral R&R in full.

First, Mr. Schwarzbaum says that his due process rights were violated because he "…(i) was unrepresented, (ii) was physically located in Switzerland, and (iii) had not been properly served." (ECF No. 257 at 7.) None of those arguments holds water.

***Schwarzbaum was represented by Holland & Knight when the Court ordered him to appear on August 28, 2025.*** It's true that Mr. Schwarzbaum was unrepresented at the time of the August 28th hearing. But it's false to claim, as Mr. Schwarzbaum does, that "while [Holland & Knight's] motion to withdraw was pending . . . Mr. Schwarzbaum was temporarily proceeding pro se." (ECF 257 at 3.) This Court's rules are clear and to the contrary. Holland & Knight continued to represent him until the Court allowed the firm to withdraw. L.R. 11.1(d)(3)(A). And as explained below and in the United States' response concerning civil contempt sanctions, that means Mr. Schwarzbaum received the Court's orders and the United States' motions at least until the court permitted his attorneys' withdrawal.

Mr. Schwarzbaum's argument thus boils down to a claim that the Court should be lenient with him because he terminated his lawyers after the hearing was set, but before the hearing. He cites no authority for that proposition.

***Mr. Schwarzbaum's decision to move to Switzerland does not exempt him from obeying Court orders.*** Next, Mr. Schwarzbaum argues that his failure to appear should be excused because he lives abroad. But it was his decision to move to Switzerland from Jupiter, Florida. (*See* Answer ¶ 3 (ECF No. 8) ("Defendant resides in Jupiter, Florida.").) And he cites no authority suggesting that living abroad exempted him from the requirement to appear.

Instead, this argument seems to be a way of raising his claimed "serious health issues that prevented travel." (ECF No. 257 at 4.) But Mr. Schwarzbaum had the chance to raise those health issues before the hearing. He chose to blow off the Court's order instead.[1]

---

[1] Mr. Schwarzbaum also fails to support his claims with evidence. The health problems he claims precluded his attendance at an August 2025 hearing are those referred to in declarations he made in October 2023 and February 2024. (ECF Nos. 191-1 and 202-1.) The October 2023 declaration refers to heart attacks that Mr. Schwarzbaum suffered in 2009 (which did not preclude him from fleeing the United States for Switzerland) and June 2023, and that his doctor

(continued...)

4

***Mr. Schwarzbaum was properly served with the orders requiring him to appear.*** Mr. Schwarzbaum's final claim is that he was improperly served. But this argument ignores the timeline. When the United States requested the hearing on civil contempt sanctions in May 2025, and a few weeks later in June when Magistrate Judge Reinhart set the August 28th hearing, the relevant filings and the hearing order were properly served on Mr. Schwarzbaum under Federal Rule of Civil Procedure 5 and Local Rule 5.1(e). As explained above, Holland & Knight represented Mr. Schwarzbaum until August 6 and received service of all filings and orders through the Court's CM/ECF system, as the NEFs confirm.

Service on Holland & Knight was all that was needed to place Mr. Schwarzbaum on notice of the contents of the United States' motion and the Court's Order, including the command to notify the court of his representation by August 19 and the requirement to appear in person on August 28. What's more, in the order granting leave for Holland & Knight to withdraw, the Court included its admonishment that Mr. Schwarzbaum must be present at the hearing, that all other orders remained in effect, and that failure to comply on Mr. Schwarzbaum's part would result in him being sanctioned. (ECF No. 222.) The NEF confirms that Holland & Knight was served with this August 6th order.

Mr. Schwarzbaum ignores this issue entirely. He presents no argument that service of the August 6 order on Holland & Knight was inadequate to serve him personally. But even if the Court's service of the August 6 order on Holland & Knight did not serve Mr. Schwarzbaum, the United States' service of the order by FedEx sufficed. First, Mr. Schwarzbaum fails to point to a single case where a party who previously received service under Rule 5 could later "opt in" to Hague Convention service by firing U.S.-based counsel. Second, and relatedly, courts have held that a party can waive its right to service under the Hague Convention by failing to specifically object. *See, e.g.*, *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 809 (8th Cir. 1986).

---

"advised" him against air travel for the rest of 2023 (so, two months of no travel), or 'possibly longer." The February 2024 declaration stated that he was instructed to avoid air travel until the end of August 2024, or about a year prior to the civil contempt sanctions hearing. Mr. Schwarzbaum does not say whether he has been travelling long distances by air or ground travel, and he did not submit a fresh declaration that attested to any current health problems. The Court should not credit health limitations on travel that ended in August 2024 to excuse attendance at an August 2025 hearing.

Here, Holland & Knight represented that "Communications for Mr. Schwarzbaum should be directed to him at" an address in Switzerland. (ECF No. 211.)  In combination with his consistent participation in the lawsuit before Holland & Knight's withdrawal, the Court should find that Mr. Schwarzbaum waived any right he had to insist on Hague Convention service.

