**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-81147-BLOOM/Reinhart**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ISAC SCHWARZBAUM,

      Defendant.

_____/

**ORDER ON REPORTS AND RECOMMENDATIONS REGARDING**
**MOTION FOR HEARING ON CIVIL CONTEMPT SANCTIONS**

**THIS CAUSE** is before the Court upon the Government's Motion for Hearing on Civil

Contempt Sanctions, ECF No. [212], filed on May 14, 2025 ("Motion for Sanctions"). The Motion

was referred to the Honorable Bruce E. Reinhart for a Report and Recommendation. *See* ECF No.

[213]. Magistrate Judge Reinhart issued two Reports and Recommendations ("R&Rs"). ECF Nos.

[227], [228]. Defendant filed Objections, ECF Nos. [257], [258]; to which the Government filed

Responses, ECF Nos. [261], [262]. The Court has conducted a *de novo* review of Judge Reinhart's

R&Rs, has considered Defendant's Objections, the Government's Responses, the record in this

case, the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287,

1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons that follow, Defendant's

Objections are overruled, and the R&Rs are adopted in full.

## I.    BACKGROUND

On May 14, 2025, the Government filed a Motion for Sanctions, requesting that the Court

determine the appropriate sanction for Defendant's non-compliance with the Court's Renewed

Repatriation Order, ECF No. [176], of which the Court found him in contempt, ECF No. [199].

*See* ECF No. [212]. On August 28, 2025, Judge Reinhart held a hearing on the Motion for Sanctions, and Defendant failed to appear. *See* ECF No. [224]. On September 4, 2025, Judge Reinhart issued a Report and Recommendation recommending civil contempt sanctions, ECF No. [227] ("Civil R&R"), and a Report and Recommendation finding facts to support criminal contempt for Defendant's failure to appear at the August 28, 2025, hearing and recommending referral to the Office of the U.S. Attorney for the Southern District of Florida to determine whether Defendant should be prosecuted under 18 U.S.C. § 402, ECF No. [228] ("Criminal R&R"). The Government filed a notice on September 9, 2025, stating that it did not intend to file objections to either R&R. ECF No. [230]. Defendant filed an Objection to the Civil R&R, ECF No. [258], and an Objection to the Criminal R&R, ECF No. [257]. The Government filed Responses to the Objections, ECF Nos. [261], [262].

## II.   LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1).

## III.    **DISCUSSION**

Upon review, the Court finds Judge Reinhart's R&Rs to be well reasoned and correct. At the outset, the Court notes that challenging the basis of a court order does not remove a party's obligation to adhere to the order. *See In re Novak*, 932 F.2d 1397, 1400-01 (11th Cir. 1991) ("Court orders have to be obeyed until they are reversed or set aside in an orderly fashion.") (internal quotation and citation omitted). Defendant objects to the Civil R&R, arguing that "prudential concerns weigh against this sanction" because Defendant is challenging the underlying judgment in his Motion to Set Aside Judgment, which is currently before the Court. *See* ECF No. [258].[1] Aside from challenging the underlying order, Defendant does not cite to any authority or provide any compelling reason to justify his non-compliance with this Court's judgment nor does

---

[1] On December 24, 2025, Defendant filed his Motion to Set Aside Judgment and to Dismiss Case. ECF No. [241]. Judge Reinhart issued a Report and Recommendation on March 16, 2026, recommending the Court deny Defendant's Motion to Set Aside Judgment, ECF No. [263]. Defendant filed an Objection, ECF No. [267], to which the Government filed a Response, ECF No. [270]. The Court will address the Motion to Set Aside Judgment in a separate order.

Defendant identify any factual or legal error in Judge Reinhart's conclusion that civil contempt sanctions are warranted. *See generally* ECF No. [258].

Moreover, Defendant's argument that he should not face potential criminal sanctions because he did not receive proper notice of the August 28, 2025, hearing or receive notice that the Government was seeking criminal sanctions is unconvincing. Defendant's assertion that his failure to appear was not willful because he did not receive proper notice of the August 28, 2025, hearing is belied by the record because the hearing was set before his former counsel was granted leave to withdraw. *See* ECF Nos. [218], [222]. The Court's Order granting his attorney leave to withdraw specifically states that "Defendant is required to be in attendance. Failure to attend in person without prior leave of Court will result in sanctions." ECF No. [222]. Furthermore, Defendant does not identify any reason why he was unable to communicate with the Court to request a continuance or leave to attend virtually because he lives abroad and has health concerns. *See generally* ECF No. [257].

Defendant argues that his due process rights have been violated because he lacked notice that the Government was seeking criminal contempt when it was raised for the first time at the August 28, 2025, hearing. ECF No. [257]. However, Defendant does not cite to any authority to support a due process violation regarding the referral of a case for a prosecution determination. *See id.* Judge Reinhart recommends that the facts of Defendant's non-appearance at the August 28, 2025, hearing be referred to the U.S. Attorney for the Southern District of Florida to determine whether Defendant should be criminally prosecuted under 18 U.S.C. § 402, which is not itself a criminal punishment. *See* Fed. R. Crim. P. 42(a) ("Any person who commits criminal contempt may be punished for that contempt after prosecution on notice."). Defendant's due process rights

are appropriately safeguarded via the process by which the U.S. Attorney's office would bring charges, if at all, following this Court's referral.

The Court therefore agrees with the Civil R&R's finding that Defendant continues to be in civil contempt for his failure to repatriate his assets and that incarceration until Defendant cures his contempt is an appropriate remedy. Furthermore, the Court agrees with the Criminal R&R's finding of Defendant's willful violation of a specific court order and refers the facts of this case to the U.S. Attorney's Office to determine whether prosecution is warranted. Therefore, the Court adopts Judge Reinhart's recommendations in full. *See* ECF Nos. [227], [228].

## IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.   Defendant's Objections, **ECF No. [258]**, are **OVERRULED**, and Judge Reinhart's Civil R&R, **ECF No. [227]**, is **ADOPTED**;

2.   Defendant's Objections, **ECF No. [257]**, are **OVERRULED**, and Judge Reinhart's Criminal R&R, **ECF No. [228]**, is **ADOPTED**;

3.   The Government's Motion for Sanctions, **ECF No. [212]**, is **GRANTED**;

4.   Defendant Isac Schwarzbaum is in contempt for failing to repatriate his money in accordance with the judgments of this Court. Incarceration until Defendant cures his contempt is an appropriate civil remedy. A warrant for Defendant's arrest will issue;

5.   Beginning on September 4, 2026, the Government shall file yearly status reports advising the Court as to the status of Defendant's repatriation of his assets; and

6.   The Clerk of Court is **DIRECTED** to forward copies of this Order and Judge Reinhart's Report and Recommendation on Criminal Contempt, ECF No. [228], to

the U.S. Attorney's Office for the Southern District of Florida with a referral to determine whether Defendant's conduct should be criminally prosecuted.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 26, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

6