**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-81147-BLOOM/Reinhart**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISAC SCHWARZBAUM,

Defendant.
_______________________________/

**ORDER ON REPORT AND RECOMMENDATION**
**REGARDING MOTION TO SET ASIDE JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Isac Schwarzbaum's Motion to Set Aside Judgment and to Dismiss Case ("Motion"), ECF No. [241]. The Motion was referred to the Honorable Bruce E. Reinhart for a Report and Recommendation. *See* ECF No. [244]. Magistrate Judge Reinhart issued a Report and Recommendation ("R&R"). ECF No. [263]. Defendant thereafter filed an Objection, ECF No. [267], to which the Government filed a Response, ECF No. [270]. The Court has conducted a *de novo* review of Judge Reinhart's R&R, has considered Defendant's Objection, the Government's Response, the record in this case, the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons that follow, Defendant's Objection is overruled, and the R&R adopted in part and rejected in part.

## I. BACKGROUND

On August 27, 2018, the United States filed a Complaint against Defendant pursuant to 31 U.S.C. § 5321(a)(5) seeking to reduce to judgment the Internal Revenue Services' ("IRS") assessment of a Foreign Bank and Financial Accounts ("FBAR") reporting penalty assessed

against Defendant. *See* ECF No. [1]. This Court held a five-day bench trial and found that Defendant's FBAR violations for tax years 2007, 2008, and 2009 were willful. *See* ECF No. [92]. The Court entered a Final Judgment on May 19, 2020. ECF No. [99]. Defendant appealed. ECF No. [100]. The Government filed a Motion to Alter or Amend Judgment to correct the amounts assessed by the IRS for tax years 2007 through 2009 and to include late-payment penalties and prejudgment interest. *See* ECF No. [102]. The Court granted that Motion and entered an Amended Final Judgment ordering Defendant to pay the Government the assessed FBAR penalties for the years 2007-2009, plus late payment penalties and interest. ECF No. [105]. Defendant filed an Amended Notice of Appeal. ECF No. [106].[1] The Eleventh Circuit vacated the Court's Amended Judgment and remanded the case with instructions to remand the case to the IRS to recalculate Defendant's FBAR penalties. ECF No. [139].

Following the IRS's recalculations, the Court granted the Government's Motion for Entry of a Second Amended Judgment. ECF No. [160]. The Final Judgment After Remand was entered on November 1, 2022, ordering Defendant to pay to the Government $12,555,813.00 for willful violations of FBAR reporting requirements for tax years 2007-2009, plus accrued interest and late-payment penalties. ECF No. [162]. Defendant appealed. ECF No. [164]. The Court granted the Government's Renewed Motion for Order to Repatriate Foreign Assets.[2] ECF No. [176].

[1] While the appeal was pending, the Government filed a Motion to Repatriate Foreign Assets. ECF No. [115]. The Court adopted Judge Reinhart's Report and Recommendation and granted the Government's Motion. ECF No. [127]. The Court entered an Order Requiring Defendant to Repatriate Foreign Assets to satisfy his outstanding debt to the United States—$18,559,609.01 as of November 4, 2021. ECF No. [129]. The Court thereafter granted Defendant's Motion to Stay the Order to Repatriate Foreign Assets Pending Appeal. ECF No. [133]. Following the Eleventh Circuit's Mandate and Defendant's Motion, the Court vacated the Order Requiring Defendant to Repatriate Foreign Assets. ECF No. [143].

[2] On September 29, 2023, the Government filed a Motion for Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt for failing to repatriate his assets pursuant to this Court's Order. ECF No. [189]. Following the entry of the Final Judgment on April 9, 2025, Judge Reinhart held a hearing on the Government's Motion for Civil Contempt Sanctions, ECF No. [224], and issued Reports and Recommendations, ECF Nos. [227], [228]. On May 27, 2026, the Court adopted Judge Reinhart's Reports

Defendant appealed that order. ECF No. [181]. On March 17, 2025, the Eleventh Circuit issued its mandate, affirming in part and reversing in part and finding that a portion of the assessed penalty violates the Excessive Fines Clause of the Eighth Amendment. ECF No. [206]. The Eleventh Circuit remanded the case to this Court with instructions to enter a judgment in the amount of $12,255,813, and to calculate the amount of late fees and interests. *Id.* The parties jointly submitted a proposed judgment on April 2, 2025. ECF No. [209]. On April 9, 2025, the Court entered a Final Judgment ("April 2025 Final Judgment"). ECF No. [210].