To be sure, the Court ordered service of Magistrate Judge Reinhart's R&Rs via the Hague Convention.  But those R&Rs were issued *after* Mr. Schwarzbaum's contumacious conduct.  He cannot complain that improper service of the R&Rs led to his contempt.

***Mr. Schwarzbaum had notice of the hearing—and nothing else is required.***  Mr. Schwarzbaum also argues a different flavor of due process violation.  He says it is "undisputed" that he was "unaware of the recommended criminal referral." (ECF No. 257 at 7.)  This is nonsensical.  First, there was no criminal referral made by Magistrate Judge Reinhart *until* he issued the R&R referring Mr. Schwarzbaum to the United States Attorney's Office that he is now objecting to.  The R&R making this recommendation was served by conventional and Hague Convention means.  Mr. Schwarzbaum did have notice of the criminal contempt referral: he objected to it as allowed by Fed.R.Civ.P.72.

Nor was the Court required to specifically warn Mr. Schwarzbaum in advance that criminal contempt might result if he disobeyed.  Mr. Schwarzbaum cites to *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) for the proposition that Mr. Schwarzbaum had to be "advised of the potential for a criminal charge." (ECF No. 257 at 4, 7.)  This argument misreads the law.  In *Lamar*, a different sort of due process consideration with regards to criminal contempt sanctions was at issue.  There, in the context of a discovery dispute, the district court ordered the defendants to appear in person and explain their lack of compliance with an order compelling document production.  At that hearing, the district court found the defendants in criminal contempt of its discovery order and then seems to have ordered one of the defendants incarcerated immediately and the other assessed a $500 per day fine.  *Lamar Fin. Corp.*, 918 F.2d at 566.  It was in that context, an appearance at a hearing regarding discovery order compliance and being incarcerated on the spot, that the court found a due process violation.  The defendant did not know that criminal contempt ***findings and immediate punishment***—as opposed to a recommendation for a contempt investigation—were on the table.

The extreme facts at issue in *Lamar Financial* are inapposite here. First, the criminal contempt sanction of incarceration has not been proposed, nor has it been imposed. Mr. Schwarzbaum remains safely ensconced in Switzerland while this litigation proceeds. Second, and more importantly, Magistrate Judge Reinhart declined to impose a criminal contempt sanction for contempt committed in the Court's presence, and instead recommended that the matter be referred to the United States Attorney for investigation precisely out of due process concerns. *See* Fed. R. Crim. P. 42(a). Whatever entitlement to present a defense, and be given notice and an opportunity to be heard, Mr. Schwarzbaum will have these if an investigation is opened or if there is a charging decision. Mr. Schwarzbaum's objection puts the cart before the horse, since all that is on the table now is a recommendation that the Court refer the contempt matter to the United States Attorney. Nothing more. Mr. Schwarzbaum certainly has notice and is exercising his opportunity to be heard, and he does not otherwise seriously challenge any of the elements that establish criminal contempt (a reasonably clear order, which he violated, and the violation was willful). There is no due process violation where the United States Attorney has not even received a referral yet from the Court, and where no sanction has been imposed yet.

***Mr. Schwarzbaum's suggestion that retaining counsel retroactively cured his contempt is wrong.*** As to the second objection, that "there is no need for a criminal sanction," because Mr. Schwarzbaum has now retained counsel and is actively participating in the case, this is not a valid objection as it does not point to any error in the R&R. It is up to the Court, in vindicating its own authority when faced with a disobedient litigant, to decide whether any of the three separate commands Mr. Schwarzbaum has disobeyed warrant a referral for a criminal investigation. It is not even true that he has stopped disobeying Court orders: he still has not complied with the March 2023 repatriation order. Hiring counsel to file a motion to set aside the judgment is not enough for Mr. Schwarzbaum to escape a criminal contempt referral. Mr. Schwarzbaum cannot seek a do-over, especially without an offer to purge his ongoing contempt.

The clear inference from the facts is that Mr. Schwarzbaum intended to evade this Court's jurisdiction by moving to Switzerland, firing his lawyers, and ignoring further proceedings. That strategy should convince the Court that he will only participate in this case in any semblance of good standing if there is the threat of punishment over his head.

The Court should decline to overrule a legally sound report and recommendation. And because it is clear he has violated multiple orders in the past without any effort to purge his

7

contempt, the Court should refer Mr. Schwarzbaum to the United States' Attorney's Office for this district to investigate him for criminal contempt under 18 U.S.C. § 402. If Mr. Schwarzbaum wants to avoid criminal contempt, he should stop willfully violating Court orders.

    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorney
Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
P: (202) 616-5218
F: (202) 514-5238
Jeffrey.N.Nunez@usdoj.gov

*Of counsel:*

JASON A. REDING QUIÑONES
United States Attorney
Southern District of Florida