On December 24, 2025, Defendant filed a Motion to Set Aside Judgment and Dismiss Case, arguing that the April 2025 Final Judgment must be set aside because it rests on the IRS's assessment in violation of his Seventh Amendment right to a jury trial. ECF No. [241] at 8. The Government responds that the FBAR assessment and enforcement regime does not violate the Seventh Amendment. ECF No. [247] at 7. On March 4, 2026, Judge Reinhart held a hearing on the Motion, ECF No. [259], and therafter issued his Report and Recommendation, recommending that Defendant's Motion be denied. *See* ECF No. [263] at 1-2. Defendant filed an Objection. ECF No. [267]. The Government filed a Response. ECF No. [270].

## II. <u>LEGAL STANDARD</u>

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are

and Recommendations, granting the Government's Motion and finding Defendant in civil and criminal contempt for failing to repatriate his assets in accordance with the judgments of this Court. ECF No. [271].

reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1).

## III. <u>DISCUSSION</u>

The R&R recommends that Defendant's Motion be denied because Federal Rule of Civil Procedure 60(b) does not warrant setting aside the April 2025 Final Judgment. *See* ECF No. [263] at 1-2. Judge Reinhart determined that the April 2025 Final Judgment is not void under Rule 60(b)(4) because the Due Process Clause of the Fifth Amendment does not guarantee a right to a jury trial. *Id.* Judge Reinhart also concluded that Defendant's case does not present extraordinary circumstances such that vacating the April 2025 Final Judgment is appropriate to accomplish justice under Rule 60(b)(6). *Id.* at 28. Rule 60(b)(6) equitable relief is not appropriate because Defendant has "unclean hands," Defendant did not argue he was entitled to a jury trial until after

the April 2025 Final Judgment was entered, there was no intervening change in controlling law, and Defendant has not met his burden to show extreme and unexpected hardship will result if the April 2025 Final Judgment is not vacated. *Id.* Defendant objects to Judge Reinhart's conclusions. *See generally* ECF No. [267].

The R&R does not consider the Government's arguments that Defendant is procedurally barred from filing a Rule 60 motion because the motion was untimely, the Fugitive Disentitlement Doctrine applies, or Defendant forfeited his Seventh Amendment argument for not raising it sooner. ECF No. [263] at 17-18. Upon *de novo* review, the Court finds the issue of whether Defendant waived his Seventh Amendment argument dispositive. Rather than provide a fulsome recounting of the briefing on the Motion to Set Aside and the R&R's conclusions, Objection, and Response, the Court recounts the R&R's conclusions and the parties' arguments as it relates to the Court's analysis on waiver of a Seventh Amendment right to a jury trial.

**A. The Parties' Arguments**

Defendant argues that because the April 2025 Final Judgment violates his Seventh Amendment right, it should be set aside as void under Rule 60(b)(4) or under Rule 60(b)(6) because of a clear-cut change in the law based on the Supreme Court's decision in *Securities and Exchange Comm'n v. Jarkesy*, 603 U.S. 109 (2024), and subsequent cases decided in the Fifth Circuit. ECF No. [241] at 8. Defendant argues that *Jarkesy* represents a "sea-change" in the law regarding penalties imposed by administrative agencies without a jury trial. *Id.* at 15. Defendant cites to cases decided after *Jarkesy* to support the purported change in the law and references the Fifth Circuit's decision in *AT&T Corp. v. FCC*, 135 F.4th 230 (5th Cir. 2025), regarding penalties imposed by the Federal Communications Commission ("FCC"), and the Northern District of Texas's decision in *United States v. Sagoo*, Case No. 4:24-CV-01159-O, 2025 WL 2689912 (N.D.

Tex. Sept. 19, 2025), directly holding that a defendant has a right to a jury trial prior to the assessment of FBAR penalties. *Id.* at 13-14. Defendant argues that because the FBAR penalties were decided without a jury trial, the April 2025 Final Judgment should be set aside and the case dismissed with prejudice. *Id.* at 16.

The Government responds that the assessment of FBAR penalties does not implicate the Seventh Amendment, Defendant waived any Seventh Amendment right he may have because he did not raise the argument until after entry of the April 2025 Final Judgment, and *Jarkesy* and the other cases Defendant cites do not represent an intervening change in controlling law. *See* ECF No. [247]. The Government argues that *Jarkesy* was already decided by the time the Eleventh Circuit returned its mandate on March 17, 2025, instructing this Court to enter a new judgment and that the parties *jointly* submitted a proposed judgment on April 2, 2025, almost a year after *Jarkesy* was decided. *Id.* at 13-14. There was also no barrier to Defendant raising the Seventh Amendment argument prior to the *Jarkesy* decision because *Jarkesy* did not overturn Eleventh Circuit precedent on FBAR cases or otherwise "unlock" an argument Defendant was previously prevented from making. *Id.*

Although the R&R does not address whether Defendant forfeited his Seventh Amendment argument, the R&R determines that Defendant's delay in asserting his right to a jury trial was a factor to conclude that he is not entitled to equitable relief under Rule 60(b)(6). ECF No. [263] at 31. Judge Reinhart stated that Defendant's situation is his "own fault" and that "no controlling case law prevented Mr. Schwarzbaum from making a Seventh Amendment argument from the outset of this case. Yet, it is undisputed that he did not make this argument before the judgment was entered." *Id.* The R&R concludes that neither *Jarkesy* nor the other non-binding cases Defendant cites are intervening changes in the law to warrant Rule 60(b)(6) relief. *Id.* at 33. Neither

the Supreme Court nor the Eleventh Circuit has previously held that there was *not* a right to a jury trial in FBAR proceedings. *Id.* at 34. Moreover, even if *Jarkesy* represents a change in law, Defendant has not met the factors the Eleventh Circuit set out in *Ritter v. Smith*, 726 F.2d 1505 (11th Cir. 1984), to justify Rule 60(b)(6) relief. *Id.* at 35-37. Therefore, because Defendant "slept on his rights," he is not entitled to Rule 60(b)(6) relief. *Id.* at 31.

Defendant objects to the R&R's conclusion that he forfeited his jury trial argument because the R&R "ignores the significance of the Supreme Court's decision in *Jarkesy*." ECF No. [267] at 15. Defendant reiterates the arguments made in his Motion and argues that *Jarkesy* is not tailored to the facts of his case, but the decision encompasses his case because it "changed the law by displacing the well-established legal understanding that the Seventh Amendment is inapplicable to statutory claims brought by the government in a sovereign capacity." *Id.* at 17. To support his position, Defendant cites Justice Sotomayor's dissenting opinion in *Jarkesy* stating that the majority held "for the very first time . . . that Congress violated the Constitution by authorizing a federal agency to adjudicate a statutory right that inheres in the Government in its sovereign capacity." *Id.* at 16 (citing 603 U.S. at 168). Defendant argues that the initial judgment in this case was entered before *Jarkesy*, and the remand from the Eleventh Circuit after *Jarkesy* "left nothing to be done on remand but the entry of a judgment in the amount the Eleventh Circuit determined." *Id.* at 15-16. Defendant contends that "*Jarkesy* left open when the Seventh Amendment, where applicable, requires a party to have a right to a jury trial." *Id.* Although Defendant did not raise a Seventh Amendment argument before the April 2025 Final Judgment, he did not have the opportunity to do so until after *AT&T* and *Sagoo* addressed the issue left open in *Jarkesy*. *Id.*

The Government responds and agrees with the R&R's conclusions that Defendant slept on his rights, *Jarkesy* is not a change in controlling law, and no controlling precedent held that a jury

trial was unavailable to Defendant. ECF No. [270]. The Government notes that the majority deciding *Jarkesy* did not view its ruling as a change in Seventh Amendment law. *Id.* at 3. Additionally, Defendant cannot justify his delay because *Jarkesy* was decided before the April 2025 Final Judgment was entered, *Sagoo* is not binding on this Court and relies on a separate Fifth Circuit case to reach its conclusion, and Federal Rule of Civil Procedure 62.1 permits a district court to consider Rule 60 motions while a case is on appeal. *Id.* at 3-4. Therefore, Defendant waived any right to a jury trial because he did not timely raise the issue in this case, nor did he preserve the issue in front of the IRS.[3] *Id.* at 9-10.

**B. Rule 60(b) Relief**

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments or orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). "Under Rule 60(b), courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 671 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)). As applicable to this case, Rule 60(b)(4) requires relief from a final judgment if a court finds a judgment void. The Supreme Court defined a void judgment:

> [A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. . . . Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

---

[3] The Government notes that the decision in *Sagoo* is not directly applicable to this case because it relies on the Fifth Circuit's ruling in *AT&T*. ECF No. [270] at 4. In that case, AT&T raised the issue of a jury trial to the FCC. *Id.* at 4 n.2. Here, as noted in the R&R, there is no evidence in the record that Defendant objected during the IRS assessment process based on his right to a jury trial. ECF No. [263] at 2. Therefore, the Government argues that it is well established in administrative law that a party waives or forfeits any legal grounds not raised before the agency. ECF No. [270] at 9.

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). For a Rule 60(b) motion to be successful under the catchall provision — Rule 60(b)(6) — the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

"But a Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs*., 98 F.4th 1343, 1357 (11th Cir. 2024) (internal quotations omitted). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotation omitted).

Here, Defendant argues that the April 2025 Final Judgment must be set aside because the IRS assessment of FBAR penalties violated his Seventh Amendment right to a jury trial. The Court concludes Rule 60(b) does not warrant relief because Defendant waived any right to a jury trial by not raising it prior to his Motion and there was no change in controlling law to justify the delay.

**1. Defendant Waived Any Right to a Jury Trial**

The Seventh Amendment to the United States Constitution recognizes the fundamental right of individuals to be tried by a jury of their peers. *See* U.S. Const. amend VII; *see generally City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949) ("Trial by jury is a vital and cherished right, integral in our judicial system."); *LaMarca v. Turner*, 995 F.2d 1526, 1544-45 (11th Cir. 1993) ("The Federal Rules of Civil Procedure provide that '[t]he right to trial by jury as declared by the Seventh Amendment to the Constitution . . . shall be preserved to the parties

inviolate.'" (quoting Fed. R. Civ. P. 38(a))). "[B]ecause of the historical importance of this right, 'any seeming curtailment . . . should be scrutinized with the utmost care.'" *Omega v. Deutsche Bank Trust Co. Americas*, 920 F. Supp. 2d 1298, 1300 (S.D. Fla. 2013) (quoting *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)).

However, Rule 38 of the Federal Rules of Civil Procedure also provides that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Rule 38 determines the timing of a demand, requiring that a jury trial demand be filed and served on the other parties via "a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b). "[T]he right to a jury trial, although constitutional, is indeed waived by a failure to demand it in a timely fashion." *LaMarca v. Turner*, 662 F. Supp. 647, 669 (S.D. Fla. 1987) (citation omitted). *See also Hill v. Wal-Mart Stores, Inc.*, 510 F. App'x 810, 812 (11th Cir. 2013) (failure to make a proper, timely demand waives right to jury trial). Rule 7(a) "defines what constitutes a pleading for purposes of Rule 38." *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995). Rule 7(a), in turn, defines a "pleading" to include only a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer (if the court orders one); by exclusion, no other filings constitute a pleading for Rule 7 and therefore Rule 38 purposes. *See id.*; *see also Franklin v. Dean*, Case No. 2:11-CV-683, 2013 WL 800631, at *1 (M.D. Ala. Mar. 4, 2013) (summary judgment papers do not constitute pleadings for purposes of filing timely jury demand); *Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.*, Case No. 10-24590-CIV, 2012 WL 949825, at * 2 (S.D. Fla. Mar. 20, 2012) ("An amended or supplemental complaint that fails to raise a new issue does not revive an extinguished right to demand a jury trial.") (citing *LaMarca*, 995 F.2d at 1545-46).

Nevertheless, the Supreme Court has stated that "as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937). The Eleventh Circuit reiterates that "a [district] court's discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)).

Assuming without deciding that Defendant has a right to a jury trial in this case, Defendant did not timely assert his right. The Government filed its Complaint on August 27, 2018. ECF No. [1]. Defendant filed his Answer and Affirmative Defenses on October 9, 2018. ECF No. [8]. Defendant did not demand a jury trial nor raise any affirmative defenses based on the denial of a jury trial during the IRS assessment process. *Id.* No other Rule 7(a) pleadings were filed in this case. In fact, Defendant did not raise a right to a jury trial until his Motion to Set Aside Judgment and Dismiss Case, which was filed on December 24, 2025. *See* ECF No. [241]. There is no reasonable presumption against waiver in this case when Defendant first raised a right to a jury trial over seven years after the Complaint and Answer were filed.[4] Thus, Defendant waived any right to a jury trial because, pursuant to Rule 38, it was not timely raised.

**2. No Change in Controlling Law**

Defendant argues that *Jarkesy* changed longstanding precedent concerning the Seventh Amendment's applicability and thus he did not waive his right to a jury trial because before the Supreme Court's decision in *Jarkesy* and subsequent cases, there was no basis to assert a right to a jury trial in FBAR penalty assessment cases. *See* ECF No. [267] at 15-16. The Court disagrees.

[4] The R&R provides a detailed history of this case and repeatedly notes that Defendant did not demand a jury trial at any stage of the case until his Motion to Set Aside Judgment. *See* ECF No. [263] at 2-10. Defendant does not object to the R&R's summary. *See generally* ECF No. [267].

Defendant has not identified any binding authority that directly holds that a defendant is entitled to a jury trial in the assessment of FBAR penalties. The R&R correctly points out that the Fifth Circuit's decision in *AT&T*, which dealt with penalties assessed by the FCC, and the Southern District of Texas's decision in *Sagoo* are not binding on this Court and thus do not represent a change in controlling law. The only binding case that Defendant cites to support a change in controlling law is the Supreme Court's decision in *Jarkesy*. Yet by Defendant's own briefing, "*Jarkesy* left open when the Seventh Amendment, where applicable, requires a party to have a right to a jury trial." ECF No. [267] at 16. Where *Jarkesy* leaves open the applicability of the Seventh Amendment and Defendant does not cite any *binding* authority that applies *Jarkesy* to FBAR penalty assessments, Defendant has not identified a change in controlling authority. The R&R's analysis on this issue is well reasoned and correct and the Court adopts the R&R's conclusion that *Jarkesy* is not a change in controlling law to establish that Defendant has a right to a jury trial in this case. *See* ECF No. [263] at 33-37.

The Court expands the R&R's conclusion to determine whether *Jarkesy* represents a significant shift in the Supreme Court's analysis and concludes it does not. A change in controlling law includes cases "that generally or substantively alter existing law, such as by overruling it, or creating a significant shift in the court's analysis." *See Law Off. of Rodrigo S. Da Silva, P.A. v. Auckland Holdings*, LLC, Case No. 1:23-cv-21147, 2025 WL 1191111, at *3 (S.D. Fla. Feb. 14, 2025) (internal citation and quotation omitted). The majority's opinion in *Jarkesy*, which is binding on this Court, expressly states: "Our analysis of this question follows the approach set forth in *Granfinanciera*[*, S.A. v. Nordberg*, 492 U.S. 22 (1989)] and *Tull v. United* States, 481 U.S. 412 (1987)." *Jarkesy*, 603 U.S. at 120. The Supreme Court then distinguishes prior precedent on the public rights exception as explained in *Atlas Roofing Co. v. Occupational Safety and Health*

*Review Commission*, 430 U.S. 442 (1977). *Id.* at 136-40. Although *Jarkesy* may represent a new application of the Seventh Amendment and the public rights exception, the decision is rooted in decades-old precedent and, as such, does not present a significant shift in analysis. Therefore, *Jarkesy* does not represent a change in controlling law. This conclusion is bolstered by the differing conclusions district courts have reached in determining whether *Jarkesy* requires a jury to determine penalties assessed by the IRS. *Compare Sagoo*, 2025 WL 2689912, at *4 (holding that the IRS's FBAR assessment violated defendant's Seventh Amendment right to a jury trial) *with HDH Group, Inc. v. United States*, Case No. 2:24-cv-988, 2025 WL 2711877, at *12-13 (W.D. Pa. Sept. 23, 2025) (holding that the IRS's assessment of penalties for abusive tax structures did not violate defendant's Seventh Amendment right to a jury trial because the district court reviewed the penalties *de novo*).

Moreover, the R&R correctly concludes that *Jarkesy* does not change controlling law because neither the Supreme Court nor the Eleventh Circuit held that a defendant does *not* have a right to a jury trial in such cases. In the absence of binding authority precluding such argument, Defendant's justification for why he did not raise the argument prior to his Motion is unpersuasive. As the R&R discusses, Defendant raised an Eighth Amendment excessive fines challenge in his Answer and Affirmative Defenses when no appellate court had held that the Eighth Amendment applied to FBAR penalties. ECF No. [263] at 32; *see also* ECF No. [8] at 15. The Eleventh Circuit ultimately agreed with Defendant and remanded the case to reduce the assessed penalty. *See* ECF No. [206]. To explain his different approach between his Seventh and Eighth Amendment challenges, Defendant states that many FBAR defendants raised the Eighth Amendment before Defendant, citing multiple district court cases. *See* ECF No. [267] at 16. Defendant argues that

"until *Sagoo*, no FBAR defendant raised the Seventh Amendment because there was no basis for doing so." *Id.*

Defendant is incorrect. There are multiple district court cases preceding *Sagoo*'s September 19, 2025, decision where the assessment of FBAR penalties was decided by a jury. *See, e.g.*, *United States v. Garrity*, Case No. 3:15-cv-243, 2019 WL 1004584, at *1 (D. Conn. Feb. 28, 2019) ("After a six-day trial, a jury found that Mr. Garrity had willfully failed to file a Report of Foreign Bank and Financial Accounts (commonly known as an FBAR) in 2005[.]"); *United States v. Clemons*, Case No. 8:18-cv-258, 2020 WL 7407549, at *2 (M.D. Fla. Apr. 15, 2020) ("The case proceeded to trial and the jury found that Clemons' failure to timely file an FBAR for 2008 and 2009 was not willful."); *United States v. Mahyari*, Case No. 3:20-cv-01887, 2024 WL 378838, at *1-2 (D. Or. Feb. 1, 2024) ("At trial, a jury found Defendants did not willfully fail to file an FBAR for their Iranian bank accounts for 2011."). Thus, in the absence of any controlling authority holding that a jury trial is not available to assess FBAR penalties and considering multiple cases where a jury trial *was* held in similar cases, there is no merit to the argument that Defendant could not have asserted his right to a jury trial prior to entry of the April 2025 Final Judgment.

**3. Defendant's Waiver Does Not Warrant 60(b) Relief**

Therefore, assuming without deciding that Defendant is entitled to a jury trial in this case, the Court finds that Defendant's right to a jury trial could have—and must have—been raised prior to entry of the April 2025 Final Judgment in this case. His failure to timely raise the argument waives any right to a jury trial and precludes relief under Rule 60(b) because such argument could have been raised prior to judgment. *See Terrell*, 98 F.4th at 1357. This conclusion similarly applies to Defendant's specific arguments for relief under Rule 60(b)(4) and Rule 60(b)(6). Assuming *arguendo* that the violation of a right to a jury trial results in a void judgment as contemplated by

Rule 60(b)(4), the Supreme Court has stated that "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275; *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014) (applying *Espinosa* and noting that "[b]ecause Herrera knowingly sat on his rights for nine months before filing anything at all with the district court, he waived his right to object to any defects in the service of process or to any denial of his right to be heard."). Defendant sat on any right to a jury trial he may have had because he did not raise the argument until the instant Motion—filed more than seven years after the Complaint and Answer—and such waiver does not warrant relief under Rule 60(b)(4). Nor does Defendant's significant and unjustified delay in raising an argument that was available at the outset of this case constitute the type of extraordinary circumstances to warrant discretionary Rule 60(b)(6) relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [263]**, is **ADOPTED IN PART** and **REJECTED IN PART**.
2. Defendant's Objections, **ECF No. [267]**, are **OVERRULED**.
3. Defendant's Motion to Set Aside Judgment, **ECF No. [241]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 14, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record